# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

B.W., a minor, by FLORENCE WALLACE :
and BERNARD WALLACE, Parents and  :         CIVIL ACTION
Natural Guardians, and FLORENCE       :
WALLACE in her own right, and         :
BERNARD WALLACE in his own right :
JEFFREY ARNOTT, JR. DAWN            :
BABBITT, MATTHEW KATONA,           :
CLYDE BACKES, JOSHUA BACKES,       :
MICHAEL BODNAR, JOANN BOYLE,       :
ANTHONY MARSICANO, T.S., a minor,  :
by JOYCE BROWN Parent and Natural   :
Guardian, and JOYCE BROWN in her own :
right, JOSH CRAGLE, E.S., a minor, by  :
LINDA DONOVAN Parent and Natural    :
Guardian, and LINDA DONOVAN in her  :
own right, DEBRA DUMAS, FRED         :
LEONARD, J.D., a minor, by DEBRA     :
DUMAS Parent and Natural Guardian, and :
DEBRA DUMAS in her own right,        :
AMANDA EDDY, CHARLES EDWARDS :
JAMIE TROCKI, C.E., a minor, by        :
CHRISTINE EVANS Parent and Natural  :
Guardian, and CHRISTINE EVANS in her :
own right, JULIAN TREVINO, KEITH    :
GOLOMB, MARYANN GROSKY, CRAIG:
DANIELS, JESSE HARTMAN, MELAINE :
HEISER, JOSHUA HEISER, J.B., a minor,  :
by NANCY HENRY, Parent and Natural   :

Guardian, and NANCY HENRY in her own :
right, JEFFREY HOYT, ROBERT          :
HUNTER, DAVID IDE, ERIC IDE,         :
TIMOTHY JONES, KEVIN KUKLINSKI,  :
D.K., a minor, by DUANE KENNEDY      :
Parent and Natural Guardian, and DUANE  :
KENNEDY in his own right, KEVIN      :
KLAUSS, BRITTANY KLEIN, LORI         :
KLUG, JENNIFER KLUG, DAVID KOTZ, :
NICOLE KOTZ, WALTER KULICK,          :
RAHEEM ARMITAGE, DENISE              :
LENAHAN, DYLLON RYBKA,               :
ALEX HIPPELI, WILLIAM VON            :
TULGANBURG, MARIE MANCIA,            :
ANTHONY MANCIA,                      :
EVAN MAURER, MICHAEL MAZUR,          :
K.M., a minor, by MESUNGA MCCREE     :
Parent and Natural Guardian, and     :
MESUNGA MCCREE in her own right,     :
RYAN MCMANUS, PATRICK MERRICK,:
B.M., a minor, by MARK METZO and     :
THERESA METZO Parents and Natural    :
Guardians, and MARK METZO            :
in his own right, and THERESA METZO in :
her own right,  MATTHEW MILNE,       :
RANDY OZEHOSKI, ERIC PARSONS,        :
JESSICA SILVA, A.B., a minor, by     :
FAITH POWELL Parent and Natural      :
Guardian, and FAITH POWELL in her own :
right, TONETTI SCHATZEL, JOHN        :
SCHATZEL, D.S., a minor, by KIPP SEBO :
Parent and Natural Guardian, and KIPP  :
SEBO in his own right, THEODORE      :
SHERILL, KENNY SHOTWELL,             :
TIFFANY SHOTWELL, JUSTIN             :
SOBOSKI, NADINE SPIKER, DAVID        :
SPIKER, MARIAH STEWART, PAUL         :
STOLARIK, J.R., a minor, by SANDRA   :
SWORTZFIGURE Grandparent and         :
Natural Guardian, and SANDRA         :

SWORTZFIGURE in her own right, RUTH :
UNGVARSKY, AMY WARD,                            :
GEORGE VERMACK, DARYL WIDDER, :
DAVID SISK, BRUCE WILLIAMS,                   :
SKYLER DANE WILLIAMS, ASHLEY         :
WOOLBERT, Z.Z., a minor, by DAVID         :
ZABLOTNEY Parent and Natural Guardian,:
and DAVID ZABLOTNEY in his own right,:
KYLE AVERY, B.F., a minor, by                   :
JACQUELINE BARTENOPE, Parent and     :
Natural Guardian, and DAVID QUICK,        :
Parent and Natural Guardian, JACQUELINE:
BARTENOPE in her own right, and DAVID:
QUICK in his own right, A.B., a minor, by  :
RUTH BLAKE and ARTHUR BLAKE           :
Grandparents and Guardians,                         :
and RUTH BLAKE in her own right, and     :
ARTHUR BLAKE in his own right,              :
SARAH MARTZ, MICHELLE MARTZ,        :
DEBORAH MAY, RAYMOND NAUGLE, :
RAYMOND LOBMAN, LACY STRONG,   :
JAMIE ZACCAGNI, MICHELLE ZINGA,  :
AMANDA DOMBEK, DENISE                    :
ANDERSON, DENNIS YOST, JR, JOELLE:
ANGELI, MARIA BROOKS, MELANIE     :
COXE, HEATH HOUSEKNECHT,              :
BRIDGET DEFALCO, ZACHARY             :
RICHARDS, DAWN EVANS,CHARLES     :
EVANS, K.E., a minor, by HEATHER       :
EVANS, Parent and Natural Guardian, and :
HEATHER EVANS in her own right,          :
DAVID GAZDZIAK, REBECCA              :
HACKNEY, PETER HUFF, LAURA          :
KILHEENEY, TIFFANY WREN, JOSEPH :
KULP, JR., D.K., a minor by DALE         :
KROPA and DEBRA KROPA Parents and  :
Natural Guardians, and DALE KROPA in   :
his own right, and DEBRA KROPA in her  :
own right, JOHN LOMBARD, JACK         :
LOMBARD, RICH MAGUSCHAK,            :

JAMES RODRIQUEZ, ANTHONY :
MORALES, SUSAN MORGANS, KELCY :
MORGANS, C.U., a minor by DESIREE :
PARDUSKI Parent and Natural Guardian
and DESIREE PARDUSKI in her own right,:
CATHERINE SCHMEER, KARLIE :
SCHMEER, MARK SOLTIS, C.W., a minor:
by CHANTELL WELCH Parent and Natural:
Guardian, and CHANTELL WELCH in her :
own right, ERIC DAVIS, KATHLEEN :
BREKKE, BRITNY CUNNINGTON, J.W., :
a minor, by ANNIE BRYANT and LLOYD :
BRYANT Parents and Natural Guardians, :
and ANNIE BRYANT in her own, and :
LLOYD BRYANT in his own right, :
KIMBERLY DELANEY GOGGIN, :
NICHOLAS JAMILOWSKI, K.J., a minor, :
by TRACEY JARMON Parent and Natural :
Guardian and TRACEY JARMON in her :
own right, DEREK KLICK, LARRY M. :
MUHLENBERG, IV, DEANNA O'BOYLE :
DONNA OLSEN, J.C.P., a minor, by :
WANDA PACHECO Parent and Natural :
Guardian and WANDA PACHECO in her :
own right, JUSTIN ROSSER, BRANDON :
SCHMEER, ELISE WALLACE, DAVID :
WALLACE, MAUREEN STINSON, :
STEPFHON EDWARDS, JR., L.M.K., a :
minor, by PINKEY BROOKS Parent and :
Natural Guardian and PINKEY BROOKS :
in her own right, CHYNA REESE, JOEL :
FOSTER, LORI SHUSTA, ANTHONY :
LAVIN, GEOFF PRESLEY, :
CHRISTOPHER BOWER, ALISSA :
CONAHAN, ELAINE MACRI, CYNTHIA :
IDE, CHRISTINA TREMBLAY, ROBERT :
KLEIN, EILEEN MAURER, LISA MAZUR:
DAVID MAZUR, WILLIAM PARSONS, :
CARRI PERNA, JANE EVERETT, :
NATALIE WOOLBERT, DENNIS YOST, :

IAN ALEXANDER, JOHN                    :
FRONCZKIEWICZ, JOSEPH E.               :
BABBITT, III, MARLIN BOEHMER,          :
JEREMY BOEHMER, CARL N. BUSCH,         :
KIM RICCIO, BROCK RICCIO,              :
MICHAEL SALKO, JR., KEITH              :
PERSCHAU, MARY ELLEN BALLIET,          :
LISA BROCK, STEVE FROMEL,              :
JOSHUA FROMEL, S.S., a minor by        :
BARBARA JOHNSON Parent and Natural     :
Guardian and BARBARA JOHNSON in her    :
own right, MATTHEW WRHEL,              :
HEATHER WALTON, WANYE ALLEN            :
HUNTER, III, K.D., a minor, by         :
ANTHONY DUPAK Parent and Natural       :
Guardian, and ANTHONY DUPAK in his     :
own right, RICHARD AVERY, DONNA        :
ROMAN, E.E., a minor, by HEATHER       :
EVANS, Parent and Natural Guardian, and:
HEATHER EVANS in her own right,        :
HEATHER LAKE, CRISTAL LEE              :
MUTUA, NECIA GAZDZIAK, DOUGLAS         :
KLUG, COLLEEN KLUCHINSKY, JOHN         :
STOLARIK, JOYCE STOLARIK, C.A.M.,      :
a minor, by DEBBIE MARTIN, Parent and  :
Natural Guardian, and DEBBIE MARTIN    :
in her own right, MARGARET MCGRATH,    :
NICHOLAS MILLER, APRIL ROMAN,          :
TIMOTHY BANTELL, STACEY HVIZDA,        :
CHRISTOPHER HUGHES, KELLY M.           :
GRAY-WASIELEWSKI, JOSEPH               :
AUSTRA, ANGELA BEZDZIECKI,             :
LINDA BEZDEICKI, L.E., a minor, by     :
HEATHER EVANS, Parent and Natural      :
Guardian, and HEATHER EVANS in her     :
own right, JAMES M. HUGHES,            :
CHRISTINA JENNINGS, JASON              :
KISTHARDT, T.L., a minor, by LYNN      :
DOWNS, Parent and Natural Guardian, and:
LYNN DOWNS in her own right,           :

MATTHEW LOMASCOLO, A.M., a minor, :
by ARDEST MALDONADO Parent and      :
Natural Guardian, and ARDEST         :
MALDONADO in his own right, S.N., a  :
minor, by STEPHANIE PARSONS and      :
ALAN PARSONS, Parents and Natural    :
Guardians and STEPHANIE PARSONS in   :
her own right, and ALAN PARSONS in his :
own right, DANIELLA ORMSBY,          :
AUTUMN PARRY, B.P., a minor, by      :
DOROTHY JACKSON-PEARYER, Parent      :
and Natural Guardian, and DOROTHY    :
JACKSON-PEARYER in her own right,    :
KYLIE SCHELBLE, ASHTON               :
SCHELBLE, PAUL DEPRIMO, JOSEPH       :
DEPRIMO, G.S., a minor, by ANGELA    :
DAVIS, Parent and Natural Guardian, and :
ANGELA DAVIS in her own right,       :
MICHELLE YURKANIN, ALEXANDER         :
LOMASCOLO, CYNTHIA LOMASCOLO, :
JEREMIAH LENCHICK, BARBARA           :
SIEMINSKI, BAILY SIEMINSKI-HESS,     :
R.O., a minor, by LAURA O'GORMAN,    :
Parent and Natural Guardian, and LAURA :
O'GORMAN in her own right, ERIC      :
DROUSE, SR., ERICA DROUSE,           :
ANDREW KUKLINSKI                     :
                                     :
            Plaintiffs,              :   JURY TRIAL DEMANDED
       v.                            :
                                     :
ROBERT J. POWELL,                    :
MICHAEL T. CONAHAN,                  :
MARK A. CIAVARELLA,                  :
PA CHILD CARE, LLC,                  :
WESTERN PA CHILD CARE, LLC,          :
ROBERT K. MERICLE,                   :      SECOND
MERICLE CONSTRUCTION, INC.,          :      AMENDED COMPLAINT
GREGORY ZAPPALA,                     :
PINNACLE GROUP OF JUPITER, LLC,      :

BARBARA CONAHAN,                           :
CYNTHIA CIAVARELLA,                        :
BEVERAGE MARKETING OF PA, INC.,   :
VISION HOLDINGS, LLC,                      :
JOE DOE, ESQUIRE,                          :
MID ATLANTIC YOUTH SERVICES        :
CORP,                                      :
POWELL LAW GROUP, P.C.,                    :
SANDRA BRULO,                              :
FRANK VITA, Ph.D., and                     :
COUNTY OF LUZERNE                          :
                                           :
                    Defendants.      :       NO. 09-cv-0286

## SECOND AMENDED COMPLAINT

Plaintiffs, by and through their attorneys, CAROSELLI, BEACHLER MCTIERNAN & CONBOY, LLC and CEFALO & ASSOCIATES by way of a Second Amended Complaint against the Defendants hereby aver the following:

## I. JURISDICTION

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(3) because this action arises under the laws of the United States' and under 28 U.S.C. § 1964(c), because this action alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq.* This Court has subject matter jurisdiction over Counts VII and VIII pursuant to 28 U.S.C. § 1367(a).

2.      This Court has venue over this action pursuant to 28 U.S.C. §1391(b)

and (c) and 18 U.S.C. § 1965.  Upon information and belief, Defendants reside in or are subject to service of process in this Judicial District.  Further, a substantial part of the events and omissions giving rise to the claims alleged in the Complaint occurred in this Judicial District.

## II.  NATURE OF ACTION

3.     This is a civil action brought against Defendants identified below which includes the following causes of actions Violation of RICO, 18 U.S.C. § 1961, *et seq* (Count I), Conspiracy to Violate RICO (Count II), Deprivation of Procedural and Substantive Due Process Rights Pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 (Counts III and VI), Deprivation of Rights Pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 (Count IV), Deprivation of Substantive Due Process Rights Pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 (Count V), Civil Conspiracy (Count VII), and False Imprisonment (Count VIII).

## III.   DEFENDANTS

4.     Defendant ROBERT J. POWELL, hereinafter POWELL, is an adult individual who resides at 10 Fox Run Road Drums, Pennsylvania, and at all times relevant was an attorney-at-law, licensed to practice law in the Commonwealth of Pennsylvania and an owner, officer, shareholder, and operator of Defendants PA CHILD CARE, LLC, WESTERN PA CHILD CARE, LLC., VISION HOLDINGS LLC, MID ATLANTIC YOUTH SERVICES CORP., and POWELL LAW

GROUP, P.C.

5.      Defendant MICHAEL T. CONAHAN, hereinafter CONAHAN, is an adult individual residing at 301 Deer Run Road, Mountain Top, Pennsylvania was at all times relevant a Judge of the Court of Common Pleas of the 11th Judicial District of the Commonwealth of Pennsylvania (which includes Luzerne County) and from approximately January 2002 until January 2007 served as the President Judge of said judicial district.  In addition, upon information and belief CONAHAN served as an owner, officer, shareholder, operator, and/or other beneficiary of Defendants PINNACLE GROUP OF JUPITER, LLC, and BEVERAGE MARKETING OF PA, INC.  Defendant CONAHAN is sued in his individual capacity.

6.      Defendant MARK A. CIAVARELLA, hereinafter CIAVARELLA, is an adult individual residing at 585 Rutter Ave., Kingston, Pennsylvania and was at all times relevant Judge of the Court of Common Pleas of the 11th Judicial District of the Commonwealth of Pennsylvania (which includes Luzerne County) and from approximately January 2007 until January 2009 served as the President Judge of said judicial district.  In addition, upon information and belief, CIAVARELLA served as an owner, officer, shareholder, operator, and/or beneficiary of Defendants PINNACLE GROUP OF JUPITER, LLC, and BEVERAGE MARKETING OF PA, INC.  Defendant CIAVARELLA is sued in his individual

capacity.

7.      Defendant PA CHILD CARE, LLC, hereinafter PACC, is a limited

liability company organized and existing under the laws of the Commonwealth of

Pennsylvania with a registered office address of 520 Walnut Street, P.O. Box 8581,

Reading, Pennsylvania, which owns and operates a youth detention center.

8.      Defendant WESTERN PA CHILD CARE, LLC, hereinafter WPACC,

is a limited liability company organized and existing under the laws of the

Commonwealth of Pennsylvania with a registered office address of 1105 Berkshire

Boulevard, Suite 320, Wyomissing, Pennsylvania and a business address located at

123 North Warren Street, West Hazelton, Pennsylvania, which owns and operates

a youth detention center.

9.      Defendant ROBERT K. MERICLE, hereinafter MERICLE, is an

adult individual residing at 100 Baltimore Drive, Wilkes-Barre, Pennsylvania and

was at all times relevant an owner, shareholder, officer, and operator of MERICLE

CONSTRUCTION, INC.

10.      Defendant MERICLE CONSTRUCTION, INC., hereinafter

MERICLE CONSTRUCTION, is a close corporation organized and existing under

the laws of the Commonwealth of Pennsylvania with a registered office address at

33 Beekman Street, Wilkes-Barre, Pennsylvania.

11.      Defendant GREGORY ZAPPALA, hereinafter ZAPPALA, is an adult

individual residing at 1212 Cliffview Drive, Monroeville, Pennsylvania and was at all times relevant an owner, shareholder, officer, and operator of Defendants PA CHILD CARE, LLC, WESTERN PA CHILD CARE, LLC., and MID ATLANTIC YOUTH SERVICES, CORP.

12.     Defendant PINNACLE GROUP OF JUPITER, LLC, hereinafter PINNACLE, is a limited liability company organized and existing under the laws of Florida with a registered address at 301 Deer Run Drive, Mountain Top, Pennsylvania that was owned and operated by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA.

13.     Defendant BARBARA CONAHAN is an adult individual and upon information and belief the wife of Defendant MICHAEL CONAHAN who resides at 301 Deer Run Road, Mountain Top, Pennsylvania.  At all times relevant hereto Defendant BARBARA CONAHAN was either the owner, officer, shareholder, managing agent, operator and/or beneficiary of Defendant, PINNACLE.

14.     Defendant CYNTHIA CIAVARELLA is an adult individual and upon information and belief the wife of Defendant MICHAEL CIAVARELLA who resides at 585 Rutter Ave., Kingston, Pennsylvania. At all times relevant hereto Defendant CYNTHIA CIAVARELLA was either the owner, officer, shareholder, managing agent, operator and/or beneficiary of Defendant, PINNACLE.

15.     Defendant BEVERAGE MARKETING OF PA, INC., hereinafter

BEVERAGE, is a corporation organized and existing under the laws of the

Commonwealth of Pennsylvania with a registered address of P.O. Box 17,

Pottsville Road, Seltzer, Pennsylvania.  Defendant CONAHAN is identified by the

Pennsylvania Department of State as the president, secretary and treasurer of

Defendant BEVERAGE.

16.     Defendant VISION HOLDINGS LLC, hereinafter VISION, is a

limited liability company organized and existing under the laws of the

Commonwealth of Pennsylvania with a registered address of 123 Warren Street,

West Hazelton, Pennsylvania.  At all times relevant hereto, Defendant POWELL

was the owner, operator and president of VISION.

17.     It is believed and therefore averred that Defendant JOE DOE,

ESQUIRE, hereinafter DOE, is an unnamed co-conspirator and Schuylkill County,

Pennsylvania attorney.

18.     Defendant MID ATLANTIC YOUTH SERVICES CORP., hereinafter

MAYS, is a Pennsylvania Corporation with a registered office address at 701

Sathers Drive, Pittston Township, Pennsylvania.  MAYS was responsible for the

operation of the PACC and WPACC facilities, by virtue of a contractual

agreement.

19.     Upon information and belief, WPACC entered into an agreement in

June 2005 with MAYS to manage and operate its facility.  Upon further

12

information and belief a revised 36 month agreement with MAYS went into effect on January 1, 2007.  This agreement places the responsibility of keeping the facility at or near capacity with MAYS and states that the compensation to MAYS is dependant on maintaining a high occupancy level, although no specific rate is set forth in the agreement.

20.     Defendant POWELL LAW GROUP, P.C., hereinafter PLG, is a Pennsylvania Professional Corporation with a registered office address at 10 Fox Run Road, Drums, Pennsylvania.

21.     Defendant SANDRA BRULO, hereinafter BRULO, is an adult individual and resides at 96 Allenberry Drive, Hanover Township, Pennsylvania.  At all times relevant hereto, until October 1, 2005, BRULO was the Chief Juvenile Probation Officer of Luzerne County.  BRULO is sued in her individual capacity.

22.     Defendant, FRANK VITA, Ph.D., hereinafter VITA, is an adult individual and a citizen of the Commonwealth of Pennsylvania residing at 1747 East Broad Street, Hazelton, Pennsylvania.  At all times relevant hereto, Defendant VITA was a psychologist and the brother-in-law of Defendant CONAHAN.

23.     Upon information and belief from 2001 until 2008, Defendant VITA had an exclusive contract and/or series of contracts with the Luzerne County Department of Probation Services to provide alleged juvenile offenders with psychological evaluations.  Dr. VITA received in excess of $1,000,000 for said

evaluations.

24.     Upon further information and belief, due to the large number evaluations Dr. VITA was required to perform based upon his exclusive contractual relationship with the Luzerne County Department of Probation Services, an inventory developed which necessitated that juveniles be detained and/or lodged at PACC and/or WPACC for extended periods while awaiting evaluations.  Thereafter, some of the juveniles were released based upon Dr. VITA's recommendation.

25.     The result of this inventory was that juveniles were detained and/or lodged at PACC or WPACC for longer than required thereby allowing PACC and WPACC to collect additional fees for said lodging.

26.     At all times relevant hereto, Defendant COUNTY OF LUZERNE, hereinafter LUZERNE, is a political subdivision of the Commonwealth of Pennsylvania and has a principal place of business located at 200 North River Street in the City of Wilkes-Barre, County of Luzerne in the Commonwealth of Pennsylvania.

27.     At all times relevant hereto, Defendants acted through their agents, servants, employees, officers, directors and/or other representatives who are presently known and unknown named individuals.

# FACTUAL BACKGROUND

## A.   FACTS COMMON TO ALL COUNTS[1]

28.    On January 26, 2009, the United States Attorney presented a bill of

information alleging two counts of fraud against Mark A. Ciavarella, Jr., then

President Judge in Luzerne County, and former President Judge Michael T.

Conahan, also of Luzerne County.  *See* Exhibit "A." The bill of information, to

which both judges have already agreed to plead guilty and serve more than seven

years in federal prison, describes, *inter alia*, a conspiracy among the judges and

other unnamed parties believed and averred to be Defendants and others as yet

unknown to conceal $2.6 million in payments to the judges from Defendants and

others as yet unknown in exchange for referring children who appeared before

Defendant CIAVARELLA to these juvenile correctional facilities.  *See* Exhibits

"A" and "B."

29.    Pursuant to the Bill of Information, from in or about June 2000, the

---

[1] The facts contained in this section are alleged upon information and belief and are
culled from the following documents: Criminal Information in *United States of
America v. Michael T. Conahan and Mark A. Ciavarella, Jr.*, M.D. Pa. No. 3:09-
CR-028 (January 26, 2009), a copy of which is attached hereto, made a part hereof
and marked Exhibit "A"; Plea Agreements in *United States of America v. Michael
T. Conahan* and *United States of America v. Mark A. Ciavarella*, M.D. Pa. No.
3:09-CR-028 (January 26, 2009), copies of which are attached hereto, made a part
hereof and collectively marked Exhibit "B"; and the Commonwealth of
Pennsylvania, Department of Public Welfare, Bureau of Financial Operations
February 11, 2009 Draft Proposed Audit Report of Western PA Child Care, LLC, a
copy of which is attached hereto, made a part hereof and marked Exhibit "C."

exact date being unknown to the Plaintiffs, and upon information and belief,

continuing until the present, in the Middle District of Pennsylvania and elsewhere,

Defendants, while acting under color of law, engaged in a pattern and practice to

conspire, cooperate, scheme, engage in racketeering activity, violate, and

recklessly, willfully, wantonly and/or in a manner that shocks the conscience to

subject the Plaintiffs to violations of their constitutional rights. Additionally,

Defendants aided and abetted each other and by other persons known and

unknown, devised a material scheme and artifice to defraud the juveniles of the

Commonwealth of Pennsylvania and the Judiciary of the Commonwealth of

Pennsylvania and to deprive those juveniles of their right to the honest services of

CONAHAN and CIAVARELLA, as judges of the Court of Common Pleas for

Luzerne County, performed free from deceit, favoritism, bias, self-enrichment,

self-dealing, concealment, and conflict of interest, and within their fiduciary duty.

30.     In furtherance of the scheme and artifice to defraud, Defendants

CONAHAN, and CIAVARELLA, abused their positions as judges of the Court of

Common Pleas for Luzerne County by accepting compensation from Defendants

PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA,

PINNACLE, BEVERAGE, VISION, POWELL, DOE and perhaps others both

known and unknown.

31.     As judges of the Court of Common Pleas, Defendants CONAHAN

and CIAVARELLA owed a duty to Plaintiffs and the citizens of the

Commonwealth of Pennsylvania and to the Judiciary of the Commonwealth of

Pennsylvania and were required to file an annual statement of financial interests

with the Administrative Office of the Pennsylvania Courts, reporting the source of

any income, direct or indirect. The Administrative Office of the Pennsylvania

Courts maintains offices in Cumberland County, Middle District of Pennsylvania,

and Philadelphia County, Eastern District of Pennsylvania.

32.     Defendants CONAHAN and CIAVARELLA abused their positions

and violated the fiduciary duty they owed to the Plaintiffs and citizens of the

Commonwealth of Pennsylvania and to the Judiciary of the Commonwealth of

Pennsylvania by secretly deriving more than $2,600,000 in income, in addition to

the compensation to which they were lawfully entitled, in exchange for their

official actions, anticipated official actions and official administrative actions.

33.     The actions from which they derived improper income included, but

were not limited to: entering into agreements guaranteeing placement of juvenile

offenders exclusively with Defendant PACC; taking official action to remove

funding from the Luzerne County budget for the Luzerne County juvenile

detention facility, thereby making Defendant PACC the sole juvenile detention

facility within Luzerne County; facilitating the construction of juvenile detention

facilities and an expansion to one of those facilities by Defendants PACC and

WPACC; directing that juvenile offenders be lodged at juvenile detention facilities operated by Defendants PACC and WPACC; executed or caused to be executed a contract between Frank Vita, Ph.D. and the Luzerne County Department of Probation Services for the purpose of performing psychological evaluations on juvenile offenders; summarily granting motions to seal the record and for injunctive relief in a civil case related to Defendant PACC thereby keeping their scheme a secret; and, through their actions, assisting Defendants PACC and WPACC to secure agreements with Luzerne County worth tens of millions of dollars for the placement of juvenile offenders, including an agreement in late 2004 worth approximately $58,000,000.

34.     The Defendants together employed a number of schemes in an attempt to hide the transfer of the income forwarded to CONAHAN and CIAVARELLA, including, but not limited to, causing income to pass through intermediaries, including but not limited to some of the defendants herein, and causing false records to be created.

35.     It is believed and therefore averred that Defendants one and all participated in a scheme to ensure that a disproportionate number of juveniles, such as Plaintiffs herein, were incarcerated in juvenile detention facilities owned, operated, and influenced by Defendants.

36.     All Defendants except Defendants BRULO, VITA and COUNTY OF

LUZERNE, participated in the payment of approximately $2.6 million to Defendants CONAHAN and CIAVARELLA in exchange for their influence over Plaintiffs and to disproportionately sentence juveniles in Luzerne County to detention prior to delinquency determinations and after delinquency determinations.

37.     The collective actions of Defendants were considered sufficiently suspect for the Pennsylvania Supreme Court to exercise King's Bench Power to appoint a receiving judge to review all juvenile matters in Luzerne County from 2003 until 2008.  By order dated March 26, 2009,  the Pennsylvania Supreme Court has ordered the expungement of records of certain juveniles who appeared before Defendant CIAVARELLA from 2003 to 2008.

38.     It is believed and therefore averred that in approximately June of 2000, Defendant CIAVARELLA, whose duties then included presiding over juvenile proceedings as a judge of the Court of Common Pleas for Luzerne County, had discussions with Defendant POWELL who was interested in constructing a juvenile detention facility in Luzerne County. Defendant POWELL was then introduced to a contractor, Defendant MERICLE, who was a friend of Defendant CIAVARELLA, for the purpose of locating land for the juvenile facility and for constructing the facility.

39.     It is believed and therefore averred that Defendants POWELL and

ZAPPALA, doing business as Defendant PACC, acquired land in Luzerne County

and entered into an agreement with Defendant MERICLE to construct a juvenile

detention center to be operated by Defendants PACC and/or MAYS.

40.     On or about January 29, 2002, Defendant CONAHAN, acting in his

administrative capacity on behalf of the County of Luzerne and under the color of

law, executed a "Placement Guarantee Agreement" between PACC and the Court

of Common Pleas for Luzerne County to house juvenile offenders at the PACC

facility. The "Placement Guarantee Agreement" provided that the Court of

Common Pleas for Luzerne County would pay PACC the annual "Rental

Installment" sum of $1,314,000 and stipulated that "[t]he obligation of the Court to

make payment of the Rental Installments shall be absolute and unconditional."

41.     In or about December 2002, Defendant CONAHAN, acting in his

administrative capacity on behalf of the County of Luzerne and under the color of

law, took official action to remove funding from the Luzerne County budget for

the Luzerne County juvenile detention facility.

42.     In or before January of 2003, Defendant CONAHAN and Defendant

CIAVARELLA arranged to receive a payment in the amount of $997,600 in

connection with the actions they took on behalf of the County of Luzerne in

accomplishing the construction of Defendant PACC's juvenile detention facility.

43.     In order to conceal the $997,600 payment to Defendants CONAHAN

and CIAVARELLA, POWELL and MERICLE signed a written "Registration and Commission Agreement" prepared by MERICLE and backdated to February 19, 2002, which purported to be an agreement for MERICLE to pay a broker's fee of $997,600 to POWELL. In fact, however, a large portion of the money was intended to be paid to Defendants CONAHAN and CIAVARELLA.

44.     Defendants CONAHAN and CIAVARELLA engaged in a series of financial transactions, over time, designed to conceal the $997,600 payment made to them. On January 21, 2003, $610,000 was wire-transferred by Defendant MERICLE to an attorney trust account of an attorney, namely Defendant DOE. The remaining $387,600 was wire-transferred by Defendant MERICLE to a bank account under the control of POWELL.

45.     Thereafter, on January 28, 2003, the $610,000 in the DOE attorney trust account was wire-transferred to a bank account of Defendant BEVERAGE, a business entity controlled by Defendant CONAHAN.

46.     In a series of financial transactions thereafter, a portion of the $610,000 payment was passed from Defendant CONAHAN to Defendant CIAVARELLA; for example, on or about January 28, 2003, Defendant CONAHAN directed that $330,000 of the $610,000 be wire-transferred to a bank account controlled by Defendant CIAVARELLA; on or about April 30, 2003, Defendant CONAHAN directed that an additional $75,000 of the $610,000 be

wire-transferred to a bank account controlled by Defendant CIAVARELLA; on or about July 15, 2003, Defendant CONAHAN directed that an additional $75,000 of the $610,000 be wire-transferred to a bank account under the control of Defendant CIAVARELLA; on or about August 13, 2003, Defendant CONAHAN directed that an additional $25,000 of the $610,000 be wire-transferred to a bank account under the control of a third party; and on or about August 20, 2003, Defendant CONAHAN directed that an additional $105,000 of the $610,000 be transferred to a bank account under the control of Defendant CONAHAN.

47.     To conceal the payments to Defendants CONAHAN and CIAVARELLA, Defendant CONAHAN directed that false entries be made in the books and records of Defendant BEVERAGE.

48.     To further conceal the $997,600 payment made to Defendants CONAHAN and CIAVARELLA, a portion of the $387,600 wire transfer made by Defendant MERICLE to POWELL on January 28, 2003, was paid to Defendants CONAHAN and CIAVARELLA in a series of financial transactions which occurred over time. One of those transactions occurred on or about August 29, 2003, when a check in the amount of $326,000, drawn on a bank account under the control of Defendant POWELL, was deposited into a bank account maintained in the name of another person but under the control of Defendant CONAHAN.

49.     Due to the success of the juvenile detention facility operated in

Luzerne County, Defendants POWELL and ZAPPALA, his partner, doing

business as Defendant WPACC, constructed a juvenile detention facility in western

Pennsylvania. Defendant MERICLE, the same contractor who built the facility in

Luzerne County, was employed to construct the WPACC facility. In July of 2005,

upon completion of construction, a $1,000,000 payment was made to Defendants

CONAHAN and CIAVARELLA by POWELL. To conceal the payment, it was

made to Defendant PINNACLE, a business entity owned by other persons but

controlled by Defendants CONAHAN and CIAVARELLA.

50.     In order to conceal the payment to Defendants CONAHAN and

CIAVARELLA, POWELL and MERICLE signed a written "Registration and

Commission Agreement" prepared by MERICLE, which purported to be an

agreement for MERICLE to pay a broker's fee of $1,000,000 to POWELL. In fact,

however, the money was wire-transferred by MERICLE to a bank account of

PINNACLE, a business entity owned by other persons but controlled by

CONAHAN and CIAVARELLA.

51.     It is believed and therefore averred that Defendant POWELL and his

partner, Defendant ZAPALLA, doing business as PACC, constructed an addition

to the juvenile detention facility in Luzerne County. Defendant MERICLE

CONSTRUCTION, the same contractor who built the facility, was employed to

complete the expansion project and, in February of 2006, upon completion of

construction of the addition, a $150,000 payment was made to Defendants CONAHAN and CIAVARELLA. To conceal the payment, it was made to Defendant PINNACLE, a business entity owned by other persons but controlled by Defendants CONAHAN and CIAVARELLA.

52.     In order to conceal the payment to Defendants CONAHAN and CIAVARELLA, Defendants POWELL and MERICLE signed a written "Registration and Commission Agreement" prepared by Defendant MERICLE. which purported to be an agreement for the MERICLE to pay a broker's fee of $150,000 to POWELL. In fact, however, the money was wire-transferred by MERICLE to a bank account of Defendant PINNACLE, a business entity owned by other persons but controlled by Defendants CONAHAN and CIAVARELLA.

53.     In approximately February of 2003, when construction of the PACC juvenile detention facility was completed, Defendant CIAVARELLA, in his capacity as a juvenile court judge, began directing that youthful offenders be sent to that facility. Between approximately February of 2003 and January 1, 2007, Defendants CONAHAN and CIAVARELLA received from POWELL hundreds of thousands of dollars in payments for their past and future actions relating to PACC and WPACC and took steps to conceal and disguise the nature, location, source, ownership, and control of the money paid by POWELL.

54.     Some of the payments were made by checks drawn on one or more

bank accounts under the control of Defendant POWELL and were made payable to

Defendant PINNACLE, which was controlled by Defendants BARBARA

CONAHAN and CYNTHIA CIAVARELLA. The payments included, but were not

necessarily limited to, the following:

> $18,000 paid on or about January 13, 2004;
> $52,000 paid on or about January 13, 2004;
> $78,000 paid on or about February 15, 2004;
> $75,000 paid on or about February 15, 2004;
> $47,000 paid on or about February 15, 2004;
> $75,000 paid on or about April 30, 2004; and
> $25,000 paid on or about April 30, 2004.

55.    To conceal the payments to Defendants CONAHAN and

CIAVARELLA, Defendant POWELL made false notations on the checks and

Defendants CONAHAN and CIAVARELLA directed that false entries be made in

the books and records of Defendant PINNACLE.

56.    In addition to payments by check, some of the payments were made

by wire transfers made from one or more bank accounts under the control of

Defendant POWELL and were transferred to an account under the control of the

Defendant PINNACLE, which was controlled by Defendants BARABARA

CONAHAN and CYNTHIA CIAVARELLA. The payments included, but were not

necessarily limited to, the following: $120,000 transferred on July 12, 2004; and

$100,000 transferred on September 23, 2004.

57.    In order to conceal the more than $2,600,000 in unlawful payments

they received, Defendants CONAHAN and CIAVARELLA knowingly and intentionally filed materially false annual statements of financial interests with the Administrative Office of the Pennsylvania Courts in which they failed to disclose the source of these payments and in which they failed to disclose their financial relationship with Defendants POWELL, ZAPPALA, MERICLE, MERICLE CONSTRUCTION, PINNACLE, VISION, PACC, and WPACC, all of which were material matters.

58.    Defendants CONAHAN and CIAVARELLA owed a duty to disclose material information affecting their ability to engage in impartial decision-making. Defendants CONAHAN and CIAVARELLA breached this duty.

59.    It was a part of the scheme and artifice to defraud that Defendants CONAHAN and CIAVARELLA acting in an administrative capacity knowingly and intentionally or negligently filed materially false annual statements of financial interests with the Administrative Office of the Pennsylvania Courts in which they failed to disclose the source of income they received and in which they failed to disclose their financial relationship with POWELL, ZAPPALA, MERICLE, MERICLE CONSTRUCTION, PINNACLE, VISION, PACC, and WPACC, which were material matters.

60.    Defendants CONAHAN and CIAVARELLA made materially false filings with the Administrative Office of the Pennsylvania Courts.

61.     It was further a part of the scheme and artifice to defraud that Defendants CONAHAN and CIAVARELLA, acting in an administrative capacity and with regard to matters in which they had decision-making authority, knowingly and intentionally issued written, oral, and wire communications which were materially false to the extent that Defendants did not disclose their conflict of interest and their financial relationship with POWELL, ZAPPALA, MERICLE, MERICLE CONSTRUCTION, PINNACLE, VISION, PACC, and WPACC, which were material matters.

62.     It was further a part of the scheme and artifice to defraud that Defendants CONAHAN and CIAVARELLA, acting in an administrative capacity and with regard to matters in which they had decision-making authority, knowingly and intentionally issued reports and statements to the Administrative Office of the Pennsylvania Courts which were materially false to the extent that Defendants did not disclose their sources of income and their financial relationship with POWELL, ZAPPALA, MERICLE, MERICLE CONSTRUCTION, PINNACLE, VISION, PACC, and WPACC, which were material matters.

63.     It was further a part of the scheme and artifice to defraud that Defendant CONAHAN acting in his administrative capacity on behalf of the County of Luzerne entered into agreements guaranteeing placement of juvenile offenders exclusively with Defendant PACC and took official administrative action

to remove funding from the Luzerne County budget for the Luzerne County

juvenile detention facility, effectively closing the only a county-run youth

detention center. Defendants CONAHAN and CIAVARELLA, through their

official administrative actions on behalf of the County of Luzerne, facilitated the

construction of Defendants PACC and WPACC and an expansion of Defendant

PACC.  The result of said administrative actions was that juvenile offenders could

only be lodged at Defendant PACC in Luzerne County.  Additionally, Defendants

CONAHAN and CIAVARELLA, through their administrative authority directed

that juvenile offenders be lodged at juvenile detention facilities operated by

Defendants PACC and WPACC. Through their administrative actions on behalf of

the County of Luzerne, Defendants assisted PACC and WPACC and by extension

Defendants POWELL and ZAPPALA to secure agreements with Luzerne County

worth tens of millions of dollars for the placement of juvenile offenders, including

an agreement in late 2004 worth approximately $58,000,000.

64.     Defendant CIAVARELLA, and others operating at his behest,

including but not limited to Defendant BRULO, and/or Michael Loughney, also

exerted pressure on staff of the Court of Common Pleas to recommend detention of

juvenile offenders.  On some occasions, probation officers were pressured to

change recommendations of release to recommendations of detention. The

foregoing actions, as well as other actions, were all part of a scheme of Defendants

which Defendants CONAHAN and CIAVARELLA directly related to matters in which they had administrative discretionary decision-making authority.

65.   It was further a part of the scheme and artifice to defraud and conspire to violate the constitutional rights of Plaintiffs that, on numerous occasions, accused juvenile offenders, including Plaintiffs, were ordered detained by Defendant CIAVARELLA even when Juvenile Probation Officers did not recommend detention.

66.   As discussed above, upon information and belief, due to the backlog of psychological evaluations to be performed by Defendant VITA, juveniles were lodged at PACC and/or WPACC for longer than required thereby allowing PACC and WPACC to collect additional fees for said lodging.

67.   It was further a part of the scheme and artifice to defraud that Defendants CONAHAN and CIAVARELLA violated their duties of independence, impartiality and integrity in the exercise of their discretionary actions on behalf of the Court of Common Pleas for Luzerne County by failing to recuse themselves from acting in matters in which they had a material conflict of interest and in failing to disclose to parties appearing before the court their conflict of interest and their financial relationship with POWELL, MERICLE, MERICLE CONSTRUCTION, PACC, and WPACC, which were material matters.

68.   It was further a part of the scheme and artifice to violate the

constitutional rights of Plaintiffs that Defendant CIAVARELLA utilized administrative powers on behalf of the County of Luzerne to adopt procedures in juvenile court, including procedures adopted for a "specialty court." The adoption of these procedures was accomplished through the administrative decision-making authority of Defendant CIAVARELLA. The adoption of these procedures created the potential for an increased number of juvenile offenders to be sent to the juvenile detention facilities of PACC and WPACC. Defendant CIAVARELLA took these actions without disclosing to the parties before the court his conflict of interest and the financial relationship that existed between the Defendants.

69.     On or about each date listed below, in the Middle District of Pennsylvania and elsewhere, Defendants CONAHAN and CIAVARELLA, aided and abetted by each other, for the purpose of executing the above-described material scheme and artifice to defraud and deprive the citizens of Luzerne County and of the Commonwealth of Pennsylvania of their right to the honest services of Defendants CONAHAN and CIAVARELLA, transmitted and caused to be transmitted by means of wire communication in interstate commerce, the following writings, signals, and sounds: in violation of Title 18, United States Code, §§2, 1341, and 1346:


**Date**                **Wire Transmission**
July 12, 2004           Electronic funds transfer of $120,000 transferred from an

|  | account of Vision Holdings, Inc., to an account of the Pinnacle Group of Jupiter, LLC, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA. |
|---|---|
| September 23, 2004 | Electronic funds transfer of $100,000 transferred from an account of Vision Holdings, Inc., to an account of Pinnacle Group of Jupiter, LLC, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA. |
| July 15, 2005 | Electronic funds transfer of $1,000,000 transferred from an account of Mericle Construction, Inc., to an account of Pinnacle Group of Jupiter, LLC, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA. |
| February 3, 2006 | Electronic funds transfer of $150,000 transferred from an account of Mericle Construction, Inc. to an account of Pinnacle Group of Jupiter, LLC, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA. |

70. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by Defendants in the Middle District of Pennsylvania and elsewhere:

A. On or about January 21, 2003, Defendants caused MERICLE and/or MERCILE CONSTRUCTION to wire-transfer $610,000 to the bank account of an attorney;

B. On or about January 28, 2003, Defendants caused DOE attorney in Schuylkill County, Pennsylvania to wire-transfer $610,000 to an account of BEVERAGE;

C. On or about January 28, 2003, Defendant CONAHAN caused $330,000 to be wire-transferred from a bank account of BEVERAGE to a bank account under the control of Defendant

CIAVARELLA;

D.     On or about April 30, 2003, Defendant CONAHAN
caused $75,000 to be wire-transferred from a bank account of
BEVERAGE to a bank account under the control of Defendant
CIAVARELLA;

E.     On or about July 15, 2003, Defendant CONAHAN
caused $75,000 to be wire-transferred from a bank account of
BEVERAGE to a bank account under the control of Defendant
CIAVARELLA;

F.     On or about August 13, 2003, Defendant CONAHAN
caused $25,000 to be wire-transferred from a bank account of
BEVERAGE to a bank account under the control of a third party;

G.     On or about August 13, 2003, Defendant CONAHAN
caused $25,000 to be wire-transferred from a bank account of
BEVERAGE to a bank account under the control of a third party;

H.     On or about August 20, 2003, Defendant CONAHAN
caused $105,000 to be wire-transferred from a bank account of
BEVERAGE to a bank account under the control of Defendant
CONAHAN;

I.     To conceal the payments to Defendants CONAHAN and
CIAVARELLA, Defendant CONAHAN directed that false entries be
made in
the books and records of BEVERAGE between on or about January 1,
2002, and on or about April 15, 2007;

J.     On or about January 20, 2004, Defendants caused
$18,000 to be deposited in a bank account of PINNACLE which was
falsely characterized as "Rent Prepay";

K.     On or about January 20, 2004, Defendants caused
$52,000.00 to be deposited in a bank account of PINNACLE,
controlled by Defendants BARBARA CONAHAN and CYNTHIA
CIAVARELLA, which was falsely characterized as "Rent Marine
Prepay";

L.     On or about February 24, 2004, Defendants caused $47,000 to be deposited into a bank account of PINNACLE, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA, which was falsely characterized as "Slip Rental Fees";

M.     On or about February 24, 2004, Defendants caused $78,000 to be deposited into a bank account of PINNACLE, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA, which was falsely characterized as "Reserving Lease";

N.     On or about February 24, 2004, Defendants caused $75,000 to be deposited into a bank account of PINNACLE, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA, which was falsely characterized as "Rental Feb, Mar, Apr";

O.     On or about May 3, 2004, Defendants caused $75,000 to be deposited into a bank account of PINNACLE, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA, which was falsely characterized as "Lease Expenses April May June";

P.     On or about May 3, 2004, Defendants caused $25,000 to be deposited into a bank account of PINNACLE, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA, which was falsely characterized as "Dock Expenses Related April May June";

Q.     On or about July 12, 2004, Defendants caused $120,000 to be wire-transferred to a bank account of PINNACLE, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA;

R.     On or about September 23, 2004, Defendants caused $100,000 to be wire-transferred to a bank account of PINNACLE, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA;

S.     On or about July 15, 2005, Defendants caused

$1,000,000 to be wire-transferred to a bank account of PINNACLE, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA;

T.      On or about February 3, 2006, Defendants caused $150,000 to be wire-transferred to a bank account of PINNACLE, controlled by Defendants BARBARA CONAHAN and CYNTHIA CIAVARELLA;

U.      Between on or about January 1, 2002, and on or about April 15, 2007, Defendants CONAHAN and CIAVARELLA provided information to their respective tax return preparers that contained material omissions and misclassifications;

V.      Between on or about April 15, 2004, and on or about May 21, 2007, Defendants CONAHAN and CIAVARELLA caused to be prepared, subscribed to, and filed with the Internal Revenue Service, materially false tax returns, namely, IRS forms 1040 and 1040X relating to tax years 2003 through 2006.

71.     On February 11, 2009, the Pennsylvania Supreme Court assumed plenary jurisdiction and granted the Juvenile Law Center's Amended Application for the Exercise of King's Bench Power or Extraordinary Jurisdiction arising out of Defendant CIAVARELLA's denial of juveniles' constitutional right to counsel and acceptance of guilty pleas without due process during the period from 2003 through May 2008. Pursuant to that order, and citing the recently revealed criminal allegations and plea agreement entered into by Defendant CIAVARELLA, among others, the court appointed Special Master Arthur Grim, Senior Judge, Berks County Court of Common Pleas, to act on its behalf.  Specifically, the court

authorized Judge Grim to review all juvenile court adjudications and dispositions affected by the recently revealed criminal charges, including all cases in which children were committed to Defendants PACC and WPACC, as well as all cases in which it is alleged that youth appearing before Defendant CIAVARELLA were denied their right to counsel, and to make recommendations to the court concerning appropriate remedial actions.

72.     On March 26, 2009, Special Master Grim entered the first of several anticipated orders vacating the adjudications and expunging the records of hundreds of juveniles who appeared before Defendant CIAVARELLA between 2003 and May 2008.  In his Order, Judge Grim specifically noted that his own investigation "point[ed] to the conclusion that a very substantial number of juveniles who appeared without counsel before Judge Ciavarella for delinquency or related proceedings did not knowingly and intelligently waive their right to counsel.  My investigation also has uncovered evidence that there was routine deprivation of children's constitutional rights to appear before an impartial tribunal and to have an opportunity to be heard."  *See* First Interim Report and Recommendations of the Special Master, at ¶10, approved and adopted by Order, No. 81 MM 2008 (Pa. Mar. 26, 2009).

## B.    PLAINTIFFS' CASES

**Denise Anderson, Dennis Yost and Dennis Yost, Jr.**

73.    Plaintiff Denise Anderson, an adult individual, is the parent of Plaintiff Dennis Yost, Jr. who resides in Harwood, Pennsylvania.

74.    Plaintiff Dennis Yost, an adult individual, is the parent of Plaintiff Dennis Yost, Jr. who resides in Kingston, Pennsylvania.

75.    Plaintiff Dennis Yost, Jr. is an adult individual, with a date of birth of February 4, 1991, who resides in Harwood, Pennsylvania.

76.    In 2003, Dennis Yost, Jr., then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

77.    At no time prior to or during Dennis Yost, Jr.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

78.    As a result of the hearing, Dennis Yost, Jr. was order to be detained and/or have a psychological evaluation by Defendant VITA.

79.    As a result of the order for detention and/or psychological evaluation, Dennis Yost, Jr. was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and present.

80.    Plaintiffs Denise Anderson, Dennis Yost and Dennis Yost, Jr. were required to pay for Dennis Yost, Jr.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Jeffrey Arnott, Jr.**

81.    Plaintiff Jeffrey Arnott, Jr. is an adult individual, with a date of birth of April 6, 1988 who resides in Ashley, Pennsylvania.

82.    In 2001, Jeffrey Arnott, Jr., then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

83.    At no time prior to or during Jeffrey Arnott, Jr.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

84.    As a result of the hearing, Jeffrey Arnott, Jr. was order to be detained and/or have a psychological evaluation by Defendant VITA.

85.    As a result of the order for detention and/or psychological evaluation, Jeffrey Arnott, Jr. was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and the present.

86.     Plaintiff Jeffrey Arnott, Jr. was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Richard Avery and Kyle Avery**

87.     Plaintiff Richard Avery, an adult individual, is the parent of Plaintiff Kyle Avery who resides in Nanticoke, Pennsylvania.

88.     Plaintiff Kyle Avery is an adult individual, with a date of birth of July 19, 1986, who resides in Nanticoke, Pennsylvania.

89.     In 2003, Kyle Avery, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

90.     At no time prior to or during Kyle Avery's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

91.     As a result of the hearing, Kyle Avery was order to be detained and/or have a psychological evaluation by Defendant VITA.

92.     As a result of the order for detention and/or psychological

evaluation, Kyle Avery was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and present.

93.     Plaintiffs Richard Avery and Kyle Avery were required to pay for

Kyle Avery's detention, lodging and/or incarceration in Defendants PACC and/or

WPACC facilities.

**Dawn Babbitt and Matthew Katona**

94.     Plaintiff Dawn Babbitt, an adult individual, is the parent of Plaintiff

Matthew Katona who resides in East Stroudsburg, Pennsylvania.

95.     Plaintiff Matthew Katona is an adult individual, with a date of birth of

June 29, 1990, who resides in East Stroudsburg, Pennsylvania.

96.     In 2005, Matthew Katona, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

97.     At no time prior to or during Matthew Katona's adjudication hearing

was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

98.     As a result of the hearing,  Matthew Katona was order to be detained

and/or have a psychological evaluation by Defendant VITA.

99.    As a result of the order for detention and/or psychological evaluation, Matthew Katona was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

100.   Plaintiffs Dawn Babbitt and Matthew Katona were required to pay for Matthew Katona's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## Clyde Backes and Joshua Backes

101.   Plaintiff Clyde Backes, an adult individual, is the parent of Plaintiff Joshua Backes who resides in Shavertown, Pennsylvania.

102.   Plaintiff Joshua Backes is an adult individual, with a date of birth of July 7, 1990, who resides in Shavertown, Pennsylvania.

103.   In 2006, Joshua Backes, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

104.   At no time prior to or during Joshua Backes' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

105.   As a result of the hearing, Joshua Backes was order to be detained and/or have a psychological evaluation by Defendant VITA.

106.   As a result of the order for detention and/or psychological evaluation, Joshua Backes was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

107.   Plaintiffs Clyde Backes and Joshua Backes were required to pay for Joshua Backes' detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Jacqueline Bartenope, David Quick and B.F.**

108.   Plaintiff Jacqueline Bartenope, an adult individual, is the parent and natural guardian of minor Plaintiff B.F. who resides in Hazleton, Pennsylvania.

109.   Plaintiff David Quick, an adult individual, is the step parent and guardian of minor Plaintiff B.F. who resides in Hazleton, Pennsylvania.

110.   Plaintiff B.F. is a minor, with a date of birth of March 9, 1993, who resides in Hazleton, Pennsylvania.

111.   In 2007, B.F. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

112.   At no time prior to or during B.F.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of

interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

113. As a result of the hearing, B.F. was order to be detained and/or have a psychological evaluation by Defendant VITA.

114. As a result of the order for detention and/or psychological evaluation, B.F. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

115. Plaintiffs Jacqueline Bartenope and David Quick were required to pay for B.F.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Ruth Blake, Arthur Blake and A.B.**

116. Plaintiffs Ruth Blake and Arthur Blake, adult individuals, are the grandparents and guardians of minor Plaintiff A.B. who resides in Wapwallopen, Pennsylvania.

117. Plaintiff A.B. is a minor, with a date of birth of October 17, 1992, who resides in Wapwallopen, Pennsylvania.

118. In 2003 and 2007, A.B. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for adjudication hearings.

119.   At no time prior to or during A.B.'s adjudication hearings was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

120.   As a result of the hearings, A.B. was order to be detained and/or have a psychological evaluation by Defendant VITA.

121.   As a result of the order for detention and/or psychological evaluation, A.B. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

122.   Plaintiffs Ruth Blake and Arthur Blake were required to pay for A.B.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Michael Bodnar**

123.   Plaintiff Michael Bodnar is an adult individual, with a date of birth of November 22, 1985, who resides in Hazleton, Pennsylvania.

124.   In 2003, Michael Bodnar, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

125.   At no time prior to or during Michael Bodnar's adjudication hearing

was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

126.   As a result of the hearing, Michael Bodnar was order to be detained

and/or have a psychological evaluation by Defendant VITA.

127.   As a result of the order for detention and/or psychological

evaluation, Michael Bodnar was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and the

present.

128.    Plaintiff Michael Bodnar was required to pay for his detention,

lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**JoAnn Boyle and Anthony Marsicano**

129.   Plaintiff JoAnn Boyle, an adult individual, is the parent of Plaintiff

Anthony Marsicano who resides in Hazleton, Pennsylvania.

130.   Plaintiff Anthony Marsicano is an adult individual, with a date of birth

of February 27, 1991 who resides in Hazleton, Pennsylvania.

131.   In 2004, 2006 and 2008, Anthony Marsicano, then a minor,

appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne

County Juvenile Court for adjudication hearings.

132.   At no time prior to or during Anthony Marsicano's adjudication hearings was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

133.   As a result of the hearings,  Anthony Marsicano was order to be detained and/or have a psychological evaluation by Defendant VITA.

134.   As a result of the order for detention and/or psychological evaluation, Anthony Marsicano was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

135.   Plaintiffs JoAnn Boyle and Anthony Marsicano were required to pay for Anthony Marsicano's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Joyce Brown and T.S.**

136.   Plaintiff Joyce Brown, an adult individual, is the parent and natural guardian of minor Plaintiff T.S. who resides in Edwardsville, Pennsylvania.

137.   Plaintiff T.S. is a minor, with a date of birth of March 16, 1991, who resides in Edwardsville, Pennsylvania.

138.   In 2004, T.S. appeared before Defendants CIAVARELLA and/or

CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

139.   At no time prior to or during T.S.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

140.   As a result of the hearing, T.S. was order to be detained and/or have a psychological evaluation by Defendant VITA.

141.   As a result of the order for detention and/or psychological evaluation, T.S was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

142.   Plaintiff Joyce Brown was required to pay for T.S.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Josh Cragle**

143.   Plaintiff Josh Cragle is an adult individual, with a date of birth of December 21, 1985, who resides in Sweet Valley, Pennsylvania.

144.   In 2003, Josh Cragle, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

145.   At no time prior to or during Josh Cragle's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

146.   As a result of the hearing, Josh Cragle was order to be detained and/or have a psychological evaluation by Defendant VITA.

147.   As a result of the order for detention and/or psychological evaluation, Josh Cragle was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

148.   Plaintiff Josh Cragle was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Linda Donovan and E.S.**

149.   Plaintiff Linda Donovan, an adult individual, is the parent and natural guardian of minor Plaintiff E.S. who resides in Nanticoke, Pennsylvania.

150.   Plaintiff E.S. is a minor, with a date of birth of August 19, 1994, who resides in Nanticoke, Pennsylvania.

151.   In 2006, E.S. appeared before Defendant CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

152.   At no time prior to or during E.S.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

153.   As a result of the hearing, E.S. was order to be detained and/or have a psychological evaluation by Defendant VITA.

154.   As a result of the order for detention and/or psychological evaluation, E.S. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

155.   Plaintiff Linda Donovan was required to pay for E.S.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Debra Dumas and Fred Leonard**

156.   Plaintiff Debra Dumas, an adult individual, is the parent of Plaintiff Fred Leonard, who resides in Wilkes-Barre, Pennsylvania.

157.   Plaintiff Fred Leonard is an adult individual, with a date of birth of July 23, 1990, who resides in Wilkes-Barre, Pennsylvania.

158.   In 2002, Fred Leonard, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

159.   At no time prior to or during Fred Leonard's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

160.   As a result of the hearing,  Fred Leonard was order to be detained and/or have a psychological evaluation by Defendant VITA.

161.   As a result of the order for detention and/or psychological evaluation, Fred Leonard was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

162.   Plaintiffs Debra Dumas and Fred Leonard were required to pay for Fred Leonard's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Debra Dumas and J.D.**

163.   Plaintiff Debra Dumas, an adult individual, is the parent and natural guardian of minor Plaintiff J.D. who resides in Wilkes-Barre, Pennsylvania.

164.   Plaintiff J.D. is a minor, with a date of birth of December 25, 1992 who resides in Wilkes-Barre, Pennsylvania.

165.   In 2004, J.D. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

166.   At no time prior to or during J.D.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

167.   As a result of the hearing,  J.D. was order to be detained and/or have a psychological evaluation by Defendant VITA.

168.   As a result of the order for detention and/or psychological evaluation, J.D. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

169.   Plaintiff Debra Dumas was required to pay for J.D.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Anthony Dupak and K.D.**

170.   Plaintiff Anthony Dupak, an adult individual, is the parent of minor Plaintiff K.D. who resides in Bear Creek, Pennsylvania.

171.   Plaintiff K.D. is a minor, with a date of birth of June 25, 1991, who resides in Bear Creek, Pennsylvania.

172.   In 2004, K.D. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

173.   At no time prior to or during K.D.'s adjudication hearing was it

disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of

interest, or that they had a financial interest in Defendants PACC and/or WPACC

or that Defendants CONAHAN and/or CIAVARELLA agreed to place children

in Defendants PACC and/or WPACC.

174.   As a result of the hearing, K.D. was order to be detained and/or

have a psychological evaluation by Defendant VITA.

175.   As a result of the order for detention and/or psychological

evaluation, K.D. was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and the

present.

176.   Plaintiff Anthony Dupak was required to pay for K.D.'s detention,

lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Amanda Eddy**

177.   Plaintiff Amanda Eddy is an adult individual, with a date of birth of

March 10, 1987, who resides in Hanover Twp., Pennsylvania.

178.   In 2004, Amanda Eddy, then a minor, appeared before Defendants

CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an

adjudication hearing.

179.   At no time prior to or during Amanda Eddy's adjudication hearing

was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

51

conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

180.   As a result of the hearing, Amanda Eddy was order to be detained and/or have a psychological evaluation by Defendant VITA.

181.   As a result of the order for detention and/or psychological evaluation, Amanda Eddy was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

182.   Plaintiff Amanda Eddy was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Charles Edwards and Jamie Trocki**

183.   Plaintiff Charles Edwards, an adult individual, is the parent of Plaintiff Jamie Trocki who resides in Pittston, Pennsylvania.

184.   Plaintiff Jamie Trocki, is an adult individual, with a date of birth of December 22, 1986, who resides in Pittston, Pennsylvania.

185.   In 2004, Jamie Trocki, then a minor, appeared before Defendant CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

186.   At no time prior to or during Jamie Trocki's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

187.    As a result of the hearing, Jamie Trocki was order to be detained and/or have a psychological evaluation by Defendant VITA.

188.    As a result of the order for detention and/or psychological evaluation, Jamie Trocki was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

189.    Plaintiffs Charles Edwards and Jamie Trocki were required to pay for Jamie Trocki's stay in Defendants PACC and/or WPACC facilities.

**Christine Evans and C.E.**

190.    Plaintiff Christine Evans, an adult individual, is the parent and natural guardian of minor Plaintiff C.E. who resides in Wilkes-Barre, Pennsylvania.

191.    Plaintiff C.E. is a minor, with a date of birth of September 17, 1994, who resides in Wilkes-Barre, Pennsylvania.

192.    In 2007, C.E. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

193.    At no time prior to or during C.E.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC

or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

194.   As a result of the hearing,  C.E. was order to be detained and/or have a psychological evaluation by Defendant VITA.

195.   As a result of the order for detention and/or psychological evaluation, C.E. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

196.   Plaintiff Christine Evans was required to pay for C.E.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Jane Everett and Julian Trevino**

197.   Plaintiff Jane Everett, an adult individual, is the parent of Plaintiff Julian Trevino who resides in Hazleton, Pennsylvania.

198.   Plaintiff Julian Trevino is an adult individual, with a date of birth of March 8, 1989, who resides in Hazleton, Pennsylvania.

199.   In 2004, Julian Trevino, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

200.   At no time prior to or during Julian Trevino's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

201.   As a result of the hearing,  Julian Trevino was order to be detained and/or have a psychological evaluation by Defendant VITA.

202.   As a result of the order for detention and/or psychological evaluation, Julian Trevino was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

203.   Plaintiffs Jane Everett and Julian Trevino were required to pay for Julian Trevino's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**<u>Keith Golomb</u>**

204.   Plaintiff Keith Golomb is an adult individual, with a date of birth of June 12, 1989, who resides in Pittston, Pennsylvania.

205.   In 2007, Keith Golomb,  then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

206.   At no time prior to or during Keith Golomb's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

207.   As a result of the hearing, Keith Golomb was order to be detained and/or have a psychological evaluation by Defendant VITA.

208.   As a result of the order for detention and/or psychological evaluation, Keith Golomb was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

209.   Plaintiff Keith Golomb was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Maryann Grosky and Craig Daniels**

210.   Plaintiff Maryann Grosky, an adult individual, is the parent of Plaintiff Craig Daniels who resides in Wapwallopen, Pennsylvania.

211.   Plaintiff Craig Daniels an adult individual, with a date of birth of April 7, 1989, who resides in Wapwallopen, Pennsylvania.

212.   In 2004 and 2006, Craig Daniels, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for adjudication hearings.

213.   At no time prior to or during Craig Daniels' adjudication hearings was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

214.   As a result of the hearings, Craig Daniels was order to be detained and/or have a psychological evaluation by Defendant VITA.

215.   As a result of the order for detention and/or psychological evaluation, Craig Daniels was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

216.   Plaintiffs Maryann Grosky and Craig Daniels were required to pay for Craig Daniels' detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Jesse Hartman**

217.   Plaintiff Jesse Hartman is an adult individual, with a date of birth of July 18, 1986, who resides in Wilkes-Barre, Pennsylvania.

218.   In 2004, Jesse Hartman, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

219.   At no time prior to or during Jesse Hartman's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

220.   As a result of the hearing, Jesse Hartman was order to be detained and/or have a psychological evaluation by Defendant VITA.

221.   As a result of the order for detention and/or psychological evaluation, Jesse Hartman was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

222.   Plaintiff Jesse Hartman was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Melanie Heiser and Joshua Heiser**

223.   Plaintiff Melanie Heiser, an adult individual, is the parent of Plaintiff Joshua Heiser who resides in Sweet Valley, Pennsylvania.

224.   Plaintiff Joshua Heiser is an adult individual, with a date of birth of June 23, 1989, who resides in Sweet Valley, Pennsylvania.

225.   In 2003 and 2006, Joshua Heiser, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for adjudication hearings.

226.   At no time prior to or during Joshua Heiser's adjudication hearings was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

227.   As a result of the hearings, Joshua Heiser was order to be detained and/or have a psychological evaluation by Defendant VITA.

228.   As a result of the orders for detention and/or psychological evaluation, Joshua Heiser was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

229.   Plaintiffs Melanie Heiser and Joshua Heiser were required to pay for Joshua Heiser's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Nancy Henry and J.B.**

230.   Plaintiff Nancy Henry, an adult individual, is the parent and natural guardian of minor Plaintiff J.B. who resides in Mountain Top, Pennsylvania.

231.   Plaintiff J.B. is a minor, with a date of birth of June 8, 2001, who resides in Mountain Top, Pennsylvania.

232.   In 2008, J.B. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

233.   At no time prior to or during J.B.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

234.   As a result of the hearing, J.B. was order to be detained and/or have a psychological evaluation by Defendant VITA.

235.   As a result of the order for detention and/or psychological evaluation, J.B. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

236.   Plaintiff Nancy Henry was required to pay for J.B.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Jeffrey Hoyt**

237.   Plaintiff Jeffrey Hoyt is an adult individual, with a date of birth of November 18, 1988, who resides in Wilkes-Barre, Pennsylvania.

238.   In 2002, Jeffrey Hoyt, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

239.   At no time prior to or during Jeffrey Hoyt's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

240.   As a result of the hearing, Jeffrey Hoyt was order to be detained

and/or have a psychological evaluation by Defendant VITA.

241.   As a result of the order for detention and/or psychological evaluation, Jeffrey Hoyt was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

242.   Plaintiff Jeffrey Hoyt was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## Robert Hunter

243.   Plaintiff Robert Hunter is an adult individual, with a date of birth of August 11, 1987, who resides in Williamsport, Pennsylvania.

244.   In 2002 and 2003, Robert Hunter, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for adjudication hearings.

245.   At no time prior to or during Robert Hunter's adjudication hearings was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

246.   As a result of the hearings, Robert Hunter was order to be detained and/or have a psychological evaluation by Defendant VITA.

247.   As a result of the orders for detention and/or psychological

evaluation, Robert Hunter was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

248.   Plaintiff Robert Hunter was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Cynthia Ide and David Ide**

249.   Plaintiff Cynthia Ide, an adult individual, is the parent of Plaintiff David Ide, who resides in Plymouth, Pennsylvania.

250.   Plaintiff David Ide is an adult individual, with a date of birth of August 2, 1988, who resides in Plymouth, Pennsylvania.

251.   In 2002, David Ide, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

252.   At no time prior to or during David Ide's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

253.   As a result of the hearing, David Ide was order to be detained and/or have a psychological evaluation by Defendant VITA.

254.   As a result of the order for detention and/or psychological

evaluation, David Ide was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

255.   Plaintiffs Cynthia Ide and David Ide were required to pay for David Ide's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## Cynthia Ide and Eric Ide

256.   Plaintiff Cynthia Ide, an adult individual, is the parent of Plaintiff Eric Ide, who resides in Plymouth, Pennsylvania.

257.   Plaintiff Eric Ide is an adult individual, with a date of birth of February 8, 1987, who resides in Plymouth, Pennsylvania.

258.   In 2003, Eric Ide, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

259.   At no time prior to or during Eric Ide's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

260.   As a result of the hearing, Eric Ide was order to be detained and/or have a psychological evaluation by Defendant VITA.

261.   As a result of the order for detention and/or psychological evaluation, Eric Ide was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

262.   Plaintiffs Cynthia Ide and Eric Ide were required to pay for Eric Ide's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Timothy Jones and Kevin Kuklinski**

263.   Plaintiff Timothy Jones, an adult individual, is the parent of Plaintiff Kevin Kuklinski, who resides in Freeland, Pennsylvania.

264.   Plaintiff Kevin Kuklinski is an adult individual, with a date of birth of November 2, 1989, who resides in Freeland, Pennsylvania.

265.   In 2003, Kevin Kuklinski, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

266.   At no time prior to or during Kevin Kuklinski's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

267.   As a result of the hearing, Kevin Kuklinski was order to be detained

and/or have a psychological evaluation by Defendant VITA.

268.   As a result of the order for detention and/or psychological evaluation, Kevin Kuklinski was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

269.   Plaintiffs Timothy Jones and Kevin Kuklinski were required to pay for Kevin Kuklinski's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## Duane Kennedy and D.K.

270.   Plaintiff Duane Kennedy, an adult individual, is the parent and natural guardian of minor D.K. who resides in Plains, Pennsylvania.

271.   Plaintiff D.K. is a minor, with a date of birth of April 10, 1992, who resides in Plains, Pennsylvania.

272.   In 2005, D.K. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

273.   At no time prior to or during D.K.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

274.   As a result of the hearing, D.K. was order to be detained and/or have a psychological evaluation by Defendant VITA.

275.   As a result of the order for detention and/or psychological evaluation, D.K. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

276.   Plaintiff Duane Kennedy was required to pay for D.K.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Christina Tremblay and Kevin Klauss**

277.   Plaintiff Christina Tremblay, an adult individual, is the parent of Plaintiff Kevin Klaus, who resides in Mountaintop, Pennsylvania.

278.   Plaintiff Kevin Klauss, an adult individual with a date of birth of July 20, 1989 who resides in Mountain Top, Pennsylvania.

279.   In April 2005, Kevin Klauss, then a minor, appeared before Defendants CIAVARELLA and/or CIAVARELLA in Luzerne County Juvenile Court for an adjudication hearing.

280.   At no time prior to or during Kevin Klauss's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

281.   As a result of the hearing, Kevin Klauss was order to be detained and/or have a psychological evaluation by Defendant VITA.

282.   As a result of the order for detention and/or psychological evaluation, Kevin Klauss was detained, lodged and/or incarcerate in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

283.   Plaintiffs Christina Tremblay and Kevin Klauss was required to pay for Kevin Klauss' stay in Defendants PACC and/or WPACC facilities.

**Robert Klein and Brittany Klein**

284.   Plaintiff Robert Klein, an adult individual, is the parent of Plaintiff Brittany Klein who resides in Luzerne, Pennsylvania.

285.   Plaintiff Brittany Klein is an adult individual, with a date of birth of January 22, 1990, who resides in Luzerne, Pennsylvania.

286.   In 2006, Brittany Klein, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

287.   At no time prior to or during Brittany Klein's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

288.   As a result of the hearing, Brittany Klein was order to be detained and/or have a psychological evaluation by Defendant VITA.

289.   As a result of the order for detention and/or psychological evaluation, Brittany Klein was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

290.   Plaintiffs Robert Klein and Brittany Klein were required to pay for Brittany Klein's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Lori Klug, Douglas Klug and Jennifer Klug**

291.   Plaintiff Lori Klug, an adult individual, is the parent of Plaintiff Jennifer Klug who resides in Mountain Top, Pennsylvania.

292.   Plaintiff Douglas Klug, an adult individual, is the parent of Plaintiff Jennifer Klug who resides in Mountain Top, Pennsylvania.

293.   Plaintiff Jennifer Klug is an adult individual, with a date of birth of February 10, 1986, who resides in Mountain Top, Pennsylvania.

294.   In 2002, Jennifer Klug, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

295.   At no time prior to or during Jennifer Klug's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

296.   As a result of the hearing,  Jennifer Klug was order to be detained and/or have a psychological evaluation by Defendant VITA.

297.   As a result of the order for detention and/or psychological evaluation, Jennifer Klug was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

298.   Plaintiffs Lori Klug, Douglas Klug and Jennifer Klug were required to pay for Jennifer Klug's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**David Kotz and Nicole Kotz**

299.   Plaintiff David Kotz, an adult individual, is the parent of Plaintiff Nicole Kotz who resides in Nanticoke, Pennsylvania.

300.   Plaintiff Nicole Kotz is an adult individual, with a date of birth of June 25, 1988, who resides in Nanticoke, Pennsylvania.

301.   In 2004, Nicole Kotz, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

302.   At no time prior to or during Nicole Kotz's adjudication hearing was

it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

303.   As a result of the hearing, Nicole Kotz was order to be detained and/or have a psychological evaluation by Defendant VITA.

304.   As a result of the order for detention and/or psychological evaluation, Nicole Kotz was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

305.   Plaintiffs David Kotz and Nicole Kotz were required to pay for Nicole Kotz's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Walter Kulick and Raheem Armitage**

306.   Plaintiff Walter Kulick, an adult individual, is the parent of Plaintiff Raheem Armitage who resides in Pittston, Pennsylvania.

307.   Plaintiff Raheem Armitage is an adult individual, with a date of birth of January 6, 1990, who resides in Pittston, Pennsylvania.

308.   In 2007, Raheem Armitage, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

309.   At no time prior to or during Raheem Armitage's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

310.   As a result of the hearing,  Raheem Armitage was order to be detained and/or have a psychological evaluation by Defendant VITA.

311.   As a result of the order for detention and/or psychological evaluation, Raheem Armitage was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

312.   Plaintiffs Walter Kulick and Raheem Armitage were required to pay for Raheem Armitage's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Denise Lenahan and Dyllon Rybka**

313.   Plaintiff Denise Lenahan, an adult individual, is the parent of Plaintiff Dyllon Rybka who resides in Wapwallopen, Pennsylvania.

314.   Plaintiff Dyllon Rybka is an adult individual, with a date of birth of May 14, 1986, who resides in Wapwallopen, Pennsylvania.

315.   In 2003, Dyllon Rybka, then a minor, appeared before Defendants

CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

316.   At no time prior to or during Dyllon Rybka's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

317.   As a result of the hearing, Dyllon Rybka was order to be detained and/or have a psychological evaluation by Defendant VITA.

318.   As a result of the order for detention and/or psychological evaluation, Dyllon Rybka was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

319.   Plaintiff Denise Lenahan and Dyllon Rybka was required to pay for Dyllon Rybka's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Elaine Macri and Alex Hippeli**

320.   Plaintiff Elaine Macri, an adult individual, is the parent of Plaintiff Alex Hippeli, who resides in Mountaintop, Pennsylvania.

321.   Plaintiff Alex Hippeli is an adult individual, with a date of birth of May 4, 1989, who resides in Mountaintop, Pennsylvania.

322.   In 2003, Alex Hippeli, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

323.   At no time prior to or during Alex Hippeli's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

324.   As a result of the hearing, Alex Hippeli was order to be detained and/or have a psychological evaluation by Defendant VITA.

325.   As a result of the order for detention and/or psychological evaluation, Alex Hippeli was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

326.   Plaintiffs Elaine Macri and Alex Hippeli were required to pay for Alex Hippeli's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**William von Tulganburg**

327.   Plaintiff William von Tulganburg is an adult individual, with a date of birth of June 19, 1988, who resides in Edwardsville, Pennsylvania.

328.   In 2004, William von Tulganburg, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

329.   At no time prior to or during William von Tulganburg's adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had

any conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

330.   As a result of the hearing, William von Tulganburg was order to be

detained and/or have a psychological evaluation by Defendant VITA.

331.   As a result of the order for detention and/or psychological

evaluation, William von Tulganburg was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and the

present.

332.   Plaintiff William von Tulganburg was required to pay for his

detention, lodging and/or incarceration in Defendants PACC and/or WPACC

facilities.

## Marie Mancia and Anthony Mancia

333.   Plaintiff Marie Mancia, an adult individual, is the parent of Plaintiff

Anthony Mancia who resides in Pittston, Pennsylvania.

334.   Plaintiff Anthony Mancia is an adult individual, with a date of

birth of May 11, 1987, who resides in Pittston, Pennsylvania.

335.   In 2003, Anthony Mancia, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

336.   At no time prior to or during Anthony Mancia's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

337.   As a result of the hearing, Anthony Mancia was order to be detained and/or have a psychological evaluation by Defendant VITA.

338.   As a result of the order for detention and/or psychological evaluation, Anthony Mancia was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

339.   Plaintiffs Marie Mancia and Anthony Mancia were required to pay for Anthony Mancia's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Michelle Martz and Sarah Martz**

340.   Plaintiff Michelle Martz, an adult individual, is the parent of Plaintiff

Sarah Martz who resides in West Hazleton, Pennsylvania.

341.   Plaintiff Sarah Martz is an adult individual, with a date of birth of February 12, 1987, who resides in West Hazleton, Pennsylvania.

342.   In 2004, Sarah Martz, then a minor appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

343.   At no time prior to or during Sarah Martz's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

344.   As a result of the hearing, Sarah Martz was order to be detained and/or have a psychological evaluation by Defendant VITA.

345.   As a result of the order for detention and/or psychological evaluation, Sarah Martz was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

346.   Plaintiffs Michelle Martz and Sarah Martz were required to pay for Sarah Martz's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Eileen Maurer and Evan Maurer**

347.   Plaintiff Eileen Maurer, an adult individual, is the parent of Plaintiff Evan Maurer, who resides in Conyngham, Pennsylvania.

348.   Plaintiff Evan Maurer is an adult individual, with a date of birth of January 1, 1986 who resides in Conyngham, Pennsylvania.

349.   In 2004, Evan Maurer, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

350.   At no time prior to or during Evan Maurer's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

351.   As a result of the hearing, Evan Maurer was order to be detained and/or have a psychological evaluation by Defendant VITA.

352.   As a result of the order for detention and/or psychological evaluation, Evan Maurer was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

353.   Plaintiffs Eileen Maurer and Evan Maurer were required to pay for Evan Maurer's detention, lodging and/or incarceration in Defendants PACC and/or

WPACC facilities.

**<u>Deborah May</u>**

354.   Plaintiff Deborah May is an adult individual, with a date of birth of July 10, 1989, who resides in Nanticoke, Pennsylvania.

355.   In 2004, Deborah May, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

356.   At no time prior to or during Deborah May's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

357.   As a result of the hearing, Deborah May was order to be detained and/or have a psychological evaluation by Defendant VITA.

358.   As a result of the order for detention and/or psychological evaluation, Deborah May was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

359.   Plaintiff Deborah May was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Lisa Mazur, David Mazur and Michael Mazur**

360.   Plaintiff Lisa Mazur, an adult individual, is the parent of Plaintiff Michael Mazur, who resides in Tresckow, Pennsylvania.

361.   Plaintiff David Mazur, an adult individual, is the parent of Plaintiff Michael Mazur who resides in Tresckow, Pennsylvania.

362.   Plaintiff Michael Mazur is an adult individual, with a date of birth of August 18, 1989, who resides in Treschow, Pennsylvania.

363.   In 2007, Michael Mazur, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

364.   At no time prior to or during Michael Mazur's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

365.   As a result of the hearing, Michael Mazur was order to be detained and/or have a psychological evaluation by Defendant VITA.

366.   As a result of the order for detention and/or psychological evaluation, Michael Mazur was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the

present.

367.   Plaintiff Michael Mazur was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Mesunga McCree and K.M.**

368.   Plaintiff Mesunga McCree, an adult individual, is the parent and natural guardian of minor Plaintiff K.M. who resides in Edwardsville, Pennsylvania.

369.   Plaintiff K.M. is a minor, with a date of birth of January 21, 1993, who resides in Edwardsville, Pennsylvania.

370.   In 2008, K.M. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

371.   At no time prior to or during K.M.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

372.   As a result of the hearing, K.M. was order to be detained and/or have a psychological evaluation by Defendant VITA.

373.   As a result of the order for detention and/or psychological evaluation, K.M. was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and the present.

374.   Plaintiff Mesunga McCree was required to pay for K.M.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Ryan McManus**

375.   Plaintiff Ryan McManus is an adult individual, with a date of birth of February 4, 1987, who resides in Wilkes-Barre, Pennsylvania.

376.   In 2003, Ryan McManus, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

377.   At no time prior to or during Ryan McManus' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

378.   As a result of the hearing, Ryan McManus was order to be detained and/or have a psychological evaluation by Defendant VITA.

379.   As a result of the order for detention and/or psychological evaluation, Ryan McManus was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the

present.

380.   Plaintiff Ryan McManus was required to pay for his detention,

lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Patrick Merrick**

381.   Plaintiff Patrick Merrick is an adult individual, with a date of birth of

March 10, 1990 who resides in Wilkes-Barre, Pennsylvania.

382.   In 2005, Patrick Merrick, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

383.   At no time prior to or during Patrick Merrick's adjudication hearing

was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

384.   As a result of the hearing, Patrick Merrick was order to be detained

and/or have a psychological evaluation by Defendant VITA.

385.   As a result of the order for detention and/or psychological

evaluation, Patrick Merrick was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and the

present.

386.   Plaintiff Patrick Merrick was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Mark Metzo, Theresa Metzo and B.M.**

387.   Plaintiff Mark Metzo, an adult individual, is the parent and natural guardian of minor Plaintiff B.M. who resides in White Haven, Pennsylvania.

388.   Plaintiff Theresa Metzo, an adult individual, is the parent and natural guardian of minor Plaintiff B.M. who resides in White Haven, Pennsylvania.

389.   Plaintiff B.M. is a minor, with a date of birth of June 14, 1991, who resides in White Haven, Pennsylvania.

390.   In 2007, B.M. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

391.   At no time prior to or during B.M.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

392.   As a result of the hearing, B.M. was order to be detained and/or have a psychological evaluation by Defendant VITA.

393.   As a result of the order for detention and/or psychological evaluation, B.M. was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and the present.

394.   Plaintiffs Mark Metzo and Theresa Metzo were required to pay for B.M.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Matthew Milne**

395.   Plaintiff Matthew Milne is an adult individual, with a date of birth of September 9, 1988 who resides in Pittston, Pennsylvania.

396.   In 2005, Matthew Milne, then a minor appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

397.   At no time prior to or during Matthew Milne's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

398.   As a result of the hearing, Matthew Milne was order to be detained and/or have a psychological evaluation by Defendant VITA.

399.   As a result of the order for detention and/or psychological evaluation, Matthew Milne was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and the present.

400.   Plaintiff Matthew Milne was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Raymond Naugle and Raymond Lobman**

401.   Plaintiff Raymond Naugle, an adult individual, is the parent of Plaintiff Raymond Lobman who resides in Pittston, Pennsylvania.

402.   Plaintiff Raymond Lobman is an adult individual, with a date of birth of November 12, 1990, who resides in Pittston, Pennsylvania.

403.   In 2005, Raymond Lobman, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

404.   At no time prior to or during Raymond Lobman's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

405.   As a result of the hearing, Raymond Lobman was order to be detained and/or have a psychological evaluation by Defendant VITA.

406.   As a result of the order for detention and/or psychological

evaluation, Raymond Lobman was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

407.   Plaintiffs Raymond Naugle and Raymond Lobman were required to pay for Raymond Lobman's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Randy Ozehoski**

408.   Plaintiff Randy Ozehoski is an adult individual, with a date of birth of September 16, 1988, who resides in Hanover Twp., Pennsylvania.

409.   In 2003, Randy Ozehoski, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

410.   At no time prior to or during Randy Ozehoski's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

411.   As a result of the hearing, Randy Ozehoski was order to be detained and/or have a psychological evaluation by Defendant VITA.

412.   As a result of the order for detention and/or psychological

evaluation, Randy Ozehoski was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

413.   Plaintiff Randy Ozehoski was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**William Parsons and Eric Parsons**

414.   Plaintiff William Parsons, an adult individual, is the parent of Plaintiff Eric Parsons who resides in Shickshinny, Pennsylvania.

415.   Plaintiff Eric Parsons is an adult individual, with a date of birth of November 1, 1988 who resides in Shickshinny, Pennsylvania.

416.   In 2005, Eric Parsons, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

417.   At no time prior to or during Eric Parsons' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

418.   As a result of the hearing, Eric Parsons was order to be detained and/or have a psychological evaluation by Defendant VITA.

419.   As a result of the order for detention and/or psychological evaluation, Eric Parsons was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

420.   Plaintiffs William Parsons and Eric Parsons were required to pay for Eric Parsons detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Carri Perna and Jessica Silva**

421.   Plaintiff Carri Perna, an adult individual, is the parent of Plaintiff Jessica Silva who resides in Wilkes-Barre, Pennsylvania.

422.   Plaintiff Jessica Silva is an adult individual, with a date of birth of October 30, 1985, who resides in Wilkes-Barre, Pennsylvania.

423.   In 2002, Jessica Silva, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

424.   At no time prior to or during Jessica Silva's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

425.   As a result of the hearing, Jessica Silva was order to be detained

and/or have a psychological evaluation by Defendant VITA.

426.   As a result of the order for detention and/or psychological evaluation, Jessica Silva was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

427.   Plaintiffs Carri Perna and Jessica Silva were required to pay for Jessica Silva's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Faith Powell and A.B.**

428.   Plaintiff Faith Powell, an adult individual, is the parent and natural guardian of minor Plaintiff A.B. who resides in Wilkes-Barre, Pennsylvania.

429.   Plaintiff A.B. is a minor, with a date of birth of October 25, 1991 who resides in Wilkes-Barre, Pennsylvania.

430.   In 2005, A.B. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

431.   At no time prior to or during A.B. adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

432.   As a result of the hearing, A.B. was order to be detained and/or have a psychological evaluation by Defendant VITA.

433.   As a result of the order for detention and/or psychological evaluation, A.B. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

434.   Plaintiff Faith Powell was required to pay for A.B.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Tonetti Schatzel and John Schatzel**

435.   Plaintiff Tonetti Schatzel, an adult individual, is the parent of Plaintiff John Schatzel, who resides in Bear Creek, Pennsylvania.

436.   Plaintiff John Schatzel is an adult individual, with a date of birth of March 7, 1987, who resides in Bear Creek, Pennsylvania.

437.   In 2004, John Schatzel, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

438.   At no time prior to or during John Schatzel's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

439.   As a result of the hearing, John Schatzel was order to be detained and/or have a psychological evaluation by Defendant VITA.

440.   As a result of the order for detention and/or psychological evaluation, John Schatzel was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

441.   Plaintiffs Tonetti Schatzel and John Schatzel were required to pay for John Schatzel's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

### Tonetti Schatzel and Alissa Conahan

442.   Plaintiff Tonetti Schatzel, an adult individual, is the parent of Plaintiff Alissa Conahan, who resides in Bear Creek, Pennsylvania.

443.   Plaintiff Alissa Conahan is an adult individual, with a date of birth of March 18, 1990, who resides in Bear Creek, Pennsylvania.

444.   In 2003, Alissa Conahan, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

445.   At no time prior to or during Alissa Conahan's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

446.   As a result of the hearing, Alissa Conahan was order to be detained and/or have a psychological evaluation by Defendant VITA.

447.   As a result of the order for detention and/or psychological evaluation, Alissa Conahan was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

448.   Plaintiffs Tonetti Schatzel and Alissa Conahan were required to pay for Alissa Conahan's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## Kipp Sebo and D.S.

449.   Plaintiff Kipp Sebo, an adult individual, is the parent and natural guardian of minor Plaintiff D.S. who resides in Kingston, Pennsylvania.

450.   Plaintiff D.S. is a minor, with a date of birth of July 31, 1993,who resides in Kingston, Pennsylvania.

451.   In 2008, D.S. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

452.   At no time prior to or during D.S.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC

or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

453.   As a result of the hearing, D.S. was order to be detained and/or have a psychological evaluation by Defendant VITA.

454.   As a result of the order for detention and/or psychological evaluation, D.S. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

455.   Plaintiff Kipp Sebo was required to pay for D.S.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Theodore Sherill**

456.   Plaintiff Theodore Sherill is an adult individual, with a date of birth of December 15, 1986 who resides in Swoyersville, Pennsylvania.

457.   In 2003, Theodore Sherill, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

458.   At no time prior to or during Theodore Sherill's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

459.   As a result of the hearing, Theodore Sherill was order to be detained and/or have a psychological evaluation by Defendant VITA.

460.   As a result of the order for detention and/or psychological evaluation, Theodore Sherill was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

461.   Plaintiff Theodore Sherill was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Kenny Shotwell and Tiffany Shotwell**

462.   Plaintiff Kenny Shotwell, an adult individual, is the parent of Plaintiff Tiffany Shotwell, who resides in Kingston, Pennsylvania.

463.   Plaintiff Tiffany Shotwell is an adult individual, with a date of birth of December 19, 1990, who resides in Kingston, Pennsylvania.

464.   In 2005, Tiffany Shotwell, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

465.   At no time prior to or during Tiffany Shotwell's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

466.   As a result of the hearing, Tiffany Shotwell was order to be detained and/or have a psychological evaluation by Defendant VITA.

467.   As a result of the order for detention and/or psychological evaluation, Tiffany Shotwell was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

468.   Plaintiffs Kenny Shotwell and Tiffany Shotwell was required to pay for Tiffany Shotwell's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Justin Soboski**

469.   Plaintiff Justin Soboski is an adult individual, with a date of birth of March 19, 1987, who resides in Wilkes-Barre, Pennsylvania.

40.     In 2003, Justin Soboski, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

471.   At no time prior to or during Justin Soboski's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

472.   As a result of the hearing, Justin Soboski was order to be detained and/or have a psychological evaluation by Defendant VITA.

473.   As a result of the order for detention and/or psychological evaluation, Justin Soboski was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

474.   Plaintiff Justin Soboski was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Nadine Spiker and David Spiker**

475.   Plaintiff Nadine Spiker, an adult individual, is the parent of Plaintiff David Spiker who resides in Mt. Glead, Pennsylvania.

476.   Plaintiff David Spiker is an adult individual, with a date of birth of August 24, 1989, who resides in Mt. Glead, Pennsylvania.

477.   In 2005, David Spiker, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

478.   At no time prior to or during David Spiker's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

479.   As a result of the hearing, David Spiker was order to be detained and/or have a psychological evaluation by Defendant VITA.

480.   As a result of the order for detention and/or psychological evaluation, David Spiker was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

481.   Plaintiffs Nadine Spiker and David Spiker were required to pay for David Spiker's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Mariah Stewart**

482.   Plaintiff Mariah Stewart is an adult individual, with a date of birth of November 23, 1988 who resides in Pittston, Pennsylvania.

483.   In 2003, Mariah Stewart, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

484.   At no time prior to or during Mariah Stewart's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

485.   As a result of the hearing, Mariah Stewart was order to be detained and/or have a psychological evaluation by Defendant VITA.

486.   As a result of the order for detention and/or psychological evaluation, Mariah Stewart was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

487.   Plaintiff Mariah Stewart was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**John Stolarik, Joyce Stolarik and Paul Stolarik**

488.   Plaintiff John Stolarik, an adult individual, is the parent of Plaintiff Paul Stolarik who resides in Wilkes-Barre, Pennsylvania.

489.   Plaintiff Joyce Stolarik, an adult individual, is the parent of Plaintiff Paul Stolarik who resides in Wilkes-Barre, Pennsylvania.

490.   Plaintiff Paul Stolarik is an adult individual, with a date of birth of January 2, 1988, who resides in Wilkes-Barre, Pennsylvania.

491.   In 2004, Paul Stolarik, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

492.   At no time prior to or during Paul Stolarik's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict

of interest, or that they had a financial interest in Defendants PACC and/or

WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place

children in Defendants PACC and/or WPACC.

493.   As a result of the hearing, Paul Stolarik was order to be detained

and/or have a psychological evaluation by Defendant VITA.

494.   As a result of the order for detention and/or psychological

evaluation, Paul Stolarik was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and the present.

495.   Plaintiff Paul Stolarik was required to pay for his detention, lodging

and/or incarceration in Defendants PACC and/or WPACC facilities.

**<u>Lacy Strong</u>**

496.   Plaintiff Lacy Strong is an adult individual, with a date of birth of

September 7, 1989, who resides in Dallas, Pennsylvania.

497.   In 2004, Lacy Strong, then a minor, appeared before Defendants

CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an

adjudication hearing.

498.   At no time prior to or during Lacy Strong's adjudication hearing was

it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict

of interest, or that they had a financial interest in Defendants PACC and/or

WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place

children in Defendants PACC and/or WPACC.

499.   As a result of the hearing,  Lacy Strong was order to be detained and/or have a psychological evaluation by Defendant VITA.

500.   As a result of the order for detention and/or psychological evaluation, Lacy Strong was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

501.   Plaintiff Lacy Strong was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Sandra Swortzfigure and J.R.**

502.   Plaintiff Sandra Swortzfigure, an adult individual, is the grandparent and natural guardian of minor Plaintiff J.R. who resides in Plymouth, Pennsylvania.

503.   Plaintiff J.R. is a minor with a date of birth of March 15, 1991, who resides in Plymouth, Pennsylvania.

504.   In 2006, J.R. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

505.   At no time prior to or during J.R.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children

in Defendants PACC and/or WPACC.

506.   As a result of the hearing, J.R. was order to be detained and/or have a psychological evaluation by Defendant VITA.

507.   As a result of the order for detention and/or psychological evaluation, J.R. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

508.   Plaintiff Sandra Swortzfigure was required to pay for J.R.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Ruth Ungvarsky and Amy Ward**

509.   Plaintiff Ruth Ungvarsky, an adult individual, is the parent of Plaintiff Amy Ward who resides in Hanover Twp., Pennsylvania.

510.   Plaintiff Amy Ward is an adult individual, with a date of birth of September 29, 1988, who resides in Hanover Twp., Pennsylvania.

511.   In 2004, Amy Ward, then a minor appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

512.   At no time prior to or during Amy Ward's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or

WPACC or that Defendant CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

513.   As a result of the hearing, Amy Ward was order to be detained and/or have a psychological evaluation by Defendant VITA.

514.   As a result of the order for detention and/or psychological evaluation, Amy Ward was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

515.   Plaintiffs Ruth Ungvarsky and Amy Ward were required to pay for Amy Ward's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**George Vermack**

516.   Plaintiff George Vermack is an adult individual with a date of birth of July 7, 1987 who resides in West Pittston, Pennsylvania.

517.   In 2003, George Vermack, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

518.   At no time prior to or during George Vermack's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

519.   As a result of the hearing, George Vermack was order to be detained and/or have a psychological evaluation by Defendant VITA.

520.   As a result of the order for detention and/or psychological evaluation, George Vermack was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

521.   Plaintiff George Vermack was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Florence Wallace and B.W.**

522.   Plaintiff Florence Wallace, an adult individual, is the parent and natural guardian of minor Plaintiff B.W. who resides in Shavertown, Pennsylvania.

523.   Plaintiff Bernard Wallace, an adult individual, is the parent and natural guardian of minor Plaintiff B.W. who resides in Plymouth, Pennsylvania.

524.   Plaintiff B.W. is a minor, with a date of birth of October 27, 1993 who resides in Shavertown, Pennsylvania.

525.   In May, 2007, B.W. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication

hearing.

526.   At no time prior to or during B.W.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

527.   As a result of the hearing, B.W. was order to be detained and/or have a psychological evaluation by Defendant VITA.

528.   As a result of the order for detention and/or psychological evaluation, B.W. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

529.   Plaintiff Florence Wallace was required to pay for B.W.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Daryl Widder and David Sisk**

530.   Plaintiff Daryl Widder, an adult individual, is the parent of Plaintiff David Sisk who resides in Wilkes-Barre, Pennsylvania.

531.   Plaintiff David Sisk is an adult individual, with a date of birth of November 1, 1988 who resides in Wilkes-Barre, Pennsylvania.

532.   In 2004, David Sisk, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an

adjudication hearing.

533.   At no time prior to or during David Sisk's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

534.   As a result of the hearing, David Sisk was order to be detained and/or have a psychological evaluation by Defendant VITA.

535.   As a result of the order for detention and/or psychological evaluation, David Sisk was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

536.   Plaintiffs Daryl Widder and David Sisk were required to pay for David Sisk's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Bruce Williams and Skyler Dane Williams**

537.   Plaintiff Bruce Williams, an adult individual, is the parent of Plaintiff Skyler Dane who resides in Scranton, Pennsylvania.

538.   Plaintiff Skyler Dane Williams is an adult individual, with a date of birth of October 31, 1988, who resides in Scranton, Pennsylvania.

539.   In 2003, Skyler Dane Williams, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

540.   At no time prior to or during Skyler Dane Williams' adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had

any conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

541.   As a result of the hearing, Skyler Dane Williams was order to be

detained and/or have a psychological evaluation by Defendant VITA.

542.   As a result of the order for detention and/or psychological

evaluation, Skyler Dane Williams was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and the

present.

543.   Plaintiffs Bruce Williams and Skyler Dane Williams were required to

pay for Skyler Dane Williams' detention, lodging and/or incarceration in

Defendants PACC and/or WPACC facilities.

**Natalie Woolbert and Ashley Woolbert**

544.   Plaintiff Natalie Woolbert, an adult individual, is the parent of

Plaintiff Ashley Woolbert who resides in Zions Grove, Pennsylvania.

545.   Plaintiff Ashley Woolbert is an adult individual, with a date of

birth of June 27, 1986 who resides in Zions Grove, Pennsylvania.

546.   In 2006, Ashley Woolbert, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

547.   At no time prior to or during Ashley Woolbert's adjudication hearing

was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

548.   As a result of the hearing, Ashley Woolbert was order to be detained

and/or have a psychological evaluation by Defendant VITA.

549.   As a result of the order for detention and/or psychological

evaluation, Ashley Woolbert was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and the

present.

550.   Plaintiffs Natalie Woolbert and Ashley Woolbert were required to pay

for Ashley Woolbert's detention, lodging and/or incarceration in Defendants

PACC and/or WPACC facilities.

**David Zablotney and Z.Z.**

551.   Plaintiff David Zablotney, an adult individual, is the parent and

natural guardian of minor Plaintiff Z.Z. who resides in Avoca, Pennsylvania.

552.   Plaintiff Z.Z. is a minor, with a date of birth of April 15, 1993, who resides in Avoca, Pennsylvania.

553.   In 2006, Z.Z. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

554.   At no time prior to or during Z.Z.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

555.   As a result of the hearing, Z.Z. was order to be detained and/or have a psychological evaluation by Defendant VITA.

556.   As a result of the order for detention and/or psychological evaluation, Z.Z. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and the present.

557.   Plaintiff David Zablotney was required to pay for Z.Z.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Jamie Zaccagni**

558.   Plaintiff Jamie Zaccagni is an adult individual, with a date of birth of

December 7, 1986, who resides in Wilkes-Barre, Pennsylvania.

559.   In 2003, Jamie Zaccagni, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

560.   At no time prior to or during Jamie Zaccagni's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

561.   As a result of the hearing, Jamie Zaccagni was order to be detained and/or have a psychological evaluation by Defendant VITA.

562.   As a result of the order for detention and/or psychological evaluation, Jamie Zaccagni was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

563.   Plaintiff Jamie Zaccagni was required to pay for Jamie Zaccagni her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Michelle Zinga and Amanda Dombek**

564.   Plaintiff Michelle Zinga, an adult individual, is the parent of

Plaintiff Amanda Domeck who resides in Kingston, Pennsylvania.

565.   Plaintiff Amanda Domeck is an adult individual, with a date of birth of July 8, 1990, who resides in Kingston, Pennsylvania.

566.   In 2008, Amanda Domeck, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

567.   At no time prior to or during Amanda Domeck's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

568.   As a result of the hearing, Amanda Domeck was order to be detained and/or have a psychological evaluation by Defendant VITA.

569.   As a result of the order for detention and/or psychological evaluation, Amanda Domeck was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

570.   Plaintiffs Michelle Zinga and Amanda Domeck were required to pay for Amanda Domeck's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Joelle Angeli**

571.   Plaintiff Joelle Angeli is an adult individual, with a date of birth of May 24, 1989, who resides in Plaints, Pennsylvania.

572.   In 2004, Joelle Angeli, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

573.   At no time prior to or during Joelle Angeli's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

574.   As a result of the hearing, Joelle Angeli was order to be detained and/or have a psychological evaluation by Defendant VITA.

575.   As a result of the order for detention and/or psychological evaluation, Joelle Angeli was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

576.   Plaintiff Joelle Angeli was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Peter Huff**

577.   Plaintiff Peter Huff is an adult individual, with a date of birth of

July 25, 1990, who resides in Hazleton, Pennsylvania.

578.   In 2005, Peter Huff, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

579.   At no time prior to or during Peter Huff's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

580.   As a result of the hearing, Peter Huff was order to be detained and/or have a psychological evaluation by Defendant VITA.

581.   As a result of the order for detention and/or psychological evaluation, Peter Huff was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

582.   Plaintiff Peter Huff  was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**John Lombard and Jack Lombard**

583.   Plaintiff John Lombard, an adult individual, is the parent of Plaintiff Jack Lombard, who resides in Hazleton, Pennsylvania.

584.   Plaintiff Jack Lombard is an adult individual, with a date of birth

of November 20, 1990, who resides in Hazleton, Pennsylvania.

585.   In 2008, Jack Lombard, then a minor, appeared before Defendants

CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an

adjudication hearing.

586.   At no time prior to or during Jack Lombard's adjudication hearing

was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

587.   As a result of the hearing, Jack Lombard was order to be detained

and/or have a psychological evaluation by Defendant VITA.

588.   As a result of the order for detention and/or psychological

evaluation, Jack Lombard was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and present.

589.   Plaintiffs John Lombard and Jack Lombard were required to pay for

Jack Lombard's detention, lodging and/or incarceration in Defendants PACC

and/or WPACC facilities.

**Susan Morgans and Kelcy Morgans**

590.   Plaintiff Susan Morgans, an adult individual, is the parent of

Plaintiff Kelcy Morgans who resides in Wilkes-Barre, Pennsylvania.

591.   Plaintiff Kelcy Morgans is an adult individual, with a date of birth of January 22, 1988, who resides in Wilkes-Barre, Pennsylvania.

592.   In 2005, Kelcy Morgans, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

593.   At no time prior to or during Kelcy Morgans' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

594.   As a result of the hearing, Kelcy Morgans was order to be detained and/or have a psychological evaluation by Defendant VITA.

595.   As a result of the order for detention and/or psychological evaluation, Kelcy Morgans was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

596.   Plaintiffs Susan Morgans and Kelcy Morgans were required to pay for Kelcy Morgans' detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Desiree Parduski and C.U.**

597.   Plaintiff Desiree Parduski, an adult individual, is the parent and natural guardian of minor Plaintiff C.U. who resides in Edwardsville, Pennsylvania.

598.   Plaintiff C.P. is a minor, with a date of birth of April 14, 1992, who resides in Edwardsville, Pennsylvania.

599.   In 2006, C.U. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

600.   At no time prior to or during C.U.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

601.   As a result of the hearing, C.U. was order to be detained and/or have a psychological evaluation by Defendant VITA.

602.   As a result of the order for detention and/or psychological evaluation, C.U. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

603.   Plaintiff Desiree Parduski was required to pay for C.U.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Catherine Schmeer and Karlie Schmeer**

604.   Plaintiff Catherine Schmeer, an adult individual, is the parent of Plaintiff Karlie Schmeer, who resides in Hazleton, Pennsylvania.

605.   Plaintiff Karlie Schmeer is an adult individual, with a date of birth of August 16, 1987, who resides in Hazleton, Pennsylvania.

606.   In 2004, Karlie Schmeer, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

607.   At no time prior to or during Karlie Schmeer's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

608.   As a result of the hearing, Karlie Schmeer was order to be detained and/or have a psychological evaluation by Defendant VITA.

609.   As a result of the order for detention and/or psychological evaluation, Karlie Schmeer was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

610.   Plaintiffs Catherine Schmeer and Karlie Schmeer were required to pay for Karlie Schmeer's detention, lodging and/or incarceration in Defendants PACC

and/or WPACC facilities.

## Kathleen Brekke and Britny Cunnington

611.   Plaintiff Kathleen Brekke, an adult individual, is the parent of Plaintiff Britny Cunnington, who resides in Hazleton, Pennsylvania.

612.   Plaintiff Britny Cunnington is an adult individual, with a date of birth of November 4, 1990, who resides in Hazleton, Pennsylvania.

613.   In 2006, Britny Cunnington, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

614.   At no time prior to or during Britny Cunnington's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

615.   As a result of the hearing,  Britny Cunnington was order to be detained and/or have a psychological evaluation by Defendant VITA.

616.   As a result of the order for detention and/or psychological evaluation, Britny Cunnington was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

617.   Plaintiffs Kathleen Brekke and Britny Cunnington were required to pay for Britny Cunnington's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Annie Bryant, Lloyd Bryant and J.W.**

618.   Plaintiff Lloyd Bryant, an adult individual, is the parent and natural guardian of minor Plaintiff J.W. who resides in Wilkes-Barre, Pennsylvania.

619.   Plaintiff Annie Bryant, an adult individual, is the parent and natural guardian of minor Plaintiff J.W. who resides in Wilkes-Barre, Pennsylvania.

620.   Plaintiff J.W. is a minor, with a date of birth of June 4, 1992, resides in Wilkes-Barre, Pennsylvania.

621.   In 2007, J.W. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

622.   At no time prior to or during J.W.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

623.   As a result of the hearing, J.W. was order to be detained and/or have

a psychological evaluation by Defendant VITA.

624.   As a result of the order for detention and/or psychological evaluation, J.W. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

625.   Plaintiffs Annie Bryant and Lloyd Bryant were required to pay for J.W.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Kimberly Delaney-Goggin**

626.   Plaintiff Kimberly Delaney-Goggin is an adult individual, with a date of birth of March 4, 1986, who resides in Wilkes-Barre, Pennsylvania.

627.   In 2003, Kimberly Delaney-Goggin, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

628.   At no time prior to or during Kimberly Delaney-Goggin's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

629.   As a result of the hearing, Kimberly Delaney-Goggin was order to be detained and/or have a psychological evaluation by Defendant VITA.

630.    As a result of the order for detention and/or psychological evaluation, Kimberly Delaney-Goggin was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

631.    Plaintiff Kimberly Delaney-Goggin was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## April Roman and Nicholas Jamilowski

632.    Plaintiff April Roman, an adult individual, is the parent of Plaintiff Nicholas Jamilowski, who resides in Kingston, Pennsylvania.

633.    Plaintiff Nicholas Jamilowski is an adult individual, with a date of birth of March 8, 1990, who resides in Kingston, Pennsylvania.

634.    In 2008, Nicholas Jamilowski, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

635.    At no time prior to or during Nicholas Jamilowski's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

636.   As a result of the hearing, Nicholas Jamilowski was order to be detained and/or have a psychological evaluation by Defendant VITA.

637.   As a result of the order for detention and/or psychological evaluation, Nicholas Jamilowski was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

638.   Plaintiff Nicholas Jamilowski was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Tracey Jarmon and K.J.**

639.   Plaintiff Tracey Jarmon, an adult individual, is the parent and natural guardian of minor Plaintiff K.J. who resides in Plymouth, Pennsylvania.

640.   Plaintiff K.J. is a minor, with a date of birth of October 31, 1991, who resides in Plymouth, Pennsylvania.

641.   In 2005, K.J. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

642.   At no time prior to or during K.J.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children

in Defendants PACC and/or WPACC.

643.   As a result of the hearing, K.J. was order to be detained and/or have a psychological evaluation by Defendant VITA.

644.   As a result of the order for detention and/or psychological evaluation, K.J. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

645.   Plaintiff Tracey Jarmon was required to pay for K.J.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Derek Klick**

646.   Plaintiff Derek Klick is an adult individual, with a date of birth of March 17, 1987 who resides in Cape Coral, Florida.

647.   In 2003, Derek Klick, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

648.   At no time prior to or during Derek Klick's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

649.   As a result of the hearing, Derek Klick was order to be detained

and/or have a psychological evaluation by Defendant VITA.

650.   As a result of the order for detention and/or psychological evaluation, Derek Klick was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

651.   Plaintiff Derek Klick was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Larry M. Mulenberg, IV**

652.   Plaintiff Larry M. Mulenberg, IV, is an adult individual, with a date of birth of May 2, 1987, who resides in Larry M. Mulenberg, IV, Pennsylvania.

653.   In 2004, Larry M. Mulenberg, IV, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

654.   At no time prior to or during Larry M. Mulenberg, IV's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

655.   As a result of the hearing, Larry M. Mulenberg, IV was order to be detained and/or have a psychological evaluation by Defendant VITA.

656.   As a result of the order for detention and/or psychological evaluation, Larry M. Mulenberg, IV was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

657.   Plaintiff Larry M. Mulenberg, IV was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Deanna O'Boyle**

658.   Plaintiff Deanna O'Boyle is an adult individual, with a date of birth of July 12, 1987, who resides in Tunkhannock, Pennsylvania.

659.   In 2003, Deanna O'Boyle, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

660.   At no time prior to or during Deanna O'Boyle's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

661.   As a result of the hearing, Deanna O'Boyle was order to be detained and/or have a psychological evaluation by Defendant VITA.

662.   As a result of the order for detention and/or psychological evaluation, Deanna O'Boyle was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

663.   Plaintiff Deanna O'Boyle was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Donna Olsen**

664.   Plaintiff Donna Olsen is an adult individual, with a date of birth of June 29, 2986, who resides in Pennsgrove, New Jersey.

665.   In 2004, Donna Olsen, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

666.   At no time prior to or during Donna Olsen's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

667.   As a result of the hearing, Donna Olsen was order to be detained and/or have a psychological evaluation by Defendant VITA.

668.   As a result of the order for detention and/or psychological

evaluation, Donna Olsen was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and present.

669.   Plaintiff Donna Olsen was required to pay for her detention, lodging

and/or incarceration in Defendants PACC and/or WPACC facilities.

**Wanda Pacheco and J.C.P.**

670.   Plaintiff Wanda Pacheco, an adult individual, is the parent and

natural guardian of minor Plaintiff J.C.P. who resides in West Hazleton,

Pennsylvania.

671.   Plaintiff J.C.P. is a minor, with a date of birth of February 1, 1994,

who resides in West Hazleton, Pennsylvania.

672.   In 2008, J.C.P. appeared before Defendants CIAVARELLA and/or

CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

673.   At no time prior to or during J.C.P.'s adjudication hearing was it

disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of

interest, or that they had a financial interest in Defendants PACC and/or WPACC

or that Defendants CONAHAN and/or CIAVARELLA agreed to place children

in Defendants PACC and/or WPACC.

674.   As a result of the hearing, J.C.P. was order to be detained and/or

have a psychological evaluation by Defendant VITA.

675.   As a result of the order for detention and/or psychological

evaluation, J.C.P. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

676.   Plaintiff Wanda Pacheco was required to pay for J.C.P.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Justin Rosser**

677.   Plaintiff Justin Rosser is an adult individual, with a date of birth of December 1, 1986, who resides in Wilkes-Barre, Pennsylvania.

678.   In 2004, Justin Rosser, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

679.   At no time prior to or during Justin Rosser's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

680.   As a result of the hearing, Justin Rosser was order to be detained and/or have a psychological evaluation by Defendant VITA.

681.   As a result of the order for detention and/or psychological evaluation, Justin Rosser was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

682.   Plaintiff Justin Rosser was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## Catherine Schmeer and Brandon Schmeer

683.   Plaintiff Catherine Schmeer, an adult individual, is the parent of Plaintiff Brandon Schmeer, who resides in Hazleton, Pennsylvania.

684.   Plaintiff Brandon Schmeer is an adult individual, with a date of birth of August 23, 1989, who resides in Hazleton, Pennsylvania.

685.   In 2004, Brandon Schmeer, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

686.   At no time prior to or during Brandon Schmeer's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

687.   As a result of the hearing, Brandon Schmeer was order to be detained and/or have a psychological evaluation by Defendant VITA.

688.   As a result of the order for detention and/or psychological evaluation, Brandon Schmeer was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and

present.

689.   Plaintiffs Catherine Schmeer and Brandon Schmeer were required to pay for Brandon Schmeer's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Elise Wallace and David Wallace**

690.   Plaintiff Elise Wallace, an adult individual, is the parent of Plaintiff David Wallace, who resides in Mountaintop, Pennsylvania.

691.   Plaintiff David Wallace is an adult individual, with a date of birth of September 2, 1988, who resides in Mountaintop, Pennsylvania.

692.   In 2003, David Wallace, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

693.   At no time prior to or during David Wallace's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

694.   As a result of the hearing, David Wallace was order to be detained and/or have a psychological evaluation by Defendant VITA.

695.   As a result of the order for detention and/or psychological

evaluation, David Wallace was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and

present.

696.   Plaintiffs Elise Wallace and David Wallace were required to pay for

David Wallace's detention, lodging and/or incarceration in Defendants PACC

and/or WPACC facilities.

**Maureen Stinson and Stepfhon Edwards, Jr.**

697.   Plaintiff Maureen Stinson, an adult individual, is the parent of

Plaintiff Stepfhon Edwards, Jr. who resides in Wilkes-Barre, Pennsylvania.

698.   Plaintiff Stepfhon Edwards, Jr. is an adult individual, with a date

of birth of August 7, 1989, who resides in Wilkes-Barre, Pennsylvania.

699.   In 2005, Stepfhon Edwards, Jr., then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

700.   At no time prior to or during Stepfhon Edwards, Jr.'s adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had

any conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

701.   As a result of the hearing, Stepfhon Edwards, Jr. was order to be

detained and/or have a psychological evaluation by Defendant VITA.

702.   As a result of the order for detention and/or psychological evaluation, Stepfhon Edwards, Jr. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

703.   Plaintiffs Maureen Stinson and Stepfhon Edwards, Jr. were required to pay for Stepfhon Edwards, Jr.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Pinkey Brooks and L.M.K.**

704.   Plaintiff Pinkey Brooks, an adult individual, is the parent and natural guardian of minor Plaintiff L.M.K., who resides in Blytheville, Arkansas.

705.   Plaintiff L.M.K., is a minor, with a date of birth of April 14, 1992, who resides in Blytheville, Arkansas.

706.   In 2007, L.M.K. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

707.   At no time prior to or during L.M.K.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC

or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

708.   As a result of the hearing, L.M.K. was order to be detained and/or have a psychological evaluation by Defendant VITA.

709.   As a result of the order for detention and/or psychological evaluation, L.M.K. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

710.   Plaintiff Pinkey Brooks was required to pay for L.M.K.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Chyna Reese and Joel Foster**

711.   Plaintiff Chyna Reese, an adult individual, is the parent of Plaintiff Joel Foster who resides in Wilkes-Barre, Pennsylvania.

712.   Plaintiff Joel Foster is an adult individual, with a date of birth of February 21, 1989, who resides in Wilkes-Barre, Pennsylvania.

713.   In 2005, Joel Foster, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

714.   At no time prior to or during Joel Foster's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC

or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

715.   As a result of the hearing,  Joel Foster was order to be detained and/or have a psychological evaluation by Defendant VITA.

716.   As a result of the order for detention and/or psychological evaluation, Joel Foster was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

717.   Plaintiffs Chyna Reese and Joel Foster were required to pay for Joel Foster's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Lori Shusta and Anthony Lavin**

718.   Plaintiff Lori Shusta, an adult individual, is the parent of Plaintiff Anthony Lavin, who resides in Kingston, Pennsylvania.

719.   Plaintiff Anthony Lavin is an adult individual, with a date of birth of July 7, 1989, who resides in Kingston, Pennsylvania.

720.   In 2005, Anthony Lavin, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

721.   At no time prior to or during Anthony Lavin's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

722.   As a result of the hearing, Anthony Lavin was order to be detained and/or have a psychological evaluation by Defendant VITA.

723.   As a result of the order for detention and/or psychological evaluation, Anthony Lavin was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

724.   Plaintiffs Lori Shusta and Anthony Lavin were required to pay for Anthony Lavin's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Colleen Kluchinsky and Geoff Presley**

725.   Plaintiff Colleen Kluchinsky, an adult individual, is the parent of Plaintiff Geoff Presley who resides in Wilkes-Barre, Pennsylvania.

726.   Plaintiff Geoff Presley is an adult individual, with a date of birth of August 18, 1989, who resides in Wilkes-Barre, Pennsylvania.

727.   In 2004, Geoff Presley, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

728.   At no time prior to or during Geoff Presley's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

729.   As a result of the hearing, Geoff Presley was order to be detained and/or have a psychological evaluation by Defendant VITA.

730.   As a result of the order for detention and/or psychological evaluation, Geoff Presley was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

731.   Plaintiffs Colleen Kluchinsky and Geoff Presley were required to pay for Geoff Presley's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Donna Roman and Christopher Bower**

732.   Plaintiff Donna Roman, an adult individual, is the parent of Plaintiff Christopher Bower who resides in Forty Fort, Pennsylvania.

733.   Plaintiff Christopher Bower is an adult individual, with a date of birth of January 3, 1986, who resides in Forty Fort, Pennsylvania.

734.   In 2001, Christopher Bower, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

735.   At no time prior to or during Christopher Bower's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

736.   As a result of the hearing, Christopher Bower was order to be detained and/or have a psychological evaluation by Defendant VITA.

737.   As a result of the order for detention and/or psychological evaluation, Christopher Bower was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

738.   Plaintiffs Donna Roman and Christopher Bower were required to pay for Christopher Bower's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Ian Alexander**

739.   Plaintiff Ian Alexander is an adult individual, with a date of birth of May 29, 1988 who resides in Taylor, Pennsylvania.

740.   In 2003, Ian Alexander, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an

adjudication hearing.

741.   At no time prior to or during Ian Alexander's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

742.   As a result of the hearing, Ian Alexander was order to be detained and/or have a psychological evaluation by Defendant VITA.

743.   As a result of the order for detention and/or psychological evaluation, Ian Alexander was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

744.   Plaintiff Ian Alexander was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**John Fronczkiewicz**

745.   Plaintiff John Fronczkiewicz is an adult individual, with a date of birth of July 5, 1989 who resides in Hunlock Creek, Pennsylvania.

746.   In 2003, John Fronczkiewicz, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

747.   At no time prior to or during John Fronczkiewicz's adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

748.   As a result of the hearing, John Fronczkiewicz was order to be detained and/or have a psychological evaluation by Defendant VITA.

749.   As a result of the order for detention and/or psychological evaluation, John Fronczkiewicz was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

750.   Plaintiff John Fronczkiewicz was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Marlin Boehmer and Jeremy Boehmer**

751.   Plaintiff Marlin Boehmer an adult individual, is the parent of Plaintiff Jeremy Boehmer who resides in Rock Glen, Pennsylvania.

752.   Plaintiff Jeremy Boehmer is an adult individual, with a date of birth of March 25, 1990, who resides in Rock Glen, Pennsylvania.

753.   In 2005, Jeremy Boehmer, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

754.   At no time prior to or during Jeremy Boehmer's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

755.   As a result of the hearing, Jeremy Boehmer was order to be detained and/or have a psychological evaluation by Defendant VITA.

756.   As a result of the order for detention and/or psychological evaluation, Jeremy Boehmer was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

757.   Plaintiffs Marlin Boehmer and Jeremy Boehmer was required to pay for Jeremy Boehmer's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## Carl N. Busch

758.   Plaintiff Carl N. Busch is an adult individual, with a date of birth of May 29, 1986, who resides in Hazleton, Pennsylvania.

759.   In 2004, Carl N. Busch, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

760.   At no time prior to or during Carl N. Busch's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

761.   As a result of the hearing, Carl N. Busch was order to be detained and/or have a psychological evaluation by Defendant VITA.

762.   As a result of the order for detention and/or psychological evaluation, Carl N. Busch was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

763.   Plaintiff Carl N. Busch was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Kim Riccio and Brock Riccio**

764.   Plaintiff Kim Riccio, an adult individual, is the parent of Plaintiff Brock Riccio who resides in Hazleton, Pennsylvania.

765.   Plaintiff Brock Riccio is an adult individual, with a date of birth of July 19, 1989, who resides in Hazleton, Pennsylvania.

766.   In 2005, Brock Riccio, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

767.   At no time prior to or during Brock Riccio's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

768.   As a result of the hearing, Brock Riccio was order to be detained and/or have a psychological evaluation by Defendant VITA.

769.   As a result of the order for detention and/or psychological evaluation, Brock Riccio was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

770.   Plaintiffs Kim Riccio and Brock Riccio were required to pay for Brock Riccio's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Michael Salko, Jr.**

771.   Plaintiff Michael Salko, Jr. is an adult individual, with a date of birth of February 2, 1989, who resides in Freeland, Pennsylvania.

772.   In 2003, Michael Salko, Jr., then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

773.   At no time prior to or during Michael Salko, Jr.'s adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

774.   As a result of the hearing,  Michael Salko, Jr. was order to be detained and/or have a psychological evaluation by Defendant VITA.

775.   As a result of the order for detention and/or psychological evaluation, Michael Salko, Jr. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

776.   Plaintiff Michael Salko, Jr. was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Keith Perschau**

777.   Plaintiff Keith Perschau is an adult individual, with a date of birth of November 3, 1987, who resides in Exeter, Pennsylvania.

778.   In 2002, Keith Perschau, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

779.   At no time prior to or during Keith Perschau's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

780.   As a result of the hearing, Keith Perschau was order to be detained and/or have a psychological evaluation by Defendant VITA.

781.   As a result of the order for detention and/or psychological evaluation, Keith Perschau was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

782.   Plaintiff Keith Perschau was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Mary Ellen Balliet and Lisa Brock**

783.   Plaintiff Lisa Brock, an adult individual, is the parent of Plaintiff Mary Ellen Balliet, who resides in Huntington Mill, Pennsylvania.

784.   Plaintiff Mary Ellen Balliet is an adult individual, with a date of birth of August 17, 1989, who resides in Huntington Mill, Pennsylvania.

785.   In 2005, Mary Ellen Balliet, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

786.   At no time prior to or during Mary Ellen Balliet's adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

787.   As a result of the hearing, Mary Ellen Balliet was order to be detained and/or have a psychological evaluation by Defendant VITA.

788.   As a result of the order for detention and/or psychological evaluation, Mary Ellen Balliet was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

789.   Plaintiffs Lisa Brock and Mary Ellen Balliet were required to pay for Mary Ellen Balliet's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Steve Fromel and Joshua Fromel**

790.   Plaintiff Steve Fromel, an adult individual, is the parent and natural guardian of Joshua Fromel, who resides in Plymouth, Pennsylvania.

791.   Plaintiff Joshua Fromel, is an adult individual, with a date of birth of October 26, 1987, who resides in Plymouth, Pennsylvania.

792.   In 2004, Joshua Fromel, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an

adjudication hearing.

793.   At no time prior to or during Joshua Fromel's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

794.   As a result of the hearing, Joshua Fromel was order to be detained and/or have a psychological evaluation by Defendant VITA.

795.   As a result of the order for detention and/or psychological evaluation, Joshua Fromel was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

796.   Plaintiffs Steve Fromel and Joshua Fromel were required to pay for Joshua Fromel's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Barbara Johnson and S.S.**

797.   Plaintiff Barbara Johnson, an adult individual, is the parent and natural guardian of minor Plaintiff S.S. who resides in Plymouth, Pennsylvania.

798.   Plaintiff S.S. is a minor, with a date of birth of April 11, 1993,

who resides in Plymouth, Pennsylvania.

799.   In 2003, S.S. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

800.   At no time prior to or during S.S.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

801.   As a result of the hearing, S.S. was order to be detained and/or have a psychological evaluation by Defendant VITA.

802.   As a result of the order for detention and/or psychological evaluation, S.S. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

803.   Plaintiff Barbara Johnson was required to pay for S.S.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Matthew Wrhel**

804.   Plaintiff Matthew Wrhel is an adult individual, with a date of birth of June 27, 1987, who resides in Shavertown, Pennsylvania.

805.   In 2004, Matthew Wrhel, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

806.   At no time prior to or during Matthew Wrhel's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

807.   As a result of the hearing, Matthew Wrhel was order to be detained and/or have a psychological evaluation by Defendant VITA.

808.   As a result of the order for detention and/or psychological evaluation, Matthew Wrhel was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

809.   Plaintiff Matthew Wrhel was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Heather Walton**

810.   Plaintiff Heather Walton is an adult individual, with a date of birth of January 11, 1989, who resides in Plymouth, Pennsylvania.

811.   In 2004, Heather Walton, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

812.   At no time prior to or during Heather Walton's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

813.   As a result of the hearing, Heather Walton was order to be detained and/or have a psychological evaluation by Defendant VITA.

814.   As a result of the order for detention and/or psychological evaluation, Heather Walton was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

815.   Plaintiff Heather Walton was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Rebecca Hackney**

816.   Plaintiff Rebecca Hackney is an adult individual, with a date of birth of June 1, 1986, who resides in White Haven, Pennsylvania.

817.   In 2003, Rebecca Hackney, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

818.   At no time prior to or during Rebecca Hackney's adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

819.   As a result of the hearing,  Rebecca Hackney was order to be detained and/or have a psychological evaluation by Defendant VITA.

820.   As a result of the order for detention and/or psychological evaluation, Rebecca Hackney was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

821.   Plaintiff Rebecca Hackney was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## Wayne Allen Hunter III

822.   Plaintiff Wayne Allen Hunter, III is an adult individual, with a date of birth of June 6, 1990, who resides in Kingston, Pennsylvania.

823.   Upon information and belief, between 2003 and 2008, Wayne Allen Hunter, III, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

824.   At no time prior to or during Wayne Allen Hunter, III's adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

825.   As a result of the hearing,  Wayne Allen Hunter, III was order to be detained and/or have a psychological evaluation by Defendant VITA.

826.   As a result of the order for detention and/or psychological evaluation, Wayne Allen Hunter, III detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

827.   Plaintiff Wayne Allen Hunter, III was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Anthony Morales**

828.   Plaintiff Anthony Morales is an adult individual, with a date of birth of August 30, 1990, who resides in Hazleton, Pennsylvania.

829.   In 2007, Anthony Morales, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

830.   At no time prior to or during Anthony Morales' adjudication hearing

was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

831.   As a result of the hearing, Anthony Morales was order to be detained

and/or have a psychological evaluation by Defendant VITA.

832.   As a result of the order for detention and/or psychological

evaluation, Anthony Morales was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and

present.

833.   Plaintiff Anthony Morales was required to pay for his detention,

lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Maria Brooks**

834.   Plaintiff Maria Brooks is an adult individual, with a date of birth

of February 9, 1989, who resides in Blytheville, Arkansas.

835.   In 2006, Maria Brooks, then a minor, appeared before Defendants

CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an

adjudication hearing.

836.   At no time prior to or during Maria Brooks' adjudication hearing was

it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict

of interest, or that they had a financial interest in Defendants PACC and/or

WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place

children in Defendants PACC and/or WPACC.

837.   As a result of the hearing, Maria Brooks was order to be detained

and/or have a psychological evaluation by Defendant VITA.

838.   As a result of the order for detention and/or psychological

evaluation, Maria Brooks was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and present.

839.   Plaintiff Maria Brooks was required to pay for her detention, lodging

and/or incarceration in Defendants PACC and/or WPACC facilities.

**Melanie Coxe and Heath Houseknecht**

840.   Plaintiff Melanie Coxe, an adult individual, is the parent of

Plaintiff Heath Houseknecht, who resides in West Hazleton, Pennsylvania.

841.   Plaintiff Heath Houseknecht is an adult individual, with a date of

birth of July 23, 1988, who resides in West Hazleton, Pennsylvania.

842.   In 2003, Heath Houseknecht, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

843.   At no time prior to or during Heath Houseknecht's adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had

any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

844.   As a result of the hearing, Heath Houseknecht was order to be detained and/or have a psychological evaluation by Defendant VITA.

845.   As a result of the order for detention and/or psychological evaluation, Heath Houseknecht was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

846.   Plaintiffs Melanie Coxe and Heath Houseknecht were required to pay for Heath Houseknecht's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

## Bridget DeFalco and Zachary Richards

847.   Plaintiff Bridget DeFalco, an adult individual, is the parent of Plaintiff Zachary Richards who resides in Freeland, Pennsylvania.

848.   Plaintiff Zachary Richards is an adult individual, with a date of birth of July 28, 1987, who resides in Freeland, Pennsylvania.

849.   In 2003, Zachary Richards, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

850.   At no time prior to or during Zachary Richards' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

851.   As a result of the hearing, Zachary Richards was order to be detained and/or have a psychological evaluation by Defendant VITA.

852.   As a result of the order for detention and/or psychological evaluation, Zachary Richards was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

853.   Plaintiffs Bridget DeFalco and Zachary Richards were required to pay for Zachary Richards's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**<u>Dawn Evans and Charles Evans</u>**

854.   Plaintiff Dawn Evans, an adult individual, is the parent of Plaintiff Charles Evans who resides in Sweet Valley, Pennsylvania.

855.   Plaintiff Charles Evans is an adult individual, with a date of birth of October 26, 1990, who resides in Sweet Valley, Pennsylvania.

856.   In 2005, Charles Evans, then a minor, appeared before Defendants

CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

857.   At no time prior to or during Charles Evans' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

858.   As a result of the hearing, Charles Evans was order to be detained and/or have a psychological evaluation by Defendant VITA.

859.   As a result of the order for detention and/or psychological evaluation, Charles Evans was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

860.   Plaintiffs Dawn Evans and Charles Evans were required to pay for Charles Evans' detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Heather Evans and K.E.**

861.   Plaintiff Heather Evans, an adult individual, is the parent and natural guardian of minor Plaintiff K.E. who resides in Wilkes-Barre, Pennsylvania.

862.   Plaintiff K.E. is a minor, with a date of birth of March 30, 1993,

who resides in Wilkes-Barre, Pennsylvania.

863.   In 2007, K.E. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

864.   At no time prior to or during K.E.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

865.   As a result of the hearing, K.E. was order to be detained and/or have a psychological evaluation by Defendant VITA.

866.   As a result of the order for detention and/or psychological evaluation, K.E. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

867.   Plaintiff Heather Evans was required to pay for K.E.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Necia Gazdziak and David Gazdziak**

868.   Plaintiff Necia Gazdziak, an adult individual, is the parent of Plaintiff David Gazdziak, who resides in Hazleton, Pennsylvania.

869.   Plaintiff David Gazdziak is an adult individual, with a date of birth of August 30, 1986, who resides in Hazleton, Pennsylvania.

870.   In 2002, David Gazdziak, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

871.   At no time prior to or during David Gazdziak's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

872.   As a result of the hearing,  David Gazdziak was order to be detained and/or have a psychological evaluation by Defendant VITA.

873.   As a result of the order for detention and/or psychological evaluation, David Gazdziak was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

874.   Plaintiffs Necia Gazdziak and David Gazdziak were required to pay for David Gazdziak's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Laura Kilheeney and Tiffany Wren**

875.   Plaintiff Laura Kilheeney, an adult individual, is the parent of Plaintiff Tiffany Wren, who resides in Exeter, Pennsylvania.

876.   Plaintiff Tiffany Wren is an adult individual, with a date of birth of May 2, 1988, who resides in Exeter, Pennsylvania.

877.   In 2002 and 2004, Tiffany Wren, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for adjudication hearings.

878.   At no time prior to or during Tiffany Wren's adjudication hearings was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

879.   As a result of the hearings, Tiffany Wren was order to be detained and/or have a psychological evaluation by Defendant VITA.

880.   As a result of the orders for detention and/or psychological evaluation, Tiffany Wren was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

881.   Plaintiffs Laura Kilheeney and Tiffany Wren were required to pay for Tiffany Wren's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Laura Kilheeney and Joseph Kulp, Jr.**

882.   Plaintiff Laura Kilheeney, an adult individual, is the parent of

Plaintiff Joseph Kulp, Jr. who resides in Exeter, Pennsylvania.

883.   Plaintiff Joseph Kulp, Jr. is an adult individual, with a date of birth of June 30, 1990, who resides in Exeter, Pennsylvania.

884.   In 2002 and 2008, Joseph Kulp, Jr., then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for adjudication hearings.

885.   At no time prior to or during Joseph Kulp, Jr.'s adjudication hearings was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

886.   As a result of the hearings, Joseph Kulp, Jr. was order to be detained and/or have a psychological evaluation by Defendant VITA.

887.   As a result of the orders for detention and/or psychological evaluation, Joseph Kulp, Jr. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

888.   Plaintiffs Laura Kilheeney and Joseph Kulp, Jr. were required to pay for Joseph Kulp, Jr.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Dale Kropa, Debra Kropa and D.K.**

889.   Plaintiff Dale Kropa, an adult individual, is the parent and natural guardian of minor Plaintiff D.K. who resides in Kingston, Pennsylvania.

890.   Plaintiff Debra Kropa, an adult individual, is the parent and natural guardian of minor Plaintiff D.K. who resides in Kingston, Pennsylvania.

891.   Plaintiff D.K. is a minor, with a date of birth of May 27, 1991, who resides in Kingston, Pennsylvania.

892.   In 2007, D.K. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

893.   At no time prior to or during D.K.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

894.   As a result of the hearing, D.K. was order to be detained and/or have a psychological evaluation by Defendant VITA.

895.   As a result of the order for detention and/or psychological evaluation, D.K. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

896.   Plaintiffs Dale Kropa and Debra Kropa were required to pay for D.K.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Rich Maguschak**

897.   Plaintiff Rich Maguschak is an adult individual, with a date of birth of August 25, 1986, who resides in Beaver Meadows, Pennsylvania.

898.   In 2003, Rich Maguschak, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

899.   At no time prior to or during Rich Maguschak's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

900.   As a result of the hearing, Rich Maguschak was order to be detained and/or have a psychological evaluation by Defendant VITA.

901.   As a result of the order for detention and/or psychological evaluation, Rich Maguschak was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

902.   Plaintiff Rich Maguschak was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**James Rodriquez**

903.   Plaintiff James Rodriquez is an adult individual, with a date of birth of October 22, 1990, who resides in Harleigh, Pennsylvania.

904.   In 2007, James Rodriquez, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

905.   At no time prior to or during James Rodriquez's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

906.   As a result of the hearing, James Rodriquez was order to be detained and/or have a psychological evaluation by Defendant VITA.

907.   As a result of the order for detention and/or psychological evaluation, James Rodriquez was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

908.   Plaintiff James Rodriquez was required to pay for his detention,

lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Mark Soltis**

909.   Plaintiff Mark Soltis is an adult individual, with a date of birth of November 23, 1987, who resides in Hazleton, Pennsylvania.

910.   In 2004, Mark Soltis, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

911.   At no time prior to or during Mark Soltis' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

912.   As a result of the hearing, Mark Soltis was order to be detained and/or have a psychological evaluation by Defendant VITA.

913.   As a result of the order for detention and/or psychological evaluation, Mark Soltis was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

914.   Plaintiff Mark Soltis was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Chantell Welch and C.W.**

915.   Plaintiff Chantell Welch, an adult individual, is the parent and natural guardian of minor Plaintiff C.W. who resides in Wilkes-Barre, Pennsylvania.

916.   Plaintiff C.W. is a minor, with a date of birth of April 20, 1993, who resides in Wilkes-Barre, Pennsylvania.

917.   In 2006, C.W. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

918.   At no time prior to or during C.W.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

919.   As a result of the hearing, C.W. was order to be detained and/or have a psychological evaluation by Defendant VITA.

920.   As a result of the order for detention and/or psychological evaluation, C.W. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

921.   Plaintiff Chantell Welch was required to pay for C.W.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Eric Davis**

922.   Plaintiff Eric Davis is an adult individual, with a date of birth of January 29, 1987, who resides in Seneca Falls, New York.

923.   In 2003, Eric Davis, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

924.   At no time prior to or during Eric Davis' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

925.   As a result of the hearing, Eric Davis was order to be detained and/or have a psychological evaluation by Defendant VITA.

926.   As a result of the order for detention and/or psychological evaluation, Eric Davis was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

927.   Plaintiff Eric Davis was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Dawn Babbitt and Joseph E. Babbitt, III**

928.   Plaintiff Dawn Babbitt, an adult individual, is the parent of

Plaintiff, Joseph E. Babbitt III  who resides in East Stroudsburg, Pennsylvania.

929.   Plaintiff Joseph E. Babbitt III  an adult individual, with a date of birth of July 28, 1989, who resides in East Stroudsburg, Pennsylvania.

930.   In *2008*, Joseph E. Babbitt III, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

931.   At no time prior to or during Joseph E. Babbitt III's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

932.   As a result of the hearing, Joseph E. Babbitt III  was order to be detained and/or have a psychological evaluation by Defendant VITA.

933.   As a result of the order for detention and/or psychological evaluation, Joseph E. Babbitt III  was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

934.   Plaintiffs Dawn Babbitt and Joseph E. Babbitt III  were required to pay for Joseph E. Babbitt III 's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Heather Evans and E.E.**

935.   Plaintiff Heather Evans an adult individual, is the parent and natural guardian of minor Plaintiff E.E. who resides in Wilkes-Barre, Pennsylvania.

936.   Plaintiff E.E. is a minor, with a date of birth of May 2, 1994, who resides in Wilkes-Barre, Pennsylvania.

937.   In 2006, E.E. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

938.   At no time prior to or during E.E.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

939.   As a result of the hearing, E.E. was order to be detained and/or have a psychological evaluation by Defendant VITA.

940.   As a result of the order for detention and/or psychological evaluation, E.E. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

941.   Plaintiff Heather Evans was required to pay for E.E.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Heather Lake**

942.   Plaintiff Heather Lake is an adult individual, with a date of birth of February 19, 1990, who resides in Hunlock Creek, Pennsylvania.

943.   In 2007, Heather Lake, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

944.   At no time prior to or during Heather Lake's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

945.   As a result of the hearing, Heather Lake was order to be detained and/or have a psychological evaluation by Defendant VITA.

946.   As a result of the order for detention and/or psychological evaluation, Heather Lake was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

947.   Plaintiff Heather Lake was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Christal Lee Mutua**

948.   Plaintiff Cristal Lee Mutua is an adult individual, with a date of

birth of July 25, 1985, who resides in Wilkes-Barre, Pennsylvania.

949.   In 2003, Cristal Lee Mutua, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

950.   At no time prior to or during Cristal Lee Mutua's adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had

any conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

951.   As a result of the hearing, Cristal Lee Mutua was order to be detained

and/or have a psychological evaluation by Defendant VITA.

952.   As a result of the order for detention and/or psychological

evaluation, Cristal Lee Mutua was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and

present.

953.   Plaintiff Cristal Lee Mutua was required to pay for her detention,

lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Debbie Martin and C.A.M.**

954.   Plaintiff Debbie Martin, an adult individual, is the parent and

natural guardian of minor Plaintiff C.A.M. who resides in Forty Fort,

Pennsylvania.

955.   Plaintiff C.A.M. is a minor, with a date of birth of September

19,1991 who resides in Forty Fort, Pennsylvania.

956.   In 2006, C.A.M. appeared before Defendants CIAVARELLA

and/or CONAHAN in Luzerne County Juvenile Court for an adjudication

hearing.

957.   At no time prior to or during C.A.M.'s adjudication hearing was it

disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of

interest, or that they had a financial interest in Defendants PACC and/or WPACC

or that Defendants CONAHAN and/or CIAVARELLA agreed to place children

in Defendants PACC and/or WPACC.

958.   As a result of the hearing, C.A.M. was order to be detained and/or

have a psychological evaluation by Defendant VITA.

959.   As a result of the order for detention and/or psychological

evaluation, C.A.M. was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and present.

960.   Plaintiff Debbie Martin was required to pay for C.A.M.'s detention,

lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Margaret McGrath and Nicholas Miller**

961.   Plaintiff Margaret McGrath, an adult individual, is the parent of

Plaintiff Nicholas Miller who resides in Pittston, Pennsylvania.

962.   Plaintiff Nicholas Miller is an adult individual, with a date of birth of July 14, 1987, who resides in Pittston, Pennsylvania.

963.   In 2005, Nicholas Miller, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

964.   At no time prior to or during Nicholas Miller's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

965.   As a result of the hearing,  Nicholas Miller was order to be detained and/or have a psychological evaluation by Defendant VITA.

966.   As a result of the order for detention and/or psychological evaluation, Nicholas Miller was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

967.   Plaintiffs Margaret McGrath and Nicholas Miller were required to pay for Nicholas Miller's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Timothy Bantell**

968.   Plaintiff Timothy Bantell is an adult individual, with a date of birth of July 13, 1987, who resides in Hazleton, Pennsylvania.

969.   In 2004, Timothy Bantell, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

970.   At no time prior to or during Timothy Bantell's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

971.   As a result of the hearing,  Timothy Bantell was order to be detained and/or have a psychological evaluation by Defendant VITA.

972.   As a result of the order for detention and/or psychological evaluation, Timothy Bantell was detained, lodged and/or incarcered in Defendants PACC and/or WPACC for some period of time between 2002 and present.

973.   Plaintiff Timothy Bantell was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Stacey Hvizda**

974.   Plaintiff Stacey Hvizda is an adult individual, with a date of birth of June 15, 1986, who resides in Freeland, Pennsylvania.

975.   Upon information and belief, between 2003-2008, Stacey Hvizda, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

976.   At no time prior to or during Stacey Hvizda's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

977.   As a result of the hearing,  Stacey Hvizda was order to be detained and/or have a psychological evaluation by Defendant VITA.

978.   As a result of the order for detention and/or psychological evaluation, Stacey Hvizda was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

979.   Plaintiff Stacey Hvizda was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Christopher Hughes**

980.   Plaintiff Christopher Hughes is an adult individual, with a date of birth of March 19, 1989, who resides in Old Forge, Pennsylvania.

981.   In 2004, Christopher Hughes, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

982.   At no time prior to or during Christopher Hughes' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

983.   As a result of the hearing, Christopher Hughes was order to be detained and/or have a psychological evaluation by Defendant VITA.

984.   As a result of the order for detention and/or psychological evaluation, Christopher Hughes was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

985.   Plaintiff Christopher Hughes was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Kelly M. Gray-Wasielewski**

986.   Plaintiff Kelly M. Gray-Wasielewski is an adult individual, with a date of birth of January 8, 1986, who resides in Nanticoke, Pennsylvania.

987.   In 2003, Kelly M. Gray-Wasielewski, then a minor, appeared

before Defendants CIAVARELLA and/or CONAHAN in Luzerne County

Juvenile Court for an adjudication hearing.

988.   At no time prior to or during Kelly M. Gray-Wasielewski's

adjudication hearing was it disclosed that Defendants CIAVARELLA and/or

CONAHAN had any conflict of interest, or that they had a financial interest in

Defendants PACC and/or WPACC or that Defendants CONAHAN and/or

CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

989.   As a result of the hearing,  Kelly M. Gray-Wasielewski was order to

be detained and/or have a psychological evaluation by Defendant VITA.

990.   As a result of the order for detention and/or psychological

evaluation, Kelly M. Gray-Wasielewski was detained, lodged and/or incarcerated

in Defendants PACC and/or WPACC for some period of time between 2002 and

present.

991.   Plaintiff Kelly M. Gray-Wasielewski was required to pay for her

detention, lodging and/or incarceration in Defendants PACC and/or WPACC

facilities.

**Joseph Austra**

992.   Plaintiff Joseph Austra is an adult individual, with a date of birth

of February 5, 1987, who resides in Nanticoke, Pennsylvania.

993.   In 2006, Joseph Austra, then a minor, appeared before Defendants

CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

994.   At no time prior to or during Joseph Austra's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

995.   As a result of the hearing, Joseph Austra was order to be detained and/or have a psychological evaluation by Defendant VITA.

996.   As a result of the order for detention and/or psychological evaluation, Joseph Austra was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

997.   Plaintiff Joseph Austra was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Linda Bezdziecki and Angela Bezdziecki**

998.   Plaintiff Linda Bezdziecki, an adult individual, is the parent of Plaintiff Angela Bezdziecki who resides in Hanover Twp., Pennsylvania.

999.   Plaintiff Angela Bezdziecki is an adult individual, with a date of birth of September 2, 1986, who resides in Hanover Twp., Pennsylvania.

1000. In 2003, Angela Bezdziecki, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1001. At no time prior to or during Angela Bezdziecki's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1002. As a result of the hearing,  Angela Bezdziecki was order to be detained and/or have a psychological evaluation by Defendant VITA.

1003. As a result of the order for detention and/or psychological evaluation, Angela Bezdziecki was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1004. Plaintiffs Linda Bezdziecki and Angela Bezdziecki were required to pay for Angela Bezdziecki's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Heather Evans and L.E.**

1005. Plaintiff Heather Evans, an adult individual, is the parent and natural guardian of minor Plaintiff L.E. who resides in Wilkes-Barre, Pennsylvania.

1006. Plaintiff L.E. is a minor, with a date of birth of February 22, 1992, who resides in Wilkes-Barre, Pennsylvania.

1007. In 2007, L.E. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1008. At no time prior to or during L.E.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1009. As a result of the hearing, L.E. was order to be detained and/or have a psychological evaluation by Defendant VITA.

1010. As a result of the order for detention and/or psychological evaluation, L.E. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1011. Plaintiff Heather Evans was required to pay for L.E.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**James M. Hughes**

1012. Plaintiff James M. Hughes is an adult individual, with a date of birth of July 19, 1988, who resides in Nanticoke, Pennsylvania.

1013. In 2004, James M. Hughes, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

1014. At no time prior to or during James M. Hughes' adjudication hearing

was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any

conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

1015. As a result of the hearing,  James M. Hughes was order to be

detained and/or have a psychological evaluation by Defendant VITA.

1016. As a result of the order for detention and/or psychological

evaluation, James M. Hughes was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and

present.

1017. Plaintiff James M. Hughes was required to pay for his detention,

lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Christina Jennings**

1018. Plaintiff Christina Jennings is an adult individual, with a date of

birth of November 13, 1985, who resides in Pittston, Pennsylvania.

1019. In 2003, Christina Jennings, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

1020. At no time prior to or during Christina Jennings' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1021. As a result of the hearing, Christina Jennings was order to be detained and/or have a psychological evaluation by Defendant VITA.

1022. As a result of the order for detention and/or psychological evaluation, Christina Jennings was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1023. Plaintiff Christina Jennings was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Jason Kisthardt**

1024. Plaintiff Jason Kisthardt is an adult individual, with a date of birth of January 26, 1986, who resides in White Haven, Pennsylvania.

1025. In 2003, Jason Kisthardt, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1026. At no time prior to or during Jason Kisthardt's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1027. As a result of the hearing, Jason Kisthardt was order to be detained and/or have a psychological evaluation by Defendant VITA.

1028. As a result of the order for detention and/or psychological evaluation, Jason Kisthardt was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1029. Plaintiff Jason Kisthardt was required to pay for his detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Lynn Downs and T.L.**

1030. Plaintiff Lynn Downs, an adult individual, is the parent and natural guardian of minor Plaintiff T.L. who resides in Luzerne, Pennsylvania.

1031. Plaintiff T.L. is a minor, with a date of birth of September 8, 1991, who resides in Luzerne, Pennsylvania.

1032. In 2006, T.L. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1033. At no time prior to or during T.L.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1034. As a result of the hearing, T.L. was order to be detained and/or have a psychological evaluation by Defendant VITA.

1035. As a result of the order for detention and/or psychological evaluation, T.L. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1036. Plaintiff Lynn Downs was required to pay for T.L.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Alexander Lomascolo, Cynthia Lomascolo, Matthew Lomascolo**

1037. Plaintiff Alexander Lomascolo, an adult individual, is the parent a of Plaintiff Matthew Lomascolo who resides in Wyoming, Pennsylvania.

1038. Plaintiff Cynthia Lomascolo, an adult individual, is the parent a of Plaintiff Matthew Lomascolo who resides in Wyoming, Pennsylvania.

1039. Plaintiff Matthew Lomascolo is an adult individual, with a date of birth of September 27, 1989, who resides in Wyoming, Pennsylvania.

1040. In 2005, Matthew Lomascolo, then a minor, appeared before

Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile

Court for an adjudication hearing.

1041. At no time prior to or during Matthew Lomascolo's adjudication

hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had

any conflict of interest, or that they had a financial interest in Defendants PACC

and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to

place children in Defendants PACC and/or WPACC.

1042. As a result of the hearing, Matthew Lomascolo was order to be

detained and/or have a psychological evaluation by Defendant VITA.

1043. As a result of the order for detention and/or psychological

evaluation, Matthew Lomascolo was detained, lodged and/or incarcerated in

Defendants PACC and/or WPACC for some period of time between 2002 and

present.

1044. Plaintiff Matthew Lomascolo was required to pay for his detention,

lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Ardest Maldonado and A.M.**

1045. Plaintiff Ardest Maldonado, an adult individual, is the parent and

natural guardian of minor Plaintiff A.M. who resides in Kingston,

Pennsylvania.

1046. Plaintiff A.M. is a minor, with a date of birth of July 2, 1992, who

resides in Kingston, Pennsylvania.

1047. In 2003, A.M. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1048. At no time prior to or during A.M.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1049. As a result of the hearing, A.M. was order to be detained and/or have a psychological evaluation by Defendant VITA.

1050. As a result of the order for detention and/or psychological evaluation, A.M. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1051. Plaintiff Ardest Maldonado was required to pay for A.M.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Stephanie Parsons, Alan Parsons and S.N.**

1052. Plaintiff Stephanie Parsons, an adult individual, is the parent and natural guardian of minor Plaintiff S.N. who resides in Drums, Pennsylvania.

1053. Plaintiff Alan Parsons, an adult individual, is the parent and natural guardian of minor Plaintiff S.N. who resides in Drums, Pennsylvania.

1054. Plaintiff S.N. is a minor, with a date of birth of January 7, 1992 who resides in Drums, Pennsylvania.

1055. In 2007, S.N. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1056. At no time prior to or during S.N.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1057. As a result of the hearing, S.N. was order to be detained and/or have a psychological evaluation by Defendant VITA.

1058. As a result of the order for detention and/or psychological evaluation, S.N. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1059. Plaintiffs Stephanie Parsons and Alan Parsons were required to pay for S.N.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Daniella Ormsby**

1060. Plaintiff Daniella Ormsby  is an adult individual, with a date of

birth of September 27, 1987, who resides in Wilkes-Barre, Pennsylvania.

1061. In 2005, Daniella Ormsby, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1062. At no time prior to or during Daniella Ormsby's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1063. As a result of the hearing, Daniella Ormsby was order to be detained and/or have a psychological evaluation by Defendant VITA.

1064. As a result of the order for detention and/or psychological evaluation, Daniella Ormsby was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1065. Plaintiff Daniella Ormsby was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Autumn Parry**

1066. Plaintiff Autumn Parry is an adult individual, with a date of birth of November 16, 1988, who resides in Freeland, Pennsylvania.

1067.  In 2004, Autumn Parry, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1068.  At no time prior to or during Autumn Parry's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1069.  As a result of the hearing, Autumn Parry was order to be detained and/or have a psychological evaluation by Defendant VITA.

1070.  As a result of the order for detention and/or psychological evaluation, Autumn Parry was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1071.  Plaintiff Autumn Parry was required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Dorothy Jackson-Pearyer and B.P.**

1072.  Plaintiff Dorothy Jackson-Pearyer, an adult individual, is the parent and natural guardian of minor Plaintiff B.P. who resides in New Brunswick, New Jersey.

1073.  Plaintiff B.P. is a minor, with a date of birth of May 13, 1992,

who resides in New Brunswick, New Jersey.

1074. In 2006, B.P. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1075. At no time prior to or during B.P.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1076. As a result of the hearing,  B.P. was order to be detained and/or have a psychological evaluation by Defendant VITA.

1077. As a result of the order for detention and/or psychological evaluation, B.P. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1078. Plaintiff Dorothy Jackson-Pearyer was required to pay for B.P.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Kylie Schelble and Ashton Schelble**

1079. Plaintiff Kylie Schelble, an adult individual, is the parent of Plaintiff Ashton Schelble, who resides in Freeland, Pennsylvania.

1080. Plaintiff Ashton Schelble is an adult individual, with a date of

birth of December 14, 1990, who resides in Freeland, Pennsylvania.

1081. In 2007, Ashton Schelble, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1082. At no time prior to or during Ashton Schelble's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1083. As a result of the hearing, Ashton Schelble was order to be detained and/or have a psychological evaluation by Defendant VITA.

1084. As a result of the order for detention and/or psychological evaluation, Ashton Schelble was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1085. Plaintiffs Kylie Schelble and Ashton Schelble were required to pay for Ashton Schelble's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Paul DePrimo and Joseph DePrimo**

1086. Plaintiff Paul DePrimo, an adult individual, is the parent of

189

Plaintiff Joseph DePrimo who resides in Exeter, Pennsylvania.

1087. Plaintiff Joseph DePrimo is an adult individual, with a date of birth of May 3, 1988, who resides in Exeter, Pennsylvania.

1088. In 2004, Joseph DePrimo, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1089. At no time prior to or during Joseph DePrimo's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1090. As a result of the hearing, Joseph DePrimo was order to be detained and/or have a psychological evaluation by Defendant VITA.

1091. As a result of the order for detention and/or psychological evaluation, Joseph DePrimo was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1092. Plaintiffs Paul DePrimo and Joseph DePrimo were required to pay for Joseph DePrimo's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Angela Davis and G.S.**

1093. Plaintiff Angela Davis, an adult individual, is the parent and natural guardian of minor Plaintiff G.S. who resides in Dupont, Pennsylvania.

1094. Plaintiff G.S. is a minor, with a date of birth of December 21, 1991, who resides in Dupont, Pennsylvania.

1095. In 2006, G.S. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1096. At no time prior to or during G.S.' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1097. As a result of the hearing, G.S. was order to be detained and/or have a psychological evaluation by Defendant VITA.

1098. As a result of the order for detention and/or psychological evaluation, G.S. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1099. Plaintiff Angela Davis was required to pay for G.S.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Michelle Yurkanin**

1100. Plaintiff Michelle Yurkanin is an adult individual, with a date of birth of January 24, 1987, who resides in Lancaster, Pennsylvania.

1101. In 2003, Michelle Yurkanin, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1102. At no time prior to or during Michelle Yurkanin's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1103. As a result of the hearing,  Michelle Yurkanin was order to be detained and/or have a psychological evaluation by Defendant VITA.

1104. As a result of the order for detention and/or psychological evaluation, Michelle Yurkanin was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1105. Plaintiff Michelle Yurkanin as required to pay for her detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Barbara Sieminski and Baily Sieminski-Hess**

1106. Plaintiff Barbara Sieminski, an adult individual, is the parent of

Plaintiff Baily Sieminski-Hess who resides in Kingston, Pennsylvania.

1107. Plaintiff Baily Sieminski-Hess is an adult individual, with a date of birth of December 10, 1985 who resides in Kingston, Pennsylvania.

1108. In 2003, Baily Sieminski-Hess, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1109. At no time prior to or during Baily Sieminski-Hess' adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1110. As a result of the hearing, Baily Sieminski-Hess was order to be detained and/or have a psychological evaluation by Defendant VITA.

1111. As a result of the order for detention and/or psychological evaluation, Baily Sieminski-Hess was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1112. Plaintiffs Barbara Sieminski and Baily Sieminski-Hess were required to pay for Baily Sieminski-Hess' detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Laura O'Gorman and R.O.**

1113. Plaintiff Laura O'Gorman, an adult individual, is the parent and natural guardian of minor Plaintiff R.O. who resides in Hunlock Creek, Pennsylvania.

1114. Plaintiff R.O. is a minor, with a date of birth of December 30, 1991, who resides in Hunlock Creek, Pennsylvania.

1115. In 2005, R.O. appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1116. At no time prior to or during R.O.'s adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1117. As a result of the hearing,  R.O. was order to be detained and/or have a psychological evaluation by Defendant VITA.

1118. As a result of the order for detention and/or psychological evaluation, R.O. was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1119. Plaintiff Laura O'Gorman was required to pay for R.O.'s detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Lynn Downs and Jeremiah Lenchick**

1120. Plaintiff Lynn Downs, an adult individual, is the parent and natural guardian of Plaintiff Jeremiah Lenchick who resides in Luzerne, Pennsylvania.

1121. Plaintiff Jeremiah Lenchick is an adult individual, with a date of birth of August 20, 1989, who resides in Luzerne, Pennsylvania.

1122. In2004, Jeremiah Lenchick, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1123. At no time prior to or during Jeremiah Lenchick's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1124. As a result of the hearing, Jeremiah Lenchick was order to be detained and/or have a psychological evaluation by Defendant VITA.

1125. As a result of the order for detention and/or psychological evaluation, Jeremiah Lenchick was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1126. Plaintiffs Lynn Downs and Jeremiah Lenchick were required to pay for Jeremiah Lenchick's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Eric Drouse, Sr. and Erica Drouse**

1127. Plaintiff Eric Drouse, Sr., an adult individual, is the parent of Plaintiff Erica Drouse who resides in Pittston, Pennsylvania.

1128. Plaintiff Erica Drouse is an adult individual, with a date of birth of September 9, 1989, who resides in Pittston, Pennsylvania.

1129. In 2004, Erica Drouse, then a minor appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1130. At no time prior to or during Erica Drouse's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1131. As a result of the hearing, Erica Drouse was order to be detained and/or have a psychological evaluation by Defendant VITA.

1132. As a result of the order for detention and/or psychological evaluation, Erica Drouse was detained, lodged and/or incarcerated in Defendants

PACC and/or WPACC for some period of time between 2002 and present.

1133. Plaintiffs Eric Drouse, Sr. and Erica Drouse were required to pay for Erica Drouse's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

**Timothy Jones and Andrew Kuklinski**

1134. Plaintiff Timothy Jones, an adult individual, is the parent of Plaintiff Andrew Kuklinski who resides in Freeland, Pennsylvania.

1135. Plaintiff Andrew Kuklinski is an adult individual, with a date of birth of July 19, 1989, who resides in Freeland, Pennsylvania.

1136. In 2003, Andrew Kuklinski, then a minor, appeared before Defendants CIAVARELLA and/or CONAHAN in Luzerne County Juvenile Court for an adjudication hearing.

1137. At no time prior to or during Andrew Kuklinski's adjudication hearing was it disclosed that Defendants CIAVARELLA and/or CONAHAN had any conflict of interest, or that they had a financial interest in Defendants PACC and/or WPACC or that Defendants CONAHAN and/or CIAVARELLA agreed to place children in Defendants PACC and/or WPACC.

1138. As a result of the hearing,  Andrew Kuklinski was order to be detained and/or have a psychological evaluation by Defendant VITA.

1139. As a result of the order for detention and/or psychological

evaluation, Andrew Kuklinski was detained, lodged and/or incarcerated in Defendants PACC and/or WPACC for some period of time between 2002 and present.

1140. Plaintiffs Timothy Jones and Andrew Kuklinski were required to pay for Andrew Kuklinski's detention, lodging and/or incarceration in Defendants PACC and/or WPACC facilities.

### C.   USE OF THE MAILS AND WIRES

1141. At all times relevant hereto, Defendants used numerous mail and interstate wire communications to create, execute and manage their fraudulent scheme, as described above.

1142. Defendants' use of the mails and wires to execute their fraud involved transfers of funds as described above, communication with Plaintiffs, and communications throughout the relevant time period, via email, telephone, sent through the U.S. mails and over the internet including communications concerning the fraudulent scheme to deprive juvenile offenders of their basic constitutional rights for personal gain, profit and enrichment.

### D.   CONSPIRACY AND CONCERT OF ACTION

1143.  Defendants entered into and through various overt acts described above an agreement between themselves to illegally deprive Plaintiffs of their basic constitutional rights for their own personal enrichment and profit.

Defendants implemented said agreement and conspiracy, in concert of action, and each aiding and abetting the other, such that Defendants were acting under "color of law" pursuant to 42 U.S. §1983, and Defendants are jointly and severally liable for the resulting damages to Plaintiffs.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

## E.     FRAUDULENT CONCEALMENT AND TOLLING OF STATUTES OF LIMITATIONS

1144. Plaintiffs were not and could not have been aware of Defendants' misconduct before the January 26, 2009 filing of the Criminal Information against Defendants CONAHAN and CIAVARELLA.  *See* Exhibit "A."  Defendants concealed the nature of their scheme and artifice to defraud Plaintiffs based upon their actions more fully described herein.  Because of these acts and other acts of concealment, Plaintiffs could not have discovered the scheme and other acts and omissions to act described herein in the exercise of reasonable diligence.

1145. Any applicable statutes of limitations have been tolled by Defendants' knowing and active concealment and denial of the facts alleged herein.  Plaintiffs have been kept ignorant of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part.  Plaintiffs could not reasonably have discovered the nature of Defendants' conduct.  Accordingly, Defendants are estopped from relying on any statute of limitations to defeat any of Plaintiffs' claims.  In addition, the statute of limitations for the Juvenile Plaintiffs is tolled

pursuant to Pennsylvania's Minority Tolling Statute, 42 Pa.C.S.A. § 5533(b).

## CAUSES OF ACTION

## COUNT I

## FOR VIOLATION OF RICO, 18 U.S.C. § 1961, et seq

### Plaintiffs v. All Defendants Except Defendants BRULO, VITA and COUNTY OF LUZERNE

1146.  Plaintiffs incorporate by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

1147.  Defendants, POWELL, CONAHAN, CIAVARELLA, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, PLG, and VITA hereinafter "RICO Defendants," are "persons" within the meaning of 18 U.S.C. § 1961(3) who conducted affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

1148.  There is the association-in-fact of all RICO Defendants for the purpose of constructing juvenile detention centers, ordering juveniles to be placed in those centers in violation of their basic constitutional rights for RICO Defendants' own enrichment and profit as an "enterprise" within the definition of RICO (the "Association-In-Fact Enterprise"*)*.  The Association-In-Fact Enterprise was created, controlled and conducted by all RICO Defendants for the purposes hereinbefore described. All RICO Defendants

are Defendants for purposes of the Association-in-Fact Enterprise.

1149. All RICO Defendants have exerted ongoing and continuous control over the Association-In-Fact Enterprise, and the have participated in the operation or management of the affairs of the Association-In-Fact Enterprise as described in great detail above.

1150. RICO Defendants have conducted the affairs of the Association-In-Fact Enterprise, through a pattern of racketeering activity in interstate commerce that includes predicate acts indictable under 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud), through the structuring of the payments described above to the RICO Defendants and through the following actions, among others, as is set forth above:

      A.    Entering into agreements guaranteeing placement of juvenile offenders with PACC;

      B.    Taking official action to remove funding from the Luzerne County budget for the Luzerne County juvenile detention facility;

      C.    Facilitating the construction of juvenile detention facilities and an expansion to one of those facilities by PACC and WPACC;

      D.    Directing that juvenile offenders be lodged at juvenile detention facilities operated by PACC and WPACC thereby ensuring increased profits and revenues of PACC and WPACC and increased return on investment and/or other remuneration of Defendants POWELL, ZAPPALA and other of the RICO Defendants; and

      E.    Assisting PACC and WPACC to secure agreements with

Luzerne County worth tens of millions of dollars for the placement of
juvenile offenders, including an agreement in late 2004 worth
approximately $58,000,000.

1151. Each of the RICO Defendants' fraudulent mailings and

interstate wire transmissions constitutes "racketeering activity" with the

meaning of 18 U.S.C. § 1961(1).  Collectively these violations are a "pattern

of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

1152. RICO Defendants engaged in a pattern of racketeering activity

intending to defraud the Plaintiffs and to deny juvenile Plaintiffs of their

liberty.

1153. RICO Defendants' criminal acts of racketeering had the same

pattern and similar purposes.   Each such racketeering activity was related,

had similar purposes, involved the same or similar participants and methods

of commission, and had similar results affecting similar victims including

adult Plaintiffs.  Based upon the contracts and agreements entered into by

the RICO Defendants, most of which are still in force, RICO Defendants'

fraudulent activities are part of their ongoing business and constitute a

continuing threat to the property of adult Plaintiffs.

1154. RICO Defendants were an association of individuals, partnerships,

and corporations joined in purpose of conspiring to commit honest services fraud

and other criminal activity as yet unknown. The association employed a number of

schemes in an attempt to hide the income they received including, but not limited to, causing income to pass through intermediaries and causing false records to be created, thereby hiding said income from the United States Internal Revenue Service.

1155.  RICO Defendants were organized in a consensual decision-making manner in which to hide and distribute the monies among the conspirators.

1156.  RICO Defendants engaged in said association and actions during the entire relevant time period, in violation of 18 U.S.C. §1961.

1157.  As a result of RICO Defendants' violations of RICO, Plaintiffs had wages garnished, public assistance monies taken, social security benefits seized, and were otherwise forced to pay for the wrongful incarceration of the juvenile offenders.  In addition, upon information and belief, those Plaintiffs who have reached the age of majority are now required to make said payments on their own behalf.

1158.  Plaintiffs' injuries to their business and property were directly and proximately caused by RICO Defendants' racketeering activity as described above.

1159.  By virtue of these violations of 18 U.S.C. § 1962(c), RICO Defendants are jointly and severally liable to  Plaintiffs for three times the damages adult Plaintiffs have sustained, plus the costs of this suit, including reasonable attorneys' fees.

WHEREFORE, Plaintiffs demand judgment against RICO Defendants, individually, jointly, and/or jointly and severally for compensatory and treble damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, attorneys' fees and such other relief and such other relief as this Honorable Court may deem appropriate.

## COUNT II

## FOR CONSPIRACY TO VIOLATE RICO

### Plaintiffs v. All Defendants Except Defendants BRULO,VITA and COUNTY OF LUZERNE

1160. Plaintiffs incorporate by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

1161.  RICO Defendants conspired with one another to commit the violations of 18 U.S.C. §1962 alleged herein.

WHEREFORE, Plaintiffs demand judgment against RICO Defendants, individually, jointly, and/or jointly and severally for compensatory and treble damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, attorneys' fees and such other relief and such other relief as this Honorable Court may deem appropriate.

## COUNT III

## DEPRIVATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS PURSUANT TO THE CIVIL RIGHTS ACT OF 1871 42 U.S.C. § 1983

### Juvenile Plaintiffs v. All Defendants, except Defendant COUNTY OF LUZERNE

1162.  Plaintiffs  incorporate by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

1163.  At all times relevant hereto, Defendants CONAHAN and CIAVARELLA were "persons" within the meaning of 42 U.S.C. § 1983.

1164.  At all times relevant hereto, Defendants CONAHAN and CIAVARELLA were acting "under color of state law" pursuant to 42 U.S.C. § 1983.

1165.  At all times relevant hereto, Defendant BRULO was a "person" within the meaning of 42 U.S.C. § 1983.

1166.  At all times relevant hereto, Defendant BRULO was acting "under color of state law" pursuant to 42 U.S.C. §1983.

1167.  At all times relevant hereto, Defendant VITA was a "person" within the meaning of 42 U.S.C. § 1983.

1168.  At all times relevant hereto, Defendant VITA, a private psychologist with an exclusive contract with the Luzerne County Department of Probation Services to provide psychological services, was acting "under the color of state

law", for the actions that give rise to this lawsuit, pursuant to 42 U.S.C. § 1983.
*See West v. Atkins*, 487 U.S. 42 (1988).

1169. At all times relevant hereto, Defendants POWELL, PACC, WPACC,
MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA
CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS,
and PLG,  were "persons" within the meaning of 42 U.S.C. § 1983.

1170.  At all times relevant hereto, Defendants POWELL, PACC, WPACC,
MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA
CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS,
and PLG, were willful participants in joint activity with Defendants CONAHAN
and CIAVARELLA and are therefore acting "under color state law", for the
purposes of actions that give rise to this lawsuit, within the meaning of 42 U.S.C. §
1983.  *See Adickes v. S.H. Kress & CO.*, 398 U.S. 144 (1970).

1171. All Defendants, while acting under the color of state law, unlawfully,
and/or recklessly, willfully, wantonly and/or in a manner that shocks the
conscience and/or with deliberate and/or reckless indifference to the Juvenile
Plaintiffs' rights violated 42 U.S.C. § 1983 and deprived said Plaintiffs their
procedural and substantive due process rights as guaranteed under the Fifth, Sixth
and Fourteenth Amendments to the United States Constitution, that these
Defendants without lawful basis caused the aforementioned injures and damages to

the Plaintiffs as described herein, in violation of their aforesaid guaranteed rights

as follows:

(a)   Defendants conspired to adjudicate Juvenile Plaintiffs as delinquent
      without assistance of counsel and without knowing and intelligent
      waiver of the right to counsel;

(b)   Defendants conspired to adjudicate Juvenile Plaintiffs as
      delinquents without the due process of law;

(c)   Defendants conspired to violate Juvenile Plaintiffs' constitutional
      right to appear before impartial tribunal and to have an opportunity
      to be heard;

(d)   Defendants conspired and  improperly ordered Juvenile Plaintiffs to
      detention centers owned and/or operated by Defendants PACC and/or
      WPACC;

(e)   Defendants conspired to cause the juvenile probation departments to
      recommend detention, where detention is not an appropriate
      disposition;

(f)   Defendants conspired to negotiate and collect monies for the use of
      detention centers owned and/or operated by Defendants PACC
      and/or WPACC;

(g)   Defendants conspired and failed to provide Juvenile Plaintiffs an

adjudication of delinquency by a fair and impartial judge, free

from conflict of interest and personal financial gain;

(h)     Defendants conspired and failed to provide Juvenile Plaintiffs an

adjudication of an appropriate sentence by a fair and impartial

judge, free from conflict of interest and personal financial gain;

(i)     Defendants conspired and failed to impose punishment equal to,

but not exceeding, the alleged violations of Juvenile Plaintiffs;

(j)     Defendants conspired and failed to provide to Juvenile Plaintiffs

probation officers who would ensure juveniles were not placed in a

detention facility when placement was not recommended;

(k)     Defendants conspired and failed to provide to Juvenile Plaintiffs

probation officers who would ensure or advocate that their

recommendations were followed;

(l)     Defendants conspired and failed to provide Juvenile Plaintiffs

timely psychological evaluations thereby increasing the length of

time they were lodged at PACC and/or WPACC; and

(m)    Defendants conspired to adjudicate Juvenile Plaintiffs as

delinquent through involuntary guilty pleas on behalf of the Juvenile

Plaintiffs without knowing, intelligent, and voluntary plea of guilty

and without the Juvenile Plaintiffs being informed of the rights the

Juvenile Plaintiffs have given up as a consequence of the guilty plea.

1172. At all times relevant hereto, Defendants CONAHAN and CIAVARELLA were involved in court proceedings without recusing themselves from matters in which they had a material conflict of interest, and without ever disclosing to parties and entities involved their conflict of interest and their financial relationships with Defendants PACC, WPACC, POWELL and ZAPPALA.

1173. At all times relevant hereto, Defendants CONAHAN and CIAVARELLA are not absolutely immune for out of court actions, signed and unsigned agreements, and conspiracies, which were taken in their administrative capacities.  Those actions, agreements and conspiracies were designed to, and did in fact, deprive the Juvenile Plaintiffs of their constitutional rights unlawfully, and/or recklessly, willfully, wantonly and/or in a manner that shocks the conscience and/or with deliberate and/or reckless indifference.  These administrative acts include, but are not limited to:

(a)     the adoption of procedures for a Specialty Court;

(b)     the signing of the Placement Guarantee Agreement and other agreements;

(c)     actions removing funding for the Luzerne County juvenile detention facility;

(d)     pressuring the probation officers to recommend detention; and/or

(e)     creating a backlog of psychological evaluations thereby increasing the length of time plaintiffs were lodged at PACC and/or WPACC.

1174.  At all times relevant hereto, either Defendant BRULO or Michael Loughney was present or had representation from their office present during all juvenile court proceedings.  Upon information and belief, Defendant BRULO and/or Michael Loughney recklessly, willfully, wantonly and/or in a manner that shocks the conscience and/or with deliberate and/or reckless indifference succumbed to pressure from Defendant CIAVARELLA and CONAHAN to recommend and ensure that juveniles were placed in juvenile detention facilities and were not released.

1175.  At all times relevant hereto, Defendants knew or should have known and acted with deliberate indifference to the fact that the actions of Defendants CONAHAN and CIAVARELLA created the potential for an increased number of juveniles to be sent to PACC and/or WPACC, thus ensuring high occupancy rates and increasing the revenues of PACC and/or WPACC and thereby increasing the return on investment and/or other remuneration to Defendants POWELL, ZAPPALA and others.

1176.  By reason of the aforesaid actions and inactions of the above Named Defendants, Juvenile Plaintiffs suffered substantial injuries, damages, and

special damages not yet fully ascertainable, including but not limited to: physical and personal injuries, pecuniary harm and damages, emotional distress, mental anguish and/or loss of the value of constitutional rights to Plaintiffs some or all of which may be permanent in nature.

WHEREFORE, Juvenile Plaintiffs demand judgment against Defendants POWELL, CONAHAN, CIAVARELLA, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, PLG, BRULO, and VITA, individually, jointly, and/or jointly and severally for compensatory damages and for punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, attorneys' fees and such other relief as this Honorable Court may deem appropriate.

## COUNT IV

### DEPRIVATION OF RIGHTS PURSUANT TO THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

### Parent Plaintiffs v. All Defendants, except Defendant COUNTY OF LUZERNE

1177. Plaintiffs incorporate by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

1178. At all times relevant hereto, Defendants CONAHAN and CIAVARELLA were "persons" within the meaning of 42 U.S.C. § 1983.

1179. At all times relevant hereto, Defendants CONAHAN and CIAVARELLA were acting "under color of state law" pursuant to 42 U.S.C. § 1983.

1180. At all times relevant hereto, Defendant BRULO was a "person" within the meaning of 42 U.S.C. § 1983.

1181. At all times relevant hereto, Defendant BRULO was acting "under color of state law" pursuant to 42 U.S.C. §1983.

1182. At all times relevant hereto, Defendant VITA was a "person" within the meaning of 42 U.S.C. § 1983.

1183. At all times relevant hereto, Defendant VITA, a private psychologist with an exclusive contract with the Luzerne County Department of Probation Services to provide psychological services, was acting "under the color of state law", for the actions that give rise to this lawsuit, pursuant to 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42 (1988).

1184. At all times relevant hereto, Defendants POWELL, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, and PLG, were "persons" within the meaning of 42 U.S.C. § 1983.

1185. At all times relevant hereto, Defendants POWELL, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA

CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, and PLG, were willful participants in joint activity with Defendants CONAHAN and CIAVARELLA and are therefore acting "under color state law", for the actions that give rise to this lawsuit, within the meaning of 42 U.S.C. § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

1186. All Defendants, while acting under the color of state law, unlawfully, and/or recklessly, willfully, wantonly and/or in a manner that shocks the conscience, and/or with deliberate and/or reckless indifference to the Juvenile Plaintiffs and Parent Plaintiffs' rights violated 42 U.S.C. § 1983 and deprived Juvenile Plaintiffs and Parent Plaintiffs of their due process rights as guaranteed under the Fourteenth Amendments to the United States Constitution, in that these Defendants without lawful basis caused the aforementioned injures and damages to the Juvenile Plaintiffs and Parent Plaintiffs as described herein, in violation of their aforesaid guaranteed rights as follows:

(a) Defendants conspired to adjudicate Juvenile Plaintiffs as delinquent without assistance of counsel and without knowing and intelligent waiver of the right to counsel;

(b) Defendants conspired to adjudicate Juvenile Plaintiffs as delinquents without the due process of law;

(c) Defendants conspired to violate Juvenile Plaintiffs' constitutional

right to appear before impartial tribunal and to have an opportunity to be heard;

(d)     Defendants conspired and  improperly ordered Juvenile Plaintiffs to detention centers  owned and/or operated by Defendants PACC and/or WPACC;

(e)     Defendants conspired to cause the juvenile probation departments to recommend detention, where detention is not an appropriate disposition;

(f)     Defendants conspired to negotiate and collect monies for the use of detention centers owned and/or operated by Defendants PACC  and/or WPACC;

(g)     Defendants conspired and failed to provide Juvenile Plaintiffs an adjudication of delinquency by a fair and impartial judge, free from conflict of interest and personal financial gain;

(h)     Defendants conspired and failed to provide Juvenile Plaintiffs an adjudication of an appropriate sentence by a fair and impartial judge, free from conflict of interest and personal financial gain;

(i)     Defendants conspired and failed to impose punishment equal to, but not exceeding, the alleged violations of Juvenile Plaintiffs;

(j)     Defendants conspired and failed to provide to Juvenile Plaintiffs

probation officers who would ensure juveniles were not placed in a
detention facility when placement was not recommended;

(k)   Defendants conspired and failed to provide to Juvenile Plaintiffs
probation officers who would ensure or advocate that their
recommendations were followed;

(l)   Defendants conspired and failed to provide Juvenile Plaintiffs timely
psychological evaluations thereby increasing the length of time they
were lodged at PACC and/or WPACC; and

(m)   Defendants conspired to adjudicate Juvenile Plaintiffs as
delinquent through involuntary guilty pleas on behalf of the Juvenile
Plaintiffs without knowing, intelligent, and voluntary plea of guilty
and without the Juvenile Plaintiffs being informed of the rights the
Juvenile Plaintiffs have given up as a consequence of the guilty plea.

1187.  At all times relevant hereto, Defendants CONAHAN and
CIAVARELLA are not absolutely immune out of court actions, signed and
unsigned agreements, and conspiracies, were taken in their administrative
capacities.  Those actions, agreements and conspiracies were designed to, and did
in fact, deprive the Juvenile Plaintiffs of their constitutional rights unlawfully,
and/or recklessly, willfully, wantonly and/or in a manner that shocks the
conscience, and/or with deliberate and/or reckless indifference.  These

administrative acts include, but are not limited to:

(a)     the adoption of procedures for a Specialty Court;

(b)     the signing of the Placement Guarantee Agreement and other

agreements;

(c)     actions removing funding for the Luzerne County juvenile

detention facility;

(d)     pressuring the probation officers to recommend detention; and/or

(e)     creating a backlog of psychological evaluations thereby increasing

the length of time plaintiffs were lodged at PACC and/or WPACC.

1188. By reason of the aforesaid actions and inactions of Defendants,

Parent Plaintiffs suffered substantial injuries, damages and special damages not yet

fully ascertainable including but not limited to, pecuniary harm, deprivation of

property, and incurred damages for the placement, housing and lodging of their

children at the juvenile detention facilities owned by Defendants PACC and/or

WPACC.

WHEREFORE, Parent Plaintiffs demand judgment against Defendants

POWELL, CONAHAN, CIAVARELLA, PACC, WPACC, MERICLE, MERICLE

CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN,

CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, PLG, BRULO,

and VITA, individually, jointly, and/or jointly and severally for compensatory

damages and for punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, attorneys' fees and such other relief as this Honorable Court may deem appropriate.

## COUNT V

## DEPRIVATION OF SUBSTANTIVE DUE PROCESS RIGHTS PURSUANT TO THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

### Parent Plaintiffs v. All Defendants, except Defendant COUNTY OF LUZERNE

1189. Plaintiffs incorporate by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

1190. At all times relevant hereto, Defendants CONAHAN and CIAVARELLA were "persons" within the meaning of 42 U.S.C. § 1983.

1191. At all times relevant hereto, Defendants CONAHAN and CIAVARELLA were acting "under color of state law" pursuant to 42 U.S.C. § 1983.

1192. At all times relevant hereto, Defendant BRULO was a "person" within the meaning of 42 U.S.C. § 1983.

1193. At all times relevant hereto, Defendant BRULO was acting "under color of state law" pursuant to 42 U.S.C. §1983.

1194. At all times relevant hereto, Defendant VITA was a "person" within the meaning of 42 U.S.C. § 1983.

1195.  At all times relevant hereto, Defendant VITA, a private psychologist with an exclusive contract with the Luzerne County Department of Probation Services to provide psychological services, was acting "under the color of state law", for actions that give rise to this lawsuit, pursuant to 42 U.S.C. § 1983.  *See West v. Atkins*, 487 U.S. 42 (1988).

1196.  At all times relevant hereto, Defendants POWELL, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, and PLG,  were "persons" within the meaning of 42 U.S.C. § 1983.

1197.  At all times relevant hereto, Defendants POWELL, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, and PLG,  were willful participants in joint activity with Defendants CONAHAN and CIAVARELLA and are therefore acting "under color state law", for actions that give rise to this lawsuit, within the meaning of 42 U.S.C. § 1983.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

1198.  All Defendants, while acting under the color of state law, unlawfully, and/or recklessly, willfully, wantonly and/or in a manner that shocks the conscience, and/or with deliberate and/or reckless indifference to the Parent Plaintiffs' rights violated 42 U.S.C. § 1983 and deprived Parent Plaintiffs of their

substantive due process rights as guaranteed under the Fourteenth Amendments to the United States Constitution in that these Defendants without lawful basis caused the aforementioned injures and damages to the Parent Plaintiffs as described herein, in violation of their aforesaid guaranteed rights caused Parent Plaintiffs to be deprived of their substantive due process right to familial integrity as follows:

(a)     Defendants conspired to adjudicate Juvenile Plaintiffs as delinquent without assistance of counsel and without knowing and intelligent waiver of the right to counsel;

(b)     Defendants conspired to adjudicate Juvenile Plaintiffs as delinquents without the due process of law;

(c)     Defendants conspired to violate Juvenile Plaintiffs' constitutional right to appear before impartial tribunal and to have an opportunity to be heard;

(d)     Defendants conspired and  improperly ordered Juvenile Plaintiffs to detention centers  owned and/or operated by Defendants PACC and/or WPACC;

(e)     Defendants conspired to cause the Juvenile Plaintiffs departments to recommend detention, where detention is not an appropriate disposition;

(f)     Defendants conspired to negotiate and collect monies for the use of

detention centers owned and/or operated by Defendants PACC and/or WPACC;

(g)    Defendants conspired and failed to provide Juvenile Plaintiffs an adjudication of delinquency by a fair and impartial judge, free from conflict of interest and personal financial gain;

(h)    Defendants conspired and failed to provide Juvenile Plaintiffs an adjudication of an appropriate sentence by a fair and impartial judge, free from conflict of interest and personal financial gain;

(i)    Defendants conspired and failed to impose punishment equal to, but not exceeding, the alleged violations of Juvenile Plaintiffs;

(j)    Defendants conspired and failed to provide to Juvenile Plaintiffs probation officers who would ensure juveniles were not placed in a detention facility when placement was not recommended;

(k)    Defendants conspired and failed to provide to Juvenile Plaintiffs probation officers who would ensure or advocate that their recommendations were followed;

(l)    Defendants conspired and failed to provide Juvenile Plaintiffs timely psychological evaluations thereby increasing the length of time they were lodged at PACC and/or WPACC; and

(m)    Defendants conspired to adjudicate Juvenile Plaintiffs as delinquent

through involuntary guilty pleas on behalf of the Juvenile Plaintiffs
without knowing, intelligent, and voluntary plea of guilty and without
the Juvenile Plaintiffs being informed of the rights the Juvenile
Plaintiffs have given up as a consequence of the guilty plea.

1199. At all times relevant hereto, Defendants CONAHAN and
CIAVARELLA are not absolutely immune for out of court actions, signed and
unsigned agreements, and conspiracies, which were taken in their administrative
capacities.  Those actions, agreements and conspiracies were designed to, and did
in fact, deprive the Juvenile Plaintiffs of their constitutional rights unlawfully,
and/or recklessly, willfully, wantonly and/or in a manner that shocks the
conscience, and/or with deliberate and/or reckless indifference.  These
administrative acts include, but are not limited to:

(a)     the adoption of procedures for a Specialty Court;

(b)     the signing of the Placement Guarantee Agreement and other
        agreements;

(c)     actions removing funding for the Luzerne County juvenile
        detention facility;

(d)     pressuring the probation officers to recommend detention; and/or

(e)     creating a backlog of psychological evaluations thereby increasing
        the length  of time plaintiffs were lodged at PACC and/or WPACC.

1200. At all times relevant hereto, Defendants knew or should have known and acted with deliberate indifference to the fact that the actions of Defendants CONAHAN and CIAVARELLA created the potential for an increased number of juveniles to be sent to PACC and/or WPACC, thus ensuring high occupancy rates and increasing the revenues of PACC and/or WPACC and thereby increasing the return on investment and/or other remuneration to Defendants POWELL, ZAPPALA, and others.

1201. By reason of the aforesaid actions and inactions of Defendants, Parent Plaintiffs suffered substantial injuries, damages and special damages not yet fully ascertainable, including but no limited to: physical and personal injuries, emotional distress and/or mental anguish, some or all of which may be permanent in nature.

WHEREFORE, Parent Plaintiffs demand judgment against Defendants POWELL, CONAHAN, CIAVARELLA, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, PLG, BRULO, and VITA, individually, jointly, and/or jointly and severally for compensatory damages and for punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, attorneys' fees and such other relief as this Honorable Court may deem appropriate.

## COUNT VI

## DEPRIVATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS PURSUANT TO THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

### All Plaintiffs v. Defendant COUNTY OF LUZERNE

1202.  Plaintiffs incorporate by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

1203.  At all times relevant hereto, Defendant COUNTY OF LUZERNE was a "person" within the meaning of 42 U.S.C. § 1983.  *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

1204.  In Defendant CONAHAN's taking of official actions regarding the funding of the Luzerne County Juvenile Detention Facility, Defendant CONAHAN was acting as an employee and/or agent and/or other representative of the COUNTY OF LUZERNE.

1205.  At all times relevant hereto, Defendant CONAHAN was the person with final authority, in the COUNTY OF LUZERNE, regarding taking official action regarding the funding of the Luzerne County Juvenile Detention Facility. Therefore, these actions represent the "policy" of the COUNTY OF LUZERNE and the COUNTY OF LUZERNE is liable under 42 U.S.C. § 1983 for these actions.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

1206.  Defendant CONAHAN took these actions as part of a larger

conspiracy to violate All Plaintiffs' Constitutional Rights, as set forth herein.

1207.  Defendant CONAHAN, a person with final authority for the COUNTY OF LUZERNE, acted in concert with and/or conspired with Defendants POWELL, CIAVARELLA, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, PLG, BRULO, and VITA.

1208.  As a result, Defendant COUNTY OF LUZERNE is liable for the actions of Defendants POWELL, CIAVARELLA, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, PLG, BRULO, and VITA due to their conspiracy.

1209.  At all times relevant hereto, Defendant BRULO, and/or Michael Loughney, was the individual with final authority, for the COUNTY OF LUZERNE, regarding juvenile probation recommendations made by the County Department of Probation Therefore, these action represent the "policy" of the COUNTY OF LUZERNE and the COUNTY OF LUZERNE is liable under 42 U.S.C. § 1983 for these actions.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

1210.  Defendant BRULO and/or Michael Loughney took these actions as

part of a larger conspiracy to violate All Plaintiffs' Constitutional Rights, as set forth herein.

1211. Defendant BRULO, a person with final authority for the COUNTY OF LUZERNE, acted in concert with and/or conspired with Defendants POWELL, CONAHAN, CIAVARELLA, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, PLG, and VITA.

1212. As a result, Defendant COUNTY OF LUZERNE is liable for the actions of Defendants POWELL, CONAHAN, CIAVARELLA, PACC, WPACC, MERICLE, MERICLE CONSTRUCTION, ZAPPALA, PINNACLE, BARBARA CONAHAN, CYNTHIA CIAVARELLA, BEVERAGE, VISION, DOE, MAYS, PLG, and VITA due to their conspiracy.

1213. The persons with final authority, including but not limited to Defendant BRULO, Michael Loughney and Defendant CONAHAN, for the COUNTY OF LUZERNE regarding the juvenile justice system were deliberately indifferent to the constitutional violations that were taking place within the Luzerne County Juvenile Justice System.

1214. As a result, the COUNTY OF LUZERNE is liable for the deliberate indifference of the persons with final authority over the Luzerne County Juvenile

Justice System.

1215. Defendant CIAVARELLA instituted a custom, policy and practice in the Luzerne County Juvenile Court from 2003 to 2008 of denying Juvenile Plaintiffs their constitutional rights, including the right to counsel, the right against self-incrimination, and the right to be advised of the consequences of waiving counsel or entering a guilty plea such that waivers and pleas are knowing, intelligent, and voluntary, as required by the due process provisions of the United States Constitution.

1216. These practices in the Luzerne County Juvenile Court, which deprived Juvenile Plaintiffs of their constitutional rights, were "permanent and well settled" as to have the "force of law." *Monell v. Department of Social Services of New York City,* 436 U.S. 658, 691 (1978).

1217. The COUNTY OF LUZERNE's routine and persistent noncompliance with controlling United States Supreme Court case law, Pennsylvania statutory law, and Pennsylvania court rules over a period of five years amounted to a custom or policy of the county for purposes of § 1983 liability. *Anela v. Wildwood,* 790 F.2d 1063, 1067 (3d. Cir. 1986).

WHEREFORE, All Plaintiffs demand judgment against Defendant COUNTY OF LUZERNE for compensatory damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs

of suit, attorneys' fees and such other relief as this Honorable Court may deem appropriate.

## COUNT VII

## CIVIL CONSPIRACY

**All Plaintiffs v. Defendants PACC, WPACC, POWELL, ZAPPALA, MERICLE,  MERICLE CONSTRUCTION, MAYS, CONAHAN, CIAVARELLA, BARBARA CONAHAN and CYNTHIA CIAVARELLA**

1218.  Plaintiffs incorporate by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

1219.  At all times relevant hereto, Defendants PACC, WPACC, POWELL, ZAPPALA, MERICLE, MERICLE CONSTRUCTION, MAYS, CONAHAN, CIAVARELLA, BARBARA CONAHAN and CYNTHIA CIAVARELLA conspired to commit unlawful acts, including but not limited to providing kick backs and/or bribes to Defendants CONAHAN and CIAVARELLA.

1220.  Defendants PACC, WPACC, POWELL, ZAPPALA, MERICLE, MERICLE CONSTRUCTION, MAYS, CONAHAN, CIAVARELLA, BARBARA CONAHAN and CYNTHIA CIAVARELLA committed overt acts, including but not limited to, providing kick backs and/or bribes to Defendants CONAHAN and CIAVARELLA.  In addition, Said Defendants committed the overt acts in furtherance of the common purpose of the conspiracy, which are more fully described in paragraphs 1143 and 1150.

1221. As a result of Defendants PACC, WPACC, POWELL, ZAPPALA, MERICLE, MERICLE CORPORATION, MAYS, CONAHAN, CIAVARELLA, BARBARA CONAHAN and CYNTHIA CIAVARELLA's conspiracy to commit said unlawful acts, the said Defendants knew or should have known that the natural consequence of said unlawful acts would result in Juvenile Plaintiffs being unlawfully detained at either PACC or WPACC and suffering actual legal damages as specifically set forth in paragraph 1176 in addition to the unlawful detention.

1222. As a result of Defendants PACC, WPACC, POWELL, ZAPPALA, MERICLE, MERICLE CORPORATION, MAYS, CONAHAN, CIAVARELLA, BARBARA CONAHAN and CYNTHIA CIAVARELLA's conspiracy to commit said unlawful acts, said Defendants knew or should have known that the natural consequence of said unlawful acts would result in Parent Plaintiffs loss of property rights and deprivation of right to familial integrity and suffering actual legal damages as specifically set forth in paragraphs 1157, 1158, 1188 and 1201.

WHEREFORE, All Plaintiffs demand judgment against Defendants PACC, WPACC, POWELL, ZAPPALA, MERICLE, MERICLE CORPORATION, MAYS, CONAHAN, CIAVARELLA, BARBARA CONAHAN and CYNTHIA CIAVARELLA, for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, attorneys' fees and such other relief as this Honorable Court may deem

appropriate.

## COUNT VIII

## FALSE IMPRISONMENT

### Juvenile Plaintiffs v. Defendants PACC, WPACC, POWELL, ZAPPALA, and MAYS

1223. Plaintiffs incorporate by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

1224. At all times relevant hereto, Juvenile Plaintiffs were detained at Defendants PACC and/or WPACC.

1225. At all times relevant hereto, Juvenile Plaintiffs were aware they were detained while at Defendant PACC and/or WPACC.

1226. At all times relevant hereto, Defendants PACC, WPACC, POWELL, ZAPPALA, and MAYS conspired to facilitate the detention of Juvenile Plaintiffs at Defendants PACC and/or WPACC by paying kickbacks to Defendants CIAVARELLA and CONAHAN.

1227. At all times relevant hereto, the detention of Juvenile Plaintiffs by Defendants PACC, WPACC, POWELL, ZAPPALA, and MAYS was unlawful.

1228. As a result of their involvement in the conspiracy, specifically set forth in paragraphs 1143 and 1150, Said Defendants knew or should have known that the Orders issued by Defendant CIAVARELLA to detain

Juvenile Plaintiffs were procured by illegal means, thereby eliminating the

probable cause necessary for a lawful detention and resulting in the unlawful

detention of Juvenile Plaintiffs.  *See Grohmann v. Kirschman*, 168 Pa. 189,

32 A. 32 (Pa. 1895), *see also Fillman v. Ryon*, 168 Pa. 484, 32 A. 89 (1895).

1229. As a result of Defendants PACC, WPACC, POWELL, ZAPPALA,

and MAYS' conspiracy that lead to false imprisonment, the said Defendants knew

or should have known that the natural consequence of false imprisonment would

result in Juvenile Plaintiffs being unlawfully detained at either PACC or WPACC

and suffering actual legal damages as specifically set forth in paragraph 1176, in

addition to the unlawful detention.

WHEREFORE, All Plaintiffs demand judgment against Defendants PACC,

WPACC, POWELL, ZAPPALA, and MAYS, for compensatory and punitive

damages in an amount in excess of One Hundred Fifty Thousand Dollars

($150,000.00), together with interest, costs of suit, attorneys' fees and such other

relief as this Honorable Court may deem appropriate.

CAROSELLI BEACHLER MCTIERNAN
& CONBOY


By: /s  William R. Caroselli
    WILLIAM R. CAROSELLI, ESQUIRE
    20 STANWIX STREET, 7TH FLOOR
    PITTSBURGH, PA 19522
    T: (412) 391-9860
    F: (412) 391-7453

DAVID S. SENOFF, ESQUIRE
RICHARD C. DEFRANCESCO, ESQUIRE
LAUREN C. FANTINI, ESQUIRE
CAROSELLI BEACHLER MCTIERNAN
& CONBOY
1500 WALNUT STREET, SUITE 507
PHILADELPHIA, PA 19102
T: (215) 609-1350
F: (215) 609-1351

MICHAEL J. CEFALO, ESQUIRE
JAMES J. ALBERT, ESQUIRE
CEFALO & ASSOCIATES
309 WYOMING AVENUE
WEST PITTSTON, PA 18643
T: (570) 655-5555
F: (570) 655-5100

*ATTORNEYS FOR PLAINTIFFS*

Date:  May 28, 2009

# TABLE OF CONTENTS

Criminal Information in *United States of America v. Michael T. Conahan and Mark A. Ciavarella, Jr.*, M.D. Pa. No. 3:09-CR-028 (January 26, 2009), Exhibit "A";

Plea Agreements in *United States of America v. Michael T. Conahan* and *United States of America v. Mark A. Ciavarella*, M.D. Pa. No. 3:09-CR-028 (January 26, 2009), Exhibit "B";

Commonwealth of Pennsylvania, Department of Public Welfare, Bureau of Financial Operations February 11, 2009 Draft Proposed Audit Report of Western PA Child Care, LLC, Exhibit "C."