# EXHIBIT B

UNITED STATES DISTRICT COURT    FILED
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA SCRANTON

3:09-CR-028    JAN 2 6 2009

UNITED STATES OF AMERICA    )    NO.    PER

)

v.    )    (JUDGE    )    DEPUTY CLERK

)

MARK A. CIAVARELLA, JR.    )    ELECTRONICALLY FILED

**PLEA AGREEMENT**

The following plea agreement is entered into by and between the United

States Attorney for the Middle District of Pennsylvania and the above-captioned

defendant. Any reference to the United States or to the Government in this

Agreement shall mean the office of the United States Attorney for the Middle

District of Pennsylvania.

The defendant and counsel for both parties agree that the United States

Sentencing Commission Guidelines which took effect on November 1, 1987, as

amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will

apply to the offenses to which the defendant is pleading guilty.

1.    Plea of Guilty. The defendant agrees to waive indictment by a federal

grand jury and plead guilty to Count One of an Information which will be filed

against him charging the defendant with a violation of Title 18, United States Code,

Section 1343 and 1346, using the wires to defraud the citizens of Pennsylvania of

the right to honest services by an elected public official. The maximum penalty for the offense is imprisonment for a period of 20 years, a fine of $250,000, a maximum term of supervised release of up to 5 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense(s) charged in that count.

The defendant further agrees to plead guilty to Count Two of the same Information, which will charge the defendant with a violation of Title 18, United States Code, Section 371, conspiracy to defraud the United States by impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of the revenue, to wit, income taxes. The maximum penalty for the offense is imprisonment for a period of 5 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or

2

supervised release order, denial of certain federal benefits and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense charged in that count.

The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, or a pre-sentence hearing, or at a sentencing hearing. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may at its sole election prosecute any charges currently under investigation related to this matter in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the prosecution of these charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence of incarceration imposed pursuant to this plea agreement. This waiver

3

does not apply in the event that the statutes(s) under which this prosecution was brought is later declared unconstitutional.

2.     Supervised Release. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.     Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a)     The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b)     The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

(c)     The defendant pay any fine imposed

4

in accordance with a schedule to be
determined by the court.

(d)    The defendant be prohibited
       from incurring new credit charges
       or opening additional lines of
       credit without approval of the
       probation office unless the
       defendant is in compliance with the
       payment schedule.

(e)    The defendant be directed to provide the probation
       office and the United States Attorney access to any
       requested financial information.

(f)    The defendant be confined in a community
       treatment center, halfway house or similar facility.

(g)    The defendant be placed under house
       detention.

(h)    The defendant be ordered to perform
       community service.

(i)    The defendant be restricted from
       working in certain types of occupation
       or with certain individuals, if the Government
       deems such restrictions to be appropriate.

(j)    The defendant be denied certain federal benefits
       including contracts, grants, loans, fellowships and
       licenses.

(k)    The defendant be directed to pay any state or
       federal taxes and file any and all state and federal
       tax returns as required by law.

5

4. <u>Fine</u>. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the

defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>. The defendant understands that the Court will impose a special assessment of $200.00 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court." Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

8. <u>Financial Litigation Unit Investigation</u>. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's

7

Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit. Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

9.     No Further Prosecution. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offenses described above.

10.    Acceptance of Responsibility–Three Levels. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, the defendant has assisted authorities in the

8

investigation and prosecution of his own misconduct by timely notifying authorities
of his intention to enter a plea of guilty, thereby permitting the government to avoid
preparing for trial and permitting the government and the court to allocate its
resources efficiently. Accordingly, if the defendant can adequately demonstrate this
acceptance of responsibility to the government, the United States Attorney's Office
hereby moves at sentencing that the defendant receive a three-level reduction in the
defendant's offense level for acceptance of responsibility. The failure of the Court
to find that the defendant is entitled to this three-level reduction shall not be a basis
to void this plea agreement.

11.    Rule 11(c)(1)(C) Binding Agreement. Pursuant to Rule 11(c)(1)(C) of
the Federal Rules of Criminal Procedure, the government and the defendant
stipulate and agree to the following regarding the defendant's offense level, criminal
history category, and sentence:

> The parties agree that the defendant will receive a total period of
> incarceration of 87 months imprisonment. The parties further agree
> that all other sentencing options, such as the amount of any fine up to
> the statutory maximum of $500,000, the amount of restitution, if any,
> to be paid by the defendant and the period of supervised release to be
> served by the defendant of up to 5 years, are all matters that shall be
> left to the discretion of the sentencing court, including but not limited
> to special assessments, costs and conditions of supervised release that
> the sentencing court deems to be appropriate. The parties agree that
> the sentence of incarceration is a reasonable sentence under the facts
> and circumstances of this case.

9

If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence greater or less than that agreed to by the parties, then either party has the right to withdraw from this agreement and withdraw any guilty plea entered.

12.    Mandatory Restitution Act. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments. While the defendant reserves the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of this restitution. Towards this goal, the defendant agrees that the United States at its sole election may elect to pursue civil and/or criminal forfeiture to aid in recovery of the amount of the victim restitution owed in this case only, and the Court may enter, both a restitution order

10

and a forfeiture judgment in the amount of any unpaid restitution found due and

owing by the Court at the time of sentencing in this matter. The defendant

understands that the filing of any civil complaint or superseding information may be

necessary to perfect a forfeiture order. The parties agree that any restitution

payments obtained by the United States or the victim will be applied by the United

States to reduce both the restitution obligation in this case and any forfeiture order

entered by the Court to aid in recovery of restitution. The parties further agree that

the Government will recommend that any assets recovered through forfeiture

proceedings will be remitted to crime victims to reduce the defendant's restitution

obligation in this case.

13.    Background Information for Probation Office.  The defendant also

understands that the United States will provide to the United States Probation

Office all information in its possession which the United States deems relevant

regarding the defendant's background, character, cooperation, if any, and

involvement in this or other offenses.

14.    Objections to Pre-Sentence Report.  The defendant understands that

pursuant to the United States District Court for the Middle District of Pennsylvania

"Policy for Guideline Sentencing" both the United States and defendant must

communicate to the probation officer within fourteen (14) days after disclosure of

11

the pre-sentence report any objections they may have as to material information,
sentencing classifications, sentencing guideline ranges and policy statements
contained on or omitted from the report. The defendant agrees to meet with the
United States at least five (5) days prior to sentencing in a good faith attempt to
resolve any substantive differences. If any issues remain unresolved, they shall be
communicated to the probation officer for his inclusion on an addendum to the pre-
sentence report. The defendant agrees that unresolved substantive objections will
be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing
hearing where the standard of proof will be a preponderance of the evidence, and
the Federal Rules of Evidence, other than with respect to privileges, shall not apply
under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence,
including hearsay. Objections by the defendant to the pre-sentence report or the
Court's rulings, will not be grounds for withdrawal of a plea of guilty.

15.    Victims' Rights. The defendant understands that pursuant to the
Victim and Witness Protection Act, the Justice for All Act, and the regulations
promulgated under those Acts by the Attorney General of the United States, crime
victims have the following rights:

(a) The right to be reasonably protected from the accused.
(b) The right to reasonable, accurate, and timely notice of any public court
proceeding or any parole proceeding, involving the crime or of any release or
escape of the accused.

12

(c) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(d) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

(e) The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

(f) The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

(g) The right to proceedings free from unreasonable delay.

(h) The right to be treated with fairness and with respect for the victim's dignity and privacy.

16.    Relevant Sentencing Information.  At the sentencing, the United States

will be permitted to bring to the Court's attention, and the Court will be permitted to

consider, all relevant information with respect to the defendant's background,

character and conduct including the conduct that is the subject of the charges which

the United States has agreed to dismiss, and the nature and extent of the defendant's

cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

17.    Transfer of Case to IRS. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

18.    Collection Action by IRS. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

19.    Rule 6(e) Order for Transfer of Information to IRS. The defendant agrees to interpose no objections to the entry of an order under Fed.R.Crim.P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service. The parties agree that the defendant will have access to and be permitted to copy any 6(3) material that is turned over to the IRS.

14

20.    Cooperation with IRS. The defendant agrees to fully comply and cooperate with the Internal Revenue Service by using his best efforts to file all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns which may come due during the term of incarceration, probation or supervised release. The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty plea. The defendant further agrees to pay all taxes, interests and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States. The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case. The parties agree to exercise their best efforts to resolve outstanding tax issues by the time of sentencing.

21. Resignation of Position. The defendant agrees to resign the defendant's position as Judge of the Court of Common Pleas for Luzerne County, Pennsylvania within ten days of the acceptance by the Court of this plea agreement. The defendant also agrees to neither seek nor accept any public or elective office or

position of public trust for 10 years or the period of any probation received whichever is longer and agrees that the latter requirement shall be a condition of any term of probation.

22.    Joint Plea Agreements. The defendant agrees and understands that an express condition of this plea agreement is that co-defendant MICHAEL T. CONAHAN waive indictment and plead guilty to a two-count felony information charging MICHAEL T. CONAHAN with honest services wire fraud in violation of Title 18, United States Code, sections 1343 and 1346, and conspiracy to defraud the United States, in violation of Title 18, United States Code, section 371. Failure of co-defendant MICHAEL T. CONAHAN to plead guilty to that information will be grounds for the United States to rescind the plea agreement and proceed to trial against the defendant on charges returned by indictment of a Grand Jury. In addition, the defendant agrees that the United States may at its sole election reinstate any dismissed counts in the event that the charges to which the co-defendant MICHAEL T. CONAHAN has pleaded guilty are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of those charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or

any other grounds in the event that the co-defendant successfully vacates or sets aside any conviction imposed upon the information.

23.    <u>Disbarment</u>. Within 10 days of the acceptance of the plea agreement by the Court, the defendant agrees to surrender his license to practice law and to submit to disbarment upon consent. It is further understood and agreed that the future status of any professional license held by the defendant, including the defendant's license to practice law, is not protected by this agreement and is a matter solely within the discretion of the appropriate licensing authority. The United States may in its discretion provide to any such authority. The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

24.    <u>Appeal Waiver</u>. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence of incarceration, including a sentence imposed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Both parties retain the right to challenge any other aspect of the sentence.

25.    <u>Agreement Not Binding on Other Agencies</u>. Nothing in this agreement shall bind any other United States Attorney's Office, state prosecutor's

17

office or federal, state or local law enforcement agency. The United States is unaware of any investigation of the defendants other than the investigation that gave rise to the charges to which the defendant will plead guilty.

26.    Violation of Law While Plea or Sentence Pending. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing,  the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

18

27.    Plea Agreement Serves Ends of Justice. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

28.    Merger of All Prior Negotiations. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

29.    Deadline for Acceptance of Plea Agreement. The original of this agreement must be signed by the defendant and defense counsel and received by the

United States Attorney's Office on or before 5:00 p.m., January 19, 2009, otherwise
the offer may, in the sole discretion of the Government, be deemed withdrawn.

   30.   Required Signatures.  None of the terms of this agreement shall be
binding on the Office of the United States Attorney for the Middle District of
Pennsylvania until signed by the defendant and defense counsel and until signed by
the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.
I fully understand it and I voluntarily agree to it.

1-23-09
Date

MARK A. CIAVARELLA, JR., Defendant

20

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.


_1/23/09_
Date

ALBERT J. FLORA, Esquire
Counsel for Defendant


_1/23/09_
Date

WILLIAM RUZZO, Esquire
Counsel for Defendant


_1-26-09_
Date

MARTIN C. CARLSON
United States Attorney


GADZ/gadz      USAO NO. 2006R00456      1/14/09

Post-Booker Plea Agreement 11/6/08


21

MCC:WSE:al

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

3:09-CR-028

UNITED STATES OF AMERICA    )    CRIMINAL NO.
                            )                      JAN 2 6 2009
              v.            )
                            )                      PER _____
MARK A. CIAVARELLA,         )                          DEPUTY CLERK
                            )
          Defendant

## STATEMENT OF DEFENDANT

1.  I understand the nature of the charges contained in the
two-count information to which I propose to plead guilty to be: a
violation of Title 18, United States Code, Sections 1343 and 1346
(honest services wire fraud) and a violation of Title 18, United
States Code, section 371 (conspiracy to defraud the United
States).

2.  I further understand that, absent my plea agreement
entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of
Criminal Procedure, the Judge could, if he chose, impose a
sentence of up to 25 years, a fine of $500,000.00, a period of
supervised release of up to five years, a special assessment in
the amount of $200, and could require me to make full
restitution.

3.  I am represented by attorneys, William Ruzzo, Esq. and
Albert Flora, Esq.; I fully understand that I have the right to
be represented by an attorney at every stage of these proceedings

against me and, if necessary, one will be appointed to represent me.

4. I understand that I have the right to plead not guilty that I have the right to be tried by a jury and at that trial have the right to assistance of counsel; that I have the right to confront and cross-examine witnesses against me; and that I have the right not to be compelled to incriminate myself. I recognize that I have the right to move to suppress the evidence against me, to present my own case to the jury, call witnesses on my behalf and subpoena records in my defense. I realize that, by pleading guilty, I am giving up all of these rights.

5. I understand that if I enter a plea of guilty to the Information, there will not be a further trial of any kind so that by pleading guilty, I am waiving the right to a trial.

6. I have discussed these matters with my attorneys and am satisfied with their representation of me in these proceedings.

7. No promise, threats or any other inducements of any kind have been made to me in regard to my plea of guilty, apart from the plea agreement. I am entering into this plea voluntarily with full knowledge of what rights I am giving up.

8. I am aware that, by entering a plea of guilty, I am admitting that what the Government says about me in the Information is true and that I did, in fact, commit the offenses with which I am charged.

9.  I understand that if I enter a plea of guilty to the Information, the Court may ask me questions about the offenses to which I have pleaded, and if I answer those questions falsely under oath, on the record, and in the presence of counsel, my answers later may be used against me in a prosecution for perjury or false statement.

I fully understand the foregoing statement, consisting of three (3) typewritten pages.

MARK A. CIAVARELLA

WILLIAM RUZZO, ESQUIRE
Counsel for Defendant

ALBERT FLORA, ESQUIRE
Counsel for Defendant

3

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA SCRANTON

FILED

3:09-CR-028    JAN 2 6 2009

PER _____

DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. |
| | ) | |
| v. | ) | (JUDGE        ) |
| | ) | |
| MICHAEL T. CONAHAN | ) | ELECTRONICALLY FILED |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United

States Attorney for the Middle District of Pennsylvania and the above-captioned

defendant.  Any reference to the United States or to the Government in this

Agreement shall mean the office of the United States Attorney for the Middle

District of Pennsylvania.

The defendant and counsel for both parties agree that the United States

Sentencing Commission Guidelines which took effect on November 1, 1987, as

amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will

apply to the offenses to which the defendant is pleading guilty.

1.    Plea of Guilty.  The defendant agrees to waive indictment by a federal

grand jury and plead guilty to Count One of an Information which will be filed

against him charging the defendant with a violation of Title 18, United States

Code, Section 1343 and 1346, using the wires to defraud the citizens of

Pennsylvania of the right to honest services by an elected public official. The maximum penalty for the offense is imprisonment for a period of 20 years, a fine of $250,000, a maximum term of supervised release of up to 5 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense(s) charged in that count.

The defendant further agrees to plead guilty to Count Two of the same Information, which will charge the defendant with a violation of Title 18, United States Code, Section 371, conspiracy to defraud the United States by impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of the revenue, to wit, income taxes. The maximum penalty for the offense is imprisonment for a period of 5 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment,

2

probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense charged in that count.

The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, or a pre-sentence hearing, or at a sentencing hearing. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may at its sole election prosecute any charges currently under investigation related to this matter in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the prosecution of these charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence of incarceration imposed pursuant

3

to this plea agreement. This waiver does not apply in the event that the statutes(s) under which this prosecution was brought is later declared unconstitutional.

2.    <u>Supervised Release</u>. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.    <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

    (a)    The defendant be prohibited from possessing a firearm or other dangerous weapon.

    (b)    The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

4

(c)   The defendant pay any fine imposed
in accordance with a schedule to be
determined by the court.

(d)   The defendant be prohibited
from incurring new credit charges
or opening additional lines of
credit without approval of the
probation office unless the
defendant is in compliance with the
payment schedule.

(e)   The defendant be directed to provide the probation
office and the United States Attorney access to any
requested financial information.

(f)   The defendant be confined in a community
treatment center, halfway house or similar facility.

(g)   The defendant be placed under house
detention.

(h)   The defendant be ordered to perform
community service.

(i)   The defendant be restricted from
working in certain types of occupation
or with certain individuals, if the Government
deems such restrictions to be appropriate.

(j)   The defendant be denied certain federal benefits
including contracts, grants, loans, fellowships and
licenses.

(k)   The defendant be directed to pay any state or
federal taxes and file any and all state and federal
tax returns as required by law.

5

4.   <u>Fine</u>. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5.   <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6.   <u>Inmate Financial Responsibility Program</u>. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to

6

50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.    Special Assessment. The defendant understands that the Court will impose a special assessment of $200.00 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court." Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

8.    Financial Litigation Unit Investigation. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's

7

Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit. Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

9.    No Further Prosecution. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offenses described above.

10.    Acceptance of Responsibility–Three Levels. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, the defendant has assisted authorities in the

8

investigation and prosecution of his own misconduct by timely notifying

authorities of his intention to enter a plea of guilty, thereby permitting the

government to avoid preparing for trial and permitting the government and the

court to allocate its resources efficiently. Accordingly, if the defendant can

adequately demonstrate this acceptance of responsibility to the government, the

United States Attorney's Office hereby moves at sentencing that the defendant

receive a three-level reduction in the defendant's offense level for acceptance of

responsibility. The failure of the Court to find that the defendant is entitled to this

three-level reduction shall not be a basis to void this plea agreement.

11.    Rule 11(c)(1)(C) Binding Agreement. Pursuant to Rule 11(c)(1)(C)

of the Federal Rules of Criminal Procedure, the government and the defendant

stipulate and agree to the following regarding the defendant's offense level,

criminal history category, and sentence:

> The parties agree that the defendant will receive a total period
> of incarceration of 87 months imprisonment. The parties further
> agree that all other sentencing options, such as the amount of any fine
> up to the statutory maximum of $500,000, the amount of restitution, if
> any, to be paid by the defendant and the period of supervised release
> to be served by the defendant of up to 5 years, are all matters that
> shall be left to the discretion of the sentencing court, including but
> not limited to special assessments, costs and conditions of supervised
> release that the sentencing court deems to be appropriate. The parties
> agree that the sentence of incarceration is a reasonable sentence under
> the facts and circumstances of this case.

9

If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence greater or less than that agreed to by the parties, then either party has the right to withdraw from this agreement and withdraw any guilty plea entered.

12.    Mandatory Restitution Act.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments.  While the defendant reserves the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of this restitution. Towards this goal, the defendant agrees that the United States at its sole election may elect to pursue civil and/or criminal forfeiture to aid in recovery of the amount of the victim restitution owed in this case only, and the Court may

10

enter, both a restitution order and a forfeiture judgment in the amount of any

unpaid restitution found due and owing by the Court at the time of sentencing in

this matter. The defendant understands that the filing of any civil complaint or

superseding information may be necessary to perfect a forfeiture order. The parties

agree that any restitution payments obtained by the United States or the victim will

be applied by the United States to reduce both the restitution obligation in this

case and any forfeiture order entered by the Court to aid in recovery of restitution.

The parties further agree that the Government will recommend that any assets

recovered through forfeiture proceedings will be remitted to crime victims to

reduce the defendant's restitution obligation in this case.

13.    Background Information for Probation Office.  The defendant also

understands that the United States will provide to the United States Probation

Office all information in its possession which the United States deems relevant

regarding the defendant's background, character, cooperation, if any, and

involvement in this or other offenses.

14.    Objections to Pre-Sentence Report.  The defendant understands that

pursuant to the United States District Court for the Middle District of

Pennsylvania "Policy for Guideline Sentencing" both the United States and

defendant must communicate to the probation officer within fourteen (14) days

after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

15.    Victims' Rights. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

(a) The right to be reasonably protected from the accused.

12

(b) The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

(c) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(d) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

(e) The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

(f) The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

(g) The right to proceedings free from unreasonable delay.

(h) The right to be treated with fairness and with respect for the victim's dignity and privacy.

16.  <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's

13

background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

17. <u>Transfer of Case to IRS</u>. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

18. <u>Collection Action by IRS</u>. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

19. <u>Rule 6(e) Order for Transfer of Information to IRS</u>. The defendant agrees to interpose no objections to the entry of an order under Fed.R.Crim.P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of

14

the Internal Revenue Service. The parties agree that the defendant will have access to and be permitted to copy any 6(3) material that is turned over to the IRS.

20.     Cooperation with IRS.  The defendant agrees to fully comply and cooperate with the Internal Revenue Service by using his best efforts to file all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns which may come due during the term of incarceration, probation or supervised release. The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty plea. The defendant further agrees to pay all taxes, interests and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States. The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case. The parties agree to exercise their best efforts to resolve outstanding tax issues by the time of sentencing.

21. Resignation of Position.  The defendant agrees to resign the defendant's position as Judge of the Court of Common Pleas for Luzerne County,

15

Pennsylvania within ten days of the acceptance by the Court of this plea

agreement. The defendant also agrees to neither seek nor accept any public or

elective office or position of public trust for 10 years or the period of any

probation received whichever is longer and agrees that the latter requirement shall

be a condition of any term of probation.

22.    Joint Plea Agreements. The defendant agrees and understands that an

express condition of this plea agreement is that co-defendant MARK A.

CIAVARELLA, JR. waive indictment and plead guilty to a two-count felony

information charging MARK A. CIAVARELLA, JR. with honest services wire

fraud in violation of Title 18, United States Code, sections 1343 and 1346, and

conspiracy to defraud the United States, in violation of Title 18, United States

Code, section 371. Failure of co-defendant MARK A. CIAVARELLA, JR. to

plead guilty to that information will be grounds for the United States to rescind the

plea agreement and proceed to trial against the defendant on charges returned by

indictment of a Grand Jury. In addition, the defendant agrees that the United

States may at its sole election reinstate any dismissed counts in the event that the

charges to which the co-defendant MARK A. CIAVARELLA, JR. has pleaded

guilty are subsequently vacated or set aside by the district court or any appellate

court. The defendant further agrees to waive any defenses to the reinstatement of

16

those charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the co-defendant successfully vacates or sets aside any conviction imposed upon the information.

23.    Disbarment. Within 10 days of the acceptance of the plea agreement by the Court, the defendant agrees to surrender his license to practice law and to submit to disbarment upon consent. It is further understood and agreed that the future status of any professional license held by the defendant, including the defendant's license to practice law, is not protected by this agreement and is a matter solely within the discretion of the appropriate licensing authority. The United States may in its discretion provide to any such authority. The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

24.    Appeal Waiver. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence of incarceration, including a sentence imposed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Both parties retain the right to challenge any other aspect of the sentence.

17

25.    <u>Agreement Not Binding on Other Agencies</u>. Nothing in this

agreement shall bind any other United States Attorney's Office, state prosecutor's

office or federal, state or local law enforcement agency.  The United States is

unaware of any investigation of the defendants other than the investigation that

gave rise to the charges to which the defendant will plead guilty.

26.    <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant

understands that it is a condition of this plea agreement that the defendant refrain

from any further violations of state, local or federal law while awaiting plea and

sentencing under this agreement. The defendant acknowledges and agrees that if

the government receives information that the defendant has committed new crimes

while awaiting plea and /or sentencing in this case, the government may petition

the Court and, if the Court finds by a preponderance of the evidence that the

defendant has committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to either: A) withdraw

from this agreement, or B) make any sentencing recommendations to the Court

that it deems appropriate. The defendant further understands and agrees that, if the

Court finds that the defendant has committed any other offense while awaiting

plea or sentencing,  the defendant will not be permitted to withdraw any guilty

pleas tendered pursuant to this plea agreement, and the government will be

permitted to bring any additional charges which it may have against the defendant.

27.     Plea Agreement Serves Ends of Justice. The United States is entering

into this Plea Agreement with the defendant because this disposition of the matter

fairly and adequately addresses the gravity of the series of offenses from which the

charges are drawn, as well as the defendant's role in such offenses, thereby serving

the ends of justice.

28.     Merger of All Prior Negotiations. This document states the complete

and only Plea Agreement between the United States Attorney for the Middle

District of Pennsylvania and the defendant in this case, and is binding only on the

parties to this agreement, supersedes all prior understandings, if any, whether

written or oral, and cannot be modified other than in writing that is signed by all

parties or on the record in Court. No other promises or inducements have been or

will be made to the defendant in connection with this case, nor have any

predictions or threats been made in connection with this plea. Pursuant to Rule 11

of the Federal Rules of Criminal Procedure the defendant certifies that the

defendant's plea is knowing and voluntary, and is not the result of force or threats

or promises apart from those promises set forth in this written plea agreement.

29.     Deadline for Acceptance of Plea Agreement. The original of this

agreement must be signed by the defendant and defense counsel and received by

the United States Attorney's Office on or before 5:00 p.m., January 19, 2009,

otherwise the offer may, in the sole discretion of the Government, be deemed

withdrawn.

30.    <u>Required Signatures</u>.  None of the terms of this agreement shall be

binding on the Office of the United States Attorney for the Middle District of

Pennsylvania until signed by the defendant and defense counsel and until signed

by the United States Attorney.


## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my
attorney.  I fully understand it and I voluntarily agree to it.


__1/23/09__
Date

_____
MICHAEL T. CONAHAN, Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this
agreement with the defendant. To my knowledge my client's decision to enter into
this agreement is an informed and voluntary one.


__1/23/09__
Date

_____
PHILIP GELSO, Esquire

20

Counsel for Defendant

1.26.09
_____
Date

*Martn C. Carbon*
_____
MARTIN C. CARLSON
United States Attorney

GADZ/gadz     USAO NO. 2006R00456     1/14/09

Post-Booker Plea Agreement 11/6/08

21

MCC:WSM:el

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JAN 2 6 2009

PER _____

DEPUTY CLERK

3:09-CR-028

UNITED STATES OF AMERICA      )   CRIMINAL NO.
                              )
          v.                  )
                              )
MICHAEL T. CONAHAN,           )
                              )
          Defendant

### STATEMENT OF DEFENDANT

1.   I understand the nature of the charges contained in the
two-count information to which I propose to plead guilty to be: a
violation of Title 18, United States Code, Sections 1343 and 1346
(honest services wire fraud) and a violation of Title 18, United
States Code, section 371 (conspiracy to defraud the United
States).

2.   I further understand that, absent my plea agreement
entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of
Criminal Procedure, the Judge could, if he chose, impose a
sentence of up to 25 years, a fine of $500,000.00, a period of
supervised release of up to five years, a special assessment in
the amount of $200, and could require me to make full
restitution.

3.   I am represented by an attorney, Philip Gelso, Esq.; I
fully understand that I have the right to be represented by an
attorney at every stage of these proceedings against me and, if
necessary, one will be appointed to represent me.

4.  I understand that I have the right to plead not guilty that I have the right to be tried by a jury and at that trial have the right to assistance of counsel; that I have the right to confront and cross-examine witnesses against me; and that I have the right not to be compelled to incriminate myself.  I recognize that I have the right to move to suppress the evidence against me, to present my own case to the jury, call witnesses on my behalf and subpoena records in my defense.  I realize that, by pleading guilty, I am giving up all of these rights.

5.  I understand that if I enter a plea of guilty to the Information, there will not be a further trial of any kind so that by pleading guilty, I am waiving the right to a trial.

6.  I have discussed these matters with my attorney and am satisfied with his representation of me in these proceedings.

7.  No promise, threats or any other inducements of any kind have been made to me in regard to my plea of guilty, apart from the plea agreement.  I am entering into this plea voluntarily with full knowledge of what rights I am giving up.

8.  I am aware that, by entering a plea of guilty, I am admitting that what the Government says about me in the Information is true and that I did, in fact, commit the offenses with which I am charged.

9.  I understand that if I enter a plea of guilty to the Information, the Court may ask me questions about the offenses to

2

which I have pleaded, and if I answer those questions falsely under oath, on the record, and in the presence of counsel, my answers later may be used against me in a prosecution for perjury or false statement.

I fully understand the foregoing statement, consisting of three (3) typewritten pages.

_____
MICHAEL T. CONAHAN

_____
PHILIP GELSO, ESQUIRE
Counsel for Defendant

3