IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE WALLACE, ET AL. | : | CONSOLIDATED TO: |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 3:09-cv-0286 |
| v. | : | |
| | : | (JUDGE CAPTUO) |
| ROBERT J. POWELL, ET AL. | : | |
| | : | |
| Defendants, | : | |

**FILED SCRANTON**
JUL 2 7 2009
PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CONWAY, ET AL. | : | |
| | : | CIVIL ACTION NO. 3:09-cv-0291 |
| Plaintiffs, | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| JUDGE MICHAEL T. CONAHAN, ET AL. | : | |
| | : | |
| Defendants, | : | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| H.T., ET AL. | : | |
| | : | |
| Plaintiffs, | : | NO. 3: 09-CV-00357 |
| vs. | : | |
| | : | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, JR., et al. | : | |
| | : | |
| Defendants | : | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA HUMANIK, | : |
| | : CIVIL ACTION NO. 3:09-cv-0630 |
| Plaintiffs, | : |
| | : |
| v. | : (JUDGE CAPUTO) |
| | : |
| MARK A. CIAVARELLA, JR., | : |
| ET AL. | : |
| | : |
| Defendants | |

...................................................................................................................

**MOTION OF DEFENDANT MARK A. CIAVARELLA, JR.
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**INTRODUCTORY PARAGRAPH**

AND NOW, comes the Defendant Mark A. Ciavarella, Jr., pro se, and moves this Honorable Court, for the dismissal of the Plaintiffs' Complaints in their entirety, averring in support thereof the following:

1. These Complaints filed by numerous minor individuals and their families who were adjudicated as juveniles by Mark A. Ciavarella, Jr., spanning the years between 2003 and 2008 assert claims brought under 42 U.S.C. §1983 for the redress of rights secured by the United States Constitution and under 18 U.S.C. §1964 for civil violates of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961-1868 ("RICO").

2. The essence of the Plaintiffs' Complaints are that Ciavarella had a financial interest in placing youth in detention[1] and that the adjudication of every juvenile found delinquent or referred for placement by him from February of 2003 through May of 2008 was tainted (Complaint at ¶ 553).

3. The Complaints allege that each adjudication which occurred during these years as well as cases which had been adjudicated prior to February 2003, but which resulted in dispositions or placements subsequent to February 2003, also violated each minor Plaintiff's constitutional right to be adjudicated by an impartial tribunal.

4. Plaintiffs have alleged that among the constitutional rights violated include the right to appear before an impartial tribunal, the right to counsel and the right to be advised of the consequences of waiving counsel or entering a guilty plea such that waivers and pleas are knowing, intelligent, and voluntary consistent with due process (Complaint at ¶ 554).

5. All of the alleged unconstitutional treatment of minor Plaintiffs listed in the Complaints was undertaken by Ciavarella in his capacity as Judge of the Court of Common Pleas of Luzerne County.

6. The Defendant moves to dismiss Plaintiffs' Complaints in their entirety,

---

[1] Although not germane for this Motion, Ciavarella denies that any adjudication of any juvenile was entered on a "*quid pro quo*" basis.

both with respect to the claims brought under 42 U.S.C. §1983 as well as the claims brought under 18 U.S.C. § 1961-1968 based upon the doctrine of judicial immunity. Since 1872, the United States Supreme Court has held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly". Bradley v. Fisher, 13 WALL. 335, 351, 20 L.Ed. 646 (1872). Moreover, subsequent to the broad holding in Bradley, the Supreme Court held that the doctrine of judicial immunity was applicable in suits under Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983, as it is clear that the legislative record developed during the adoption of that statute gave no indication that Congress intended to abolish this long-established principle. Pierson v. Ray, 386 U.S. 587, 87 S.Ct. 1213, 18 L.Ed. 2d. 288 (1967).

7. The defense of judicial immunity has also been held applicable in this Circuit to claims brought against judges under 18 U.S.C.A. § 1961("RICO"), Purpura v. Buskin, Gaims, Gains, Jonas and Stream, slip copy, 2008 WL 4951324 (D.N.J. 2008).

8. It is well-settled that the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. Stump v. Sparkman,

435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed. 2d 331 (1978). Furthermore, the scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. Stump, *supra*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was an error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction' ". Stump, *supra*, 435 U.S. at 356, 357, citing Bradley v. Fisher, 13 WALL. at 351.

9. Reading the Complaints and their allegations in the light most favorable to the Plaintiffs establishes that all of the alleged injurious acts taken by Ciavarella against each Plaintiff were performed in his capacity as judge of the Court of Common Pleas of Luzerne County and, therefore, under the well-settled test adopted by the United States Supreme Court he is entitled to absolute immunity from civil suits for damages arising out of the adjudications and detentions alleged by the Plaintiffs.

Respectfully submitted,

*[signature]*
Mark A. Ciavarella, Jr., pro se

## CERTIFICATE OF NON-CONCURRENCE

I, Mark A. Ciavarella, Jr., pro se, hereby certify that opposing counsel does not concur in the filing of this motion.

Date: July 27, 2009

Mark A. Ciavarella, Jr.

# CERTIFICATE OF SERVICE

I, Mark A. Ciavarella, Jr., pro se, hereby certify that on 27 day of July, 2009, I served a true and correct copy of the foregoing Motion to Dismiss of Defendant Mark Ciavarella upon the following individuals, by the means indicated below:

First Class Mail, Postage Prepaid

**Marsha Levick, Esquire**
**Lourdes Rosado, Esquire**
Juvenile Law Center
The Philadelphia Bldg., 4th Fl.
1315 Walnut Street
lrosado@jlc.org
mlevick@jlc.org

**Daniel Segal, Esquire**
**Rebecca L. Santoro, Esquire**
Hangley, Aronchick, Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
dsegal@hangley.com
rsantoro@hangley.com

David S. Senoff, Esquire
Lauren C. Fantini, Esquire
Richard C. DeFranceso, Esquire
Caroselli, Beachler, McTiernan & Conaboy
1500 Walnut Street, Ste. 507
dsenoff@cbmclaw.com
lfantini@cbmclaw.com
rdefrancesco@cbmclaw.com

William R. Caroselli, Esquire
Caroselli, Beachler, McTiernan & Conaboy
20 Stanwix St., 7th Floor
Pittsburgh, PA 15222
wcaroselli@cbmclaw.com

**Michael J. Cefalo, Esquire**
Cefalo & Associates
309 Wyoming Avenue
West Pittston, PA 18643
info@cefaloandassociates.com

**Adrianne Walvoord, Esquire**
**Amber M. Racine, Esquire**
**Sol H. Weiss, Esquire**
Anapol Schwartz Weiss, Cohan,
Feldman & Smalley, P.C.
1710 Spruce Street
Philadelphia, PA 19103
awalvoord@anapolschwartz.com
aracine@anapolschwartz.com
sweiss@anapolschwartz.com

**Barry H. Dyller, Esquire**
Law Office of Barry H. Dyller
88 North Franklin Street
Gettysburg House
Wilkes-Barre, PA 18701
barry.dyller@dyllerlawfirm.com

**Johanna L. Gelb, Esquire**
Gelb Law Firm
538 Spruce Street
Suite 600
Scranton, PA 18503
jgelb7@aol.com

**Daniel E. Kleiner, Esquire**
Metzger & Kleiner
Two Penn Center, Suite 1204
15th Street & JFK Blvd.
Philadelphia, PA 19102
dkleiner@comcast.net

**Richard G. Freeman, Esquire**
924 Cherry Street, 4th Floor
Philadelphia, PA 19107
rgfirm@aol.com

**Alison T. Dante, Esquire**
**Eric Kraeutler, Esquire**
**Matthew J.D. Hogan, Esquire**
**Nathan J. Andrisani, Esquire**
**Joseph B.G. Fay, Esquire**
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
adante@morganlewis.com
mjdhogan@morganlewis.com
jfay@morganlewis.com

**Kimberly D. Borland, Esquire**
Borland & Borland
69 Public Square, 11th Floor
Wilkes-Barre, PA 18701
borlandk@borlaw.com

**Bernard M. Schneider, Esquire**
Bucker, Schneider & Porter
300 Weyman Road, Suite 320
Pittsburgh, PA 15236
bmschn@aol.com

**Jonathan Vipond, III, Esquire**
Buchanan Ingersoll
208 North Third Street
P.O. Box 12023, Suite 300
Harrisburg, PA 17108-2023

**Donna L. Adelsberger, Esquire**
**Howard Wishnoff, Esquire**
Donna L. Adelsberger & Associates
6 Royal Avenue, P.O. Box 530
Glenside, PA 19038
dadelsberger@dlalawyers.com
hwishnoff@dlalawyers.com

**Bernard M. Schneider, Esquire**
Bucker, Schneider & Porter
300 Weyman Road, Suite 320
Pittsburgh, PA 15236
bmschn@aol.com

**Philip Gelso, Esquire**

Briechle & Gelso
63 Pierce Street
Kingston, PA 18704
philip.gelso@briechle-gelso.com

**Jeffrey S. Feldman, Esquire**
**Jessica R. Birk, Esquire**
**Mark B. Sheppard, Esquire**
Montgomery, McCracken, Walker & Rhodes, LLP
123 S. Broad Street, 24th Floor
Philadelphia, PA 19109
jfeldman@mmwr.com
jbirk@mmwr.com
msheppard@mmwr.com

**Deborah Hart Simon, Esquire**
**Timothy T. Meyers, Esquire**
**Elliott, Greenleaf & Siedzikowski**
Union Meeting Corporate Center V
925 Harvest Drive, Suite 3010
Blue Bell, PA 19422
dhs@elliottgreanleaf.com
ttm@elliottgreanleaf.com

**John G. Dean, Esquire**
**Elliott, Greenleaf & Siedzikowski**
201 Penn Avenue, Suite 202
Scranton, PA 18503
jgd@elliottgreanleaf.com

**Mark W. Bufalino, Esquire**
225 Wyoming Avenue
West Pittston, PA 18643
mbuflaw@netzero.com

**John Flounlacker, Esquire**
**Scott D. McCarroll, Esquire**
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108-0999
jfloundlacker@tthlaw.com
smccarroll@tthlaw.com

**Suzanne McDonough, Esquire**

Holsten & Associates
One Olive Street
Media, PA 19091
smcdonough@holstenassoc.com

**Stephen A. Seach, Esquire**
The Powell Law Group
123 Warren Street
West Hazleton, PA 18201
sseach@powell-group.com

**James A. Swetz, Esquire**
Cramer, Swetz & McManus
711 Sarah Street
Stroudsburg, PA 18360
jaswetz@csmlawyer.com

**Thomas E. Brenner, Esquire**
Goldberg, Katzman, P.C.
320 E. Market Street
Strawberry Square
P.O. Box 1268
Harrisburg, PA 17108-1268
teb@goldbergkatzman.com

**Edward P. McNelis, Esquire**
**Stephen D. Rhoades, Esquire**
21 East Broad Street
Hazleton, PA 18201
mcnelislaw@intergrafix.net
rhoadeslegal@hotmail.com

**OBJECTORS – Plymouth Borough & Wright Twp.**

**Michael R. Kostelansky, Esquire**
340 Market Street
Kingston, PA 18704
mkostelansky@cardoni.com

**Plains Twp.**
**Stephen A. Menn, Esquire**
225 Wyoming Avenue
West Pittston, PA 18643
sdlmen@yahoo.com

**Fairview Twp.**

**Donald H. Brobst, Esquire**
**Thomas J. Campenni, Esquire**
Rosenn, Jenkins & Greenwald
15 South Franklin Street
Wilkes-Barre, PA 18711
dbrobst@rjglaw.com
tcampenni@rjglaw.com

**Hanover Twp.**

**Robert V. Davison, Esquire**
480 Pierce Street, Ste. 216
Kingston, PA 18704
rdavison@epix.net

**MISCELLANEOUS PARTY – Kingston Borough Police Department**

**Harry P. Mattern, Esquire**
777 Wyoming Avenue
Kingston, PA 18704
mattern@epix.net

**INTERVENOR – Rice Twp.**

**William E. Vinsko, Jr., Esquire**
Vinsko & Associates
253 S. Franklin Street
Wilkes-Barre, PA 18701
wvinsko@vinsko.com

/s/ Mark A. Ciavarella, Jr.
Mark A. Ciavarella, Jr., pro se