IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FLORENCE WALLACE, ET AL.   :   CONSOLIDATED TO:
                     :
     Plaintiffs,        :   CIVIL ACTION NO. 3:09-cv-0286
v.                       :
                     :   (JUDGE CAPTUO)
ROBERT J. POWELL, ET AL.   :
                     :
     Defendants,       :

..................................................................................................................

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CONWAY, ET AL.   :
                     :   CIVIL ACTION NO. 3:09-cv-0291
     Plaintiffs,       :
v.                       :   (JUDGE CAPUTO)
                     :
JUDGE MICHAEL T. CONAHAN, :
ET AL.                    :
                     :
     Defendants,       :

..................................................................................................................

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

H.T., ET AL.             :
                     :
     Plaintiffs,       :   NO.  3: 09-CV-00357
vs.                    :
                     :   (JUDGE CAPUTO)
MARK A. CIAVARELLA, JR., et al. :
                     :
     Defendants        :

..................................................................................................................

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMANTHA HUMANIK,                      :
                                       :        CIVIL ACTION NO. 3:09-cv-0630
            Plaintiffs,                :
                                       :
v.                                     :        (JUDGE CAPUTO)
                                       :
MARK A. CIAVARELLA, JR.,               :
ET AL.                                 :
                                       :
            Defendants                 :
..........................................................................................................................................

## BRIEF IN SUPPORT OF DEFENDANT
## CINDY CIAVARELLA'S MOTION TO DISMISS

## TABLE OF CONTENTS

I.     PROCEDURAL HISTORY .................................................   1

II.    STATEMENT OF FACTS ...................................................   2

III.   STATEMENT OF THE QUESTIONS PRESENTED ...........   3

    A.    WHETHER THE CLAIMS BROUGHT UNDER
           42 U.S.C.§1983 SHOULD BE DISMISSED
           BECAUSE CINDY CIAVARELLA WAS NOT
           ACTING UNDER THE COLOR OF STATE
           LAW? ...........................................................................   3

    B.    WHETHER THE CIVIL RICO CLAIMS SHOULD
           BE DISMISSED BECAUSE OF THE LACK OF AN
           ADEQUATE FACTUAL PREDICATE ALLEGING
           THE PERSONAL INVOLVEMENT OF CINDY
           CIAVARELLA? ............................................................   4

    C.    WHETHER THE FACTS AS ALLEGED FAIL TO
           SUPPORT A CLAIM OF CIVIL CONSPIRACY
           AGAINST CINDY CIAVARELLA? ...........................   4

IV.    ARGUMENT ..........................................................................   4

       STANDARD OF REVIEW ....................................................   4

    A.    THE CLAIMS BROUGHT UNDER 42 U.S.C.§1983
           SHOULD BE DISMISSED BECAUSE CINDY
           CIAVARELLA WAS NOT ACTING UNDER
           COLOR OF STATE LAW. ............................................   6

    B.    THE CIVIL RICO CLAIMS SHOULD BE DISMISSED
           BECAUSE THE LACK OF A FACTUAL PREDICATE
           ALLEGING THE PERSONAL INVOLVEMENT OF
           CINDY CIAVARELLA...................................................   9

1.   Plaintiffs' RICO Claims Fail and Must be
     Dismissed for Failure to Properly Allege
     the Existence of a RICO Enterprise. .............   11

2.   Plaintiffs' RICO Claims Fail and Must be
     Dismissed under <u>Reves</u>. ................................   13

3.   Plaintiffs' RICO Claims Fail and Must be
     Dismissed for Failure to Allege a Sufficient
     Pattern. ...........................................................   16

4.   Plaintiffs' RICO Claims Must be Dismissed
     For Failure to Plead Fraud with Particularity...   18

          a. Section 1962( c)...................................   18

          b. Section 1962(d) ..................................   20

C.   THE FACTS AS ALLEGED AGAINST CINDY
     CIAVARELLA FAIL TO SUPPORT A CLAIM
     OF CIVIL CONSPIRACY. .........................................   20

V.   CONCLUSION ....................................................................   20

ii

# TABLE OF CITATIONS

## CASES

Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171,
90 S.Ct. 1598, 26 L.Ed. 2d 142 (1970)............................................ 8

Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,
483 U.S. 143, 154 (1987).................................................. 16

Allen Neurological Assocs. v. Lehigh Valley Health Network,
No. CIV-A-99-4653, 2001 U.S. Dist. LEXIS 284 at *8,
(E.D. Pa. Jan. 18, 2001) ................................................. 19

Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices
Litig., 2006 U.S. Dist. LEXIS 35980, at *17 (E.D. Pa. 2006).......... 11,12, 16

Banks v. Wolk, 918 F.2d 418, 421 (3d Cir. 1990)............................ 16, 17

Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) .................. 5

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1995, 1964-65,
167 L.Ed.2d 929 (2007) ....................................................... 4

Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S.Ct. 2777,
73 L.Ed.2d 534 (1982) ....................................................... 8

Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977)............ 6

Bonovitacola Elec. Contractor, Inc. v Boro Developers, Inc.,
No. 01-5508, 2002 U.S. Dis. LEXIS 20245 at *7
(E.D. Pa. Oct. 23, 2002)....................................................... 18

Chester County Intermediate Unit v. Pa Blue Shield, 896 F.2d 808,
812 (3d Cir. 1990)............................................................. 5

Collins v. City of Harker Heights, 503 U.S. 115, 120,
112 S.Ct. 1061, 117 L.Ed. 2d 261 (1992) ............................................. 6

Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984) ........................... 8

Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620,
111 S.Ct. 2077, 114 L.Ed. 2d 660 (1991) ............................................. 8

Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005)............................. 5

Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990) ............... 10

Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156, 98 S.CT. 1729,
56 L.Ed.2d 185 (1978) ......................................................................... 7

Goren v. New Vision Int'l, Inc., 156 F.3d 721, 728 (7th Cir. 1998) ..... 14

Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) ........ 6, 7

Heimbecker v. 555 Assocs., No. 01-6140, 2003 U.S. Dist. LEXIS
6636 at *48 (E.D. Pa. Mar. 26, 2003) ................................................... 19

H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989) .... 16

Hindes v. Castle, 937 F.2d 868, 873 (3d Cir. 1991).............................. 17

In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).............. 4

Kaetz v. Chase Manhattan Bank, USA, 2006 U.S. Dist. LEXIS
30155, *6-7 (M.D. Pa. May 17, 2006) .................................................. 13

Katner v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)............................. 5

Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) ......................... 6

Lightning Lube, 4 F.3d at 1191 .......................................................... 20

Loftus v. SEPTA, 843 F. Supp. 981, 986 (E.D. Pa. 1994) ............... 21

Lugar v. Edmondson Oil Co., 457 U.S. 922, 928, 102 S.Ct. 2744,
73 L.Ed. 2d 482 (1982) ........................................................ 7

Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d. Cir. 1995).... 7, 8, 9

Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991)............ 10

Morris v. First Union Nat'l Bank, 2002 U.S. Dist. LEXIS 418,
at *17 (E.D. Pa. Jan. 14, 2002) ........................................... 20

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380,
1384 (3d Cir. 1994) ............................................................ 5

Papasan v. Allain, 478 U.S. 265, 286, 206 S.Ct. 2932,
92 L.Ed.2d 209 (1986)........................................................ 5

Panayotides v. Rabenold, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999)... 21

Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102, S.Ct. 2764,
73 L.Ed.2d 418 (1982) ........................................................ 7

Reves v. Ernst & Young, 507 U.S. 170, 185 (1993) ........................ 13, 14, 15, 18

Rogers v. Mt. Union Borough, 816 F. Supp. 308, 314
(M.D. Pa. 1993) .................................................................. 21

Schmidt v. Fleet Bank, 16 F. Supp. 2d 340, 346 (S.D.N.Y 1998) .... 15

Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) ............... 11, 18

Seville Indus. Mach. Corp. v Southmost Mach. Corp.,
72 F.2d 786, 790 n.5 (3d Cir. 1984) .................................................... 12, 19

Schuylkill Skyport Inn v. Rich, 1996 U.S. Dist. LEXIS 12655
at *100 (E.D. Pa. Aug. 21, 1996) ......................................................... 15

Slaney v. Int'l Amateur Ath. Fed'n, 244 F.3d 580, 598
(7th Cir. 2001) ...................................................................................... 15

United States v. Oreto, 37 F.3d 739, 750 (1st Cir. 1994)................... 15

United States v. Parise, 159 F.3d 790, 796 (3d Cir. 1998) .............. 14

United States v. Price, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152,
16 L.Ed.2d 267 (1966) ......................................................................... 7

United States v. Riccobene, 709 F.2d 214, 222 (3d Cir.) ............... 12

United States v. Viola, 35 F.3d 37, 41 (2d Cir. 1994) ...................... 14

Univ. Of Md. at Baltimore v. Peat, Marwick, Main & Co.,
996 F.2d 1534, 1539 (3d Cir. 1993) .................................................... 13, 14, 15

Watson v. Abington Twp., 478 F.3d 144, 150 (2007) ...................... 6

West v. Atkins, 487 U.S. 42, 48, 108, S.Ct. 2250,
101 L. Ed.2d 40 (1988) ....................................................................... 7

Winsome Shoppe, Inc. v. Cynwyd Inv., 1992 U.S. Dist.
LEXIS 16715 (E.D. Pa. Nov. 3, 1992) .............................................. 9

Wyeth v. Ranbaxy Labs, Ltd., 448 F. Supp 2d. 607, 609
(D.N.J. 2006) ....................................................................................... 5

Zito v. Leasecomm Corp., 2004 U.S. Dist. LEXIS 19778 at 23
(S.D.N.Y. Sept. 30, 2004)..................................................................... 13

vi

STATUTES

42 U.S.C. § 1983 ................................................................. 2, 3, 6, 7, 9

18 U.S.C. § 1961.................................................................. 2, 11

18 U.S. C. §1962 ................................................................ 13, 10

Fed. R. Civ. P. 12(b)(6)......................................................... 4

## I.    **PROCEDURAL HISTORY**

By an amendment to the original Case Management Order entered in these cases on May 12, 2009, the Court directed the Plaintiffs in the H.T., et al., v. Mark A. Ciavarella, Jr., et al., Civil Action No. 3:09-cv-0357 and William Conway, et al. v. Judge Michael T. Conahan, et al., Civil Action No. 3:09-cv-0291, to file a Consolidated Class Action Complaint by June 25, 2009.  The Plaintiffs in Florence Wallace, et al., v. Robert J. Powell, et al., Civil Action No. 3:09-cv-0286 and Samantha Humanik v. Mark A. Ciavarella, Jr., et al., Civil Action No. 3:09-cv-0630 to file a Master Complaint by June 25, 2009.  The Court further directed motions to dismiss to be filed on or before July 27, 2009.  The Defendant Cindy Ciavarella now moves to dismiss all of the Complaints filed by the Plaintiffs.  This brief is filed in support of Cindy Ciavarella's Motions to Dismiss.

## II.    **STATEMENT OF FACTS**

These actions have been filed by several different law firms on behalf of numerous minor individuals and their parents and legal guardians.  Minor Plaintiffs are all individuals who were adjudicated as juveniles by Mark A. Ciavarella, Jr., spanning the years between 2003 and 2008.[1]  Plaintiffs assert

---

[1]  Because these parties are so numerous they will simply be identified collectively as "Plaintiffs").

claims brought under 42 U.S.C. § 1983 for the redress of rights secured by the United States Constitution and under 18 U.S.C. § 1961, et seq., for civil violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 through §1968 (hereinafter "RICO").

The essence of the Plaintiffs' Complaints is that Mark Ciavarella had a financial interest in placing juveniles appearing before him in detention[2] and that the adjudication of every juvenile found delinquent or referred for placement by Mark Ciavarella from February of 2003 through May 2008 was tainted.

These Complaints also allege that each adjudication which occurred during these years as well as cases which had been adjudicated prior to February of 2003, but which resulted in dispositions or placements subsequent to February of 2003, also violated each minor Plaintiff's constitutional right to be adjudicated by an impartial tribunal.

The Plaintiffs have alleged that among the constitutional rights violated include the right to appear before an impartial tribunal, the right to counsel, and the right to be advised of the consequences of waiving counsel or entering a guilty plea such that waivers and pleas are knowing, intelligent, and voluntary consistent

---

[2] Although not germane for the disposition of these motions, Mark Ciavarella has denied that any adjudication of any juvenile was entered on a "*quid pro quo*" basis.

with due process.

As stated above, the legal theories advanced against the Moving Defendant Cindy Ciavarella sound in violation of 42 U.S.C. §1983, violation of the RICO statute and civil conspiracy. Scrutiny of these Complaints establish categorically that there is a paucity of any meaningful factual allegation of specific action taken by Cindy Ciavarella which resulted in either a violation of constitutional rights or the RICO statute. The Complaints are all similar in that there is a complete lack of a factual predicate of acts undertaken by Cindy Ciavarella in either the adjudication of any juvenile or the establishment of a corrupt organization resulting in financial loss to any Plaintiff.

Insofar as the Plaintiffs' Complaints fail to demonstrate any personal involvement by Cindy Ciavarella in any of the conduct which has been attributed to either Mark A. Ciavarella or Michael Conahan, she is entitled to the dismissal of all of these actions as to her.

III.   **STATEMENT OF THE QUESTIONS PRESENTED**

      A.   **WHETHER THE CLAIMS BROUGHT UNDER 42 U.S.C.§1983 SHOULD BE DISMISSED BECAUSE CINDY CIAVARELLA WAS NOT ACTING UNDER COLOR OF STATE LAW?**

      (Suggested Answer: In the Affirmative)

3

B. **WHETHER THE CIVIL RICO CLAIMS SHOULD BE DISMISSED BECAUSE OF THE LACK OF AN ADEQUATE FACTUAL PREDICATE ALLEGING THE PERSONAL INVOLVEMENT OF CINDY CIAVARELLA?**

(Suggested Answer: In the Affirmative)

C. **WHETHER THE FACTS AS ALLEGED FAIL TO SUPPORT A CLAIM OF CIVIL CONSPIRACY AGAINST CINDY CIAVARELLA?**

(Suggested Answer: In the Affirmative)

IV. **ARGUMENT**

**STANDARD OF REVIEW**

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. *Fed. R. Civ. P. 12(b)(6)*; *see, In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1995, 1964-65, 167 L.Ed.2d 929 (2007)(internal citations omitted). Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief about the speculative level on the

4

assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Id.* at 1965.

When deciding a motion to dismiss pursuant to Rule 12(b)(6), only the allegations in the complaint, matters of public record, orders and exhibits attached to the complaint, are taken into consideration. Chester County Intermediate Unit v. Pa Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). A district court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See* Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). Moreover, these allegations and inferences must be viewed in the light most favorable to the plaintiff. *Id.* However, a court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness," Wyeth v. Ranbaxy Labs, Ltd., 448 F. Supp 2d. 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286, 206 S.Ct. 2932, 92 L.Ed.2d 209 (1986), *see also*, Katner v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005)) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.").

It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. At 1974.

A.   **THE CLAIMS BROUGHT UNDER 42 U.S.C.§1983 SHOULD BE DISMISSED BECAUSE CINDY CIAVARELLA WAS NOT ACTING UNDER COLOR OF STATE LAW.**

Scrutiny of these Complaints establish the absolute paucity of allegations directed at Cindy Ciavarella, the wife of Mark Ciavarella.  It is apparent that the Plaintiffs have not even attempted to articulate a factual basis that would permit this Honorable court to infer that Cindy Ciavarella did anything as a "state actor."

Plaintiffs' constitutional claims are governed by Title 42 U.S.C. §1983, which does not, by itself, create substantive rights, but instead provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution or created by other federal laws. *See* Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995); Collins v. City of Harker Heights,

6

503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed. 2d 261 (1992). A plaintiff asserting civil rights violations under Section 1983 "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108, S.Ct. 2250, 101 L. Ed.2d 40 (1988). "The color of state law element is a threshold issue; there is no liability under Section 1983 for those not acting under color of state law." Groman, 47 F.3d at 638.

Thus, private parties may be liable under Section 1983 only when they have acted under color of law. Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d. Cir. 1995) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156, 98 S.CT. 1729, 56 L.Ed.2d 185 (1978)). The "under color of state law" requirement of 42 U.S.C. §1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. See, Mark, 51 F.3d at 1141 (citing United States v. Price, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928, 102 S.Ct. 2744, 73 L.Ed. 2d 482 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102, S.Ct. 2764, 73 L.Ed.2d 418 (1982)). State action exists under Section 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains.

7

Mark, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'" *Id*. at 1142. (Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

A private entity can be sued under Section 1983 where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State, Mark, 51 F.3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171, 90 S.Ct. 1598, 26 L.Ed. 2d 142 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620, 111 S.Ct. 2077, 114 L.Ed. 2d 660 (1991); Mark, 51 F.3d at 1143.

The only fact asserted by Plaintiffs in these cases is that Cindy Ciavarella had a financial interest in one or more entities that received payments from Defendant Mericle or Defendant Powell. This single allegation cannot suffice to invoke Cindy Ciavarella as a "state actor" for the role her husband played in the

8

adjudication of juveniles for the relevant time frame. There is not a single allegation that Cindy Ciavarella had anything to do with decisions made by Mark Ciavarella in the manner in which he adjudicated juveniles in his court.

Accordingly, the claims against Cindy Ciavarella brought under 42 U.S.C. §1983 must be dismissed.

**B. THE CIVIL RICO CLAIMS SHOULD BE DISMISSED BECAUSE THE LACK OF A FACTUAL PREDICATE ALLEGING THE PERSONAL INVOLVEMENT OF CINDY CIAVARELLA.**

The various Complaints in this case allege RICO violations against Cindy Ciavarella. The allegations, taken as true, fall far short of forming a colorable claim for any sort of RICO violation. There are no specific factual allegations against Cindy Ciavarella that demonstrate her involvement in the operation or management of a viable RICO enterprise through a pattern of racketeering activity.

The Court should dismiss Plaintiffs' RICO claims pursuant to Fed. R.Civ. P. 12(b)(6) because Plaintiffs have failed to plead critical elements necessary to state a cause of action under RICO. A complaint should be dismissed when the facts pled and the reasonable inferences therefrom are legally insufficient to support the relief sought. *See, e.g.*, Winsome Shoppe, Inc. v. Cynwyd Inv., 1992 U.S. Dist.

9

LEXIS 16715 (E.D. Pa. Nov. 3, 1992).  Importantly, having invoked RICO, plaintiffs have elected to be held to a heightened pleading standard.  "The mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants.  In fairness to innocent parties, courts should strive to flush out frivolous RICO allegations at any early stage of the litigation."  Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990).  "[I]n cases alleging civil RICO violations, particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants.  Civil RICO is an unusual potent weapon – the litigation equivalent of a thermonuclear device."  Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991) (citations omitted).  In this case, Plaintiffs' allegations against Cindy Ciavarella are insufficient as a matter of law and must be dismissed for the reasons set forth herein below.

In addition, to the extent that other defendants in this case are also filing Motions to Dismiss and supporting Briefs and/or Memorandum of Law, and those Motions, Briefs and/or Memorandum raise arguments applicable to Cindy Ciavarella, she respectfully joins in and adopts those arguments and incorporates them by reference as if fully set forth herein, and requests that the Complaint be dismissed against her for the same reasons.

10

1.   **Plaintiffs' RICO Claims Fail and Must be Dismissed
     For Failure to Properly Allege the Existence of a
     RICO Enterprise.**

"To state a violation of Section 1962( c) a plaintiff must allege that the

defendant (1) conducted or participated in the conduct (2) of an enterprise (3)

through a pattern (4) of racketeering activity." *In re* Am. Investors Life Ins. Co.

Annuity Mktg. & Sales Practices Litig., 2006 U.S. Dist. LEXIS 35980, at *17

(E.D. Pa. 2006) (citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).

As a threshold matter, the existence of a RICO enterprise must be properly

alleged.  A RICO enterprise is defined as "any individual, partnership,

corporation, association, or other legal entity, and any union or group of

individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4).  To

plead the existence of a RICO enterprise, a plaintiff must demonstrate that the

"enterprise" is (1) an ongoing organization, formal or informal; (2) that the various

associates function as a continuing union; and (3) that the enterprise has an

existence separate and apart from the alleged pattern of racketeering activity. *In re*

Am. Investors, 2006 U.S. Dist. LEXIS 35980, at *19.  As the Court noted in *In re*

American Investors, an alleged collection of entities and individuals identified as

an "enterprise," without related allegations regarding the mechanics and

11

organizational structure of the enterprise, will fails as a RICO claim. *Id.* at *21. Specifically, a RICO plaintiff must allege "some mechanism for controlling and directing the affairs of the group on an on-going, rather than *ad hoc*, basis." *Id.* (quoting United States v. Riccobene, 709 F.2d 214, 222 (3d Cir.)).

The Complaints fail to identify in any way any organizational structure of alleged enterprises or how the organizational structure connected or controlled the defendants or any decision-making structure. The Complaints do not allege that any of the defendants, let alone Cindy Ciavarella, occupied continuing positions within the group as it was organized. Plaintiffs allegations do not say anything about what the defendants did, how the enterprise was organized, how if functioned, how decisions were made, and most importantly, what Cindy Ciavarella's role was.

Nor do the Complaints allege that the enterprise had any existence separate and apart from the alleged pattern of racketeering. It is well-settled that, "allegations demonstrating a conspiracy to perform an underlying criminal offense, standing alone, are not sufficient to allege the existence of an enterprise. *In re* Am. Investors, 2006 U.S. Dist. LEXIS 35980 at *21 (citing Seville Indus. Mach. Corp. v Southmost Mach. Corp., 72 F.2d 786, 790 n.5 (3d Cir. 1984)). The supposed "enterprise" described by the Complaints has no existence independent

12

of the conspiracy. Plaintiffs' enterprise allegations are a transparent attempt to stretch the scope of RICO by "string[ing] together predicate acts by unconnected defendants." *Id.* at *26 (quoting Zito v. Leasecomm Corp., 2004 U.S. Dist. LEXIS 19778 at 23 (S.D.N.Y. Sept. 30, 2004). Because the Complaints fail to plead properly the enterprise elements of a RICO claim, they should be dismissed for that reason alone.

### 2.   Plaintiffs' RICO Claims Fail and Must be Dismissed Under Reves.

In addition to pleading other elements of a RICO claim, Plaintiffs must also plead facts which show that the defendants "participate[d], directly or indirectly, in the conduct of [the] enterprise's affairs." 18 U.S.C. §1962( c). The Supreme Court has held that this language requires a defendant to "participate in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 185 (1993). That is, a defendant must have had "some part in directing the enterprise's affairs" to be liable under section 1962( c). *Id.* at 179 (emphasis added). This requirement exists at the pleading stage as well as at other points in a RICO case. Univ. Of Md. at Baltimore v. Peat, Marwick, Main & Co., 996 F.2d 1534, 1539 (3d Cir. 1993); Kaetz v. Chase Manhattan Bank, USA, 2006 U.S. Dist. LEXIS 30155, *6-7 (M.D. Pa. May 17, 2006).

13

In this Circuit, satisfying <u>Reves</u> requires that a plaintiff establish "a nexus between the person and the conduct in the affairs of an enterprise." *Id*. However, "simply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under §1962( c)." <u>Goren v. New Vision Int'l, Inc.</u>, 156 F.3d 721, 728 (7th Cir. 1998); *see also* <u>United States v. Viola</u>, 35 F.3d 37, 41 (2d Cir. 1994) ("[I]t is plain that the simple taking of directions and performance of tasks that are 'necessary or helpful' to the enterprise, without more, is insufficient to bring a defendant within the scope of §1962( c)."); <u>Univ. of Md.</u>, 996 F.2d at 1539 ("Simply because one provides goods and services that ultimately benefit the enterprise does not mean that one because liable under RICO as a result."). Rather, individuals who aid an enterprise can be said to "participate in its affairs" only when they "knowingly further the illegal aims of the enterprise." <u>United States v. Parise</u>, 159 F.3d 790, 796 (3d Cir. 1998).

Likewise, not every action involving a "degree of decision making" within an enterprise necessarily constitutes participation in its affairs. <u>Univ. of Md.</u>, 996 F.2d at 1538-39. This is particularly true for defendants who are "outsiders" to an enterprise. Though such persons may provide substantial assistance to the enterprise, they are not participating for purposes of section 1962( c) if they are

14

"outside the chain of command through which the enterprise's affairs were conducted." Schuylkill Skyport Inn v. Rich, 1996 U.S. Dist. LEXIS 12655 at *100 (E.D. Pa. Aug. 21, 1996) (citing United States v. Oreto, 37 F.3d 739, 750 (1st Cir. 1994)). Even defendants alleged to have provided "important and indispensable" services to a RICO enterprise will not be held liable if they are outside of the chain of command. Univ. of Md., 996 F.2d at 1539-40. Thus, the Supreme Court held in Reves that an accounting firm was not liable under section 1962( c), despite having been involved in the decisions of the enterprise, because the firm was an outside advisor to the enterprise and could not have directed its affairs. 507 U.S. at 186.

Here Plaintiffs have not alleged any facts that come close to satisfying the "stringent standards" of the Reves test. Schmidt v. Fleet Bank, 16 F. Supp. 2d 340, 346 (S.D.N.Y 1998).

At best, the allegations in the Complaints assert that Cindy Ciavarella may have benefitted from the enterprise. However, "[s]imple exertion of control over one aspect of an enterprise's activities does not evince control over the enterprise itself." Slaney v. Int'l Amateur Ath. Fed'n, 244 F.3d 580, 598 (7th Cir. 2001). Even drawing reasonable inferences in favor of Plaintiffs, the Complaints have failed to satisfy the Reves requirement with respect to Cindy Ciavarella. As such,

15

this fatal flaw, dictates dismissal of these Complaints.

### 3.  Plaintiffs' RICO Claims Fail and Must be Dismissed For Failure to Allege a Sufficient Pattern.

"[T]he heart of any Rico complaint is the allegation of a *pattern* of racketeering." <u>Agency Holding Corp. v. Malley-Duff & Assocs., Inc.</u>, 483 U.S. 143, 154 (1987).  To fulfill this element, a RICO plaintiff "must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." <u>H.J., Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 239 (1989).  The "continuity" requirement is satisfied if there has been "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241.  In determining whether a pattern has been alleged against a particular defendant, courts may consider only the predicate acts in which the defendant has been alleged to participate. <u>Banks v. Wolk</u>, 918 F.2d 418, 421 (3d Cir. 1990); <u>*In re*</u> Am. Investors, 2006 U.S. Dist. LEXIS 35980 at *36.

Plaintiffs have failed to allege facts sufficient to satisfy the continuity requirement with respect to Cindy Ciavarella.  The Complaints do not show closed-ended continuity because the duration of the alleged criminal conduct was too brief.  A plaintiff must satisfy closed-ended continuity by demonstrating "a

16

series of related predicates extending over a *substantial* period of time. H.J. Inc., 492 U.S. at 242 (emphasis added). The Supreme Court has noted that "Congress was concerned in RICO with long-term criminal conduct." *Id.*. Though continuity is not solely a temporal concept, the duration of conduct remains the most significant factor and, where there is no threat of continuing racketeering activity, "duration is the *sine qua non* of continuity." Hindes v. Castle, 937 F.2d 868, 873 (3d Cir. 1991).

Plaintiffs have failed to sufficiently allege the duration for which Cindy Ciavarella was engaged in racketeering activity. As a matter of law, this is insufficient to establish continuity under RICO.

The Complaints also fail to allege facts sufficient to support open-ended continuity. Open-ended continuity "depends on the specific facts of each case." H.J. Inc., 492 U.S. at 242. It is satisfied where a plaintiff shows "that the predicates are a regular way of conducting defendant's ongoing legitimate business." *Id.* at 243. Other relevant factors include the number of unlawful acts, the length of time over which they were committed, the similarity of the acts, the number of victims, the number of perpetrators, and the character of the unlawful activity. Banks, 918 F.2d at 423. Taking into account these considerations, there is simply nothing in these Complaints which indicate that, now that the

17

government has discovery the purported criminal activity, that Cindy Ciavarella

poses any threat to repeat any alleged criminal conduct in the future.[3]  Because

Plaintiffs have not alleged continuity of criminal conduct, they have not

demonstrated a pattern of racketeering activity.

### 4.    Plaintiffs' RICO Claims Must be Dismissed for Failure to Plead Fraud with Particularity.

#### a.  Section 1962( c).

To assert a section 1962( c) claim against Cindy Ciavarella, Plaintiffs must

allege, among other things, her own participation in that enterprise through a

pattern of racketeering activity.  Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496

(1985); *see also* Reves v. Ernst & Young, 507 U.S. 170 (1993); Bonovitacola

Elec. Contractor, Inc. v Boro Developers, Inc., No. 01-5508, 2002 U.S. Dis.

LEXIS 20245 at *7 (E.D. Pa. Oct. 23, 2002).

Here, Plaintiffs' 1962( c) cause of action must be dismissed as Plaintiffs

have failed to allege with the appropriate particularity and precision that Cindy

Ciavarella participated in the alleged RICO enterprise through a pattern of

racketeering activity.  Instead, for their claims against Cindy Ciavarella, Plaintiffs

unavailingly rely on their generic, vague allegations against the "RICO

---

[3]  It should be noted that there has never been an allegation by any law enforcement agency that Cindy Ciavarella has violated any criminal statute.

18

Defendants," which allegations wholly fail to identify any fraudulent activity attributable to Cindy Ciavarella.

Because Plaintiffs have identified acts of fraud as their predicate acts for civil RICO liability, Plaintiffs <u>must</u> adhere to Rule 9(b), which requires a plaintiff to plead with particularity the circumstances of the alleged fraud. *See, e.g.* <u>Heimbecker v. 555 Assocs.</u>, No. 01-6140, 2003 U.S. Dist. LEXIS 6636 at *48 (E.D. Pa. Mar. 26, 2003) (quoting <u>Seville Indus. Mach. Corp. v Southmost Mach. Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984)). Vague and conclusory allegations will not meet this standard; rather, "allegations of predicate acts of fraud must be injected with precision and some measure of substantiation." *Id.* (quotation omitted). Plaintiffs are <u>required</u> to plead the "who, what, when and where details of the alleged fraud." <u>Allen Neurological Assocs. v. Lehigh Valley Health Network</u>, No. CIV-A-99-4653, 2001 U.S. Dist. LEXIS 284 at *8 (E.D. Pa. Jan. 18, 2001).

Nowhere do the Plaintiffs' Complaints allege the "who, what, when and where" details necessary to state fraud against Cindy Ciavarella. Therefore, the allegations in the Complaints do not contain the precision and particularity mandated by Rule 9(b) because they fail to give sufficient notice to Cindy Ciavarella of the misconduct with which she has been charged. Accordingly,

19

Plaintiffs' section 1962( c) claims must be dismissed.

### b. Section 1962(d)

Section 1962(d) makes it a crime for any person to conspire to violate any of the provisions of subsections (a), (b), or ( c).  18 U.S.C. §1962(d).  "Liability under section 1962(d) is dependent on a conspiracy to violate one of the other 1962 subsections; thus, where . . . a plaintiff has failed to assert a valid claim under any of those subsections, the plaintiff cannot pursue a claim under 1962(d)." Morris v. First Union Nat'l Bank, 2002 U.S. Dist. LEXIS 418, at *17 (E.D. Pa. Jan. 14, 2002); see also Lightning Lube, 4 F.3d at 1191.  Because Plaintiffs have not  asserted a valid claim under subsection ( c), Plaintiffs cannot assert their conspiracy cause of action under section 1962(d).

For all of the foregoing reasons and the reasons set forth in applicable arguments of other defendants' Motions to Dismiss, the RICO Counts of the Complaints must be dismissed against Cindy Ciavarella.

### C.   THE FACTS AS ALLEGED AGAINST CINDY CIAVARELLA FAIL TO SUPPORT A CLAIM OF CIVIL CONSPIRACY.

All Plaintiffs have also raised a claim against Cindy Ciavarella for civil conspiracy based upon her alleged involvement in one of the corporate entities to which money was allegedly funneled by the Co-defendants Powell and Mericle.

20

However, there is an utter dearth of any concrete factual allegation tying Cindy Ciavarella to this activity.

In stating a claim for conspiracy, plaintiffs may not merely make conclusory allegations of conspiracy. Rogers v. Mt. Union Borough, 816 F. Supp. 308, 314 (M.D. Pa. 1993). Rather, only allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and **actions taken in furtherance of the conspiracy,** will be deemed sufficient. *See* Loftus v. SEPTA, 843 F. Supp. 981, 986 (E.D. Pa. 1994)(emphasis added). A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan or conspire to carry out the alleged chain of events. Panayotides v. Rabenold, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999). Based upon the allegations of the Complaints before this Court, there is absolutely no fact alleging conduct attributable to Cindy Ciavarella to establish her participation in a conspiracy.

Accordingly, the civil conspiracy claims against Cindy Ciavarella should be dismissed.

21

V.   **CONCLUSION**

Based upon the foregoing, the Motion to Dismiss of Cindy Ciavarella should be granted.

Respectfully submitted,

s/ Edward P. McNelis,
Edward P. McNelis, Esquire
Attorney ID # 37631
Attorney for Cindy Ciavarella

19 E. Broad Street
Hazleton, PA 18201
Phone ( 570) 455-6335

22

CERTIFICATE OF SERVICE

I,   Edward P. McNelis, Esquire, Attorney for Defendant Cindy Ciavarella, hereby certify that on 27 day of July, 2009, I served a true and correct copy of the foregoing Brief in Support of Defendant Cindy Ciavarella's Motion to Dismiss Pursuant upon the following individuals, by the means indicated below:

by electronic mail

**Marsha Levick, Esquire**
**Lourdes Rosado, Esquire**
Juvenile Law Center
The Philadelphia Bldg., 4th Fl.
1315 Walnut Street
lrosado@jlc.org
mlevick@jlc.org

**Daniel Segal, Esquire**
**Rebecca L. Santoro, Esquire**
Hangley, Aronchick, Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
dsegal@hangley.com
rsantoro@hangley.com

David S. Senoff, Esquire
Lauren C. Fantini, Esquire
Richard C. DeFranceso, Esquire
Caroselli, Beachler, McTiernan & Conaboy
1500 Walnut Street, Ste. 507
dsenoff@cbmclaw.com
lfantini@cbmclaw.com
rdefrancesco@cbmclaw.com

William R. Caroselli, Esquire
Caroselli, Beachler, McTiernan & Conaboy
20 Stanwix St., 7th Floor
Pittsburgh, PA 15222
wcaroselli@cbmclaw.com

**Michael J. Cefalo, Esquire**
Cefalo & Associates
309 Wyoming Avenue
West Pittston, PA 18643
info@cefaloandassociates.com

**Adrianne Walvoord, Esquire**
**Amber M. Racine, Esquire**
**Sol H. Weiss, Esquire**
Anapol Schwartz Weiss, Cohan,
Feldman & Smalley, P.C.
1710 Spruce Street
Philadelphia, PA 19103
awalvoord@anapolschwartz.com
aracine@anapolschwartz.com
sweiss@anapolschwartz.com

**Barry H. Dyller, Esquire**
Law Office of Barry H. Dyller
88 North Franklin Street
Gettysburg House
Wilkes-Barre, PA 18701
barry.dyller@dyllerlawfirm.com

**Johanna L. Gelb, Esquire**
Gelb Law Firm
538 Spruce Street
Suite 600
Scranton, PA 18503
jgelb7@aol.com

**Daniel E. Kleiner, Esquire**
Metzger & Kleiner
Two Penn Center, Suite 1204
15th Street & JFK Blvd.
Philadelphia, PA 19102
dkleiner@comcast.net

**Richard G. Freeman, Esquire**
924 Cherry Street, 4th Floor
Philadelphia, PA 19107
rgfirm@aol.com

**Alison T. Dante, Esquire**
**Eric Kraeutler, Esquire**
**Matthew J.D. Hogan, Esquire**
**Nathan J. Andrisani, Esquire**
**Joseph B.G. Fay, Esquire**
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
adante@morganlewis.com
mjdhogan@morganlewis.com
jfay@morganlewis.com

**Kimberly D. Borland, Esquire**
Borland & Borland
69 Public Square, 11th Floor
Wilkes-Barre, PA 18701
borlandk@borlaw.com

**Bernard M. Schneider, Esquire**
Bucker, Schneider & Porter
300 Weyman Road, Suite 320
Pittsburgh, PA 15236
bmschn@aol.com

**Jonathan Vipond, III, Esquire**
Buchanan Ingersoll
208 North Third Street
P.O. Box 12023, Suite 300
Harrisburg, PA 17108-2023

**Donna L. Adelsberger, Esquire**
**Howard Wishnoff, Esquire**
Donna L. Adelsberger & Associates
6 Royal Avenue, P.O. Box 530
Glenside, PA 19038
dadelsberger@dlalawyers.com
hwishnoff@dlalawyers.com

**Bernard M. Schneider, Esquire**
Bucker, Schneider & Porter
300 Weyman Road, Suite 320
Pittsburgh, PA 15236
bmschn@aol.com

**Philip Gelso, Esquire**
Briechle & Gelso
63 Pierce Street
Kingston, PA 18704
philip.gelso@briechle-gelso.com

**Jeffrey S. Feldman, Esquire**
**Jessica R. Birk, Esquire**
**Mark B. Sheppard, Esquire**
Montgomery, McCracken, Walker & Rhodes, LLP
123 S. Broad Street, 24th Floor
Philadelphia, PA 19109
jfeldman@mmwr.com
jbirk@mmwr.com
msheppard@mmwr.com

Deborah Hart Simon, Esquire
Timothy T. Meyers, Esquire
Elliott, Greenleaf & Siedzikowski
Union Meeting Corporate Center V
925 Harvest Drive, Suite 3010
Blue Bell, PA 19422
dhs@elliottgreanleaf.com
ttm@elliottgreanleaf.com

John G. Dean, Esquire
Elliott, Greenleaf & Siedzikowski
201 Penn Avenue, Suite 202
Scranton, PA 18503
jgd@elliottgreanleaf.com

**Mark W. Bufalino, Esquire**
225 Wyoming Avenue
West Pittston, PA 18643
mbuflaw@netzero.com

**John Flounlacker, Esquire**
**Scott D. McCarroll, Esquire**
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108-0999
jfloundlacker@tthlaw.com
smccarroll@tthlaw.com

**Suzanne McDonough, Esquire**
Holsten & Associates
One Olive Street
Media, PA 19091
smcdonough@holstenassoc.com

**Stephen A. Seach, Esquire**
The Powell Law Group
123 Warren Street
West Hazleton, PA 18201
sseach@powell-group.com

**James A. Swetz, Esquire**
Cramer, Swetz & McManus
711 Sarah Street
Stroudsburg, PA 18360
jaswetz@csmlawyer.com

**Thomas E. Brenner, Esquire**
Goldberg, Katzman, P.C.
320 E. Market Street
Strawberry Square
P.O. Box 1268
Harrisburg, PA 17108-1268
teb@goldbergkatzman.com

**OBJECTORS – Plymouth Borough & Wright Twp.**

**Michael R. Kostelansky, Esquire**
340 Market Street
Kingston, PA 18704
mkostelansky@cardoni.com

**Plains Twp.**

**Stephen A. Menn, Esquire**
225 Wyoming Avenue
West Pittston, PA 18643
sdlmen@yahoo.com

**Fairview Twp.**

**Donald H. Brobst, Esquire**
**Thomas J. Campenni, Esquire**
Rosenn, Jenkins & Greenwald
15 South Franklin Street
Wilkes-Barre, PA 18711
dbrobst@rjglaw.com
tcampenni@rjglaw.com

**Hanover Twp.**

**Robert V. Davison, Esquire**
480 Pierce Street, Ste. 216
Kingston, PA 18704
rdavison@epix.net

**MISCELLANEOUS PARTY – Kingston Borough Police Department**

**Harry P. Mattern, Esquire**
777 Wyoming Avenue
Kingston, PA 18704
mattern@epix.net

**INTERVENOR – Rice Twp.**

**William E. Vinsko, Jr., Esquire**
Vinsko & Associates
253 S. Franklin Street
Wilkes-Barre, PA 18701
wvinsko@vinsko.com

by first class mail, postage prepaid.

**Mark Ciavarella**
585 Rutter Avenue
Kingston PA 18704
pro se

s/Edward P. McNelis
Edward P. McNelis, Esquire
Attorney ID # 37631
Attorney for Cindy Ciavarella