# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **B.W., a minor, et al.**<br>v.<br>**POWELL et al.** | **Case No. 09-cv-0286** |
| **CONWAY et al.**<br>v.<br>**CONAHAN et al.** | **Case No. 09-cv-0291** |
| **H.T., through & with her next friend & mother, L.T., et al.**<br>v.<br>**CIAVARELLA et al.** | **Case No. 09-cv-0357** |
| **HUMANIK**<br>v.<br>**CIAVARELLA et al.** | **Case No. 09-cv-0630**<br><br>**The Honorable A. Richard Caputo** |

## DEFENDANT LUZERNE COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS ALL CLAIMS

OF COUNSEL

ELLIOTT GREENLEAF
    & SIEDZIKOWSKI, P.C.

JOHN G. DEAN
PA76168
PNC Bank Bldg, Suite 202
201 Penn Ave.
Scranton, PA 18501
570-346-7569
jgd@elliottgreenleaf.com


Dated: July 27, 2009

TIMOTHY T. MYERS
PA46959
DEBORAH H. SIMON
PA32459
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
ttm@elliottgreenleaf.com
dhs@elliottgreenleaf.com

# **TABLE OF CONTENTS**

I.     PROCEDURAL HISTORY AND STATEMENT OF THE
       FACTS STATEMENT ................................................................................1

II.    STATEMENT OF QUESTION INVOLVED.................................................6

III.   ARGUMENT................................................................................................6

    A.   ALL OF PLAINTIFFS' CLAIMS MUST BE
        DISMISSED AGAINST LUZERNE COUNTY
        PURSUANT TO RULE 12(B)(6) ...........................................................6

    B.   A COUNTY GOVERNMENT CANNOT BE HELD
        LIABLE FOR ALLEGED CONSTITUTIONAL
        DEPRIVATIONS IN A STATE JUDICIAL
        PROCEEDING AND WHERE STATE JUDICIAL
        OFFICERS THEMSELVES HAVE ABSOLUTE
        IMMUNITY .........................................................................................8

        1.   Luzerne County Is Immune From §1983 Liability......................10

        2.   Court of Common Pleas Judges Are State Judicial
            Officers With Immunity And Do Not Make
            County Policy............................................................................14

        3.   The District Attorneys Acted As State Court
            Officials In State Court Judicial Proceedings
            Entitled to Absolute Immunity  ...................................................18

        4.   Probation Officers Are State Court Employees
            Under Supervision Of State Court Judges And Not
            County Policymakers ..................................................................19

        5.   The Assistant District Attorneys, Public Defenders
            And Probation Officers Cannot Convert Judicial
            Procedures Into County Policies..................................................20

IV.    CONCLUSION...........................................................................................21

i

# TABLE OF CITATIONS

*Cases*

*Antolik v. County of Erie*, 93 Pa. Cmwlth. 258, 501 A.2d 697 (1985)....................19

*Azubuko v. Saris*, 167 Fed.Appx. 317 (3dCir.,2006) ................................................11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)................................................7

*Benn v. First Judicial District of Pennsylvania*, 426 F.3d 233,
   (3dCir.,2005)........................................................................................................8, 9

*Bittner v. Snyder County*, 2009 WL 179776 (M.D.Pa.,2009) .................................12

*Blake v. Papadakos*, 953 F.2d 68 (3dCir.,1992)................................................16, 17

*Bliven v. Hunt*, 478 F.Supp.2d 332 (E.D.N.Y.,2007) .................................17, 18, 19

*Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) .......................................................18

*Briscoe v. LaHue*, 460 U.S. 325 (1982)...................................................................12

*Buckley v. Fitzsimmons*, 509 U.S. 254 (1993) ........................................................12

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) ..............................................20

*Court of Common Pleas of Erie County v. Pa Human Relations
   Comm'n*, 546 Pa. 4, 682 A.2d 1246 (1996)........................................................19

*Eggar v. City of Livingston*, 40 F.3d 312 (9thCir.,1994)........................................17

*Ellenbogen v. City of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978).....................19

*Evancho v. Fisher*, 423 F.3d 347 (3dCir.,2005) .......................................................7

*Figueroa v. Blackburn*, 208 F.3d 435 (3dCir.,2000) ..............................................11

*Forrester v. White*, 484 U.S. 219 (1988) ................................................................10

*Fuchs v. Mercer County*, 260 Fed.Appx. 472 (3dCir.,2008)...................................18

*Galvani v. Commonwealth of Pennsylvania*, 2009 WL 1279133
   (3dCir.,2009)........................................................................................................14

*Granda v. City of St. Louis*, 472 F.3d 565(8thCir.................................................17

*Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d
   193 (3d.Cir.,2008)..........................................................................................8, 15, 16

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ........................................................12, 18

*In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3dCir.,2008)....................7

*In Re Montgomery County*, 215 F.3d 367, 373 (3dCir.,2000).................................11

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)............................................15

*Johnson v. Moore*, 958 F.2d 92 (5thCir.,1992) .....................................................17

*Kalina v. Fletcher*, 522 U.S. 118 (1997) ...............................................................12

*Kelly v. County of Montgomery*, 2008 WL 3408123  (E.D.Pa.,2008)................9, 13

*Kremer v. State Ethics Comm'n*, 503 Pa. 358, 469 A.2d 593 (1983)......................16

*Kulwicki v. City of Meadville*, 969 F.2d 1454 (3dCir.,1992)............................12, 13

*L.J.S. v. State Ethics Comm'n*, 744 A.2d 798 (Pa.Cmwlth,2000) ..........................19

*Leadbetter v. City of Topeka, Kansas*, 318 F.3d 1183 (10thCir.,2003)...................17

*Mancini v. Lester*, 630 F.2d 990 (3dCir.,1980) .....................................................12

*McMillan v. Monroe County, Alabama*, 520 U.S. 781 (1997) ................................15

*Mireles v. Waco*, 502 U.S. 9 (1991)......................................................................11

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)..............................................10

*Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3dCir.,1997)...........................7

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) .............................................20

*Phillips v. Allegheny*, 515 F.3d 224 (3dCir.,2008) ...................................................7

*Polk v. Dodson*, 454 U.S. 312 (1981) ....................................................................14

*Rogers v. Bucks County Domestic Relations Section*, 959 F.2d 1268
(3dCir.,1992)........................................................................................................16

*Seigert v. Gilley*, 500 U.S. 226 (1991)...................................................................11

*Stankowski v. Farley*, 487 F.Supp.2d 543 (M.D.Pa.,2007) ...................................13

*Stump v. Sparkman*, 435 U.S. 349 (1978)..............................................................11

*Thomas v. Jarbola*, 140 Fed.Appx. 387 (3dCir., 2005)..........................................18

*Tower v. Glover*, 467 U.S. 914 (1984)...................................................................14

*Trueman v. City of Upper Chichester*, 289 Fed.Appx. 529
(3dCir.,2008)........................................................................................................12

*Van De Kamp v. Goldstein*, __ U.S. __, 129 S.Ct. 855 (2009) ..............................18

*Whitfield v. City of Philadelphia*, 587 F.Supp.2d 657 (E.D.Pa.,2008)...................19

*Williams v. Consovoy*, 453 F.3d 173 (3dCir.,2006)................................................10

*Woods v. City of Michigan City*, 940 F.2d 275 (7thCir.,1991)................................17

### Statutes

42 Pa. C.S.A. §102....................................................................................................9

42 Pa. C.S.A. §325(e)(1).........................................................................................16

42 Pa. C.S.A. §961..................................................................................................16

42 Pa.C.S.A. §6304.................................................................................................13

42 U.S.C. §1983......................................................................................................14

### Rules

Fed.R.Civ.P. 12(b)(6)................................................................................................1

Defendant County of Luzerne ("Luzerne County") hereby respectfully submits this Memorandum of Law in support of its Motion to Dismiss.

## I.   PROCEDURAL HISTORY AND STATEMENT OF THE FACTS

Plaintiffs are individual juveniles, their parents or legal guardians, and putative representatives of a class (or several subclasses) of juveniles who claim that two former state court judges, Defendants Conahan and Ciavarella, failed to provide them with their constitutional right to a fair tribunal because they did not adequately disclose on the record Plaintiffs rights to counsel and against self-incrimination. [1]   Plaintiffs argue that any one present during the state court proceedings vicariously adopted and ratified the Court's procedures, converting them from State Court procedures to County policies, for which Luzerne County can be liable.

Plaintiffs' sole claim against Luzerne County in the Master Complaint for Class Actions ("Class Action Complaint") is set forth in Count VIII for violation of Plaintiffs' right to counsel and to enter a knowing, intelligent and voluntary guilty plea.   On the face of this claim, it relates to some person or entity other than

---

[1] Plaintiffs initiated litigation in the state court seeking either reversals or habeas relief of sentences challenging the insufficiency of the Juvenile Court's disclosures of their right to counsel and the effect of entering an admission to the charges against them.   Thereafter, the Juvenile Law Center filed an application with the Pennsylvania Supreme Court for a King's Bench Proceeding to address what is characterized by Plaintiffs in the Class Action Complaint as "one of the largest and most serious violations of children's rights in the history of the American legal system."   (*See, e.g.,* Class Action Complaint, ¶¶ 1, 697.)

Luzerne County, because Luzerne County did not and could not participate in any judicial proceedings that are at issue.  Those were state court proceedings between state officials and alleged juvenile offenders.

In support of this claim, out of the five hundred and thirty seven (537) paragraphs of factual allegations, there is just one (1) factual allegation in ¶693 against Luzerne County.

Paragraph 693 alleges that the District Attorney and the Public Defender of the Commonwealth of Pennsylvania, Court of Common Pleas of Luzerne County, are "County actors," who failed to comply with the United States Constitution, the Pennsylvania Juvenile Act, or the Pennsylvania Supreme Court Rules of Juvenile Court Procedure, merely by "participating" in the judicial proceedings before Defendant Ciavarella. [2]  That is the sole factual allegation against Defendant Luzerne County. [3]

---

[2] Plaintiffs have already attempted to litigate in state court the issue of whether the conduct of the District Attorney in failing to object to the procedures developed, maintained and implemented by Ciavarella, constituted a violation of their constitutional rights so as to warrant dismissal of the criminal proceedings against them.  (*E.g.,* Class Action Complaint, ¶¶697-699; Long Form Complaint, ¶¶38, 77-78.)

[3] "Luzerne County" is repeatedly mentioned in the Class Action Complaint as a geographic location.  It is also mentioned in two paragraphs which appear to be either typographical errors and/or as sloppy references to the Commonwealth of Pennsylvania, Court of Common Pleas of Luzerne County.  (*See,* Class Action Complaint at ¶¶ 435, 436.)  The only other factual allegations concerning Luzerne County are set forth in ¶¶655, 658 and 663, which relate to Luzerne County's

In Count VIII, the sole count against Luzerne County, the Class Action Complaint restates allegations in ¶¶780-782 and 785 **against Defendant Ciavarella.**  Paragraph 783 rehashes Plaintiffs' sole factual allegation against Luzerne County that the District Attorney and the Public Defender are "county actors" who were "non-compliant" with case law, statutes and rules "regarding Plaintiffs' constitutional rights."  The Class Action Complaint then asserts legal conclusions that the inactions of the Commonwealth's District Attorney and Public Defender to stop the alleged practice of the President Judge of the Commonwealth of Pennsylvania, Court of Common Pleas of Luzerne County, are somehow permanent policies attributable to the County.  (Class Action Complaint, ¶¶784-786.)  Thus, Plaintiffs seek to create a new type of *Monell* liability, for convicted criminals and even disgruntled litigants, to sue a county or municipality because of alleged inattentiveness of state government lawyers allegedly resulting in an adverse order entered by a state court.

---

funding of the River Street facility; the County Commissioners allowing juvenile offenders to be housed in the Pittston PA Child Care facility; and Defendants Ciavarella and Conahan using their state court powers to cause Luzerne County to contract with PA Child Care and Western PA Child Care.  However, ¶¶660, 721, 725 and other paragraphs allege that Defendants Ciavarella and Conahan "concealed," did not disclose" and "hid these payments from the County of Luzerne."  ¶¶660, 721 and 725 are gratuitous because the allegations and sole claim set forth in Count VIII are not based upon these allegations, but are based solely on the factual allegation in ¶693.

Plaintiffs' sole claim against Luzerne County in the Master Long Form Complaint ("Long Form Complaint") is in Count VI for deprivation of substantive and procedural due process rights.  Like the Class Action Complaint, the Long Form Complaint asserts lengthy factual allegations, except as against Luzerne County.  Its only factual allegations against Luzerne County are set forth in ¶¶41-43, 66, and 74-75, in which Plaintiffs allege that Defendants Michael Conahan and Mark Ciavarella acted in an "administrative capacity on behalf of the County of Luzerne."  However, this false legal conclusion is based on the factual allegation in ¶41 that "Defendant CONAHAN, acting in his administrative capacity on behalf of the County of Luzerne and under color of state law, executed a 'Placement Guarantee Agreement' between PACC and **the Court of Common Pleas for Luzerne County…"**  The Court of Common Pleas for Luzerne County is a state entity that happens to be located geographically in Luzerne County.  It is **not** Luzerne County.  As a matter of law, Defendants Conahan and Ciavarella did not and could not act on behalf of Luzerne County.  Indeed, Plaintiffs themselves plead in Paragraph 75 of their Long Form Complaint that Defendants Conahan and Ciavarella did not act on behalf of Luzerne County, but instead schemed "to defraud and deprive the citizens of Luzerne County…"

Thereafter, Count VI of the Long Form Complaint artfully attempts to plead that Defendants Conahan and Ciavarella, as well as Defendant Brulo and Michael

Loughney, who were probation officers, were not only County employees, which they were not, but that they were also policy-making County employees, which they were not, and could not be as a matter of law.

Thus, Plaintiffs artfully plead novel theories of municipal vicarious liability for the negligent failure to object, by state public lawyers and probation officers, to a practice by a state court judge, in state court proceedings. Plaintiffs' claims against Luzerne County based upon the exercise of judicial administration cannot proceed, and must be dismissed on grounds of immunity, and the impossibility of extending *Monell* liability under these facts. Accordingly, Luzerne County must be dismissed.

This Court must not countenance Plaintiffs' counsels' broad brushed attempts to create insurance pools for compensation, regardless of how remotely connected to Plaintiffs' claims the Defendants may be. This is most compelling for Defendant Luzerne County and the efforts of Plaintiffs to access the public treasury and/or its insurers. [4]

---

[4] Plaintiffs' prior Complaints reveal their attempt to allege that the Commonwealth of Pennsylvania, Court of Common Pleas of Luzerne County is a county entity, rather than a state entity. For example, the Second Amended Class Action Complaint in *Conway* asserts that probation officers Brulo and Loughney were policymakers for the County. It also characterizes actions of the state court judges in implementing certain procedures as "the policies and customs developed, maintained and implemented by Brulo and/or Loughney **on behalf of Luzerne County**." (*Conway* Second Amended Complaint, hereafter "CSAC," ¶¶ 160-165)(emphasis added). It describes the state court judges' roles as "administrative

II.   **STATEMENT OF QUESTION INVOLVED**

Whether a county may be liable for the alleged practices of state court officers in state court judicial proceedings?

Answer:   No.

III.   **ARGUMENT**

A.   **ALL OF PLAINTIFFS' CLAIMS MUST BE DISMISSED AGAINST LUZERNE COUNTY PURSUANT TO RULE 12(B)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of

the pleading.  *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 316 n.15

roles for Luzerne County," including operating the juvenile probation department. (CSAC ¶¶166, 167).  It contains two claims against the County, Counts Four and Five, which assert that the policies regarding the juveniles' right to counsel, including obtaining waivers of the right to counsel, and the right to an impartial tribunal constituted "County policies."  It also asserts that policies of the Probation Office constitute County policies.  The Amended Complaint in *Humanik* contains only one count (Count V) against Luzerne County, based upon the conclusory assertion that the County "as aforesaid, adopted the customs, policies and practices formulated by defendants Ciavarella, Conahan, Brulo and Loughney."  (¶127). However, the only aforesaid allegations relating to the claimed adoption of these policies are the conclusory assertions that "on information and belief defendant Luzerne County and its respective and responsible agencies-such as the Office of the Public Defender—adopted the policies formulated by Ciavarella, Conahan, Brulo and Loughney."  (¶117).  The Second Amended Complaint in *B.W.* bases the County's liability (Count VI) on the claim that Conahan's actions with respect to closing a "county" detention facility and contracting on behalf **of the Court** with the private detention center entities (¶1207); that Brulo and Loughney had final authority **in the state court proceedings for the County** (¶1209); that Brulo conspired with the other defendants making the County liable for the actions of private individuals and entities (¶1211); and that Ciavarella's customs, policies and practices in operating **the state court** became permanent and well settled, which then makes the County liable for his actions (¶¶1215-1217).  The *H.T.* amended against the County are virtually the same as in the Class Action Complaint.

(3dCir.,2008).   To survive the motion, Plaintiff must aver "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   *Twombly* is not limited to the antitrust context, but applies to all cases.   *Phillips v. Allegheny*, 515 F.3d 224, 231-233 (3dCir.,2008)(emphasizing that a well-pleaded complaint requires "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."). A plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice.   *Twombly*, 550 U.S. at 554; *Phillips*, 515 F.3d at 231.   It is clear that the "no set of facts" language may no longer be used as part of the Rule 12(b)(6) standard.   *Id.*

While all well-pleaded facts, as distinguished from conclusory allegations, must be taken as true, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."   *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3dCir.,1997)(citations omitted).   Additionally, the court need not accept factual allegations if they are patently absurd, i.e. their "factual impossibility may be shown from the face of the pleadings." *Twombly*, 550 U.S. at 561.   The Court is also **not** required to assume that the plaintiff can prove facts that are **not** alleged in the Complaint. *Evancho v. Fisher*, 423 F.3d 347, 354 (3dCir.,2005).

Here, all of the claims must be dismissed against Luzerne County because Luzerne County is not the Commonwealth of Pennsylvania, Court of Common Pleas of Luzerne County.  The fact that the words "Luzerne County" appear within the name of a state court subdivision does not convert a state court into a county government.

**B.    A COUNTY GOVERNMENT CANNOT BE HELD LIABLE FOR ALLEGED CONSTITUTIONAL DEPRIVATIONS IN A STATE JUDICIAL PROCEEDING AND WHERE STATE JUDICIAL OFFICERS THEMSELVES HAVE ABSOLUTE IMMUNITY**

The Eleventh Amendment immunizes the state from suits brought in federal court by its own citizens in addition to suits by citizens of other states.  *Benn v. First Judicial District of Pennsylvania,* 426 F.3d 233, (3dCir.,2005).  Moreover, the Eleventh Amendment applies to sub-units of the state.  *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 198 (3d.Cir.,2008).   A plaintiff's suit may be barred by the Eleventh Amendment even though the state is not a named party to the action provided that the state is deemed to be the real party in interest.  *Benn*, 426 F.3d at 239.

The Third Circuit has repeatedly held that:

> [t]he Pennsylvania constitution provides for the vesting of the Commonwealth's judicial power in a "unified judicial system" which includes all of the courts in Pennsylvania. Pa. Const. art. V, § 1. Moreover, the constitution provides that the Pennsylvania Supreme Court will exercise "general supervisory and

> administrative authority" over the unified judicial system.
> Pa. Const. art. V, §§ 1, 2, and 10. All courts and agencies
> of the unified judicial system, including the Philadelphia
> Municipal Court, are part of "Commonwealth
> government" and thus are state rather than local agencies.
> See Pa. Const. art. V, § 6(c); 42 Pa. Cons.Stat. Ann. §
> 102 (West Supp.1999); 42 Pa. Cons.Stat. § 301 (West
> 1981).

*Benn v. First Judicial Dist. of Pa,*   426 F.3d 233, 240 (3dCir.,2005)(quoting

*Callahan v City of Philadelphia*, 207 F.3d 668, 672 (3dCir.,2000)).

All of Plaintiffs' allegations in all of the various complaints relate to their

alleged deprivation of constitutional rights in state judicial proceedings.  Nothing

alleged relates to the functions of county government or to any action of any

county commissioner or any employee appointed or authorized by county

governmental officials with authority to determine the outcome of the juvenile

delinquency proceedings.

Here, Plaintiffs' claims against Luzerne County arise from actions

undertaken by the court or an officer of the court; accordingly, "such claims cannot

proceed against the County in its executive capacity."   *Kelly v. County of

Montgomery*, 2008 WL 3408123 *3 (E.D.Pa.,2008).  The separation of powers

doctrine prevents the court from attributing actions involving the judicial function

to a separate branch of government exercising executive power.  Furthermore,

imposition of liability on a county on the basis of such attenuated claims would

violate the cardinal rule against imposing liability for harms a municipality does

not commit. *Monell v. Dep't of Soc. Servs.* 436 U.S. 658, 694-95 (1978).

These allegations require the application of immunity and preclude Plaintiffs from proceeding against the judicial officers involved in the proceeding, or vicariously implicating Luzerne County for such actions. The Third Circuit takes a functional approach to the determination of this immunity: if an official "performed a function integral to the judicial process," absolute immunity from §1983 claims attaches. *Williams v. Consovoy*, 453 F.3d 173, 178 (3dCir.,2006). A judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S. 219, 277 (1988).

### 1. <u>Luzerne County Is Immune From §1983 Liability</u>

The glaring and fundamental flaw in Plaintiffs' allegations against Luzerne County is that all of the relevant offenses occurred **in connection with or during a judicial proceeding**. State Court judge Ciavarella allegedly failed to conduct a colloquy on the state court record relating to waiver of counsel or the implication of entering an admission to the state's charges, rendering the state judicial process technically inadequate. The District Attorney and the public defender allegedly failed to prevent this state court judge's practice in these state court proceedings. Regardless of how inadequate or deficient these disclosures are determined to have been, the participants in the proceeding, (or in Luzerne County's case, a non-participant), cannot be sued for their actions during a judicial proceeding.

It is a well settled principle of law that judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman,* 435 U.S. 349, 359-360 (1978); *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3dCir.,2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991). *See also Seigert v. Gilley,* 500 U.S. 226, 231(1991)("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *In Re Montgomery County,* 215 F.3d 367, 373 (3dCir.,2000)("Absolute immunity creates not only protection from liability, but also a right not to stand trial."); *Azubuko v. Saris*, 167 Fed.Appx. 317, 318 (3dCir.,2006).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." *Sparkman,* 435 U.S. at 356. Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12. Neither of these situations is alleged here. The constitutional and statutory provisions make clear that the judges' actions, whether they are characterized as administrative or adjudicative, were taken within their judicial capacity.

Similarly, the actions of the District Attorney cannot be presumed to relate to either county policymaking or to activities which are subject to suit. A prosecutor engaged in "activities [ ] intimately associated with the judicial phase of the criminal process" is absolutely immune from §1983 money damages. *Imbler v. Pachtman,* 424 U.S. 409, 420 (1976). *See also Kalina v. Fletcher,* 522 U.S. 118, 125 (1997); *Buckley v. Fitzsimmons,* 509 U.S. 254 (1993); *Kulwicki v. City of Meadville*, 969 F.2d 1454, 1464 (3dCir.,1992); *Bittner v. Snyder County*, 2009 WL 179776 *8 (M.D.Pa.,2009). *See also Trueman v. City of Upper Chichester,* 289 Fed.Appx. 529, 532 (3dCir.,2008). Actions that relate to the prosecutor's role as an advocate are "judicial" actions. *Mancini v. Lester,* 630 F.2d 990, 993 (3dCir.,1980).

For example, prosecutors are absolutely immune from claims for malicious prosecutions, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. *See Rose; Imbler.* In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In *Imbler,* the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution. *Briscoe v. LaHue,* 460 U.S. 325, 334 (1982); *Kulwicki v. Dawson,* 969 F.2d 1454,

1463 (3dCir.,1992).  In this case, the actions of the District Attorney alleged to render the County liable are decisions, actions, or, more accurately, **_inaction_** by failing to prevent a policy by a state court judge during a state juvenile adjudication hearings.  The case law establishes that such actions are encompassed within the judicial function and absolutely immune, and thus cannot implicate the County.

Similar principles shield the participation of the probation officers, as the allegations complain of their actions **"as an arm of the court."**  _Kelly v. County of Montgomery_, 2008 WL 3408123 *7 (emphasis added).  _See also Stankowski v. Farley_, 487 F.Supp.2d 543, 553 (M.D.Pa.,2007).  By law, a probation officer only performs those duties **directed by the court.**  42 Pa.C.S.A. §6304.  Statewide standards for the establishment of guidelines for the filing of complaints against a juvenile, and the processing and adjudication of such complaints, make clear that these procedures are a joint function of the administrative judge of the juvenile court and the probation department, and any policymaking authority is wholly within the court system, regardless of whether the actions are termed administrative or judicial. [5]

The Class Action Complaint also suggests that county liability attaches because Public Defenders were in the courtroom, observed Ciavarella's conduct,

___

[5]   _See_   "Standards   Governing   Juvenile   Court   Intake," http://www.portal.state.pa/server.pt/gateway/PTARGS_0_152425_404286_0_0_.

and also failed to object.  Notably, Plaintiffs are not alleging that these deficiencies occurred during the course of a public defender's legal representation.  Nor do they assert that any public defender conspired with state officials.  *See Tower v. Glover*, 467 U.S. 914, 921 (1984).  A public defender performing his or her duties in the courtroom (or failing to object to conduct of a judge in the courtroom) is not considered to be acting "under color of state law," and therefore cannot be sued under 42 U.S.C. §1983.  *Polk v. Dodson*, 454 U.S. 312, 453 (1981).  Plaintiffs allege no facts upon which this Court could infer either a duty on the part of the public defender or any delegation of policymaking authority to the defender.  No facts support the claim that a public defender's omission renders Luzerne County liable for constitutional deprivations in the state court proceedings. *See Galvani v. Commonwealth of Pennsylvania*, 2009 WL 1279133 *2 (3dCir.,2009).

### 2.    Court of Common Pleas Judges Are State Judicial Officers With Immunity And Do Not Make County Policy

Plaintiffs allege that certain decisions of the state court judge defendants, Conahan and Ciavarella, relating to budgeting for the state court, referring juvenile defendants to certain detention facilities, and informing juvenile defendants of their rights in state court proceedings, constitute administrative decisions, and therefore fall outside the judicial function and must represent County policy.  Plaintiffs' allegations are unsustainable as a matter of law.

The determination of the authority inherent in a government office and to what extent an official has final policymaking authority for a governmental entity is "dependent on the definition of the official's functions under relevant state law." *McMillan v. Monroe County, Alabama*, 520 U.S. 781, 786 (1997). Whether an official is the final policymaking authority for Luzerne County is a question to be decided by the court. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Thus, this Court must look, not to the characterizations and insinuations of the Complaints, but to Pennsylvania constitutional and statutory provisions relating to the structure of the government and the scope of authority. *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 201 (3dCir.,2008)

Pennsylvania's Constitution establishes the court system as a separate branch of government. The Constitution also establishes a Unified Judicial System, meaning that even though the judges here sat in the Court of Common Pleas of "Luzerne County," that court is not a part of Luzerne County government, but rather a state court in a unified court system. Pa. Const., Art. V. Furthermore, Pennsylvania's Supreme Court, established in the Constitution as the state's highest court, has the power to exercise general supervisory and administrative authority over all the courts. Const., Art. V, §10. The Constitution thus acknowledges that the operation of the courts involves administrative as well as purely judicial functions.

Significantly, under the separation of powers doctrine, a legislative body, such as county government, cannot infringe upon the court's authority and has no supervisory authority over the courts. *Kremer v. State Ethics Comm'n*, 503 Pa. 358, 361, 469 A.2d 593, 595 (1983). Additionally, the Pennsylvania Judicial Code governs the administrative requirements of operating a court system and creates the position of President Judge (the position held by Conahan) as "the executive and administrative head of the court," who has the responsibility to "supervise the judicial business of the court, promulgate all administrative rules and regulations …" 42 Pa. C.S.A. §325(e)(1).

Only the Supreme Court of Pennsylvania has the authority under the Judicial Code to supervise or alter the duties, powers or authority of the President Judge. *Blake v. Papadakos*, 953 F.2d 68, 70 (3dCir.,1992). The Pennsylvania Legislature also established, as part of a unified state court system, a domestic relations section to handle cases involving juveniles, and including, as part of the Court, probation officers. 42 Pa. C.S.A. §961. The Third Circuit has held that a county domestic relations section "is merely a **part** of the court of common pleas for that county and 'thus, *not* a county agency.'" *Haybarger, supra*, 551 F.3d at 201, *citing Rogers v. Bucks County Domestic Relations Section*, 959 F.2d 1268, 1271 n.4 (3dCir.,1992)(emphasis added).

16

Courts have uniformly held that judges do not act as policymakers on behalf of a municipal governmental entity. *Granda v. City of St. Louis*, 472 F.3d 565(8thCir.,2007); *Leadbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1190 (10th Cir.,2003); *Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir.,1992); *Woods v. City of Michigan City*, 940 F.2d 275, 279 (7thCir.,1991)(judge acting as part of state judicial system not an official policymaker).

This is clearly the case when the challenged action involves a decision relating to the adjudicative process, such as the actions as issue here. *See Blake v. Papadakos*, 953 F.2d at 70-72.

In *Eggar v. City of Livingston*, 40 F.3d 312, 316 (9th Cir.,1994), the court held that a judge's failure to inform indigent defendants of their right to counsel did not amount to municipal policymaking. "A municipality cannot be liable for judicial conduct it lacks the power to require, control or remedy, even if that conduct parallels or appears entangled with the desires of the municipality." *Id.* Similarly, in *Bliven v. Hunt*, 478 F.Supp.2d 332 (E.D.N.Y.,2007), the plaintiff sued the City of New York under §1983 claiming that the actions of certain family court officials, including a judge, in reducing his compensation for public defender services, constituted a municipal policy. The court found that in New York, as in Pennsylvania, the state had a unified judicial system and, under that system, judges are state employees. 478 F.Supp.2d at 337-338. Additionally it held that the city

17

"cannot be held liable for the judges' administrative actions because it does not have the power to review or remedy those acts." *Id*. At 338.

In this case, as in *Eggar* and *Bliven*, Luzerne County has no authority over the state court system or its individual judges. Indeed, Plaintiffs' own allegations, that Defendant Conahan's unilateral decision to de-fund the county juvenile detention facility and to enter into an agreement with the private detention facility, demonstrate that Luzerne County has no power over the state judges of the Court of Common Pleas or its juvenile court. If the municipal entity does not have the power to remove a judge, the municipality cannot be held liable for the judge's actions. *Bliven*, 478 F.Supp.2d at 339. Accordingly, Plaintiffs cannot sue Luzerne County under §1983 for policies they claim the state judges instituted.[6]

### 3. The District Attorneys Acted As State Court Officials In State Court Judicial Proceedings Entitled to Absolute Immunity

District Attorneys are state court officials entitled to absolute immunity. *Van De Kamp v. Goldstein*, __ U.S. __, 129 S.Ct. 855, 861-62 (2009). *See also Imbler*, 424 U.S. at 420; *Fuchs v. Mercer County*, 260 Fed.Appx. 472 (3dCir.,2008); *Thomas v. Jarbola*, 140 Fed.Appx. 387 (3dCir., 2005). It is well

---

[6] To the extent that the Long Form Complaint alleges that Luzerne County is liable for any part of a budgetary process between the legislative and judicial branches of government, "[a]bsolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity'" Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998).

settled that individual prosecutors are entitled to absolute immunity from Section 1983 liability for any action performed pursuant to their judicial or quasi-judicial function as advocates for the state. *Whitfield v. City of Philadelphia*, 587 F.Supp.2d 657, 665 (E.D.Pa.,2008).  Thus, the test is whether based on the unique facts of the case, the conduct of the prosecutor was "'quasi judicial,' and entitled to absolute immunity, or 'administrative or investigatory,' and not so entitled." *Id.*  Here, the allegations are that Luzerne County should be liable, where admittedly even the District Attorney is not liable, because the assistant district attorney failed to stop a state court judge from implementing a practice during state court proceedings.

> **4.**     **Probation Officers Are State Court Employees Under Supervision Of State Court Judges And Not County Policymakers**

Plaintiffs describe probation officers Brulo and Loughney as county policymakers.  However, Plaintiffs do not allege that Luzerne County trains any of these state court officials.   As the County does not train or supervise these employees and cannot remove them from office, *Antolik v. County of Erie*, 93 Pa. Cmwlth. 258, 501 A.2d 697, 265 (1985), their actions cannot lead to liability on the part of the County.  *Bliven*, 478 F.Supp.2d at 339.

Moreover, these individuals are Court, not County employees, and cannot make policy for Luzerne County or render it liable based upon their alleged acquiescence in the actions of the state court judges.  *Court of Common Pleas of*

19

*Erie County v. Pa Human Relations Comm'n*, 546 Pa. 4,7, 682 A.2d 1246, 1247 (1996); *L.J.S. v. State Ethics Comm'n*, 744 A.2d 798 (Pa.Cmwlth,2000); *Ellenbogen v. City of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978).

> **5.** **The Assistant District Attorneys, Public Defenders And Probation Officers Cannot Convert Judicial Procedures Into County Policies**

The allegations of the Class Action Complaint, the Long Form Complaint and the individual complaints, seek to convert the mere presence of state court judicial officers, observing state court Judge Ciavarella's purported practice of failing to comply with procedural safeguards, into Luzerne County policy.  Even if these state court judicial officers could be construed as Luzerne County policy-makers, which they cannot, such an assertion fails to articulate the requisite facts for *Monell* liability.  Such liability cannot rest on constructive knowledge of a non-policymaker, but requires that the official "responsible for establishing final policy with respect to the subject matter in question" make a deliberate choice among competing alternatives that causes the violation of constitutional rights.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986).

To establish liability for a policy on the basis of ratification, plaintiffs must allege that "authorized policymakers approve a subordinate's decision and the basis for it."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).  Nothing in the factual allegations in the complaints, the Pennsylvania constitution or the

Judicial Code establishes that these junior judicial officers represent superior offices to that of a state court judge, or that either the judge or probation officer is a subordinate of either a District Attorney or Public Defender.  Additionally, they are devoid of any mention that either office has the power to make official or final policy with respect to the operation of the juvenile court, or the manner in which the juvenile court should observe plaintiffs' procedural and substantive rights attendant to such a proceeding.  The mere presence of these officers in the courtroom is factually insufficient to convert a state court judge's practice into Luzerne County policy.

## IV.   <u>CONCLUSION</u>

For all the foregoing reasons, all of the claims against Luzerne County must be dismissed.

Luzerne county is immune from §1983 liability.  A county government cannot be held liable for alleged constitutional deprivations in a state judicial proceeding and where state judicial officers themselves have absolute immunity. Court of Common Pleas judges are state judicial officers with immunity and do not make County policy.  The assistant district attorneys acted as state court officials in state court judicial proceedings entitled to absolute immunity.  Probation officers are state court employees under supervision of state court judges and are not

County policymakers. The assistant district attorneys, public defenders and probation officers cannot convert judicial procedures into county policies.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
    & DEAN

                                                    /s Timothy T. Myers
JOHN G. DEAN                                        TIMOTHY T. MYERS
PA 76168                                            PA46959
PNC Bank Bldg, Suite 202                            DEBORAH H. SIMON
201 Penn Ave.                                       PA 32459
Scranton, PA 18501                                  Union Meeting Corporate Center V
570-346-7569                                        925 Harvest Drive
jgd@elliottgreenleaf.com                            Blue Bell, PA 19422
                                                    215-977-1000
                                                    ttm@elliottgreenleaf.com
                                                    dhs@elliottgreenleaf.com

Dated:  July 27, 2009

## CERTIFICATE OF NON-CONCURRENCE

I, Timothy T. Myers, Esquire, counsel for the County of Luzerne, hereby certify that the parties have conferred and that Plaintiffs do not concur in this Motion.

*/s      Timothy T. Myers*
Timothy T. Myers

## CERTIFICATE OF COMPLIANCE

I, Timothy T. Myers, Esquire hereby certify that this Brief complies with Rules concerning the length of this brief.  The Brief contains 4,966 words of text, excluding headings, tables and certifications, as counted by the word-processing software system used to prepare this Brief.

*/s Timothy T. Myers*
Timothy T. Myers

## CERTIFICATE OF SERVICE

I, Timothy T. Myers, Esquire, hereby certify that on this date all counsel of record were served with the forgoing pursuant to the electronic service provisions of this Court.  I further certify that Defendant Mark A Ciavarella, 585 Rutter Ave., Kingston, PA 18704 was served by U. S. mail, first class, postage pre-paid.

*/s Timothy T. Myers*
Timothy T. Myers

DATED:  July 27, 2009