# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE WALLACE, et al., | **CONSOLIDATED TO:** |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-286 |
| v. | |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

************************************************************************************************

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| JUDGE MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

************************************************************************************************

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

************************************************************************************************

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMANTHA HUMANIK,

    Plaintiff,

        v.

MARK A. CIAVARELLA, JR., et al.,

    Defendants.

CIVIL ACTION NO. 3:09-cv-0630

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is a Motion for a Preliminary Injunction by Defendants Mid-Atlantic Youth Services, Pennsylvania Child Care, and Western Pennsylvania Child Care (collectively "Defendants") (Doc. 388) as modified by their Motion to Amend (Doc. 396). Defendants request this Court enjoin Special Master the Honorable Arthur E. Grim, acting on behalf of the Pennsylvania Supreme Court, from ordering the Defendants to expunge their own records which relate to this litigation. For the reasons discussed below, the motion will be granted in part and denied in part.

**I.**     **Injunctive Relief**

Since nearly the birth of the country, Congress has limited the ability of federal courts to enjoin state court proceedings to demarcate the lines between the federal and state legal systems in order to "prevent needless friction between state and federal courts." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (quoting *Okla. Packing Co. v. Oklahoma Gas & Elec. Co.*, 309 U.S. 4, 9 (1940)). The All Writs Act provides affirmative statutory authority for a federal court to enjoin state court proceedings, but that

power is limited by the Anti-Injunction Act (AIA). *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 328 (3d Cir. 2007). The power available under the All Writs Act must be "construed narrowly and invoked sparingly." *In re Diet Drugs Products Liability Litig.*, 369 F.3d 293, 297 (3d Cir. 2004) (quotation omitted) (hereinafter *Diet Drugs II*).

The AIA is an "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast*, 398 U.S. at 286. The word "proceeding" under the AIA has a broad meaning and includes injunctions directed against the enforcement of a state court proceeding or judgment. *See Hill v. Martin*, 296 U.S. 393, 403 (1935) (the prohibition against enjoining state proceedings "applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective"). The parties do not dispute that the state court expungement orders are part of state court proceedings; thus the Anti-Injunction Act bars this Court from issuing an injunction against the expungement orders unless one of the three exceptions applies.

The three exceptions[1] authorized by the AIA are: (1) where an injunction is expressly authorized by Act of Congress, (2) where it is necessary in aid of a federal court's jurisdiction, or (3) to protect or effectuate a federal court's judgments. 28 U.S.C. § 2283. "The exceptions in the Anti-Injunction Act are to be construed narrowly." *In re Diet Drugs*

---

[1] The Supreme Court may also have articulated a limited exception so that where a state court has ordered the enforcement of a statute, a stranger to the state court proceedings is not barred from seeking an injunction from the federal court enjoining enforcement of the statute as unconstitutional. *Imperial County, California v. Monuz*, 449 U.S. 54, 59 (1980) (citing *Hale v. Bimco Trading*, 306 U.S. 375, 377-78 (1939)). Because the present state court proceedings do not require the enforcement of a statute, I need not consider such an exception here.

3

*Products Liability Litigation*, 282 F.3d 220, 233 (3d Cir. 2002) (hereinafter *Diet Drugs I*). Even if an exception to the AIA is applicable, the exception only establishes that a federal court *may* grant an injunction, not that it *must* do so. *Diet Drugs II,* 369 F.3d at 306. Defendants' argue that each of the exceptions is applicable here, and that this Court should granted the requested injunctive relief. I will first consider whether any of the specific exceptions are satisfied, then I will consider whether an injunction is appropriate here.

A. Authority to Enjoin (Exceptions to the AIA)

Defendants argue that the AIA does not bar their requested relief because this Court may act to protect its order (Scheduling Order 5, Doc. 72) requiring the preservation of evidence "that may be relevant to this action." *Id.* The exception to protect or effectuate a federal court's judgments, also known as the "relitigation" exception, applies where it is necessary for a federal court to enjoin state court proceedings from determining what has already been decided by a federal court judgment. *Diet Drugs II*, 369 F.3d 293, 305 (3d Cir. 2004) (citing *Chick Kam Choo v. Exxon Corp*, 486 U.S. 140, 147 (1988)). The AIA also applies to discovery determinations. *In re Prudential Ins. Co. of America Sales Practice Litigation*, 261 F.3d 355, 368 (3d Cir. 2001). At least one Court of Appeals has held that granting an injunction to effectuate an earlier discovery order does not violate the AIA. *Sperry Rand Corp. V. Rothlein*, 288 F.2d 245 (2d Cir. 1961). Here there is an apparent conflict between this Court's scheduling order to preserve and the state court expungement orders to destroy the same evidence. I find that this exception to the AIA applies, and permits this Court to enjoin the state court expungement orders.

Defendants also argue that the AIA exception for injunctions "necessary in aid of a federal court's jurisdiction" also applies. This exception should be read similarly to the exception to "protect or effectuate judgments" in that it is necessary when the injunction prevents a state court from impairing a federal court's "flexibility and authority to decide that case." *Atlantic Coast*, 398 U.S. at 295. Traditionally, cases where it is necessary in aid of a federal court's jurisdiction are in removal cases, *in rem* cases, or complex class actions and multi-district litigation where state court proceedings threaten to derail a tentative settlement. *Piper v. Portnoff Law Associates*, 262 F. Supp.2d 520, 529 (E.D. Pa. 2003). Even when a case does not fall into one of these categories, a three step test may be used to consider if this exception applies. *Id.* at 530. These factors are: (1) examining the nature of the federal action to determine what kinds of state court interference would sufficiently impair the federal proceeding; (2) assessing the state court's actions, in order to determine whether they present a sufficient threat to the federal action; and (3) considering principles of federalism and comity, for a primary aim of the Anti-Injunction Act is "to prevent needless friction between the state and federal courts." *Id.* (citing *Diet Drugs I*, 282 F.3d at 234). Here the nature of the federal action lends itself to this exception, because of its nature as a complex litigation involving hundreds, if not thousands, of plaintiffs. Likewise, the state court's actions unwittingly threaten this Court's proceedings because they restrict discovery and the presentation of evidence in this litigation. And for the reasons discussed further below, *see infra* Part I.B., the balance of federalism and comity in this case leans in favor of applying this exception. I find that the AIA exception for situations necessary in aid of a federal court's jurisdiction also applies.

In light of the above conclusions that this Court may act to protect its discovery order and to aid this Court's jurisdiction, I need not consider Defendants' argument that Congress expressly permitted such an injunction pursuant to 42 U.S.C. § 1983.

B. Discretion to Enjoin

As stated above, even if an exception to the AIA is applicable, the exception only establishes that a federal court *may* grant an injunction, not that it *must* do so. *Diet Drugs II,* 369 F.3d at 306. Before granting any such injunction, however, a federal court must consider principles of comity and federalism. *Id.* Plaintiffs do not oppose the preservation of the Defendants' records, but instead argue that this Court should give deference to the interests of the Pennsylvania Supreme Court.[2] When considering the principles of comity and federalism, it is important to understand the interaction between this litigation and the proceedings before the Pennsylvania Supreme Court.

On April 9, 2009, at the outset of this litigation, I entered a pre-trial order which provides: "until the parties reach agreement on a preservation plan, all parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action." (Scheduling Order 5, Doc. 72.) On July 2, 2009, this Court denied a motion for a protective order, stating:

> For this Court, by order of preservation for discovery purposes in a civil suit, to directly interfere with the Supreme Court[ of Pennsylvania's] determination to expunge, erase and leave no trace would reverse appropriate priorities in the relief addressing

---

[2] Plaintiffs also argue that the Defendants should have first gone to the Pennsylvania Supreme Court for clarification. Even if such a resolution was possible, it is not for this Court to decide what else the parties could have done to avoid the necessity of the present motion. The only question before this Court is whether, given the facts and arguments presented, this Court should enjoin the expungement orders of the Pennsylvania Supreme Court.

6

> the fundamental issue of integrity in the system, and would otherwise thereby disrupt the delicate balance necessitated in our system of federalism. The Pennsylvania priority in correcting and restoring the state juvenile judicial system and the consequent confidence of the public in that system outweighs any benefit to particular civil litigants that would be gained by this Court's effect order that the Pennsylvania Supreme Court's remedy be somehow nullified or delayed.

(Memorandum Opinion 6, July 2, 2009, Doc. 146.) Thus I have expressed my reluctance to meddle in the Pennsylvania Supreme Court's determination to remove all traces of a process marred by fundamental unfairness in the name of discovery and availability of evidence to be used in a civil rights suit in this Court. Thereafter, in its effort to assure fairness in the litigation in this Court, the Supreme Court of Pennsylvania issued an order preserving certain records held by Luzerne County until the conclusion of the litigation before this Court. Unwittingly, the Pennsylvania Supreme Court has effectively determined not only the scope of discovery, viz what is discoverable in this case, but also what may or may not ultimately be used as evidence in trial before this Court. The Plaintiffs, by virtue of the Pennsylvania Supreme Court's order of preservation, have had evidence of their claims protected from destruction, while, at the same time, the Defendants' records or evidence needed to defend themselves are arguably subject to destruction. In its effort to assure fairness by preserving juvenile records maintained in Luzerne County for use in this litigation, the Supreme Court's order leaves the Defendants in a quandary regarding their ability to use their own records in their defense. This demonstrates that this Court must have the flexibility to control the litigation before it. *Atlantic Coast*, 398 U.S. at 295.

While undoubtably Pennsylvania continues to have an interest in restoring the integrity of its juvenile justice system, as stated above the interaction between the

Pennsylvania Supreme Court's preservation and expungement orders unintentionally undermines this Court's ability to manage the present action. Even considering the interests of comity and federalism, such an intrusion, though surely unwitting, cannot be permitted. That is not to say, however, that this Court is not mindful of the repercussions that granting an injunction will have on the Pennsylvania proceedings. In that vein, this Court will take appropriate steps to limit any conflicts between the federal and state proceedings. Pursuant to the local rules of this Court and the protective orders already in place, all documents which identify juveniles by name must be filed under seal. This Court will also limit the duration of the present injunction to the same time frame already established by Pennsylvania Supreme Court for the preservation of Luzerne County's records; this injunction will terminate thirty (30) days after the resolution of this case. Therefore, I find, even after considering the principles of comity and federalism that underlie the AIA, enjoining the enforcement and issuance of further expungement orders, under the terms noted, is necessary to protect the fairness and integrity of the litigation before this Court.

### C. Elements for Injunctive Relief

Turning to the elements for granting any preliminary injunction, I also find that Defendants have demonstrated the necessary elements here. "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Defendants have shown a likelihood that at least some of these records need to be preserved for use in their defense, and they have demonstrated irreparable harm to their

8

defense if these records are expunged at this time. Defendants have also demonstrated that Plaintiffs and Pennsylvania will not suffer greater harm by delaying the expungement of the Defendants' records, and that public interest weighs in favor of permitting this Court to control a balanced and fair litigation. Defendants' motion for injunctive relief will be granted.

## II.    Remaining Requests

Defendants request an adverse instruction at trial for spoliation of evidence since the records would only be expunged at the request of the Plaintiffs. They argue this type of intentional destruction of evidence amounts to spoliation. Defendants present no evidence that evidence has in fact been destroyed, and in fact they argue that they still have the relevant evidence. Defendants' motion for sanctions as a result of spoliation will denied as moot. Similarly, as the Defendants' motion has been resolved as discussed above, the motion for a stay will also be denied as moot.

## CONCLUSION

For the reasons discussed above, Defendants' motion will be granted in part and denied in part. Defendants' motion for an injunction will be granted, as the expungement orders of Special Master the Honorable Arthur E. Grim on behalf of the Pennsylvania Supreme Court unwittingly interfere with this Court's ability to effectively and responsibly manage the litigation before it. Defendants' motions for spoliation sanctions and for a stay of discovery will be denied as moot.

An appropriate order will follow.

| | |
|---|---|
| June 9, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE WALLACE, et al., | **CONSOLIDATED TO:** |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-286 |
| v. | |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| JUDGE MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMANTHA HUMANIK,

    Plaintiff,

v.

MARK A. CIAVARELLA, JR., et al.,

    Defendants.

CIVIL ACTION NO. 3:09-cv-0630

(JUDGE CAPUTO)

## ORDER

**NOW**, this   9th   day of June, 2010, **IT IS HEREBY ORDERED** that Defendants Mid-Atlantic Youth Services, Pennsylvania Child Care, and Western Pennsylvania Child Care's Motion for a Preliminary Injunction (Doc. 388) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)      As to Defendants' request to enjoin the expungement of their records, the motion is **GRANTED** as follows:

    (a)      The Pennsylvania Supreme Court, along with Special Master the Honorable Arthur E. Grim, are hereby **ENJOINED** from enforcing or issuing orders to expunge the records of Pennsylvania Child Care, Western Pennsylvania Child Care, and Mid-Atlantic Youth Services relating to the Plaintiffs in the present action.

    (b)      This injunction will **DISSOLVE THIRTY (30) DAYS** after the termination of this litigation.

(2)      As to Defendants' request for spoliation sanctions, the motion is **DENIED AS MOOT**.

(3)      As to Defendants' request for a stay pending resolution of this motion, the motion is **DENIED AS MOOT**.

                                                           /s/ A. Richard Caputo  
                                                           A. Richard Caputo  
                                                            United States District Judge