**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | **CONSOLIDATED TO:** |
| Plaintiffs, | CIVIL ACTION NO. 3:09-CV-286 |
| v. | |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-CV-0291 |
| v. | |
| JUDGE MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-CV-0357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************************

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMANTHA HUMANIK,

    Plaintiff,

        v.

MARK A. CIAVARELLA, JR., et al.,

    Defendants.

CIVIL ACTION NO. 3:09-CV-0630

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Defendant Luzerne County's Motion to Dismiss All Claims Against It By All Plaintiffs. (ECF No. 450.) For the reasons discussed below, the motion will be granted. This Court has jurisdiction over the present action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental).

## **BACKGROUND**

The allegations of the Individual Plaintiffs' Master Complaint ("IC") (ECF No. 134) and Class Action Plaintiffs' Master Complaint ("CAC") (ECF No. 136) that are relevant to the present motion are as follows:[1]

Defendants Michael Conahan ("Conahan") and Mark Ciavarella ("Ciavarella") abused their positions as judges of the Luzerne County Court of Commons Pleas by accepting compensation in return for favorable judicial determinations. (IC ¶ 33; CAC ¶ 2.) As part of

---

[1] Additional factual background may be found in this Court's November 20, 2009 Memorandum and Order denying Plaintiffs' first motions to file amended complaints. (Mem. and Order at 2-7, ECF No. 335.)

2

this conspiracy, Conahan and Ciaverella acted with Defendants Robert Powell, Robert Mericle, Mericle Construction, Pennsylvania Child Care ("PACC"), Western Pennsylvania Child Care ("WPACC"), Pinnacle, Beverage, Vision, and perhaps others. (IC ¶ 31.) The basic outline of the conspiracy was that Conahan and Ciavarella used their influence as judicial officers to select PACC and WPACC as detention facilities, and that they intentionally filled those facilities with juveniles to earn the conspirators excessive profits. (IC ¶ 34; CAC ¶ 2.) In return, approximately $2.6 million was paid to Conahan and Ciavarella for their influence. (IC ¶ 33; CAC ¶ 664.)

Conahan acted with final policy-making authority for Luzerne County regarding the funding of juvenile detention centers. (IC ¶ 143; CAC ¶ 653.)[2] Conahan's actions in furtherance of the conspiracy such as ordering the placement of juveniles and removing the funding from other facilities represent the "policy" of Luzerne County. (IC ¶¶ 143-45; CAC ¶¶ 652, 654.) Probation officials Sandra Brulo and Michael Loughney were also final policy-makers for Luzerne County who took actions as part of the conspiracy. (IC ¶¶ 148-49.) Ciavarella instituted a custom, policy and practice on behalf of Luzerne County to deny juveniles of various constitutional rights. (IC ¶ 153; CAC ¶ 781.) Other actors for Luzerne County, such as the District Attorney's and Public Defenders' Offices failed to prevent the violation of the juveniles' rights. (CAC ¶ 783.)

---

[2] As noted in this Court's prior Memorandum and Order, while Plaintiffs allege that numerous officials were final policy-makers for Luzerne County, this status is a legal question to be decided by the Court. *McMillian v. Monroe County*, 520 U.S. 781 (1997).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the

4

motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Luzerne County has moved for all claims against it in both the individual and class-action master complaints to be dismissed. Each of the master complaints contains one count against Luzerne County. In the individual plaintiffs complaint, Count VI alleges . A cause of action pursuant to § 1983 for depravation of Plaintiffs substantive and procedural due process rights. (IC ¶¶ 140-55.) In the class-action plaintiffs complaint, Count VIII alleges a similar cause of action also pursuant to § 1983. (CAC ¶¶ 778-86.) Because the causes of action are identical and the factual allegations are very similar, I will address both

claims simultaneously.

Plaintiffs' claims against Luzerne County, a duly organized political subdivision of the Commonwealth of Pennsylvania (IC ¶ 26), must be considered under the standard set forth for municipal liability claims. Under 42 U.S.C. § 1983, municipal liability cannot be established under the doctrine of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "A public entity such as [Luzerne] County may be held liable for the violation of a Constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." *Reitz v. County of Bucks*, 125 F.3d 139, 144 (3d Cir. 1997). Plaintiffs do not allege any specific policy or custom of Luzerne County caused their constitutional violations, other than those policies established through the actions of the parties identified. Therefore, the sufficiency of Plaintiffs' claims hinge on whether any of those parties were final policy-makers for Luzerne County.

This Court previously considered whether the parties identified by the Plaintiffs had final policy-making authority for Luzerne County in its prior opinion denying Plaintiffs' motions to file amended complaints. (Mem. and Order 12-24, ECF No. 335.) As this Court noted, "[t]he identification of policy-making officials is not a question of fact, but is instead a question of law which is appropriate for the court to determine." (*Id.* at 1 (citing *Praprotnik*, 485 U.S. 112, 125-26 (1988)).) This Court held that county judges (*Id.* 13-18), probation officials (*Id.* at 18-19), and officers in the District Attorney's and Public Defenders offices (*Id.* at 19-23) were not final policy-makers for Luzerne County in the course of the conduct

alleged in Plaintiffs' complaints.  Plaintiffs argue that this Court is not bound by those holdings and that it should reconsider them here, but they do not present any new arguments in support of their positions. (Br. in Opp'n 7-9, ECF No. 474.)  I see no reason to alter the prior determinations. I find that Plaintiffs fail to allege any conduct completed by actors with final policy-making authority.  Plaintiffs, therefore, fail to allege any policy or custom of Luzerne County which caused their alleged constitutional violations.  Luzerne County's motion to dismiss will be granted.

## CONCLUSION

Because Plaintiffs fail to allege a policy or custom of Luzerne County, they fail to sufficiently allege a cause of action for municipal liability.  Specifically, the actors they allege create liability for Luzerne County are not final policy-makers, and therefore, their actions may not be said to establish policy or custom for the county.  Because a county policy or custom is necessary to establish liability, Luzerne County's motion to dismiss will be granted.

An appropriate order follows.


 July 9, 2010                                                 /s/ A. Richard Caputo   
Date                                                                       A. Richard Caputo  
                                                                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | **CONSOLIDATED TO:** |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-286 |
| v. | |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| JUDGE MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA HUMANIK,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK A. CIAVARELLA, JR., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:09-cv-0630<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this   9th   day of July, 2010, **IT IS HEREBY ORDERED** that Defendant Luzerne County's Motion to Dismiss All Claims Against It By All Plaintiffs (ECF No. 450) is **GRANTED**.

                                                                       /s/ A. Richard Caputo
                                                                       A. Richard Caputo
                                                                       United States District Judge