**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | **CONSOLIDATED TO:** |
| Plaintiffs, | |
| | CIVIL ACTION NO. 3:09-CV-286 |
| v. | |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | |
| | CIVIL ACTION NO. 3:09-CV-291 |
| v. | |
| JUDGE MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | |
| | CIVIL ACTION NO. 3:09-CV-357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SAMANTHA HUMANIK,

    Plaintiff,

        v.

MARK A. CIAVARELLA, JR., et al.,

    Defendants.

CIVIL ACTION NO. 3:09-CV-630

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant Frank Vita's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 462.) He requests that this Court dismiss all claims against him. Because Plaintiffs fail to sufficiently allege a factual basis for their claims against Vita, the motion will be granted.

This Court has jurisdiction over the present action pursuant to 28 U.S.C. §§ 1331 ("federal question") and 1367 ("supplemental").

## BACKGROUND

### I.    Factual Background

The allegations of the Individual Plaintiffs' Master Complaint ("IC") (Doc. 134) relevant to the present motions are as follows:

Defendant Frank Vita, Ph. D., ("Vita") was at all relevant times a psychologist and brother-in-law of Defendant Michael Conahan ("Conahan"). (IC ¶ 23.) Defendants Conahan and Mark Ciavarella ("Ciavarella") were at all relevant times Judges of the Court of Common

Pleas of the Eleventh Judicial District of the Commonwealth of Pennsylvania. (IC ¶¶ 5, 6.) Defendants PA Child Care, LLC ("PACC") and Western PA Child Care, LLC ("WPACC") were a limited liability companies which each owned and operated a youth detention center. (IC ¶¶ 7, 8.) Plaintiffs are a number of juveniles who appeared before Ciavarella (hereinafter the "Juvenile Plaintiffs"), along with the parents or guardians of those juveniles (hereinafter the "Parent Plaintiffs"). (IC ¶ 3.)

A conspiracy existed "among the judges and [the other Defendants] to conceal $2.6 million in payments to the judges from Defendants and others as yet unknown in exchanged for referring children who appeared before [Ciavarella] to these juvenile correctional facilities." (IC ¶ 29.) In exchange for this improper income, Conahan and Ciavarella entered into agreements guaranteeing placement of juvenile offenders exclusively with PACC, removed funding from the Luzerne County juvenile detention facility, facilitated the construction and expansion of PACC and WPACC, and directed juvenile be housed at PACC and WPACC. (IC ¶ 34.) Vita did not participate in the payment of funds to Conahan and Ciavarella. (IC ¶ 37.) Implicit in the demand for kickbacks was the understanding that the payments were *quid pro quo* for Conahan and Ciavarella's exercise of their judicial authority to send juveniles to PACC and WPACC "and to take other discretionary acts." (IC ¶ 46.) In approximately February 2003, Ciavarella began directing that youthful offenders be sent to PACC's facility. (IC ¶ 55.)

"Defendants one and all participated in a scheme to ensure that a disproportionate number of juveniles. . . were incarcerated in juvenile detention facilities owned, operated, and influenced by Defendants." (IC ¶ 36.) Vita had an exclusive contract or series of contracts that made him the sole provider of psychological examinations for Luzerne

3

County's Department of Probation Services providing recommendations for alleged juvenile offenders. (IC ¶ 23.) Because of his exclusive contract or contracts, Vita developed "an inventory" which necessitated that juveniles be detained at PACC and WPACC while awaiting evaluations. (IC ¶ 24.) "The result of this inventory was that juveniles were detained and/or lodged at PACC or WPACC for longer than required thereby allowing PACC and WPACC to collect additional fees for said lodging." (IC ¶ 25.)

## II.      Procedural Background

The present memorandum concerns four cases consolidated for purposes of discovery by this Court's May 14, 2009, Case Management Order. (Doc. 82.) Subsequent to consolidation, Plaintiffs filed one master amended complaint for individual plaintiffs (Doc. 134) with claims against Vita. Vita filed the present motion to dismiss on April 29, 2010. (Doc. 462.) This motion has been briefed by both parties and is now ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.

1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v.*

*Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will

ultimately prevail.  *See id.*  A defendant bears the burden of establishing that a plaintiff's

complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d

Cir. 2000).

## DISCUSSION

Plaintiffs bring several claims against Vita pursuant to 42 U.S.C. § 1983 for violations

of their federal constitutional rights.  At Count III, the Juvenile Plaintiffs allege violations of

their constitutional rights pursuant to § 1983.  At Count IV, the Parent Plaintiffs allege

violations of their substantive due process rights.  At Count V, the Parent Plaintiffs allege

violations of their procedural due process rights.  Section 1983 provides redress for

individuals whose constitutional rights are violated by governmental actors.[1]  "To establish

liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color

of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the

complained injury."  *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005).

Vita argues that Plaintiffs' claims fail to state a claim for which relief may be granted

against him.  As a threshold matter, Vita does not dispute that the alleged conduct of

Ciavarella violated Plaintiffs' constitutional rights.  Instead, Vita argues that Plaintiffs fail to

provide a sufficient factual basis for their claims.  (Br. in Supp. 3, Doc. 463.)  I agree.  As to

---

[1]  42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

Vita's personal conduct, Plaintiffs allege that as a result of his contract with Luzerne County Vita had a backlog of evaluations to be performed. (IC ¶ 24.) While the alleged conduct may have resulted in longer detentions, Plaintiffs do not allege that these longer periods violated their rights. Thus, it cannot be said that Plaintiffs have sufficiently alleged that Vita directly violated Plaintiffs' rights. As to Vita's role in the alleged conspiracy, I also find that Plaintiffs' allegations are insufficient. While Plaintiffs allege that "Defendants one and all participated" in the conspiracy, standing alone this type of conclusory allegation is insufficient to state a claim; there must be a factual basis for this legal conclusion. *Iqbal*, 129 S. Ct. 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Plaintiffs do not provide any underlying factual allegations against Vita that he participated in the conspiracy. For example, Plaintiffs allege that Vita "had an exclusive contract" which caused an inventory to develop and that "the result of this inventory was that juveniles were detained." (IC ¶¶ 23-25.) Plaintiffs do not, however, allege that Vita entered into the contract *knowing* that it would create a backlog or that he *intended* to delay adjudications; they allege only that the contract ultimately had that effect. Furthermore, Plaintiffs allegations actually undermine their legal conclusion that Vita participated in the conspiracy, such as when they explicitly exclude Vita from the group of Defendants involved in the payments to Conahan and Ciavarella. (IC ¶ 37.) I find Plaintiffs fail to provide factual allegations to support their legal conclusion that Vita either directly or through the alleged conspiracy violated Plaintiffs' constitutional rights. Therefore, Vita's motion to dismiss will be granted.

**CONCLUSION**

Because Plaintiffs have failed to provide a factual allegations to support their legal conclusion that Vita is liable for their alleged constitutional violations, Vita's motion to dismiss will be granted.

An appropriate order follows.


 August 24, 2010                                          /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FLORENCE WALLACE, et al.,

    Plaintiffs,

        v.

ROBERT J. POWELL, et al.,

    Defendants.

**CONSOLIDATED TO:**

CIVIL ACTION NO. 3:09-CV-286

(JUDGE CAPUTO)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIAM CONWAY, et al.,

    Plaintiffs,

        v.

JUDGE MICHAEL T. CONAHAN, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-CV-291

(JUDGE CAPUTO)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

H.T., et al.,

    Plaintiffs,

        v.

MARK A. CIAVARELLA, JR., et al.,

    Defendants.

CIVIL ACTION NO. 3:09-CV-357

(JUDGE CAPUTO)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMANTHA HUMANIK, | |
| Plaintiff, | |
| | CIVIL ACTION NO. 3:09-CV-630 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this  24th   day of August, 2010, **IT IS HEREBY ORDERED** that Vita's Motion to Dismiss (Doc. 462) is **GRANTED**.

_____
 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge