**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANGELA RIMMER BELANGER, *et al.*,

      Plaintiffs,

         v.

MARK A. CIAVARELLA, JR., *et al.*,

      Defendants,

CIVIL ACTION NO. 3:10-CV-1405

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Plaintiffs' Motion for Leave to File a Second Amended Complaint. (Doc. 749.)  For the reasons stated below, this Motion will be granted as to the amendments concerning Defendant Sandra Brulo, but denied as to the amendments concerning Defendants Luzerne County Commissioner Greg Skrepenak and Luzerne County.

**BACKGROUND**

The factual background of this suit has been outlined in a number of opinions of this Court, *see, e.g., Clark v. Conahan*, 737 F. Supp. 2d 239 (M.D. Pa. 2010) and therefore need not be set forth here.

Plaintiffs filed their initial Complaint on July 7, 2010.  After Motions to Dismiss were filed by the various Defendants, an Amended Complaint was filed, followed by another round of Motions to Dismiss.  Plaintiffs then filed a Motion for Leave to File a Second Amended Complaint. (Doc. 749.)  This Motion has been opposed by Luzerne County

1

Defendants Sam Guesto, Greg Skrepenak, Todd Vanderheid, Luzerne County, and Luzerne County Department of Juvenile Probation ("Luzerne County Defendants") as well as Defendant Sandra Brulo.

## LEGAL STANDARDS

### I.      Motion to Amend Pleadings

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings ... by leave of court ... and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous.*, 663 F.2d 419, 425 (3d Cir.1981). However, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir.1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing

Heyl, 663 F.2d at 425).

The pertinent issue here is whether Plaintiffs' proposed amendments to their Complaint are "futile." An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1434 (3d Cir.1997) (citing *Glassman v. Computervision Corp*., 90 F.3d 617, 623 (1st Cir.1996)). In making this assessment, the Court must use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). *Id.* In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988).

## II.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson*

*v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Plaintiffs seek to amend their Complaint a second time to provide additional detail to the allegations against Luzerne County, former Luzerne County Commissioner Greg Skrepenak, and Sandra Brulo.   As stated above, the futility standard employed in evaluating an Motion to Amend is the same as used in a Rule 12(b)(6) motion.

**I.     Luzerne County Defendants**

Plaintiffs' Motion for Leave to Amend their Complaint will be denied with respect to the amendments against Luzerne County and Greg Skrepenak, as Plaintiffs have failed to state a claim against these defendants.

Under 42 U.S.C. § 1983, municipal liability cannot be established under the doctrine of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978*)* ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). "A public entity such as [Luzerne] County may be held liable for the violation of a Constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." *Reitz v. County of Bucks*, 125 F.3d 139, 144 (3d Cir. 1997).  When a government policy or custom, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," inflicts constitutional harm then the governmental entity may be held responsible under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978*).*

When a government policy or custom, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," inflicts constitutional

harm then the governmental entity may be held responsible under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)*.* A municipality acts through the actions of its employees, and there are three instances when the constitutional torts of a municipal employee meet this standard. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005). First, a municipality is liable when its employee acts pursuant to formal government policy or standard operating procedure long accepted within the government entity. *Id.* (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Second, a municipality is liable for the actions of an employee when the employee has final policy-making authority, rendering his behavior an act of government policy. *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. Finally, a municipality is liable for the actions of its employee when an official with authority has ratified the unconstitutional actions of the subordinate, rendering the action official. *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir.1996) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997). In either case, the policy or custom must be tied to the responsible municipality. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 584 (3d Cir.2003). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." *City of Canton v. Harris* , 489 U.S. 378, 386 (1989)

(quotations omitted). "[A] municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." *Id.* (citing *Monell*, 436 U.S. at 694; *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). A plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional violation." *Chernavsky v. Twp. of Holmdel Police Dep't*, 136 Fed Appx. 507, 509 (3d Cir. 2005) (non-precedential) (citing Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir.2004); Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir.2001)).

Actions by persons with final authority for making a decision within the municipal entity constitute official policy for purposes of § 1983. *See Pembauer v. City of Cincinnati,* 475 U.S. 469, 483-484, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) ("municipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"). The Third Circuit has further held:

> An individual's conduct implements official policy or practice under several types of circumstances, including when (1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, (2) the individual himself has final policy-making authority such that his conduct represents official policy, or (3) a final policy-maker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred.

*Hill v. Borough of Kutztown*, 455 F.3d 225. 245 (3d Cir. 2006).

In a prior Memorandum Opinion of this Court (Doc. 335), this Court found that, while the Luzerne County Commissioners had final policy-making authority, the act of deciding to fund PACC and WPACC did not make the County liable under § 1983 because that act

alone did not inflict the constitutional harm.

Here,  Plaintiffs have attempted to avoid a similar ruling by alleging that the decision to fund the facilities was part of a much larger "culture of corruption" and that Defendants Skrepenak, Vonderheid, and Guesto were participants in the underlying judicial kickback scheme that helped foster such a culture.  However, the allegations made against these Defendants are too vague to make out a claim for relief under 12(b)(6).  While the pleading standard under the Federal Rules of Civil Procedure, even in the wake of *Twombly* and *Iqbal*, is liberal, and requires only notice pleading, Plaintiffs must still plead facts sufficient to demonstrate a "plausible" claim for relief.  Plaintiffs' allegations against Defendants Skrepenak, Vonderheid, and Guesto[1] remain in the hazy realm of innuendo, conjecture, and implication and do not meet this standard.  The new allegations provide no facts connecting any of the actions of the Luzerne County Defendants to the underlying conspiracy in any meaningful way.  The fact that Defendant Skrepenak has negotiated a plea agreement with the US Attorney's Office regarding unrelated business dealings, or that he received a bribe, without any allegations as to when or why it was received, are not, by themselves, sufficient bases for § 1983 liability in *this* suit.  Similarly, allegations Skrepenak and Vonderheid "knew" about the kickback scheme and were willing parties in furthering the scheme, without any allegations as to what they knew or when or how they knew it, are too nebulous to state a claim for relief.  With respect to the allegations against Vonderheid and Guesto, they are also too speculative and are therefore similarly

---

[1]     This Court has already held, in the prior opinion already mentioned, that Defendant Brulo's conduct cannot be attributed to Luzerne County for purposes of § 1983 liability.

insufficient as the basis for a claim upon which relief can be granted. Allegations that Defendant Guesto is the subject of other federal investigations into corruption charges or that he received employment or recommendations from Defendant Conahan, as well as allegations that Defendant Vonderheid was politically aligned with Judges Conahan and Ciavarella, are similarly insufficient to state a claim for relief. Taking all these allegations as true, Plaintiffs have failed to establish any concrete causal links between the decision of the County to fund the prisons and the constitutional violations alleged by the Plaintiffs. Further, Plaintiffs have failed to state in any sort of concrete way how these Defendants participated in the underlying kickback scheme.

## II.    Sandra Brulo

Plaintiff's Motion for Leave to Amend will be granted as to proposed amendments regarding Sandra Brulo. This Court has already ruled, in *Clark v. Conahan*, 737 F. Supp. 2d 239, that while Defendant Brulo is entitled to quasi-judicial immunity as to her pre-sentence recommendations, she is not entitled to sovereign immunity, qualified immunity, or quasi-judicial immunity as to allegations of altering probation reports or fabricating probation violations to ensure that the plaintiffs were kept in the juvenile facilities longer. While discovery may show that Defendant Brulo wasn't personally involved in decision-making regarding these Plaintiffs, the allegations in the Complaint make out a plausible claim for relief given Brulo's position within the Luzerne County Department of Juvenile Probation.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File a Second

Amended Complaint will be granted in part and denied in part.  Plaintiffs will be allowed to

amend additional allegations as to Defendant Brulo, but not as to Defendants Skrepenak

and Luzerne County.  The Plaintiffs have not stated a claim for relief against  Defendants

Skrepenak, Guesto, and Vonderheid.   The Plaintiffs have also not stated a claim for

municipal liability against Luzerne County insofar as such a claim would be the result of

actions taken by Defendants Skrepenak, Guesto, and Vonderheid.

      An appropriate order follows.


 4/26/11                                           /s/ A. Richard Caputo     
Date                                              A. Richard Caputo
                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANGELA RIMMER BELANGER, *et al.*,

    Plaintiffs,

CIVIL ACTION NO. 3:10-CV-1405

(JUDGE CAPUTO)

MARK A. CIAVARELLA, JR., *et al.*,

    Defendants,

## ORDER

   **NOW**, this ___26th___ day of April, 2011, upon consideration of Plaintiffs' Motion for

Leave to File a Second Amended Complaint, **IT IS HEREBY ORDERED** that Plaintiff has

Leave to Amend the Complaint as to the additional allegations against Defendant Brulo,

but not as to Defendants Skrepenak and Luzerne County.  Plaintiff is directed to file this

Second Amended Complaint within **fourteen (14) days**.

                          /s/ A. Richard Caputo
                          A. Richard Caputo
                          United States District Judge