# Exhibit 1

**MASTER SETTLEMENT AGREEMENT**

**dated December 16, 2011 by and among**

**Robert K. Mericle and Mericle Construction, Inc.,**

**the Representative Plaintiffs, Class Counsel and Individual Plaintiffs' Counsel**

# <u>TABLE OF CONTENTS</u>

I.    Definitions ............................................................................................................... 2
       A.   Proposed Settlement Classes ....................................................................... 2
       B.   Other Defined Terms .................................................................................... 2
II.   The Cash Settlement Fund .................................................................................... 6
       A.   Settlement Payment ...................................................................................... 6
       B.   Common Benefit Fees and Expenses ........................................................... 7
       C.   Plan of Allocation ........................................................................................ 7
III.  Preliminary Approval Of Master Settlement Agreement ................................. 7
       A.   Motion For Preliminary Approval ............................................................... 7
       B.   Effect Of Termination On Conditional Certification ................................... 8
IV.   Notice, Opt-Out Rights And Claim Procedures ................................................ 8
       A.   Notice ........................................................................................................... 8
       B.   Submission Of Proof Of Claim Form .......................................................... 9
       C.   Opt-Out Rights ............................................................................................. 9
       D.   Bar Order ................................................................................................... 10
       E.   Objection Deadline ..................................................................................... 10
       F.   Special Master For Allocation Appeals ..................................................... 10
V.    Claims Committee ............................................................................................... 11
VI.   Settlement Hearing ............................................................................................. 11
VII.  Opt-Out Termination Rights .............................................................................. 12
       A.   Opt-Out Termination Rights and Reasonable Efforts Obligation .............. 12
       B.   Reduction In Settlement Amount ............................................................... 13
VIII. Escrow Account ................................................................................................... 13
       A.   Qualified Settlement Fund ......................................................................... 14
       B.   Taxes .......................................................................................................... 14
       C.   Interest Earned ........................................................................................... 14
       D.   No Liability ................................................................................................ 14
       E.   No Claims ................................................................................................... 14
       F.   Unclaimed Amounts And Returned Checks ............................................... 14
IX.   Releases ................................................................................................................ 15
       A.   Dismissal Of Claims And Release ............................................................. 15
       B.   Covenant Not To Sue, And Non-Solicitation ............................................ 15
X.    Future Claims For Contribution Or Indemnity .............................................. 15
XI.   Termination Provisions ...................................................................................... 16
       A.   Right To Terminate The MSA .................................................................... 16
       B.   Stay Of Proceedings .................................................................................. 17
XII.  Miscellaneous Provisions .................................................................................... 17
       A.   Not Evidence; No Admission of Liability .................................................. 17
       B.   Confidentiality ........................................................................................... 17
       C.   Public/Media Statements ........................................................................... 17
       D.   Entire Agreement ....................................................................................... 18
       E.   No Presumption Against Drafter ................................................................ 18
       F.   Force Majeure ............................................................................................ 18
       G.   Continuing And Exclusive Jurisdiction ..................................................... 19

H.   Counterparts ................................................................................................ 19
I.   Divisions And Headings ............................................................................. 19
J.   Plurals And Singulars Of Defined Terms ................................................. 19
K.   Governing Law ........................................................................................... 19
L.   Waiver ......................................................................................................... 19
M.   No Third Party Beneficiaries .................................................................... 19
N.   Successors And Assigns ............................................................................. 19
O.   Authority And Acknowledgement ............................................................ 20

## <u>MASTER SETTLEMENT AGREEMENT</u>

This Master Settlement Agreement ("MSA" or "Agreement") is made and entered into as of December 14, 2011 by and among the following parties (the "Parties"):

1.      The representative plaintiffs, through their counsel, as will be appointed by the Court, on behalf of themselves and each member of the putative classes, in the following actions: (a) *H.T., et al. v. Ciavarella*, pending in the United States District Court for the Middle District of Pennsylvania at Civ. Action No. 09-cv-357 (the "*H.T.* Action"); and (b) *Conway v. Conahan*, pending in the United States District Court for the Middle District of Pennsylvania at Civ. Action No. 09-cv-291 (the "*Conway* Action") (together, the "Class Actions");

2.      Certain individual plaintiffs, by and through their counsel of record in *Wallace v. Powell*, pending in the United States District Court for the Middle District of Pennsylvania at Civ. Action 09-cv-286 (the "*Wallace* Action") and *Humanik v. Ciavarella*, pending in the United States District Court for the Middle District of Pennsylvania at Civ. Action 09-cv-630 (the "*Humanik* Action," and together with the *Wallace* Action, the "Individual Actions," and with the Class Actions, the "Actions"); and

3.      Defendants Robert K. Mericle and Mericle Construction, Inc. (the "Mericle Defendants").

WHEREAS, the Actions were filed against Robert K. Mericle and Mericle Construction, Inc. and others;

WHEREAS, Robert K. Mericle and Mericle Construction, Inc. deny the claims asserted against them in the Actions, including all charges of liability arising out of the allegations in the Actions;

WHEREAS, Robert K. Mericle and Mericle Construction, Inc. have asserted a number of defenses to the factual allegations and legal claims in the Actions, and believe those defenses to be meritorious; nonetheless, Robert K. Mericle and Mericle Construction, Inc. have concluded that further proceedings in the Actions would be protracted and expensive, and they desire to resolve the Actions to avoid the costs of litigation;

WHEREAS, the Parties desire to fully and finally settle the Actions in the manner and upon the terms and conditions set forth in this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Representative Plaintiffs (for themselves and the Settlement Class Members defined herein), individually and by and through Individual Plaintiffs' Counsel and Class Counsel, as defined herein, and by Robert K. Mericle and Mericle Construction, Inc., all intending to be legally bound hereby, that, subject to the approval of the Court, the Actions and the Released Claims, as defined herein, shall be fully and finally resolved, compromised, discharged and settled as among the Parties under the following terms and conditions:

## I.      Definitions

### A.      Proposed Settlement Classes

Solely for purposes of this Settlement and without prejudice to or abandonment of any positions taken in the Actions regarding class certification, the Parties agree to the certification of two settlement classes pursuant to Rule 23(b)(3):

1.      all juveniles who appeared before former Luzerne County Court of Common Pleas Judge Mark A. Ciavarella between January 1, 2003 and May 28, 2008 who were adjudicated or placed by Ciavarella ("Juvenile Settlement Class"); and

2.      all parents and/or guardians of all juveniles who appeared before former Luzerne County Court of Common Pleas Judge Mark A. Ciavarella between January 1, 2003 and May 28, 2008 and who, in connection with their child's appearance: (i) made payments or had wages, social security or other entitlements garnished or withdrawn; (ii) had costs, fees, interest and/or penalties assessed against them or their child; (iii) suffered any loss of companionship and/or familial integrity ("Parent Settlement Class").

The Juvenile Settlement Class and the Parent Settlement Class are herein collectively referred to as the "Settlement Classes."  Members of the Settlement Classes shall be referred to as "Settlement Class Members."

### B.      Other Defined Terms

1.      Actions, Individual Actions and Class Actions – the *H.T.* Action and *Conway* Action are herein collectively referred to as the "Class Actions"; the *Wallace* Action and *Humanik* Actions are herein collectively referred to as the "Individual Actions."  The Individual Actions and the Class Actions are herein collectively referred to as the "Actions."

2.      Cash Settlement Fund – settlement fund to be established by the Mericle Defendants that will contain the Escrow Amount and out of which Settlement Class Members will receive compensation in accordance with the Plan of Allocation and this Agreement, as further described in Paragraph II herein.

3.      Class Counsel – the attorneys representing plaintiffs in the Class Actions.

4.      Common Benefit Fees and Expenses – the common benefit fee award to be approved by the Court and not to exceed thirty (30) percent of the Settlement Amount and, in addition, common benefit litigation expenses, as further described in Paragraph II.B herein.

5.      Conditional Class Certification – certification of the proposed Settlement Classes solely for the purposes of implementation, approval and consummation of the Settlement, as further defined in Paragraph III herein.

6.      Court – the United States District Court for the Middle District of Pennsylvania and the Judge assigned to the Actions.

7.      Escrow Account – the account held by the Escrow Agent which will contain the Cash Settlement Fund, further described in Paragraph II.A herein.

8.      Escrow Amount – $17,750,000, the amount of money that the Mericle Defendants will transfer into the Escrow Account in the manner specified in Paragraph II.A herein.

9.      Final Order and Judgment – an order of the Court fully and finally approving the Settlement and dismissing the Actions with prejudice as to the Released Parties, as further described in Paragraph VI herein.

10.     Individual Plaintiffs' Counsel – the attorneys  representing the plaintiffs in the Individual Actions.

11.     Later Discovered Parties – any entity or person (other than a Mericle Party or a Luzerne County Party) against which or whom some or all Plaintiffs may bring a claim in any of the Actions based on evidence not currently known to Class Counsel or Individual Plaintiffs' Counsel.  Class Counsel and Individual Plaintiffs' Counsel expressly certify that, as of December 14, 2011, they are aware of no evidence sufficient to justify a claim in any of the Actions against any persons or entities other than the persons and entities specifically identified in Subparagraph 17.

12.     Luzerne County Parties – the County of Luzerne and all departments and instrumentalities thereof, including the Luzerne County Department of Juvenile Probation, the Luzerne County District Attorney's Office, the Luzerne County Public Defender's Office and Luzerne County Children & Youth Services, Sandra Brulo, Sam Guesto, the Luzerne County Commissioners, past and present, including without limitation Gregory Skrepenak, Todd Vonderheid, and Steven Urban, and any other current or former employees, officials or agents of the County of Luzerne, and any departments and instrumentalities thereof, all related parties, successors and assigns, and all of the aforesaids' lawyers, agents and employees.

13.     Mailed Notice – notice to be mailed to members of the proposed Settlement Classes for whom last known addresses are readily available or identifiable, in a form substantially identical to Exhibit A, subject to Court approval.

3

14.     Mericle Parties – Defendant Robert K. Mericle, his family, and their respective heirs, executors, administrators, successors, grantees and assigns, Defendant Mericle Construction, Inc., Mericle Commercial Real Estate Group Inc., Mericle Commercial Real Estate Services and all of their respective entities, affiliates, successors, assigns and related parties, and/or any other party that is, or may have ever been, owned or controlled by any of the foregoing individuals or entities, and all of the aforesaids' lawyers, agents, officers, employees and former employees.

15.     Mutually Agreed-Upon Statement – the statement agreed to by the Parties attached to a letter dated herewith by and between the Parties and further described in Paragraph XII.C herein.

16.     Notice – collectively, Mailed Notice and Published Notice, as they are defined in sub-paragraphs 13 and 30 of this Paragraph and as further described in Paragraph IV.A herein.

17.     Non-Released Parties – PA Child Care, LLC, Western PA Child Care, LLC, Mid-Atlantic Youth Services, Inc., Consulting Innovations and Services, Inc., Gregory R. Zappala, Robert J. Powell, Powell Law Group P.C., Perseus House, Inc. d/b/a Andromeda House, Beverage Marketing of PA., Inc., Pinnacle Group of Jupiter, LLC, Vision Holdings, LLC, Mark A. Ciavarella, Jr., Michael T. Conahan, Barbara Conahan, and Cindy Ciavarella, and all of the aforesaids' lawyers, agents and employees, and subsidiary and parent organizations in their capacities as such; and, Later Discovered Parties.

18.     Objection Deadline – the date by which members of the proposed Settlement Classes who object to the Settlement must submit a written statement of such objection to the Claims Committee, as further described in Paragraph IV.E herein.

19.     Opt-Out – the right of members of the proposed Settlement Classes to exclude themselves from the Settlement by returning, no later than the Proof of Claim Deadline, the Proof of Claim Form indicating their Opt-Out election.

20.     Opt-Out Plaintiffs – members of the proposed Settlement Classes who have properly elected to Opt-Out, as described in Paragraph IV.C.

21.     Opt-Out Termination Deadline – the date which is ninety (90) days following the Opt-Out Deadline, by which the Mericle Defendants may elect to withdraw from and terminate the MSA, as further described in Paragraph VII.A herein.

22.     Opt-Out Termination Period – the ninety (90) day period following the Opt-Out Deadline, as further described in Paragraph VII.A herein.

23.   Opt-Out Termination Right – the Mericle Defendants' right to withdraw from and terminate the MSA as provided in Paragraph VII herein.

24.   Parties – the Mericle Defendants and Plaintiffs.

25.   Plaintiffs – all individual plaintiffs in the Individual Actions, and all representative plaintiffs and members of the putative classes in the Class Actions.

26.   Plan of Allocation – document approved by the Court and setting forth the plan for distribution of the Cash Settlement Fund to Settlement Class Members who have timely and properly completed and returned a Proof of Claim Form indicating their participation in the Settlement.

27.   Preliminary Approval Order – the order of the Court preliminarily approving Settlement and Notice procedures, as set forth in Paragraph III and substantially in the form attached hereto as Exhibit B.

28.   Proof of Claim Deadline – the date by which members of the proposed Settlement Classes  must return completed Proof of Claim Forms to the Claims Committee, as further described in Paragraphs IV.B and V.  The Proof of Claim Deadline shall also be the "Opt-Out Deadline."

29.   Proof of Claim Form – the form that eligible Settlement Class Members must submit to participate in the Settlement Amount or to elect to Opt-Out, in a form substantially identical to Exhibit C, subject to Court approval.

30.   Published Notice – notice to be published in at least two newspapers of general circulation in Luzerne County in a form substantially identical to Exhibit A, subject to Court approval.

31.   Released Claims – any and all claims, demands, requests for payments, requests for benefits, requests for costs or expenses, requests for attorneys' fees, requests for restitution, requests for punitive damages, requests for equitable relief or requests of any kind or nature whatsoever that have been or could have been asserted by or on behalf of any Settlement Class Member against the Released Parties, or any of them, and which arise out of or are related to any of the facts, acts, claims, allegations, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters alleged or referred to or which could have been or may ever be alleged or referred to in the Actions, whether known or unknown, and whether such claim was or could have been asserted by any Settlement Class Member on his or her own behalf or on behalf of other persons.

32.     Released Parties – The Mericle Parties, the Luzerne County Parties, and any entity or individual that is not a Non-Released Party.

33.     Representative Plaintiffs – collectively Dezare Dunbar, Alexandra Fahey, Elizabeth Habel, Gloria and Richard Habel, Angelia Karsko, H.T., Jessica Van Reeth, and Jack Van Reeth.

34.     Settlement – the settlement embodied in this MSA.

35.     Settlement Class Counsel – solely for purposes of this Settlement, and subject to the Court's appointment, Daniel Segal of Hangley Aronchick Segal Pudlin & Schiller; William R. Caroselli and David S. Senoff of Caroselli, Beachler, McTiernan & Conboy, LLC; Sol H. Weiss of Anapol Schwartz; and Marsha L. Levick of Juvenile Law Center.

36.     Settlement Amount – the payment of $17,750,000 by the Mericle Defendants, plus payment by the Mericle Defendants of an amount equal to fifty (50) percent of the first $3,500,000, if any, actually recovered by the Mericle Defendants in the Third Circuit Action, all as further described in Paragraph II.A herein.

37.     Third Circuit Action – the appeal titled *Travelers Property and Casualty Co. of America v. Robert K. Mericle and Mericle Construction, Inc.*, pending in the United States Court of Appeals for the Third Circuit at No. 10-3887, as further described in Paragraph II.A herein.

38.     Withdrawal Determination – Mericle Defendants' written communication, on or before the Opt-Out Termination Deadline, to Class Counsel and Individual Plaintiffs' Counsel stating their withdrawal from, and termination of this MSA, as further described in Paragraph VII.A herein.

## II.     The Cash Settlement Fund

In full satisfaction of all Released Claims against the Released Parties, as well as consideration for the releases, bar orders and other provisions for the benefit of the Released Parties provided for in this Agreement, the Mericle Defendants shall establish a settlement fund (the "Cash Settlement Fund") out of which Settlement Class Members will receive compensation in accordance with this Agreement.  The Cash Settlement Fund will be held in an escrow account at PNC Bank ("Escrow Agent") (the "Escrow Account").  The Escrow Account shall be governed by the provisions set forth in ParagraphVIII herein and Exhibit D hereto.

### A.     Settlement Payment

The Mericle Defendants will transfer a total of $17,750,000 (the "Escrow Amount") into the Escrow Account in three transactions, as follows:

1.     $5,375,000 no later than ten (10) business days after the execution of this Agreement;

2.  $5,375,000 no later than ten (10) business days after the Court's entry of the Preliminary Approval Order; and

3.  $7,000,000 no later than ten (10) business days after the Opt-Out Deadline.

The Mericle Defendants will also deposit into the Escrow Account an amount equal to fifty (50) percent of the first $3,500,000, if any, actually recovered by the Mericle Defendants based on their claims for defense costs and/or indemnity against Travelers Property and Casualty Company of America ("Travelers") pursuant to the general commercial liability and excess liability policies which are the subject of the Third Circuit Action (together with the Escrow Amount, the "Settlement Amount"), within five (5) business days of any such actual recovery. The Mericle Defendants shall not have any obligation to pursue their claims against Travelers beyond the Third Circuit Action. Further, it is within the Mericle Defendants' sole discretion whether to pursue the Third Circuit Action to a decision or to enter into a settlement with Travelers so long as Plaintiffs are informed thereof and the decision is made in good faith.

**B.   Common Benefit Fees and Expenses**

The Mericle Defendants will not oppose an application to the Court by Class Counsel and Individual Plaintiffs' Counsel for a common benefit fee award not to exceed thirty (30) percent of the Settlement Amount and, in addition, for common benefit litigation expenses (collectively, "Common Benefit Fees and Expenses"). Common Benefit Fees and Expenses shall be drawn exclusively from the Cash Settlement Fund.

**C.   Plan of Allocation**

The amount remaining in the Cash Settlement Fund after the payment of Common Benefit Fees and Expenses  pursuant to Paragraph II.B, payments to the Escrow Agent pursuant to Paragraph VIII and Exhibit D, and the payment of taxes, tax expenses and other costs pursuant to Paragraph VIII, shall be distributed to Settlement Class Members who have timely returned a Proof of Claim Form indicating their participation in the Cash Settlement Fund pursuant to a plan of allocation proposed by Class Counsel and Individual Plaintiffs' Counsel and approved by the Court ("Plan of Allocation"). No distribution to any Settlement Class Member may be made from the Cash Settlement Fund until after the Court's approval of the Plan of Allocation and entry of the Final Order and Judgment, and the expiration of any time period in which review could be sought with respect to approval of this MSA, or the judgments contemplated herein; if such review is sought, no distribution shall be made until proceedings in connection with such review are finally and fully resolved.

**III.   Preliminary Approval Of Master Settlement Agreement**

**A.   Motion For Preliminary Approval**

Within five (5) days of executing this Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Representative Plaintiffs, Class Counsel, Individual Plaintiffs' Counsel, and the Mericle Defendants shall submit this Agreement, together with the exhibits attached hereto, to the Court and jointly move the Court for the entry of an Order for preliminary

approval ("Preliminary Approval Order") substantially in the form attached hereto as Exhibit B ("Proposed Preliminary Approval Order").  The Mericle Defendants reserve the right to file a separate brief in support of the motion.

The Proposed Preliminary Approval Order shall:

1.      Certify the Settlement Classes defined herein for settlement purposes only;

2.      Solely for the purposes of the implementation, approval and consummation of this Settlement, appoint counsel to represent all proposed Settlement Class Members ("Settlement Class Counsel");

3.      Solely for the purpose of the implementation, approval and consummation of this Settlement, appoint Representative Plaintiffs;

4.      Grant preliminary approval of this MSA;

5.      Authorize Notice of this MSA; and

6.      Schedule a final Settlement Hearing, as set forth in Paragraph VI herein, to review comments concerning this Agreement, to consider its fairness, reasonableness and adequacy, and to determine whether to enter an Order approving the Settlement ("Final Order and Judgment") substantially in the form described in Paragraph VI.  The Settlement Hearing shall be scheduled to give sufficient time for notice to be disseminated and to allow for objections pursuant to the terms of this MSA.

###    B.      Effect Of Termination On Conditional Certification

Certification of the proposed Settlement Classes and appointment of Representative Plaintiffs and Settlement Class Counsel by the Court shall be binding only with respect to the Settlement set forth in this Agreement.  In the event that this Agreement is terminated in accordance with its terms, or that the Court does not enter the Final Order and Judgment, the stipulated certification of the proposed Settlement Classes and the appointment of Settlement Class Counsel shall be vacated and the Actions shall proceed as though the proposed Settlement Classes had never been certified.  Except to effectuate this Agreement, the Parties and their respective counsel agree not to present as evidence or legal precedent, rely upon, make reference to or otherwise make use of this stipulated certification of the proposed Settlement Classes in the Actions or any other legal proceeding.

## IV.    Notice, Opt-Out Rights And Claim Procedures

###    A.      Notice

No later than fourteen (14) days after the Court has (1) entered the Preliminary Approval Order, and (2) approved the Mailed Notice, the Published Notice and the Proof of Claim Form, notice shall be sent to all potential Settlement Class Members via First Class mail and certified mail, return receipt requested and in any additional form as the Court shall direct; provided that

the forms of Notice are substantially identical to the proposed Mailed Notice and the proposed Published Notice forms that are attached hereto at Exhibit A, and the Proof of Claim Form is substantially identical to the proposed form attached hereto at Exhibit C.

Class Counsel and Individual Plaintiffs' Counsel shall be responsible for providing the names and addresses of potential Settlement Class Members.  Plaintiffs shall advance the reasonable cost of Notice to Settlement Class Members, including costs for the mailing of the Mailed Notice, and costs for publishing the Published Notice.  Notice costs shall be reimbursed as cost of administration from the Cash Settlement Fund as set forth in paragraph II.B above.  In the event that the Court does not issue a Final Order and Judgment in accordance with the terms of this Agreement, the Mericle Defendants shall reimburse Class Counsel and Individual Plaintiffs' Counsel for one half of the Notice cost (i.e., postage and publication costs) unless the Mericle Defendants terminate this Agreement,  in which event they shall reimburse Class Counsel and Individual Plaintiffs' Counsel for the entire Notice cost.  The Parties have agreed that such publication is sufficient for the Settlement Classes in compliance with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

All Mailed Notices sent to the all potential Settlement Class Members shall be sent by First Class mail and certified mail, return receipt requested to:

> Claims Committee
> c/o Sol H. Weiss, Esquire
> Adrianne E. Walvoord, Esquire
> Anapol Schwartz
> 1710 Spruce Street
> Philadelphia, PA  19103
> (215) 735-2098

**B.	Submission Of Proof Of Claim Form**

In order to participate in the Cash Settlement Fund, Settlement Class Members must complete and submit to the Claims Committee a Proof of Claim Form.

Each Mailed Notice shall enclose a Proof of Claim Form.  The Published Notice shall set forth a web site address from which a Proof of Claim Form can be downloaded and a mailing address that can be used to request a Proof of Claim Form.  The Mailed Notice, the Published Notice and the Proof of Claim Form shall direct potential Settlement Class Members to return the completed Proof of Claim Form, together with identified documentation, to the address indicated on the Proof of Claim Form on a date certain no later than seventy-five (75) days after the Court has entered the Preliminary Approval Order and approved the Mailed Notice, the Published Notice and the Proof of Claim Form ("Proof of Claim Deadline").

**C.	Opt-Out Rights**

Potential Settlement Class Members will have the right to exclude themselves from the Settlement ("Opt-Out") by returning the Proof of Claim Form indicating their Opt-Out election no later than the Proof of Claim Deadline.  Settlement Class Members who timely request to

Opt-Out shall be excluded from this Agreement and from participation as Settlement Class Members. Any member who does not otherwise comply with the agreed-upon Opt-Out procedures approved by the Court shall be a Settlement Class Member and bound by the terms of this Agreement and the Final Order and Judgment. Within fourteen (14) days after the Opt-Out Deadline, the Claims Committee shall provide the Court and all undersigned counsel with a list of the proposed Settlement Class Members who have elected to Opt-Out ("Opt-Out Plaintiffs").

Any Opt-Out Plaintiff who, following his or her initial election, wishes to participate as a Settlement Class Member, may revoke his or her Opt-Out election by delivering to the Claims Committee prior to the Proof of Claim Deadline a written revocation of such individual's election to Opt-Out.

**D.    Bar Order**

Any Settlement Class Member who does not submit a request to Opt-Out by the Proof of Claim Deadline (or, "Opt-Out Deadline"), or who does not otherwise comply with the agreed-upon Opt-Out procedures approved by the Court, or who revokes his or her request to Opt-Out by no later than the Opt-Out Deadline, shall be a Settlement Class Member and shall be bound by the terms of this MSA and the Court's Final Order and Judgment.

Any Settlement Class Member who does not submit a completed Proof of Claim Form by the Proof of Claim Deadline shall also be a Settlement Class Member, shall be bound by the terms of this MSA and the Court's Final Order and Judgment, and shall have his or her Released Claims against Released Parties extinguished with prejudice, but shall not be eligible to participate in the Cash Settlement Fund.

**E.    Objection Deadline**

Settlement Class Members also have the right to object to the Settlement no later than the Proof of Claim Deadline. Settlement Class Members shall deliver to the Claims Committee, described in Paragraph V herein, a written statement of any objections such that the written statement of objections is received by the Claims Committee no later than the day before the Proof of Claim Deadline. The Claims Committee shall electronically file any such objections with the Court no later than 11:59 p.m. on the Proof of Claim Deadline.

If the Court approves the MSA and enters a Final Order and Judgment which is affirmed on appeal, if any, Settlement Class Members who previously objected to the Settlement and did not elect to Opt-Out shall be bound by the MSA and the Final Order and Judgment.

**F.    Special Master For Allocation Appeals**

The Parties hereto request that the Court appoint Judge Marina Corodemus (Ret.) as a Special Master to resolve with finality, the award to any Settlement Class Member who appeals their preliminary monetary award as set forth more particularly in the Proof of Claims Form and the Plan of Allocation. The costs of the Special Master shall be paid out of the Cash Settlement Fund following the Court's Final Order and Judgment.

## V.    Claims Committee

Plaintiffs shall form a claims committee that will be responsible for administering various aspects of the Settlement, as described herein (the "Claims Committee").  The Claims Committee shall consist of four attorneys, including one representative from each of the following four law firms:  (1) Hangley Aronchick Segal Pudlin & Schiller; (2) Anapol Schwartz; (3) Caroselli, Beachler, McTiernan & Conboy, LLC; and (4) Juvenile Law Center.

The Claims Committee shall be responsible for: (1) reviewing the Proof of Claims Forms returned by Plaintiffs; (2) determining which Plaintiffs have elected to Opt-Out; (3) notifying the Court and the Mericle Defendants of any objections made to the Settlement by any Settlement Class Members; and (4) pursuant to the Plan of Allocation, calculating the appropriate portion of the Cash Settlement Fund to be paid to each Settlement Class Member who timely submitted a Proof of Claim Form electing to participate in the Settlement.  An attorney representative from Morgan, Lewis & Bockius LLP shall have the right to: (1) participate in any and all of the Claims Committee's discussions and meetings determining the identities of and/or otherwise concerning Opt-Out Plaintiffs; and (2) review and have full access to all Proof of Claim Forms, objections, or other documents received in response to the Mailed Notice and/or the Published Notice, as well as any reports and/or summaries concerning Opt-Out Plaintiffs prepared by the Claims Committee.

On each Thursday after Notice is issued pursuant to paragraph IV.A, and before the Opt-Out Deadline, the Claims Committee shall provide to all undersigned Counsel via e-mail: (1) a list of all Opt-Out elections (by Plaintiff name) received up to that date; (2) copies of the Proof of Claim Forms indicating Plaintiffs' elections to Opt-Out; and (3) copies of any written objections made to the Settlement by any Settlement Class Members.  Within fourteen (14) business days after the Opt-Out Deadline, the Claims Committee shall provide to all Counsel via e-mail: (1) a complete list of all Opt-Out elections (by Plaintiff name); (2) copies of the Proof of Claim Forms indicating Plaintiffs' elections to Opt-Out; (3) a statement of the total number of Mailed Notices mailed and the total number of Opt-Out elections received;  (4) copies of any written objections made to the Settlement by any Settlement Class Members; and (5) a complete list of all Settlement Class Members claiming from the Cash Settlement Fund.

Thereafter, the Claims Committee shall provide to all undersigned Counsel, on a weekly basis via e-mail, copies of any written objections made to the Settlement by any Settlement Class Members.

## VI.    Settlement Hearing

Representative Plaintiffs and Settlement Class Counsel shall ask the Court to set the Settlement Hearing for a date that is no earlier than ten (10) days after the Opt-Out Termination Deadline, as set forth in Paragraph VII herein  (the "Settlement Hearing Date").  On or before the Settlement Hearing Date, Settlement Class Counsel shall move the Court for the entry of a Final Order and Judgment.

The Final Order and Judgment shall include:

1.      Affirmation of certification of the Settlement Classes pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

2.      Final approval of this Settlement in its entirety as fair, reasonable and adequate, and in the best interests of the Settlement Classes as a whole;

3.      A determination that all Settlement Class Members shall be bound by the Settlement and shall be deemed conclusively to have settled and released with prejudice the Released Parties and to have covenanted not to sue the Released Parties;

4.      A bar order precluding each Settlement Class Member from asserting any and all Released Claims against any Released Parties that the Settlement Class Member had or has, in any court;

5.      Dismissal of all Released Claims of the Settlement Class Members with prejudice as to the Released Parties; and

6.      Reservation of the Court's continuing and exclusive jurisdiction over the Parties to administer, supervise, interpret and enforce this Agreement in accordance with its terms.

## VII.   Opt-Out Termination Rights

### A.      Opt-Out Termination Rights and Reasonable Efforts Obligation

Notwithstanding any other provision of this MSA, if there are any Opt-Out Plaintiffs, the Mericle Defendants may terminate this MSA if, within their discretion, they believe there exists an unacceptably high risk to themselves associated with such Opt-Out Plaintiff(s). Each Opt-Out Plaintiff who intends to pursue a separate claim against the Released Parties shall participate in confidential non-binding mediation with the Mericle Defendants prior to the Opt-Out Termination Deadline, defined below. Expenses incurred in connection with the mediation described in this paragraph shall not be paid from the Cash Settlement Fund. The Mericle Defendants shall, within a ninety (90) day period following the Opt-Out Deadline ("Opt-Out Termination Period"), use reasonable efforts to attempt to mitigate the risks and exposure presented by such Opt-Out Plaintiff(s). The Claims Committee, Class Counsel and Individual Plaintiffs' Counsel agree to respond in an expedited manner to the Mericle Defendants' requests for information, if any, concerning the Opt-Out Plaintiff(s) to the extent to which counsel have the requested information in their possession. Upon request by Class Counsel and/or Individual Plaintiffs' Counsel, the Mericle Defendants agree to provide interim communications to Class Counsel and Individual Plaintiffs' Counsel describing in reasonable detail their efforts to attempt to mitigate any risk or exposure presented by such Opt-Out Plaintiff(s). The determination of whether the Mericle Defendants have used reasonable efforts to attempt to mitigate the risks and exposure presented by the Opt-Out Plaintiff(s) is subject to judicial review. However, the determination of whether or not there exists an unacceptably high risk to the Mericle Defendants associated with such Opt-Out Plaintiff(s) is within the sole discretion of the Mericle Defendants and is not subject to judicial review.

Following the reasonable efforts referred to in this Paragraph VII.A and on or before the expiration of the Opt-Out Termination Period ("Opt-Out Termination Deadline"), the Mericle Defendants shall, in their discretion with respect to there being an unacceptably high risk associated with Opt-Out Plaintiffs, have the right to withdraw from and terminate this MSA. Unless on or before the Opt-Out Termination Deadline, the Mericle Defendants communicate in writing to Class Counsel and Individual Plaintiffs' Counsel their intention to withdraw from and terminate this MSA (the "Withdrawal Determination"), the parties shall proceed to the Settlement Hearing and a Final Order and Judgment pursuant to Paragraph VI of this MSA.

If the Mericle Defendants communicate a Withdrawal Determination to Class Counsel and Individual Plaintiffs' Counsel, then Plaintiffs shall have the right to challenge, within fourteen (14) days thereafter, whether the Mericle Defendants have used reasonable efforts to attempt to mitigate the risks and exposure presented by the Opt-Out Plaintiff(s) and to present that challenge to the Court for a determination of that issue.

If the Mericle Defendants make a Withdrawal Determination, and if (i) Plaintiffs do not challenge whether the Mericle Defendants have used reasonable efforts to attempt to mitigate the risks and exposure presented by the Opt-Out Plaintiff(s), or (ii) Plaintiffs challenge whether the Mericle Defendants have used reasonable efforts to attempt to mitigate the risks and exposure presented by the Opt-Out Plaintiff(s) and the Court rejects their challenge, then, in either event, this MSA shall terminate and the Mericle Defendants shall be entitled to immediate repayment of any amounts deposited into the Escrow Account and any interest accrued thereon ("Opt-Out Termination Right").

If the Mericle Defendants make a Withdrawal Determination, and Plaintiffs challenge whether the Mericle Defendants have used reasonable efforts to attempt to mitigate the risks and exposure presented by the Opt-Out Plaintiff(s) and the Court sustains their challenge, then this MSA shall remain in full force and effect and shall not terminate pursuant to this Paragraph VII.A, and the parties shall proceed to the Settlement Hearing and a Final Order and Judgment pursuant to Paragraph VI.

### B.   Reduction In Settlement Amount

If there are any Opt-Out Plaintiff(s) and the Mericle Defendants choose not to exercise their Opt-Out Termination Right, or choose to do so but the Court sustains Plaintiffs' challenge as described herein, then the $17,750,000 portion of the Settlement Amount and, consistent with Paragraph II.A, any amount deposited into the Cash Settlement Fund as a result of a recovery by the Mericle Defendants in the Third Circuit Action, shall be reduced by an amount equal to the aggregate value of the Opt-Out Plaintiffs' claims under the Plan of Allocation, including any pro rata distribution of unclaimed amounts and returned checks as further described in Paragraph VIII. F, and such amount shall be returned to the Mericle Defendants.

## VIII.   Escrow Account

The Escrow Account shall be administered in the manner set forth in the Escrow Agreement attached hereto as Exhibit D.

### A.      Qualified Settlement Fund

The Escrow Account is intended by the Parties to be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1.  The Parties therefore agree not to take any position in any filing or before any tax authority that is inconsistent with such treatment.  The Parties further agree that the Mericle Defendants shall direct the Escrow Agent to make a timely "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest possible date.

### B.      Taxes

In accordance with the Escrow Agreement, the funds in the Escrow Account shall be used to pay: (1) all taxes or estimated taxes on any income earned on funds in the Escrow Account; and (2) all related costs and expenses incurred in connection with the Escrow Account. In all events, the Parties and their counsel shall not have any liability or responsibility for the taxes, tax expenses or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local tax authority.  Taxes and tax expenses shall be treated as, and considered to be, a cost of administration of the Escrow Account and shall be timely paid by the Escrow Agent out of the Escrow Account following the Court's Final Order and Judgment, but without further order of the Court.

### C.      Interest Earned

The Escrow Amount, and any interest earned on it, but less any costs of administration, shall revert to the party receiving the principal.  Should this MSA be terminated for any reason, including pursuant to the Mericle Defendants' Opt-Out Termination Right set forth in Paragraph VII, the Escrow Amount and any interest earned on it shall revert to the Mericle Defendants.

### D.      No Liability

The Parties shall have no liability with respect to the investment or distribution of the Cash Settlement Fund held in the Escrow Account, the Plan of Allocation, the determination or administration of taxes, or any losses incurred in connection with the Escrow Account.

### E.      No Claims

No person shall have any claim against the Representative Plaintiffs, Class Counsel, Individual Plaintiffs' Counsel, the Mericle Defendants, counsel for the Mericle Defendants, or the Claims Committee based on the distributions made in accordance with this Agreement, the Plan of Allocation, or further orders of the Court.

### F.      Unclaimed Amounts And Returned Checks

The net amount remaining in the Escrow Account following the first and any subsequent distributions in conformance with the Plan of Allocation, including any unclaimed amounts and returned uncashed checks, shall be distributed to Settlement Class Members in accordance with the Plan of Allocation.

## IX.   Releases

### A.   Dismissal Of Claims And Release

Upon the entry of the Final Order and Judgment, all Released Claims against the Released Parties (but not the Non-Released Parties) shall be dismissed with prejudice and the Plaintiffs shall be deemed to have unconditionally, fully, finally, and forever, remised, released, relinquished, compromised and discharged all Released Claims whether or not any particular Plaintiff seeks or receives payment under the terms of the MSA.

### B.   Covenant Not To Sue, And Non-Solicitation

Settlement Class Members agree and covenant not to sue or to prosecute, institute or cooperate in the institution, commencement, filing, or prosecution of any lawsuit, appeal, arbitration or other proceeding relating to or based on any claim that concerns, arises out of or relates to any of the facts, actions, claims, allegations, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters alleged or referred to, or which could have been alleged or referred to in the Actions, with respect to the Released Parties.

Other than existing clients with whom Individual Plaintiffs' Counsel and/or Class Counsel currently have an engagement letter, Individual Plaintiffs' Counsel and Class Counsel agree not to initiate any communications for the purpose of seeking to represent any other Settlement Class Members against any Released Party, with regard to any matter which is the subject of the first paragraph immediately above, who may Opt-Out or who elects to Opt-Out.

## X.   Future Claims For Contribution Or Indemnity

It is the express intention of the Parties that, to the fullest extent possible, Plaintiffs shall in all future litigation against Non-Released Parties eliminate all claims for contribution and/or indemnity that might be asserted against the Released Parties.  Plaintiffs, when entering into a settlement agreement with any Non-Released Party resolving some or all of the claims in the Actions, or resolving any other claims related in any way to the claims, allegations and/or facts in the Actions, shall insist on such a provision barring any Non-Released Party from bringing any contribution claim, any indemnity claim, or any other claim related in any way to the claims, allegations and/or facts in the Actions against a Released Party.  Plaintiffs in any jury trial against a Non-Released Party shall proffer a jury verdict form that includes the Released Parties, and in any bench trial or binding alternative dispute forum where claims are asserted against any Non-Released Party, request that the Released Parties' wrongful conduct, if any, be adjudicated.  The purpose of this paragraph is to allocate liability among all Released Parties and Non-Released Parties, and that any judgment recovered against any Non-Released Parties in the Actions or any other proceeding shall be reduced pro rata or pro tanto to account for the Released Parties' allocation of liability, regardless of whether Released Parties herein were in fact joint tortfeasors, and regardless of whether the Released Parties participate in any such action or proceeding.  The intent of this Paragraph is to be consistent with *Griffin v. U.S.*, 500 F.2d 1059 (1974).

Plaintiffs agree that any recovery against a Non-Released Party as to which there has not been a binding allocation of liability as to the Released Parties shall be held in escrow and shall

not be distributed until the expiration of any statutes of limitations period for any possible indemnification and/or contribution claims that such Non-Released Party may bring against any Released Party, regardless of the Released Parties' and/or Plaintiffs' assessment of such claims' merit.  If, upon expiration of the statutes of limitations, no claims have been filed against any Released Party by the Non-Released Party, any such recovery may be distributed.  If any claims have been filed by the Non-Released Party against any Released Party, no distribution shall be made until all proceedings in connection with such claims, including appeals, are finally and fully resolved.

This provision is intended, *inter alia*, to accomplish the complete and permanent disengagement of the Released Parties from all possible claims – known or unknown, suspected or unsuspected, present or future – that arise out of or could arise out of the facts alleged in the Actions, for which the Released Parties have been released and to avoid the necessity and expense of having the Released Parties participate in any litigation related to such claims.

## XI.     Termination Provisions

### A.     Right To Terminate The MSA

This Agreement may be terminated upon written notice within fourteen (14) days of any one of the following events.

1.     If, at the Preliminary Approval Hearing or within sixty (60) days thereafter, the Court denies preliminary approval of the Settlement or refuses to preliminarily approve the Settlement without requiring substantial and material changes to the Mailed Notice, the Published Notice and/or the Proof of Claim Form submitted to the Court pursuant to Paragraphs IV.A and B of this Agreement.

2.     If, within one hundred and eighty (180) days of the Settlement Hearing Date, the Court denies final approval of the Settlement or refuses to finally approve the Settlement without requiring substantial and material changes to the information provisions contained in the Final Order and Judgment as set forth in Paragraph VI herein, in order to enter the Final Order and Judgment.

3.     The Mericle Defendants only shall have the right to terminate this Agreement pursuant to the terms of Paragraph VII.

4.     The Final Order and Judgment is substantially modified or reversed on any writ or appeal.

In the event of any termination pursuant to the Agreement, the Parties shall be restored to their original positions, including without limitation, the return to the Mericle Defendants of the Escrow Amount and, consistent with Paragraph II.A, any amount deposited into the Cash Settlement Fund as a result of a recovery by the Mericle Defendants in the Third Circuit Action.

### B.     Stay Of Proceedings

The Parties agree that, upon their filing of a motion for preliminary approval of the Settlement, they jointly will move the Court to stay the following discovery pending final approval of the Settlement:  (1) any depositions of individual Plaintiffs; and (2) any discovery directed to the Released Parties, including without limitation depositions, interrogatories, documents requests and requests for admission.  Assuming there is no Court order providing for an earlier deadline, Class Counsel and Individual Plaintiffs' Counsel agree not to move in any of the Actions to seek certification of any litigation classes until the Court either denies approval of the Settlement or enters the Final Order and Judgment.  If the Court enters an order providing for an earlier deadline, and if Plaintiffs file a motion seeking certification of any litigation class, the Mericle Defendants shall be free to oppose any such certification.

## XII.   Miscellaneous Provisions

### A.     Not Evidence; No Admission of Liability

In no event shall this Agreement, in whole or in part, whether effective, terminated, or otherwise, or any of its provisions or any negotiations, statements or proceedings relating to it in any way be construed as, offered as, received as, used as or deemed to be evidence of the factual allegations and/or legal conclusions in the Actions, in any other action, or in any judicial, administrative, regulatory or other proceeding.  Without limiting the foregoing, neither this Agreement nor any related negotiations, statements or proceedings shall be construed as, offered as, received as, used as or deemed to be evidence, or an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of the Released Parties or any applicable defense, including without limitation any applicable statute of limitations.  This Agreement does not constitute or reflect any admission of any liability by the Released Parties of the claims brought against them in the Actions.  None of the Parties waives or intends to waive any applicable attorney-client privilege or work product protection for any negotiations, statements or proceedings relating to this Agreement.

### B.     Confidentiality

The Parties agree that any and all documents, material, correspondence and/or information received and/or produced or disclosed in furtherance of this Agreement, including all drafts of this Agreement, shall be considered confidential and shall not be disclosed to any third parties unless otherwise required by law.

### C.     Public/Media Statements

On the day that, pursuant to Paragraph III.A. above, the Parties submit this Agreement to the Court and jointly move the Court for the entry of a Preliminary Approval Order, the Parties will issue a mutually agreed-upon statement (the "Mutually Agreed-Upon Statement").  Class Counsel, Individual Plaintiffs' Counsel and counsel for the Mericle Defendants agree that they will not make or cause to be made any other public comment regarding the Settlement, other than the Mutually Agreed-Upon Statement.

The Parties agree that the provision in the paragraph immediately above is material and in the event that Class Counsel, Individual Plaintiffs' Counsel or counsel for the Mericle Defendants issue or make any public comment concerning the Settlement besides the Mutually Agreed-Upon Statement, the Plaintiffs or the Mericle Defendants shall, as the case may be, be in material breach of this Agreement and the Plaintiffs or the Mericle Defendants, as the case may be, shall have all rights in law and equity to seek relief for said breach.

Notwithstanding the two paragraphs immediately above, the Parties agree that oral or written communications between Class Counsel and Individual Plaintiffs' Counsel on the one hand and Representative Plaintiffs, the Settlement Class Members or individual Plaintiffs on the other hand shall not constitute making or causing to be made a public comment regarding the Settlement. The Parties further agree that, notwithstanding the two paragraphs immediately above, oral or written communications between counsel for the Mericle Defendants on the one hand and the Mericle Defendants on the other hand shall not constitute making or causing to be made a public comment regarding the Settlement.

### D.  Entire Agreement

This Agreement, including its Exhibits, contains an entire, complete, and integrated statement of each and every term and provision agreed by and among the Parties; it is not subject to any condition not provided for herein. This Agreement supersedes any prior agreements or understandings, whether written or oral, between and among the Representative Plaintiffs, the Settlement Class Members, Class Counsel, Individual Plaintiffs' Counsel and counsel for the Mericle Defendants regarding the subject matter of the Actions or this Agreement.

This Agreement may be amended or modified only by a written instrument signed by or on behalf of Class Counsel, Individual Plaintiffs' Counsel and counsel for the Mericle Defendants, and approved by the Court.

### E.  No Presumption Against Drafter

None of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof. This Agreement was drafted with substantial input by all Parties and their counsel, and no reliance was placed on any representation other than those contained herein.

### F.  Force Majeure

The Mericle Defendants shall not be liable for delay or non-performance of their obligations under this Agreement arising from any act of God, governmental act, and act of terrorism, war, fire, flood, explosion or civil riot. The performance of the Mericle Defendants' obligations under this Agreement, to the extent affected by the delay, shall be suspended for the period during which the cause of the delay persists.

### G.      Continuing And Exclusive Jurisdiction

The Court will have original and exclusive jurisdiction over all provisions of this Agreement, including the administration, supervision, interpretation and enforcement of this Agreement in accordance with its terms and any award of attorney's fees.

### H.      Counterparts

This Agreement may be executed in counterparts, each of which shall constitute an original.  Scanned signatures shall be considered valid signatures as of the date submitted, although the original signature pages shall thereafter be appended to this Agreement.

### I.      Divisions And Headings

The division of this Agreement into paragraphs and the use of captions and headings in connection herewith, are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

### J.      Plurals And Singulars Of Defined Terms

Where a term is defined in plural and used in singular in the text, it means one such. Where a term is defined in singular is used in plural in a text, it means more than one such.

### K.      Governing Law

This Agreement is to be interpreted according to the substantive law of the Commonwealth of Pennsylvania without regard to its choice of law or conflicts of laws principles.

### L.      Waiver

The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving Party.  The waiver by any Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

### M.      No Third Party Beneficiaries

Except as otherwise provided herein, nothing in this Agreement is intended, nor shall it in any way be construed, to create or convey any rights in or to any person other than the Plaintiffs and the Released Parties.

### N.      Successors And Assigns

The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

### O.   Authority And Acknowledgement

Each Person signing this Agreement on behalf of a Party represents and warrants that he or she has all the requisite power and authority to enter into this Agreement and to implement the transactions contemplated herein, and is duly authorized to execute this Agreement on behalf of that Party.  By their signature or counsel's signature affixed hereto, each Party acknowledges that he or she has read this Agreement, fully understands the agreements, representations, covenants, obligations, conditions, warranties, releases and terms contained herein, and has had the advice of counsel pertaining thereto, prior to the time of execution.  Class Counsel and Individual Plaintiffs' Counsel acknowledge that they have authority to execute this Agreement and bind the Representative Plaintiffs and Settlement Class Members.

**For Defendants Robert K. Mericle and Mericle Construction, Inc.**

By: _____

Eric Kraeutler
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-4840

dated: _____

**For Plaintiffs in the action titled,**
*H.T., et al. vs. Ciavarella, et al.*, **No. 3:09-cv-357 (M.D. Pa.)**

By: _____

Marsha L. Levick, Esquire
Juvenile Law Center
1315 Walnut Street, Suite 400
Philadelphia, PA  19107
(215) 625-0551

dated: _____

By: _____

Daniel Segal, Esquire
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square, 27th Floor
18th and Cherry Streets
Philadelphia, PA  19103

20

O.    **Authority And Acknowledgement**

Each Person signing this Agreement on behalf of a Party represents and warrants that he or she has all the requisite power and authority to enter into this Agreement and to implement the transactions contemplated herein, and is duly authorized to execute this Agreement on behalf of that Party. By their signature or counsel's signature affixed hereto, each Party acknowledges that he or she has read this Agreement, fully understands the agreements, representations, covenants, obligations, conditions, warranties, releases and terms contained herein, and has had the advice of counsel pertaining thereto, prior to the time of execution. Class Counsel and Individual Plaintiffs' Counsel acknowledge that they have authority to execute this Agreement and bind the Representative Plaintiffs and Settlement Class Members.

**For Defendants Robert K. Mericle and Mericle Construction, Inc.**

By: _____

  Eric Kraeutler
  Morgan, Lewis & Bockius LLP
  1701 Market Street
  Philadelphia, PA 19103
  (215) 963-4840

  dated: _____

**For Plaintiffs in the action titled,**
**_H.T., et al. vs. Ciavarella, et al._, No. 3:09-cv-357**
**(M.D. Pa.)**

By: _____

  Marsha L. Levick, Esquire
  Juvenile Law Center
  1315 Walnut Street, Suite 400
  Philadelphia, PA 19107
  (215) 625-0551

  dated: 12/16/11

By: _____

  Daniel Segal, Esquire
  Hangley Aronchick Segal Pudlin & Schiller
  One Logan Square, 27th Floor
  18th and Cherry Streets
  Philadelphia, PA 19103

20

**O.    Authority And Acknowledgement**

Each Person signing this Agreement on behalf of a Party represents and warrants that he or she has all the requisite power and authority to enter into this Agreement and to implement the transactions contemplated herein, and is duly authorized to execute this Agreement on behalf of that Party.  By their signature or counsel's signature affixed hereto, each Party acknowledges that he or she has read this Agreement, fully understands the agreements, representations, covenants, obligations, conditions, warranties, releases and terms contained herein, and has had the advice of counsel pertaining thereto, prior to the time of execution.  Class Counsel and Individual Plaintiffs' Counsel acknowledge that they have authority to execute this Agreement and bind the Representative Plaintiffs and Settlement Class Members.

**For Defendants Robert K. Mericle and Mericle Construction, Inc.**

By:    _____

Eric Kraeutler
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-4840


dated:    _____

**For Plaintiffs in the action titled,**
***H.T., et al. vs. Ciavarella, et al.*, No. 3:09-cv-357 (M.D. Pa.)**

By:    _____

Marsha L. Levick, Esquire
Juvenile Law Center
1315 Walnut Street, Suite 400
Philadelphia, PA  19107
(215) 625-0551


dated:    _____

By:    _____

Daniel Segal, Esquire
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square, 27th Floor
18th and Cherry Streets
Philadelphia, PA  19103

20

(215) 568-6200

dated: _____

**For Plaintiffs in the action titled,**
***Conway, et al v. Conahan et al.*, No. 3:09-cv-291**
**(M.D. Pa.)**

By: _____

Sol H. Weiss, Esquire
Adrianne E. Walvoord, Esquire
Anapol Schwartz
1710 Spruce Street
Philadelphia, PA 19103
(215) 735-2098

dated: _12-16-11_____

By: _____

Barry H. Dyller, Esquire
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860

dated: _____

**For Plaintiffs in the action titled,**

21

(215) 568-6200

dated: _____

**For Plaintiffs in the action titled,**
***Conway, et al v. Conahan et al.*, No. 3:09-cv-291**
**(M.D. Pa.)**

By: _____

    Sol H. Weiss, Esquire
    Adrianne E. Walvoord, Esquire
    Anapol Schwartz
    1710 Spruce Street
    Philadelphia, PA  19103
    (215) 735-2098

    dated: _____

By: _____

    Barry H. Dyller, Esquire
    Gettysburg House
    88 North Franklin Street
    Wilkes-Barre, PA  18701
    (570) 829-4860

    dated: 12/15/11

**For Plaintiffs in the action titled,**

21

*Wallace v. Powell, et al.*, **No. 3:09-cv-286 (M.D. Pa.)**

By: _____

William R. Caroselli, Esquire
Caroselli, Beachler, McTiernan & Conboy
20 Stanwix Street, 7th Floor
Pittsburgh, PA  19522
(412) 391-9860

dated: *12/16/11*


David S. Senoff, Esquire
Caroselli, Beachler, McTiernan & Conboy
1500 Walnut Street, Suite 507
Philadelphia, PA  19102
(215) 609-1350


By: _____

Michael J. Cefalo, Esquire
Cefalo & Associates
309 Wyoming Avenue
West Pittston, PA  18643
(570) 655-5555

dated: _____


**For Plaintiffs in the action titled,**
***Humanik v. Ciavarella, et al.*, No. 3:09-cv-630 (M.D. Pa.)**


By: _____

Daniel E. Kleiner, Esquire
Metzger & Kleiner
Two Penn Center Plaza, Suite 1204
15th & John F. Kennedy Boulevard
Philadelphia, PA  19102
(215) 567-6616

dated: _____

*Wallace v. Powell, et al.*, No. 3:09-cv-286 (M.D. Pa.)

By: _____

William R. Caroselli, Esquire
Caroselli, Beachler, McTiernan & Conboy
20 Stanwix Street, 7th Floor
Pittsburgh, PA  19522
(412) 391-9860

dated: _____

David S. Senoff, Esquire
Caroselli, Beachler, McTiernan & Conboy
1500 Walnut Street, Suite 507
Philadelphia, PA  19102
(215) 609-1350

By: _____

Michael J. Cefalo, Esquire
Cefalo & Associates
309 Wyoming Avenue
West Pittston, PA  18643
(570) 655-5555

dated: *12/16/11*

**For Plaintiffs in the action titled,**
***Humanik v. Ciavarella, et al.*, No. 3:09-cv-630 (M.D. Pa.)**

By: _____

Daniel E. Kleiner, Esquire
Metzger & Kleiner
Two Penn Center Plaza, Suite 1204
15th & John F. Kennedy Boulevard
Philadelphia, PA  19102
(215) 567-6616

dated: _____

22

*Wallace v. Powell, et al.*, No. 3:09-cv-286 (M.D. Pa.)

By:  _____

     William R. Caroselli, Esquire
     Caroselli, Beachler, McTiernan & Conboy
     20 Stanwix Street, 7th Floor
     Pittsburgh, PA  19522
     (412) 391-9860

     dated: _____

     David S. Senoff, Esquire
     Caroselli, Beachler, McTiernan & Conboy
     1500 Walnut Street, Suite 507
     Philadelphia, PA  19102
     (215) 609-1350

By:  _____

     Michael J. Cefalo, Esquire
     Cefalo & Associates
     309 Wyoming Avenue
     West Pittston, PA  18643
     (570) 655-5555

     dated: _____

**For Plaintiffs in the action titled,**
***Humanik v. Ciavarella, et al.*, No. 3:09-cv-630 (M.D. Pa.)**

By:  _____

     Daniel E. Kleiner, Esquire
     Metzger & Kleiner
     Two Penn Center Plaza, Suite 1204
     15th & John F. Kennedy Boulevard
     Philadelphia, PA  19102
     (215) 567-6616

     dated: 12/16/11

22