### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE WALLACE, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:09-cv-286 |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA RIMMER BELANGER, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:10-cv-1405 |
| MARK A. CIAVARELLA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Motion for Entry of Final Judgment Against Defendants County of Luzerne and Gregory Skrepenak, brought by Plaintiffs Angela Rimmer Belanger, Joseph Rimmer, Kelly Farmer, and Zane Farmer. Because there is just reason for delay the entry of final judgment, the motion will be denied.

## I. Background

Plaintiffs brought this action against the Defendants on July 7, 2010. Their claims arise out of an alleged conspiracy between private individuals, corporations, state court judges, and county officials to profit from the placement of juveniles in private detention

facilities.[1] Plaintiffs filed an amended complaint on October 24, 2010, then moved for leave to file a second amended complaint on February 3, 2011. Specifically, Plaintiffs sought to amend their complaint a second time in order to provide additional detail to their allegations against Luzerne County, former Luzerne County Commissioner Greg Skrepenak, and Sandra Brulo, the former Deputy Director of Forensic Programs of the Luzerne County Department of Probation.

On April 27, 2011, I denied Plaintiffs' motion for leave to amend the complaint with regard to Luzerne County and Mr. Skrepenak, determining that Plaintiffs had failed to state a plausible claim against them. Nevertheless, on May 10, 2011, Plaintiffs filed a second amended complaint that included allegations against the two Defendants. I dismissed the claims against Luzerne County and Mr. Skrepenak on November 30, 2011. On December 16, 2011, the Plaintiffs in *Wallace v. Powell*, No. 3:09-cv-0286, and several Defendants jointly moved for preliminary approval of a settlement agreement.

On December 30, 2011, Plaintiffs filed this motion seeking an entry of a final judgment under Rule 54(b) as to the dismissal of the claims against Luzerne County and Mr. Skrepenak. The motion has been fully briefed and is ripe for disposition.

## II. Legal Standard

Federal courts of appeals only have jurisdiction over appeals from "final decisions" of federal district courts. 28 U.S.C. § 1291. "Ordinarily, an order which

---

[1] Several other groups of plaintiffs have filed similar actions based on this alleged conspiracy. *See Wallace v. Powell*, No. 3:09-cv-0286; *Conway v. Conahan*, No. 3:09-cv-0291; *H.T. v. Ciavarella*, No. 3:09-cv-0357; *Humanik v. Ciavarella*, No. 3:09-cv-0630. These cases were consolidated for discovery purposes on October 26, 2010. The instant motion was brought only by the *Belanger* Plaintiffs.

terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Carter v. City of Phila.*, 181 F.3d 339, 343 (3d Cir. 1999). Here, Plaintiffs wish to appeal the dismissal of their claims against Defendants Luzerne County and Gregory Skrepenak, but that order was not final for appellate jurisdiction purposes because it did not terminate all claims in the litigation. For this reason, they request that the Court certify those claims as final pursuant to Federal Rule of Civil Procedure 54(b).

Rule 54(b) creates an "exception to the finality rule." *Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*, Nos. 02-5707, 04-0886, 06-3533, 2007 WL 1814080, at *2 (D.N.J. Jun. 2, 2007). The rule provides that in actions involving multiple parties or more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

In order for Rule 54(b) to apply, a district court must find that "(1) there has been a final judgment on the merits, i.e. an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citing *Allis-Chambers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975), *overruled on other grounds by Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6 (1980)). When determining whether there is a "just reason for delay," a court must balance "considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)." *Carter*, 181 F.3d at 346 (citing *Curtiss-Wright*, 446 U.S. at 8). The Third Circuit

Court of Appeals has laid out several factors for consideration:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 203 (citing *Allis-Chambers*, 521 F.2d at 364). The moving party bears the burden of demonstrating that a case is appropriate for certification under Rule 54(b). *Anthuis v. Colt. Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir. 1992).

### III. Discussion

Plaintiffs move for the entry of a final judgment under Rule 54(b) regarding the dismissal of their claims against Defendants Luzerne County and Gregory Skrepenak. The parties do not dispute that the dismissal order was the ultimate disposition of those claims. The only remaining question is whether there is any just reason for delay, and thus an examination of the Rule 54(b) factors is required.

### A. Relationship Between Adjudicated and Unadjudicated Claims

The relationship between the adjudicated and unadjudicated claims in this case does not provide any definitive guidance on whether to grant the motion. Generally, Rule 54(b) certification is disfavored where the adjudicated and unadjudicated claims share the same legal issues or evidence. *See, e.g.*, *Gerardi v. Pelullo*, 16 F.3d 1363, 1372 (3d Cir. 1994) (reversing Rule 54(b) certification because "the facts underlying the [certified] claim . . . may be intertwined with the remaining issues"); *Ortho-McNeil*, 2007 WL 1814080, at *3 (denying Rule 54(b) certification where the parties, legal issues, and

4

factual issues in claims were similar). Here, Defendants point out that the legal and factual issues in the claim against Luzerne County and Mr. Skrepenak are very similar to the issues in the remaining claims. However, the claim involves different parties and there would be no overlap of evidence because the appellate review would solely examine the sufficiency of the complaint. Thus, this factor is neutral and not dispositive.

## B. Possible Mooting in Future

Neither party suggests that there may be possible mooting in the future. Therefore, this factor does not form the basis for a just reason for delay.

## C. Possible Redundant Review

Neither party suggests that there may be redundant review. Therefore, this factor does not form the basis for a just reason for delay.

## D. Possible Set-Offs Against Judgment

The possibility of set-offs here suggests that delay of review is appropriate. Plaintiffs point out that the other Defendants may be entitled to a set-off against any judgment entered against the County or Mr. Skrepenak if the appellate court reverses the dismissal of the claims against those Defendants. Plaintiffs misconstrue this factor as weighing in their favor, but "the presence of a [claim or] counterclaim, which could result in a set-off against any amounts due and owing to the plaintiff, weighs heavily against the grant of 54(b) certification." *Allis-Chalmers*, 521 F.2d at 366. Thus, this factor indicates that there is just reason for delay.

## E. Miscellaneous Factors

Concerns regarding delay and impact on the remaining claims caution against

entering a final judgment as to the dismissal order. First, allowing piecemeal appellate review would extend the duration of this already lengthy litigation. Second, Defendants point out that appellate review of the dismissal order may sabotage the pending proposed class-wide settlement. There is a "strong judicial policy in favor of class action settlement," *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010), and I find that this policy outweighs any need for immediate appeal of the dismissal order. Plaintiffs claim that Rule 54(b) certification would only threaten certain terms of the proposed settlement involving the County and Mr. Skrepenak, and those terms could be removed from the settlement. The proposed settlement was the product of great effort and negotiation, however, and it is possible that interference with any part of it could jeopardize the whole. Therefore, this factor weighs heavily in favor of denying Plaintiffs' motion.

**F. Conclusion**

A review of the Rule 54(b) factors makes it clear that there are just reasons to delay review of the dismissal order. There is a possibility that there could be a set-off against any judgment against the County. More importantly, immediate review of the order is counter to judicial interests in preventing protracted litigation, promoting settlement, and avoiding piecemeal review. Based on this, certification of the dismissal order as final under Rule 54(b) is inappropriate.

## IV. Conclusion

For the reasons discussed above, Plaintiffs' Motion for Entry of Final Judgment will be denied. An appropriate Order follows.


 February 27, 2012                              /s/ A. Richard Caputo
Date                                            A. Richard Caputo
                                                United States District Judge