**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Amanda McDavitt (Doc. 492), | |
| Dana Shumway (Doc. 777), | |
| Travis Lakey (Doc. 781), | CIVIL ACTION NO. 3:09-CV-0286 |
| Amber Donnelly (Doc. 782), | |
| Calandra Hummell (Doc. 783), | |
| Ashley Sabanos (Doc. 784), | (JUDGE CAPUTO) |
| Tristan Brennan (Doc. 785), | |
| Catherine Hughes (Doc. 786), | |
| Frank Mason (Doc. 787), | |
| Joseph Cordick (Doc. 788), | |
| Vanessa Klein (Doc. 789), | |
| Kermit Oliver (Doc. 790), | |
| Katheryn Turner (Doc. 791), | |
| Sonya Ormsby (Doc. 792), | |
| George Walton (Doc. 793), | |
| Susan Edwards (Doc. 794), | |
| Gary Smith (Doc. 795), | |
| Lois Andrews (Doc. 796), | |
| Carl Andrews (Doc. 797), | |
| James Davis, Sr. (Doc. 798), | |
| John McDermott (Doc. 799), | |
| Kathleen Evans (Doc. 800), | |
| Katelyn Fialko (Doc. 801), | |
| Mary Osterwell (Doc. 803), | |
| Carl Craig (Doc. 805), | |
| Matthew Daley (Doc. 806), | |
| William Daley (Doc. 807), | |
| Kevin Naylor (Doc. 808), | |
| Devon Hughes (Doc. 809), | |
| Ajanee Wright (Doc. 810), | |
| Daniel Yale (Doc. 811), | |
| Dee Dee Jones (Doc. 812), | |
| Frank Coyle (Doc. 813), | |
| Sandy Coyle (Doc. 814), | |
| Amy Centurione (Doc. 815), | |
| Jonathan Condry (Doc. 817), | |
| Lance Warnagiris (Doc. 819), | |
| Brian Shaffer (Doc. 820), | |
| David Hartranft (Doc. 821), | |

Daniel David (Doc. 822),
James Cebula, Jr. (Doc. 823),
Jean Scott (Doc. 824),
Joyce Prebula (Doc. 825),

    Plaintiffs,

          v.

ROBERT J. POWELL, MICHAEL T. CONAHAN, MARK A. CIAVARELLA, PA CHILD CARE, LLC, WESTERN PA CHILD CARE LLC, ROBERT K. MERICLE, MERICLE CONSTRUCTION, INC., PINNACLE GROUP OF JUPITER, LLC, BEVERAGE MARKETING OF PA, INC., VISION HOLDINGS, LLC, MID ATLANTIC YOUTH SERVICES CORP, and PERSEUS HOUSE, INC. d/b/a ANDROMEDA HOUSE,

    Defendants.

## **MEMORANDUM**

Presently before the Court is the Motion for Judgment on the Pleadings filed by Defendants Mid-Atlantic Youth Services Corp. ("MAYS"), PA Child Care, LLC ("PACC"), and Western PA Child Care, LLC ("WPACC") (collectively, the "Provider Defendants"). The Provider Defendants' motion will be denied because under the *American Pipe* tolling doctrine, the Plaintiffs' § 1983 and state tort claims are timely.

### **I. Background**

Plaintiffs' suit arises out of an alleged conspiracy in which Defendants Michael Conahan and Mark Ciavarella abused their positions as judges of the Luzerne County Court of Commons Pleas. As part of the conspiracy, Mr. Conahan and Mr. Ciavarella

acted with the Provider Defendants, Robert Mericle, Mericle Construction, Pinnacle Group of Jupiter, LLC, Beverage Marketing of PA, Inc., Vision Holdings, LLC, and Perseus House, Inc. The basic outline of the conspiracy is that the two judges were paid approximately $2.6 million to use their influence as judicial officers to select PACC and WPACC as detention facilities, and that they then intentionally filled those facilities with juveniles to earn the conspirators excessive profits. The United States Attorney's Office presented a bill of information alleging two counts of fraud against Mr. Ciavarella and Mr. Conahan on January 26, 2009.

On February 13, 2009, a class action was filed on behalf of numerous juveniles who appeared before Mr. Ciavarella and their parents; the complaint was later modified as an individual action. *See* Complaint, *Conway v. Conahan*, 3:09-cv-0291, Doc. 1. Several other class and individual actions followed, and they have been consolidated as *Wallace v. Powell*, 3:09-cv-0286. Individual plaintiffs continued to add themselves to the action between December 2009 and March 2011 by filing a Short Form Complaint. Plaintiff Amanda McDavitt filed a Short Form Complaint on May 12, 2010. On March 24, 2011, forty-two individual Plaintiffs (the "March Plaintiffs") filed Short Form Complaints. The Short Form Complaints assert state tort claims, civil rights claims violations pursuant to 42 U.S.C. § 1983, and civil claims for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*

The Provider Defendants filed a motion for judgment on the pleadings against Amanda McDavitt and the March Defendants on August 11, 2011, on the grounds that the statute of limitations on their § 1983 and state tort claims has expired. The motion has been fully briefed and is ripe for disposition.

3

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment "[a]fter the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "if the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirika v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). In determining a motion for judgment on the pleadings, a court considers "the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (citations omitted). As with a motion to dismiss, the court must view the facts and the inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Sikirika*, 416 F.3d at 220.

## III. Discussion

### A. The March Plaintiffs

The Provider Defendants move for judgment on the pleadings on the grounds that the March Plaintiffs' § 1983 and state tort claims are untimely. Actions brought under § 1983 are governed by the state statute of limitations for tort actions. *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Thus, in Pennsylvania, a plaintiff is subject to a two-year statute of limitations on any § 1983 claims. *Id.* There is also a two-year statute of limitations for false imprisonment and civil conspiracy claims in Pennsylvania. 42 Pa. Cons. Stat. Ann. § 5524(1). The limitations period runs from the

date when the plaintiff knew or should have known about the alleged civil rights violation, *Sameric*, 142 F.3d at 599, but the doctrine of equitable estoppel allows that a statute of limitations may be tolled where there has been either intentional or unintentional deception by the defendant, *Nesbitt v. Erie Coach Co.*, 204 A.2d 473, 476 (Pa. 1964) (quoted in *Wallace v. Powell*, No. 3:09-cv-0286, 2010 WL 3398995, at *15 (M.D. Pa. Aug. 24, 2010)). Although whether a plaintiff knew or should have known about a violation is generally a question of fact for the jury, "where the facts are so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law." *Debeic v. Cabot Corp.*, 352 F.3d 117, 129 (3d Cir. 2003) (quoting *Cochran v. GAF Corp.*, 66 A.2d 245, 248 (Pa. 1995)). This is one of the latter cases. Thus, in *Wallace*, I determined as a matter of law that based on the doctrine of equitable estoppel, the statute of limitations on bringing claims regarding this alleged conspiracy could be tolled until January 26, 2009, the date the U.S. Attorney filed the criminal information outlining the Defendants' alleged conspiracy. *Wallace*, 2010 WL 3398995 at *15. Plaintiffs argue that this date should not apply to every Plaintiff, but do not present any reasons why a particular Plaintiff should not have known about the violation on the tolling date. Therefore, the January 26, 2009 tolling date applies, and the March Plaintiffs' complaints were filed more than two years after that date.

The March Plaintiffs argue that regardless of the equitable tolling date, the *American Pipe* doctrine dictates that the statute of limitations tolled upon the filing of the February 13, 2009 class action complaint in *Wallace v. Powell.* In *American Pipe & Construction Co. v. Utah*, the Supreme Court held that "at least where class action status has been denied solely because of failure to demonstrate that 'the class is so

numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported members of the class." 414 U.S. 538, 552-53 (1974).[1] The Provider Defendants, however, argue that *American Pipe* tolling is inapplicable here because the issue of class certification has not yet been denied.[2] Circuit courts of appeals are divided as to whether the *American Pipe* tolling doctrine applies to putative class members who file individual suits before class certification is resolved. *Compare State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1235 (10th Cir. 2008) (*American Pipe* tolling applies); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008) (same); *In re WorldCom Sec. Litig.*, 496 F.3d 245, 254 (2d Cir. 2007) (same) *with Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 568-69 (6th Cir. 2005) (*American Pipe* tolling does not apply); *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 739 (1st Cir. 1983) (same) . The Third Circuit has not addressed a case where class certification had not been decided, but in *McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, it considered whether *American Pipe* tolling was appropriate where class certification was denied "for reasons unrelated to the appropriateness of the substantive claims for certification." *See* 295 F.3d 380, 389 (3d Cir. 2002).

    Based on the Third Circuit's holding in *McKowan*, the Provider Defendants' motion must be denied. In that case, the Third Circuit stated that it saw "no good reason

---

[1] The holding in *American Pipe* applied only to intervenors, but the Supreme Court later extended it to "all asserted members of the class." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983).

[2] Class certification was preliminarily granted only for the purposes of a proposed partial settlement. Order, Feb. 28, 2012, Doc. 1084.

why class claims should not be tolled where the district court had not yet reached the issue of the validity of the class," rejecting the idea that judicial economy would be undermined by tolling under those circumstances. *Id.* The *McKowan* decision comports with Supreme Court precedent, as the Court has repeatedly defined the *American Pipe* tolling doctrine broadly by stating that "the commencement of a class action suspends the applicable statute of limitations to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983) (quoting *American Pipe*, 414 U.S. at 554). Further, the *McKowan* decision is supported by the holdings of the Second, Ninth, and Tenth Circuit Courts of Appeals. *See, e.g.*, *State Farm*, 540 F.3d at 1235; *In re Hanford Nuclear Reservation*, 534 F.3d at 1009; *In re WorldCom*, 496 F.3d at 254. The Provider Defendants argue that applying the *American Pipe* doctrine here would be unfair because the March Plaintiffs essentially rejected the *Wallace* class by filing an individual suit, so they should not receive the class benefit of tolling. But the *American Pipe* doctrine "was not meant to induce class members to forgo their right to sue individually"; rather, it "was created to protect class members from being *forced* to file individual suits in order to preserve their claims." *In re WorldCom*, 496 F.3d at 256. And there is little practical purpose in dismissing the March Plaintiffs' claims now. If class certification is eventually denied, they will receive the benefit of *American Pipe* tolling and be able to refile individual claims; if class certification is eventually granted, they will be able to "opt out" under Rule 23(c)(2)(B) and refile individual claims. *See State Farm*, 540 F.3d at 1233 ("The courts' case-load will likely remain the same; the only difference

is *when* those cases show up on the dockets.") Thus, because the *American Pipe* doctrine applies and the statute of limitations was tolled upon the filing of the class action complaint in *Wallace*, the March Plaintiffs' claims cannot be dismissed as untimely.

## B. Amanda McDavitt

The Provider Defendants' motion to dismiss Ms. McDavitt's complaint must be denied. Ms. McDavitt filed her complaint on May 12, 2010–within two years of the criminal information against the former judges. Therefore, her complaint was timely filed regardless of whether *American Pipe* tolling applies.

## IV. Conclusion

For the reasons stated above, the Provider Defendants' motion for judgment on the pleadings will be denied. An appropriate order follows.

 March 21, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge