**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:09-cv-286 |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA HUMANIK, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-0630 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************************

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAUL CLARK, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************************

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE DAWN, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-2535 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA RIMMER BELANGER, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-cv-1405 |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the Motion for Modification of or Relief From Stipulated Protective Order brought by Defendants Mid-Atlantic Youth Services, Corp., PA Child Care, LLC, and Western PA Childcare, LLC (together, the "Provider Defendants") and joined by Defendant Sandra Brulo. Because there was good cause to issue the Protective Order and it was relied upon by the Juvenile Plaintiffs, the motion will be denied.

**I. Background**

This consolidated action stems out of an alleged conspiracy in which two former Luzerne County Court of Common Pleas judges, Mark Ciavarella and Michael Conahan, accepted payments from various individuals and corporations for the purpose of facilitating the construction of juvenile detention facilities and then took steps to ensure that a disproportionate number of juveniles were incarcerated in those facilities. Plaintiffs in the action are all juveniles or the parents of juveniles who appeared before Mr. Ciavarella.

On July 23, 2009, I signed a Stipulated Protective Order that had been negotiated by the parties. The Protective Order limits the disclosure of certain discovery documents,

including records of Plaintiffs' juvenile adjudications. In particular, the Protective Order states that:

> For all plaintiffs, regardless of age, no receiving party shall disclose any information regarding a specific juvenile protected by the confidentiality provisions of the Juvenile Act . . . in any public filings or in any public forum other than trial or hearing, in accordance with Paragraph 11. Any information regarding a specific juvenile protected by the confidentiality provisions of the Juvenile Act . . . but to which a plaintiff is entitled to inspection under such provisions, produced by plaintiffs or by a non-party to the above-captioned actions, shall be treated as . . . Attorneys' Eyes Only Material by plaintiffs for purposes of paragraph 8.

Stipulated Protective Order, Doc. 205 ¶ 1. Under paragraph 8 of the Protective Order, disclosure of Attorneys' Eyes Only Material is limited to counsel for the receiving party, employees and agents of counsel, the Court, and any deponent who it appears "authored or received a copy of [the material]" or "was or was alleged to be involved in the subject matter described therein or is employed by the party who produced the [material]." *Id.* ¶¶ 5(b)-(f); 8. The Protective Order reserved the parties' rights to move the Court for modification of or relief from any of its terms. *Id.* ¶ 14.

On October 29, 2009, and March 29, 2010, the Pennsylvania Supreme Court vacated and dismissed with prejudice the adjudications of all juveniles who appeared before former judge Ciavarella between 2003 and May 2008, ordering that all records relating to these adjudications be expunged. *In re J.V.R.*, 81 M.M. 2008, Order ¶ 3-4 (Pa. Oct. 29, 2009); *id.* Order ¶ 3 (Pa. Mar. 29, 2010). The Court stated that "neither the victims, the juveniles, nor the community will benefit by having new proceedings in cases of juveniles who have received final discharge either from commitment, placement, probation or any other disposition and referral, and who have paid all fines, restitution, and fees." *Id.*, Order (Oct. 29, 2009).

4

The Provider Defendants, joined by Defendant Sandra Brulo, filed a motion for relief from or a modification to the Protective Order on July 27, 2011. The motion has been fully briefed and is ripe for disposition.

## II. Legal Standard

The Third Circuit held in *Pansy v. Borough of Stroudsburg* that when considering a motion to modify a protective order, a court must "use the same balancing test that is used when determining whether to grant such orders in the first instance." 23 F.3d 772, 790 (3d Cir. 1994). Protective orders should be granted in the first instance where "good cause" exists, considering the following factors:

> 1) whether disclosure will violate any privacy interests;
>
> 2) whether the information is being sought for a legitimate purpose or an improper purpose;
>
> 3) whether disclosure of the information will cause a party embarrassment;
>
> 4) whether confidentiality is being sought over information important to public health and safety;
>
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
>
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> 7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91). Additionally, a court deciding whether to modify a protective order must consider the parties' reliance on the protective order. *Pansy*, 23 F.3d at 790. Reliance will be greater where a protective order induced a party to allow discovery. *Id.* (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992)). The party seeking modification has

5

the burden of "explaining why his need for the materials outweighs existing privacy concerns." *Id.*

### III. Discussion

The Provider Defendants seek modification to or relief from the Protective Order so that they may show Attorneys' Eyes Only material to persons who are not privy to the material under paragraph 8 of the Order. Specifically, the Provider Defendants would like to (1) contact reported victims, reported witnesses, and responding police officers involved in the Juvenile Plaintiffs' alleged delinquent acts; (2) reveal the names of the Juvenile Plaintiffs to those reported victims, reported witnesses, and responding police officers; and (3) use the corresponding police reports and court charging documents–both of which are Attorney's Eyes Only material– to refresh the recollection of those reported victims, reported witnesses, and responding police officers. The Provider Defendants argue that this investigation is crucial to their defense because it allows them to deny both causation and damages by showing that the Juvenile Plaintiffs would have been incarcerated regardless of the alleged conspiracy.

In order to determine whether to grant Defendants' motion, there must be a consideration of the *Pansy* factors. Plaintiffs argue that the balance of these factors weighs in favor of denying any modification of or relief from the protective order.

**1. Privacy Interest**

First and foremost, Plaintiffs correctly point out that disclosure of the Juvenile Plaintiffs' adjudication records would be a clear violation of their privacy interests. The privacy interests inherent in these records is demonstrated both by their statutory protection

under the Juvenile Act, 42 Pa. Cons. Stat. Ann. § 6301 *et seq.*, and the Pennsylvania Supreme Court's expungement orders. The Provider Defendants argue that the Juvenile Plaintiffs have in effect waived their right to privacy by filing pleadings that disclose personal information and by participating in media coverage of the alleged conspiracy. But filing a lawsuit does not automatically constitute a waiver of privacy as to all personal information, especially where a plaintiff negotiates a protective order, as the Juvenile Plaintiffs did here. And the Provider Defendants do not assert that the Juvenile Plaintiffs violated the Protective Order during their media interviews or at any other time. In sum, nothing suggests that the Juvenile Plaintiffs waived the privacy rights guaranteed by the Protective Order. Therefore, this factor strongly weighs against modification.

**2. Purpose of Disclosure**

The Provider Defendants state that they seek this information for a proper purpose: the investigation of the case for the purposes of building their defense. Although the Plaintiffs have suggested that there may be an improper purpose, they failed to support this allegation with any evidence. This factor thus lies in favor of the Defendants.

**3. Embarrassment**

The disclosure of this sensitive material could subject the Juvenile Plaintiffs to great embarrassment and possibly emotional trauma by reopening old wounds relating to incidents that occurred as many as eight years ago. The Provider Defendants again point to the media coverage of the alleged conspiracy, suggesting that the Juvenile Plaintiffs cannot now assert embarrassment after having subjected themselves to scrutiny. But the Juvenile Plaintiffs' selective disclosure of certain facts has far less potential for

7

embarrassment than full disclosure of the details of the police reports to former victims and witnesses. This is another factor that favors the denial of the Provider Defendants' motion.

**4. Public Health and Safety**

Defendants do not argue that the Protective Order involves information important to health and safety; this factor therefore does not favor modification to or relief from the Order.

**5. Fairness & Efficiency**

In terms of efficiency, the Provider Defendants contend that they will face exorbitant litigation costs unless the Protective Order is modified. They point out that they do not seek to show the records to anyone who is barred under the Protective Order, as the Order specifically allows for disclosure to deponents who have involvement in the subject matter of the material. *See* Doc. 205 ¶¶ 5(f); 8. Rather, the Provider Defendants explain, they merely seek to change the location at which they can make the inquiry: instead of showing the records to reported victims, reported witnesses, and responding police officers during a deposition, they would like to disclose the records at an informal deposition setting. If the Provider Defendants were to individually depose every reported victim, reported witness, and responding police officer, it would indeed be time-intensive and costly. The issue of efficiency, therefore, strongly favors the Provider Defendants.

The fairness inquiry, on the other hand, favors the Juvenile Plaintiffs. Although the Provider Defendants argue that basic fairness requires that they be permitted to fully investigate their defense without prohibitive expense, the Plaintiffs point out that the Defendants already have access to this material and that it would be unfair to modify an

8

order that was stipulated to and relied upon by the parties.

More importantly, the Provider Defendants have failed to convincingly demonstrate that an investigation into the factual background of each Juvenile Plaintiff's adjudication is necessary to their defense on the issues of causation and damages. The question of causation in this case does not appear to turn on whether the Defendants' actions caused the incarceration of the Juvenile Plaintiffs, but rather whether the Defendants' actions caused a deprivation of the Juvenile Plaintiffs' rights to a fair trial. Moreover, in view of the expungement of the records of all of the juvenile plaintiffs because they were denied due process and a fair tribunal, they have, *ipso facto*, been damaged. Determining damages by the degree of culpability a plaintiff had regarding the delinquency allegations would involve a trial of each plaintiff on the delinquency allegations, which would effectively nullify the determination that the proceedings conducted by former Judge Ciavarella violated the rights of those juveniles. Neither causation nor damages are appropriately evaluated by resurrecting the expunged records of each juvenile plaintiff. For these reasons, the promotion of fairness does not require the granting of a modification to or relief from the Protective Order.

**6. Government Parties**

There is no question that the Juvenile Plaintiffs are not public entities or public officials, so this factor cannot support granting the Provider Defendants' motion.

**7. Importance to Public**

The parties agree that the conspiracy alleged in this case is of great public importance, so this factor weighs in favor of the Provider Defendants.

**8. Reliance**

The Provider Defendants argue that even though the Juvenile Plaintiffs relied on the Protective Order, their reliance included an understanding that the adjudication records could be showed to certain deponents. But the Provider Defendants are not attempting to disclose the records to certain deponents; instead, they are attempting to modify the terms of the agreement that they negotiated in order to disclose records outside of the deposition setting. The Juvenile Plaintiffs relied upon the limiting effect of the Protective Order's deposition requirement, and the Provider Defendants fail to allege any factual changes or developments justifying relaxation of that requirement. Additionally, judicial policy cautions against modifying a protective order where parties have relied on it, as "[i]f a party freely disclosed information without contest based on the premise that it would remain confidential, subsequent dissemination may be unfair and may, in the long run, reduce other litigants' confidence in protective orders, rendering them less useful as a tool for preventing discovery abuse and encouraging more strenuous objections to discovery requests." *Manual for Complex Litigation (Fourth)* § 11.432 (2004). The Juvenile Plaintiffs' reliance on the terms of the Protective Order thus suggests that modification of the Order would be improper.

**9. Balancing**

Based on a balancing of the foregoing factors, the Provider Defendants' motion for modification of or relief from the Protective Order must be denied. There was good cause to issue the protective order because the compelling concerns regarding privacy and embarrassment strongly outweighed the minor issues of efficiency and public importance.

Further, the Juvenile Plaintiffs relied upon the Protective Order, and it would be unfair to now modify it. Finally, I must emphasize that I am hesitant to grant any order that would result in the unnecessary reopening and reinvestigation of the Juvenile Plaintiffs' prior convictions. Whether a particular juvenile would have been declared delinquent if given due process would require a fair retrial of the juvenile. Such an exercise is inconsistent with the expungement on the basis that the juvenile was denied due process. Therefore, the reconsideration of the merits of each juvenile plaintiff's case on the issue of causation and/or damages is inappropriate, and discovery of their records for those purposes will note be permitted.

## IV. Conclusion

For the reasons stated above, Defendants' motion for relief from or modification to the protective order will be denied. An appropriate order follows.

April 10, 2012 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge