**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:09-cv-286 |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMANTHA HUMANIK, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-0630 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAUL CLARK, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAYNE DAWN, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-2535 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA RIMMER BELANGER, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-cv-1405 |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Motion for Leave to Correct Provider Defendants' Answer to Plaintiffs' Statement of Undisputed Facts and Provider Defendants' Counter Statement of Undisputed Facts (Doc. 1103) brought by Defendants Mid-Atlantic Youth Services, Corp., PA Child Care, LLC, and Western PA Child Care, LLC (together, the "Provider Defendants"). Because Plaintiffs concurred in the Provider Defendants' Motion, the Motion will be granted.

## Background

As the parties are intimately familiar with the facts of this case, the Court will recite only those relevant to the resolution of the instant Motion.

On January 5, 2012, Plaintiffs filed a motion for partial summary judgment against Provider Defendants on their 42 U.S.C. § 1983 claims, along with a statement of undisputed material facts in support of their motion. (Docs. 1024; 1025.)  On February 24, 2012, Provider Defendants filed their response to Plaintiffs' undisputed material facts and a counter statement of material facts. (Docs. 1075; 1076.)

After Plaintiffs raised objections to a number of facts identified by Provider Defendants, Provider Defendants, on April 19, 2012, filed the present Motion seeking leave to correct deficiencies in their answer to Plaintiffs' statement of undisputed material facts and their own counter statement of facts. (Doc. 1103.) At the time Provider Defendants filed the present Motion, "Plaintiffs neither concur[red] nor object[ed] to the filing of the motion to correct." (Doc. 1105.) Nineteen (19) days later, on May 8, 2012, Provider Defendants filed a brief in support of the Motion. (Doc. 1112.) The next day, Plaintiffs filed an opposition to Provider Defendants' Motion, asserting that the Motion "was deemed to be withdrawn" because Provider Defendants failed to timely file a brief in support. (Doc. 1113.) Plaintiffs, however, asserted no substantive challenges in opposition to the Motion. (*Id.*) In their reply brief to Plaintiffs' opposition, Provider Defendants argue that they had no duty to file a brief in support of the instant Motion because Plaintiffs concurred in the Motion. (Doc. 1114.)

## Discussion

Local Rule 7.1 requires that all motions "shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either *given **or** denied*." (emphasis added). "[T]he concurrence requirement embodied in Local Rule 7.1 serves an important function and is not excused lightly." *Indianapolis Life Ins. Co. v. Hentz*, No. 06-2152, 2009 WL 36454, at *2 (M.D. Pa. Jan. 6, 2009) (Kane, C.J.). Specifically, "[t]he purpose of the certificate of concurrence requirement is to apprise the Court of motions that are unopposed so that quick action may be taken." *Nat'l Med. Care, Inc. v. Am. Renal Assocs., Inc.*, No. 01-0702, 2002 WL 31107534, at *5

n.5 (M.D. Pa. Sept. 17, 2002) (Vanaskie, C.J.).

The opposing party's decision to grant or deny concurrence in a motion dictates whether the moving party is required to file a brief in support, as Local Rule 7.5 provides: "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion." And, "[i]f a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." *Id*. However, a brief is not required "[i]n support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein." *Id*.

Here, Plaintiffs' response to Provider Defendants' request for concurrence, which stated that Plaintiffs neither "concur nor object to the filing of the motion to correct," (Doc. 1105), is in direct contravention of Local Rule 7.1. In particular, Local Rule 7.1 mandates concurrence be "either given or denied" by the non-moving party. Plaintiffs, however, have attempted to avoid this obligation by refusing to provide a definitive response to Provider Defendants' request for concurrence. (Docs. 1105; 1114, Ex. 6.) Because Plaintiffs did not specifically answer Provider Defendants' inquiry as required by the Local Rules, the Court deems Plaintiffs as having concurred in the motion for leave to correct.[1]  Provider

---

[1]  Plaintiffs' failure to raise a substantive challenge to Provider Defendants' motion to correct also suggests that they concurred in the instant Motion. In cases where the moving party has failed to seek concurrence from the non-moving party, this Court, while not condoning such practice, has occasionally overlooked the failure to follow Local Rule 7.1 where the "[non-moving] party's brief in opposition to the [moving party's] motion is clear evidence that the [non-moving party] does not concur with the motion." *Ferranti v. Martin*, No. 06-1694, 2007 WL 184883, at *2 (M.D. Pa. Jan. 19, 2007) (Munley, J.); *see also Nat'l Med. Care*, 2002 WL 31107534, at *5 n.5 (noting that the moving party's failure to seek concurrence to motion to strike was not fatal to motion when it was apparent that the non-moving party did not concur in the motion). The reasoning is sufficiently applicable to a case, like here, where the non-moving party fails to definitively answer a request for concurrence in a motion. Here, Plaintiffs make no substantive challenge to the merits of Provider Defendants' request. Rather, Plaintiffs' argument in their opposition brief consists of a single paragraph raising a procedural challenge to the Motion. In that regard, Plaintiffs' brief in opposition is not "clear evidence"

Defendants were therefore not obligated to file a brief in support of their Motion pursuant to Local Rule 7.5, and Plaintiffs' argument to the contrary is without merit. *Cf., Patrick B. ex rel. Keshia B. v. Paradise Protectory & Agric. Sch., Inc.*, No. 11-0927, 2012 WL 1079127, at *6 (M.D. Pa. Mar. 30, 2012) (Rambo, J.) ("nothing in Rule 7.5(b) provides that a supporting brief is improper [when the non-moving party concurs in the motion]; rather, Rule 7.5(b) merely states it is not required"). Accordingly, Defendants motion for leave to correct will be granted.

## Conclusion

For the above stated reasons, Defendants' Motion for Leave to Correct Provider Defendants' Answer to Plaintiffs' Statement of Undisputed Facts and Provider Defendants' Counter Statement of Undisputed Facts will be granted. The Clerk of Court will be directed to docket "Mid-Atlantic Youth Services Corp., PA Child Care LLC and Western PA Child Care LLC's Corrected Answer to Plaintiffs' Statement of Undisputed Facts," (Doc. 1103, Ex. 2), and "Provider Defendants' Corrected Counter Statement of Undisputed Facts." (Doc. 1103, Ex. 4.)

An appropriate order follows.

| | |
|---|---|
| May 31, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

---

that they oppose the merits of Provider Defendants' Motion, and, instead, supports the Court's conclusion that Plaintiffs concurred in the motion to correct.