**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:09-cv-286 |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMANTHA HUMANIK, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-0630 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAUL CLARK, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAYNE DAWN, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-2535 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA RIMMER BELANGER, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-cv-1405 |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the Motion to Clarify Order, to Reconsider Order, for Summary Judgment, to Amend Answers or to Amend Order to Certify Order Pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(A)(3) and to Stay Proceedings (Doc. 1107) brought by Defendants Mid-Atlantic Youth Services, Corp., PA Child Care, LLC, and Western PA Child Care, LLC (together, the "Provider Defendants"). On April 10, 2012, the Court, applying the test for relief from a protective order set forth by the Third Circuit in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994), denied Provider Defendants' Motion for Modification of or Relief from the Stipulated Protective Order. (Docs. 1101; 1102.) Now, Provider Defendants seek clarification, reconsideration, summary judgment, leave to amend, and/or certification for interlocutory appeal of the Court's Order. (Doc. 1107.) Because relief from the April 10, 2012 Order is not warranted, Provider Defendants' Motion will be denied in its entirety.

**I. Background**

As discussed in the April 10, 2012 Memorandum, (Doc. 1101), this action arises out

3

of an alleged conspiracy in which two former Luzerne County Court of Common Pleas judges, Mark Ciavarella and Michael Conahan, accepted payments from various individuals and corporations for the purpose of facilitating the construction of juvenile detention facilities. Thereafter, Ciavarella and Conahan are alleged to have taken steps to ensure that a disproportionate number of juveniles were incarcerated in those facilities. Plaintiffs in this action are all juveniles or the parents of juveniles who appeared before Ciavarella.

On July 27, 2011, Provider Defendants filed a motion for relief from the stipulated Protective Order that had been agreed upon by the parties and signed by the Court on July 23, 2009. (Doc. 205.) Specifically, Provider Defendants sought to modify the Protective Order so that they could show Attorneys' Eyes Only material to persons who were not privy to the material under paragraph 8 of the Order. (Doc. 957.) The Court denied the motion. (Doc. 1102.) Provider Defendants subsequently filed the instant Motion requesting the Court to clarify, or reconsider, the prior decision. (Doc. 1107.) The Motion has been fully briefed and is ripe for disposition.

## II. Discussion

In the instant Motion, Provider Defendants request the Court to: (A) clarify the April 10, 2012 Order; (B) reconsider the Order; (C) grant summary judgment due to Plaintiffs' spoliation of evidence; (D) permit Provider Defendants to amend their answers to deny previously admitted averments; and/or (E) certify the April 10, 2012 Order for appeal. (Doc. 1107.) These issues will be addressed *in seratim*.

**A.     Clarification of the Order**

According to Provider Defendants, "this Court should clarify its Order to state the nature of the damages that Plaintiffs are entitled to recover and the discovery about those damages to which Provider Defendants are entitled." (Doc. 1108.) "'The general purpose

of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Montgomery Cnty. v. Microvote Corp.*, No. 97-6331, 2000 WL 341566, at *1 (E.D. Pa. Mar. 31, 2000) (quoting *Resolution Trust Co. v. KPMG Peat Marwick*, No. 92–1373, 1993 WL 211555, at *2 (E.D.Pa. June 8, 1993)).

Clarification of the April 10, 2012 Order is unwarranted. Contrary to Provider Defendants' assertion, the Court's Order did not fundamentally alter the rules of these actions. Likewise, the Order did not deny Provider Defendants due process. Rather, the Court's determination was narrow: Provider Defendants are not entitled to relief from the parties' stipulated Protective Order. And, this determination is clearly, and unambiguously, stated in the Court's Order: "**NOW**, this 10th day of April, 2012, **IT IS HEREBY ORDERED** that Defendants' Motion for Modification of or Relief From Stipulated Protective Order (Doc. 957) is **DENIED**." (Doc. 1102.) In that regard, the Order did not limit or alter the remedies or theories of relief in this action that existed prior to the Court's Order. Instead, the Court simply upheld the *status quo* pursuant to the terms of the parties' agreed upon Protective Order. Further clarification of the Court's Order is therefore unnecessary.

**B.    Reconsideration**

Provider Defendants' motion for reconsideration will be denied. Here, Provider Defendants' motion for reconsideration arises under Middle District Local Rule 7.10. The procedure for such reconsideration is essentially the same as a motion to alter or amend judgment brought under Rule 59(e), except that it allows for reconsideration of any court order, and is not limited to the entry of judgment. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:06–CV–1105, 2011 WL 4916397, at *2 (M.D. Pa. Oct.17, 2011) (clarifying that the "difference between a motion for reconsideration under Local Rule 7.10 and a motion to alter or amend judgment under Rule 59(e) is that a motion for reconsideration under Local Rule may be filed in response to any order of the court, not solely after the entry of judgment.").

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906,

909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

Provider Defendants argue that the Court committed clear error of law in its application of the fairness and efficiency prong of the *Pansy* criteria. (Doc. 1108.) Specifically, Provider Defendants assert that the Court's determination was contrary to controlling authority, incorrectly applied offensive collateral estoppel against them, and unfairly prohibited them from examining Juvenile Plaintiffs' records. (*Id*.) These arguments are without merit.

First, reconsideration is unwarranted on the basis of the Court's application of the fairness and efficiency consideration of the *Pansy* criteria. Although Provider Defendants argue that the Court's evaluation of the fairness and efficiency factor is controlled by the Supreme Court's holding in *Carey v. Piphus*, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978), the Court disagrees.

In *Carey*, a school district suspended students without providing the students pre-suspension hearings. *See id*. at 249-50. The students filed suit against the school district alleging that they had been suspended without due process of law. *See id*. at 250. The Supreme Court granted certiorari to determine whether "in an action for the deprivation of

procedural due process, a plaintiff must prove that he was actually injured by the deprivation before he may recover substantial 'non-punitive' damages." *Id*. at 253. The Supreme Court held that in the absence of proof of actual injury, a plaintiff in a § 1983 action for the deprivation of procedural due process may not recover compensatory damages and is instead limited to recovery of nominal damages. *Id*. at 264. Thus, if the students would have been suspended in *Carey* even if they had been given pre-suspension hearings- that is the suspensions were "justified"- then, in the absence of proof of emotional distress damages, the students could recover only nominal damages. *Id*. at 267.

Here, unlike in *Carey*, the Court did not determine what remedies are available to Plaintiffs in this case.[1] Instead, the Court, in applying the fairness and efficiency factor of the *Pansy* criteria, concluded that, in light of the Pennsylvania Supreme Court's determination that the proceedings conducted by former Judge Ciavarella violated the rights of juveniles, the promotion of fairness did not require a modification of the stipulated Protective Order. As such, *Carey* is not outcome-determinative of whether Provider Defendants, as the moving party, satisfied their burden to obtain relief from the Protective Order.[2]

---

[1] This issue, in fact, was not briefed in Provider Defendants' opening brief in support of their motion to modify, nor was it addressed in Plaintiffs' opposition to the motion to modify.

[2] Even if *Carey* supports the conclusion that the fairness and efficiency factor favor Provider Defendants, this finding alone would be insufficient to convince the Court that reconsideration is necessary. In particular, if the fairness inquiry favored Provider Defendants, this would impact the resolution of only a single *Pansy* factor and would not change the Court's previous determination that "there was good cause to issue the protective order because the compelling concerns regarding privacy and embarrassment strongly outweighed the minor issues of efficiency and public importance. . . . [And], the Juvenile Plaintiffs relied upon the Protective Order." (Doc. 1101.) Thus, a finding that the promotion of fairness weighs in favor of Provider Defendants would not alter the Court's ultimate conclusion. That is, even assuming *arguendo* that the fifth *Pansy* consideration favors Provider Defendants, the balancing of interests would still not weigh in favor of granting relief from the Protective Order.

Moreover, the Court is not convinced that *Carey* compels the resolution in this action advanced by Provider Defendants. Provider Defendants, applying *Carey*, imply that if Juvenile Plaintiffs would have been detained, or adjudicated guilty, even in the absence of Ciavarella's improper conduct, then, unless emotional distress is proven by Plaintiffs, they have not suffered actual injuries. Unrecognized by Provider Defendants, however, is that the factual scenario in this case- denial of procedural and substantive due process rights related to an impartial tribunal, including, *inter alia*, the right to counsel, the right to an unbiased fact finder, and the right to a fair trial- implicate issues far different from the school district's deprivation of pre-suspension hearings in *Carey*. Rephrased, unlike the students in *Carey*, Juvenile Plaintiffs allege not only a deprivation of procedural due process, but also a significant denial of substantive due process rights.[3] In light of these considerations, the Court, at this time, is not convinced that *Carey* conclusively resolves the issue of damages in this case.[4] *See also Stachura*, 477 U.S. at 316 (Marshall, J., concurring) ("I do not understand the Court, however, to hold that deprivations of constitutional rights can never

---

[3] Although *Carey* did "not establish a two-tiered system of constitutional rights, with substantive rights afforded greater protection than 'mere' procedural safeguards," *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 309, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986), *Carey* recognized that:

> [T]he elements and prerequisites for recovery of damages appropriate to compensate injuries caused by the deprivation of one constitutional right are not necessarily appropriate to compensate injuries caused by the deprivation of another. . . . [T]*hese issues must be considered with reference to the nature of the interests protected by the particular constitutional right in question*.

*Carey*, 435 U.S. at 265-66 (emphasis added). Thus, while damages for a constitutional deprivation must always be designed to compensate injuries, "[w]hen a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish, some form of presumed damages may be appropriate." *Stachura*, 477 U.S. at 311.

[4] However, as this issue is not currently before the Court, its resolution will be left for another day.

y

themselves constitute compensable injuries. Such a rule would be inconsistent with the logic of *Carey*, and would defeat the purpose of § 1983 by denying compensation for genuine injuries caused by the deprivation of constitutional rights.").

Second, contrary to Provider Defendants' assertion, the Court's Order does not implicitly prevent Provider Defendants from denying "that [they] were involved in Ciavarella's alleged due process violations." (Doc. 1108.) The relevant passage of the Court's Memorandum, as quoted by Provider Defendants, states that "a trial of each plaintiff on the delinquency allegations would effectively nullify the determination that the proceedings conducted by former Judge Ciavarella violated the rights of those juveniles." (Doc. 1101.) While this passage is consistent with the Pennsylvania Supreme Court's determination to expunge Juvenile Plaintiffs' records, it does not expressly state, nor implicitly indicate, that Provider Defendants are barred from arguing against involvement in Ciavarella's violation of Plaintiffs' rights.

Third, Provider Defendants are not entitled to reconsideration on the basis that the Court unfairly prohibited them from examining Juvenile Plaintiffs' records. Contrary to Provider Defendants' characterization of the Order, they are not prevented from discovering Juvenile Plaintiffs' records. The Order did not alter Provider Defendants' access to documents produced in this case, including court and probation files for Juvenile Plaintiffs. Likewise, the Order did not modify Provider Defendants' access to their own documents and their ability to question third parties about these documents in the context of a deposition. Thus, because the Court simply maintained the *status quo* based upon an agreement of the parties, reconsideration is not justified.

**C.     Summary Judgment Based on Spoliation of Evidence**

Provider Defendants are not entitled to summary judgment based on Plaintiffs' alleged spoliation of evidence. "'Spoliation is the destruction or significant alteration of evidence, or the failure to preserve properly for another's use as evidence in pending or reasonably foreseeable litigation.'" *Fortune v. Bitner*, No. 01-0111, 2006 WL 839346, at *1 (M.D. Pa. Mar. 29, 2006) (Vanaskie, C.J.) (quoting *Mosaid Techs., Inc. v. Samsung Elecs.*

*Co.*, 348 F. Supp. 2d 332, 335 (D. N.J. 2004)). Here, as noted, Juvenile Plaintiffs' records have not been destroyed or altered, nor have Plaintiffs failed to preserve the records. In fact, the records have been specifically maintained for use in this litigation. Thus, as Provider Defendants fail to establish that evidence has been destroyed or not properly preserved for use in this litigation, their request for summary judgment will be denied.

**D.  Leave to Amend Admissions**

Provider Defendants will be denied the opportunity to "amend their answers to deny allegations previously admitted." (Doc. 1115.) Initially, the Court recognizes that Provider Defendants provide no legal support for the position that "[w]hat Provider Defendants know as a matter of fact is different from what they are permitted to know as a matter of law." (*Id*.) More troubling to the Court, however, is that Provider Defendants' request to deny known facts seemingly contradicts the mandates of the Federal Rules of Civil Procedure and the Pennsylvania Rules of Professional Conduct, as adopted by this Court pursuant to Local Rule 83.23.2. *See* Fed. R. Civ. P. 11(b)(4) ("[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief . . . [that] the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information"); Pa. Rules of Prof'l Conduct R. 3.1 (2012) ("a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous"); Pa. Rules of Prof'l Conduct R. 3.3 (2012) ("a lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal . . . (3) offer evidence that the lawyer knows to be false"). Because Provider Defendants have access to the records and evidence that formed the basis of their previous admissions and they specifically "know [this information] as a matter of fact," (Doc. 1115), they will not be permitted to amend their prior admissions.

**E.  Certification for Interlocutory Appeal**

Lastly, the Court will not amend the April 10, 2012 Order to certify it for immediate appeal. Pursuant to 28 U.S.C. § 1292(b), a district judge may certify an interlocutory order

for appeal when the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*.  As the Court has discussed at length, the prior decision was based on a single issue: whether to modify or grant relief from the stipulated Protective Order.  And, because it is well-settled in this Circuit that "a district court has wide discretion in weighing any relevant factors and deciding whether to grant a motion for a protective order," *Caldon, Inc. v. Advanced Measurement & Analysis Grp., Inc.*, No. 04-1951, 2007 WL 4571165, at *1 (W.D. Pa. Dec. 27, 2007) (citing *Pansy*, 23 F.3d at 787; *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995)), the Court will not amend the Order to certify it for appeal.

### III. Conclusion

For the above stated reasons, Provider Defendants' Motion will be denied in its entirety.

An appropriate order follows.

 June 5, 2012  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge

11