**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, ET AL., | **CONSOLIDATED TO:** |
| Plaintiffs, | CIVIL ACTION NO. 3:09-CV-0286 |
| v. | |
| ROBERT J. POWELL, ET AL., | (JUDGE CAPUTO) |
| Defendants. | |

*****************************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, ET AL., | CIVIL ACTION NO. 3:09-CV-0291 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| JUDGE MICHAEL T. CONAHAN, ET AL., | |
| Defendants. | |

*****************************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., ET AL., | CIVIL ACTION NO. 3:09-CV-0357 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, JR., ET AL., | |
| Defendants. | |

*****************************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMANTHA HUMANIK, | CIVIL ACTION NO. 3:09-CV-0630 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, JR., ET AL., | |
| Defendants. | |

**************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARK, ET AL., | CIVIL ACTION NO. 3:09-CV-2535 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| CONAHAN, ET AL., | |
| Defendants. | |

**************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAYNE DAWN, ET AL., | CIVIL ACTION NO. 3:10-CV-0797 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, JR., ET AL., | |
| Defendants. | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIMMER BELANGER, ET AL., | CIVIL ACTION NO. 3:10-CV-1405 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, JR., ET AL., | |
| Defendants. | |

## **MEMORANDUM**

Defendants Mid-Atlantic Youth Services, Corp., PA Child Care, LLC, and Western PA Child Care, LLC (the "Provider Defendants") seek to take an interlocutory appeal from the Court's Order of October 31, 2012 under 28 U.S.C. § 1292(b). 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, the elements for an interlocutory appeal are (1) the order "involves a controlling question of law"; (2) as to which there is "a substantial ground for difference of opinion"; and, (3) an immediate appeal "may materially advance the ultimate termination of the litigation." The decision to certify rests with the district court, and the burden to demonstrate that certification is appropriate lies with the moving party. Moreover, Section 1292(b) certification is appropriate only in exceptional circumstances. *U.S. v. Nixon*, 418 U.S. 683, 690 (1974).

Provider Defendants claim that my order deprives them of a legitimate defense and therefore due process. They claim the order deprives them of evidence needed in their defense, namely, the personal histories of the juveniles who were denied, among other things, a fair tribunal, by a corrupt judge whose adjudication of delinquency by that partial tribunal were declared a nullity by the Pennsylvania Supreme Court, and therefore Defendants are deprived of the ability to show that the juveniles would have been found delinquent by a fair tribunal.

Provider Defendants claim the Order involves a controlling question of law in that the case of *Carey v. Piphus*, 437 U.S. 247 (1978) permits a retrial of the juveniles. I held *Carey v. Piphus* did not apply to this case nor the result proffered by Defendants. The analysis is set forth in my opinion accompanying the Order.

Even assuming that this is a controlling question of law in the case, namely whether or not Provider Defendants can retry each juvenile on the allegations of delinquency, the entirety of which has been nullified by the Pennsylvania Supreme Court, and assuming further that there is a substantial ground for a differing opinion regarding that question of law, it is difficult to see how an immediate appeal will "materially advance the termination of the litigation." Moreover, even if all of these factors are satisfied, certification is still within the discretion of the District Court, and certification is not automatic. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present."); *Krishanthi v. Rajaratnam*, No. 09-CV-5395, 2011 WL 1885707, at *2 (D. N.J. May 18, 2011) ("The decision whether or not to grant certification is entirely within the district court's discretion, and 'even if all three criteria under Section 1292(b) are met, the district

court may still deny certification.'").

This litigation has been proceeding for a period of some three years. Motions to dismiss and for summary judgment have been made and ruled upon, and various discovery disputes have been resolved. Discovery has been ongoing, and a number of status conferences have been held by the Court. A partial settlement in favor of the class of litigants against one group of defendants is pending, a final hearing having taken place on November 19, 2012.

Because I do not believe there is a controlling question of law about which a substantial difference of opinion, and even if there were, it would not materially advance the termination of the litigation, I will deny the Motion to Amend Order to Add a Certification Pursuant to 28 U.S.C. §1292(b) (Doc. 1233). Further, because of the foregoing determination, Defendants Mid-Atlantic Youth Services Corp., PA Child Care, LLC and Western PA Child Care, LLC's Motion to Stay These Proceedings Pending Final Resolution of Motion to Amend Order Pursuant to 28 U.S.C. §1292(B) (Doc. 1235) will also be denied.

An appropriate Order follows.

November 27, 2012 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge