**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:09-cv-286 |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*************************************************************************************

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*************************************************************************************

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, JR., et al., | |
| Defendants. | |

*************************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SAMANTHA HUMANIK,

    Plaintiff,

        v.

MARK A. CIAVARELLA, JR., et al.,

    Defendants.

CIVIL ACTION NO. 3:09-cv-0630

(JUDGE CAPUTO)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RAUL CLARK, et al.,

    Plaintiffs,

        v.

MICHAEL T. CONAHAN, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-cv-0357

(JUDGE CAPUTO)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WAYNE DAWN, et al.,

    Plaintiffs,

        v.

MARK A. CIAVARELLA, JR., et al.,

    Defendants.

CIVIL ACTION NO. 3:09-cv-2535

(JUDGE CAPUTO)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANGELA RIMMER BELANGER, et al.,

    Plaintiffs,

v.

MARK A. CIAVARELLA, et al.,

    Defendants.

CIVIL ACTION NO. 3:10-cv-1405

(JUDGE CAPUTO)

## **FINAL ORDER AND JUDGMENT**

**NOW**, this 14th day of December, 2012, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Settlement and Class Certification (Doc. 1227) and all supporting documents and responses thereto, Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Costs (Doc. 1229) and all supporting documents, and following a Final Approval Hearing held on November 19, 2012, **IT IS HEREBY ORDERED** that:

1. This Order incorporates and makes part hereof:

    a. The Master Settlement Agreement, filed December 16, 2011, including Exhibits A through C thereto (collectively, the "MSA"), which sets forth the terms and conditions of the proposed settlement (the "Settlement").

    b. The findings and conclusions contained in the Court's February 28, 2012 Order Conditionally Certifying Settlement Class and Preliminarily Approving Proposed Settlement (the "Preliminary Approval Order"). (Doc. 1084.)

All defined terms in this Order have the same meaning as in the MSA.

2. The Court has personal jurisdiction over the Mericle Parties, Luzerne County Parties, and Plaintiffs. The Court also has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims arising out of the transactions alleged in the Master Long Form Complaint for Individual Actions ("IC") and the Master Complaint for Class Actions ("CAC") (collectively the "Complaints") and set forth in the Released Claims (as defined in the MSA), and to dismiss this action on the merits with prejudice as to the Mericle Parties and Luzerne County Parties **ONLY**. All Class Members who have not excluded themselves from the Class have consented to the jurisdiction of this Court for purposes of this action and the partial settlement of this action.

3. The Classes, as defined in the Court's Preliminary Approval Order to which notice was directed, are hereby **finally certified for settlement purposes**. No person who previously requested exclusion from the class by timely opting-out shall be a member of the Class for purposes of Rule 23(c)(3)(b) of the Federal Rules of Civil Procedure, but all other persons within the class as defined in the Preliminary Approval Order shall be subject to this Final Order and Judgment.

4. Caroselli Beachler McTiernan & Conboy, LLC; Anapol Schwartz; Hangley Aronchick Segal Pudlin & Schiller; and Juvenile Law Center ("Co-Lead Counsel" or "Class Counsel") and other counsel of record herein for the Named Plaintiffs have fully and adequately represented the Classes for purposes of entering and implementing the Settlement and have satisfied the requirements of Rule 23 of the Federal Rules of Civil

4

Procedure and applicable law. Caroselli Beachler McTiernan & Conboy, LLC; Anapol Schwartz; Hangley Aronchick Segal Pudlin & Schiller; and Juvenile Law Center shall continue as Co-Lead Counsel.

5. Mailed Notice was sent to each reasonably identifiable Class Member via first-class and certified mail to their last known addresses, and Published Notice took place in the *Times Leader* and the *Citizens' Voice* in accordance with the Preliminary Approval Order. Other materials were also made available by website. The Court, therefore, concludes:

    a. The Notice constituted the best practicable notice to Class Members under the circumstances of this action.

    b. The Notice was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action lawsuit, (ii) their right to exclude themselves from the Classes, (iii) their right to object to any aspect of the proposed Settlement, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Classes' representation by Plaintiffs or Plaintiffs' Counsel, and/or the award of Common Benefit Attorneys' Fees and Expenses, (iv) their right to request to appear at the Fairness Hearing, personally or through counsel, if they did not exclude themselves from the Class, and (v) the binding effect of the orders and judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the Classes.

    c. The Notice was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice.

    d. The Notice complied with Rule 23 of the Federal Rules of Civil Procedure.

e. The Notice fully satisfied the requirements of the United States Constitution (including the Due Process Clause) and all other applicable law and procedural rules.

6. The terms and provisions of the Settlement have been entered into in good faith, and are fair, reasonable, and adequate as to the Settlement Class Members, and in full compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws and procedural rules. Therefore, Plaintiffs' Unopposed Motion for Final Approval of Settlement and Class Certification (Doc. 1227) is **GRANTED** and the Settlement is **APPROVED** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Settlement, and the Final Order and Judgment, shall be binding on Plaintiffs and all other Class Members, as well as their heir, executors, and administrators, successors and assigns, and shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, arbitrations or other proceedings maintained by or on behalf of any such persons, to the fullest extent allowed by law as against the Released Partes **ONLY**. All of Plaintiffs' claims as against the Non-Released Parties shall remain pending and active. This Settlement shall have no binding effect whatsoever as against the Non-Released Parties.

7. The Parties are directed to implement the Settlement according to its terms and conditions.

8. The plan of allocation is modified as follows: The balance of money remaining in the Probation Benefit Fund together with the balance remaining in the Non-PACC/WPACC Benefit Fund shall be added first to the PACC/WPACC Benefit Fund. Thereafter, to the extent the PACC/WPACC Benefit Fund is not depleted by required distributions, that

balance shall be added to the Enhanced Benefit Fund.

9. To properly fund the Allocation Appeal Process consistent with the MSA, fifteen percent (15%) of the Enhanced Benefit Fund, and not less than $1,202,250.00, shall not be distributed, but instead shall remain held back in the Escrow Account for the benefit of any Allocation Appellants and to cover the costs associated with the Allocation Appeal Process. In the event that the hold back is not fully depleted, the balance shall be returned to the Enhanced Benefit Fund and shall be distributed in accordance with the MSA.

10. Class Counsel are hereby authorized to communicate with Class Members, as contemplated by and in accordance with the terms of the MSA and the Preliminary Approval Order, without further Court approval.

11. Any appeal from this Final Order and Judgement must be preceded by (i) a timely objection to the Settlement filed in accordance with the requirements of the MSA and Preliminary Approval Order or a request to intervene upon a representation of inadequacy of counsel, (ii) a request for a stay of implementation of the Settlement, and (iii) posting of an appropriate bond. Absent satisfaction of all three of these requirements, the Parties are authorized, at their sole option and in their sole discretion, to proceed with implementation of the Settlement, even if such implementation would moot any appeal.

12. Pursuant to the MSA and Notices, Class Counsel are directed to mail Class Members a proposed payment amount together with a written explanation of how that amount was determined postmarked not later than forty-five (45) days after the date of this Final Order and Judgment.

13. Upon the entry of this Final Order and Judgment, all Released Claims against

the Released Parties (but not the Non-Released Parties) **shall be dismissed with prejudice** and Plaintiffs shall be deemed to have unconditionally, fully, finally, and forever, remised, released, relinquished, compromised and discharged all Released Claims whether or not any particular Plaintiff seeks or receives payment under the terms of the MSA.

14. Settlement Class Members agree and covenant not to sue or to prosecute, institute, or cooperate in the institution, commencement, filing, or prosecution of any lawsuit, appeal, arbitration or other proceeding relating to or based on any claim that concerns, arises out of, or relates to any of the facts, actions, claims, allegations, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances, or other matters alleged or referred to, or which could have been alleged or referred to in the Actions, with respect to the Released Parties.

Other than existing clients with whom Individual Plaintiffs' Counsel and/or Class Counsel currently have an engagement letter, Individual Plaintiffs' Counsel and Class Counsel agree not to initiate any communication for the purpose of seeking to represent any other Settlement Class Member against any Released Party, with regard to any matter which is the subject of the immediately precedeing paragraph, who has timely Opted-Out.

15. Paragraphs 11 and 12 of this Order cover, without limitation, any and all claims for attorneys' fees and expenses, and any costs or disbursements incurred by Class Counsel or other plaintiffs' counsel representing Plaintiffs or its Class Members in this action, in connection with or related in any manner to the prosecution of this action as against the Released Parties **ONLY**, the settlement of this action as against the Released Parties **ONLY**, the administration of such settlement as against the Released Parties **ONLY**,

8

and/or the Released Claims as to the Released Parties **ONLY**, except to the extent otherwise specified in this Order and/or the MSA.

16. Any Settlement Class Member who did not submit a timely request to exclude themselves from the Settlement or did not otherwise comply with opt-out procedures approved by the Court in the Preliminary Approval Order, shall be a Settlement Class Member and shall be bound by the terms of the MSA and this Final Order and Judgment.

Any Settlement Class Member who did not submit a timely completed Proof of Claim Form shall also be a Settlement Class Member and shall be bound by the terms of the MSA and this Final Order and Judgment, and shall have his or her claim against the Released Parties **ONLY** extinguished with prejudice, but shall not be eligible to participate in the Cash Settlement Fund.

17. Nothing in this Final Order and Judgment shall preclude any action to enforce the the terms of the MSA; nor shall anything in this Final Order and Judgment preclude Plaintiffs or Class Members from participating in the Allocation Appeal process described in the MSA, if they are entitled to do so under the terms of the MSA.

18. Class Counsel shall file no later than forty-five (45) days after the entry of this Final Order and Judgment any Motions to Settle or Compromise a Minor's Wrongful Death and/or Survival Action (as may be appropriate) for all of those Settlement Class Members who have not reached the age of majority on or before November 5, 2012 and who will also receive monetary relief from the Cash Settlement Fund and/or the estates of any Class Members.

19. Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Costs (Doc.

1229) is **GRANTED**.

      a. Counsel for Plaintiffs and the Class of record herein are hereby awarded combined common benefit attorneys' fees, disbursements, and costs in the amount of $4,335,000.00. This amount shall be reduced by the amount necessary to satisfy all Parent Class Members claims in a manner consistent with the MSA.

      b. All costs, expenses, and disbursements shall be paid to each of the firms that incurred said costs, expenses, and disbursements first. Any remainder shall be considered the fee. Costs, expenses, and disbursements totaling $707,920.32 are approved. Payment of additional costs incurred and submitted by Co-Lead Counsel in the administration of the Settlement out of the combined attorneys' fees and costs award will be permitted.

      c. The combined total of the attorneys' fees and reimbursement of disbursements of expenses, totaling $4,335,000.00, plus interest from date the Escrow Account was funded, covers any and all claims for attorneys' fees and expenses incurred by any and all counsel for common benefit of Plaintiffs and the Classes in connection with the Settlement and the administration of such Settlement.

      d. The reimbursement of expenses shall be deposited by the Escrow Agent into an account maintained by Co-Lead Counsel within five (5) business days after entry of this Final Order and Judgment and then dispersed to the law firms in the amount each firm incurred and submitted.

      e. The attorneys' fees shall remain in the original escrow account and shall be dispersed when the Class Members are paid their awards. The award of common

benefit attorneys' fees shall be allocated among Plaintiffs' counsel in a fashion which, in the opinion and discretion of Co-Lead Counsel, fairly compensates Plaintiffs' counsel for their respective contributions in the prosecution of the Actions, Individual Actions and Class Actions.

20. The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the MSA as are not materially inconsistent with this Order and do not unreasonably limit the rights of Plaintiffs and/or Class Members under the MSA.

21. The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, the Court expressly retains original and exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the MSA and of this Final Order and Judgment, and for any other necessary purpose, including, without limitation:

    a. Enforcing the terms and conditions of the MSA and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the MSA, this Final Order and Judgment (including, without limitation, determining whether a person or entity is or is not a Class Member, and enforcing the Bar Order that is a part of this Final Order and Judgment) and determining whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment;

    b. Entering such additional orders as may be necessary or appropriate to protect or effectuate this Final Order and Judgment, or to ensure the fair and orderly administration of the Settlement; and

c. Entering any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction; **provided however**, nothing in this paragraph is intended to restrict the ability of the parties to exercise their rights under the MSA that are not in conflict with this Final Order and Judgment.

22. Neither this Final Order and Judgment, nor the MSA, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment is, may be construed as, or may be used as an admission or concession by or against the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the MSA, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Released Parties' denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party to the MSA in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment and the MSA; **provided however**, this Final Order and Judgment and the MSA may be filed in any action against or by Released Parties (as defined in the MSA) to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

23. All of the Actions, Individual Actions, and putative Class Actions encompassed in this proceeding, and all claims asserted therein or otherwise presented thereby, are **dismissed on the merits and with prejudice** as against the Mericle Parties and the

Luzerne County Parties **ONLY**, without fees or costs to any party except as otherwise provided in the MSA or this Final Order and Judgment.

      /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge