IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

MAR 1 8 2013

PER _____
DEPUTY CLERK

FLORENCE WALLACE, et al.,

    Plaintiffs,

v.

ROBERT J. POWELL, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-cv-286

(JUDGE CAPUTO)

*********************************************************************************

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CONWAY, et al.,

    Plaintiffs,

v.

MICHAEL T. CONAHAN, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-cv-0291

(JUDGE CAPUTO)

*********************************************************************************

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

H.T., et al.,

    Plaintiffs,

v.

MARK A. CIAVARELLA, JR., et al.,

    Defendants.

CIVIL ACTION NO. 3:09-cv-0357

(JUDGE CAPUTO)

*********************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMANTHA HUMANIK, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-0630 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

***

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAUL CLARK, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

***

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAYNE DAWN, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-2535 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

***

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGELA RIMMER BELANGER, et al.,

Plaintiffs,

v.

MARK A. CIAVARELLA, et al.,

Defendants.

CIVIL ACTION NO. 3:10-cv-1405

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is the Petition for Rule 60 Relief to Confirm Timely Filing of Proof of Claim on Behalf of Represented Plaintiff and Class Member Dennis Fisher. (Doc. 1325.) On February 28, 2012, the Court issued an Order Conditionally Certifying Settlement Class and Preliminarily Approving Proposed Settlement between Plaintiffs and Mericle Defendants (the "Mericle Settlement"). (Doc. 1084). Pursuant to the terms of the Master Settlement Agreement (the "MSA"), a plaintiff who intended to participate in the Mericle Settlement had to complete a Proof of Claim form and submit it to the Claims Committee on or before May 13, 2012. Ultimately, on December 14, 2012, the Court granted final approval of the Mericle Settlement. (Docs. 1267; 1268.)

According to Mr. Fisher, he received a copy of the Proof of Claim form from his counsel. Thereafter, and prior to May 13, 2012, Mr. Fisher sent the completed Proof of Claim form to the Claims Committee. However, for some unknown reason, the Claims Committee did not receive Mr. Fisher's Proof of Claim form. Mr. Fisher only become aware that his Proof of Claim form had not been received by the Claims Committee after he did

not receive a distribution following the final approval of the Mericle Settlement. Thereafter, on February 15, 2013, Mr. Fisher submitted a new Proof of Claim form to the Claims Committee. Now, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Mr. Fisher seeks a Court Order permitting the Claims Committee to accept his Proof of Claim form so that his claim can be evaluated and he can be awarded settlement proceeds consistent with the Mericle Settlement.

> Rule 60(b) provides:
>
> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Mr. Fisher claims he should be afforded relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Mr. Fisher's petition is opposed by the Settlement Class Plaintiffs. Specifically, the Settlement Class Plaintiffs assert that the terms of the Final Order and Judgement, (Doc. 1268), render Mr. Fisher ineligible to receive a distribution from the Cash Settlement Fund. Furthermore, the Settlement Class Plaintiffs contend that Mr. Fisher's conduct fails to satisfy the excusable neglect standard governing his petition.

The test for "excusable neglect" is equitable, and requires a court to weigh the

"totality of the circumstances." *Welch & Forbes, Inc. v. Cendant Corp.*, 234 F.3d 166, 171 (3d Cir. 2000) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. LP*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). Whether a party's neglect is excusable so as to warrant Rule 60(b) relief requires consideration of "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay-and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Welch*, 234 F.3d at 171). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Secretary of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).

Mr. Fisher's petition will be denied. The reason for delay does not support granting Rule 60(b)(1) relief. Here, it was readily foreseeable that a mailed Proof of Claim form would not be received by the Claims Committee. This foreseeable problem could have been prevented had Mr. Fisher verified with the Claims Committee that his form was received. While Mr. Fisher is correct that he was not obligated by Court Order to verify that the Claims Committee received his Proof of Claim form, it is equally true that a timely filed claim was a prerequisite for his ability to be entitled to a distribution from the Cash Settlement Fund.

And, as noted by the Settlement Class Plaintiffs, the Final Order and Judgment approving the Mericle Settlement addresses the precise issue raised in the instant petition:

> Any Settlement Class Member who did not submit a timely completed Proof of Claim Form shall also be a Settlement Class Member and shall be bound by the terms of the MSA and this Final Order and Judgment, and shall have his or her claim against the Released Parties **ONLY** extinguished with prejudice, but shall not be eligible to participate in the Cash Settlement Fund.

5

(Doc. 1268, ¶ 16 (emphasis in original).) This provision is consistent with the Order preliminarily approving the Mericle Settlement, which stated that "[a]ny Settlement Class Member who fails to file a proper and timely Proof of Claim shall forever be barred from receiving any distribution from the Cash Settlement Fund but will in all other respects be bound by the MSA if it is finally approved." (Doc. 1084, ¶ 13.) Thus, all Settlement Class Members, including Mr. Fisher, were clearly advised that it was critical to timely file a Proof of Claim form in order to receive a distribution under the Mericle Settlement. Nevertheless, despite the fact that recovery of proceeds from the Cash Settlement Fund depended on a timely filed Proof of Claim form, Mr. Fisher elected not to verify that his claim was timely received. The failure to verify the status of his claim is an unreasonable basis for delay, and, considering the totality of the circumstances, this factor weighs against granting the petition.

As to the danger of prejudice, Mr. Fisher's petition seeks to recover funds that have already been allocated under the Final Order and Judgment. While a portion of the settlement fund remains in escrow for purposes of allocation appeals, these funds are to be used to adjust incorrectly calculated benefit awards. And, to the extent that the escrowed funds are not fully depleted following the completion of all allocation appeals, the remaining funds are to be returned to the Enhanced Benefit Fund. Thus, the proceeds Mr. Fisher seeks to recover have all been allocated under the terms of the MSA and the Final Order and Judgment.

Finally, although the length of the delay factor is neutral, as the petition was filed nine months after the deadline to file a timely Proof of Claim form, and there is no reason to doubt that Mr. Fisher acted in good faith, Rule 60(b)(1) relief is not warranted in this case for the reasons stated above.

Had Mr. Fisher sought to have his Proof of Claim form accepted by the Claims

Committee beyond the filing deadline but before the distribution of the Cash Settlement Fund, a different outcome would be justified. But, as the settlement proceeds have already been distributed and/or allocated, it is equitable to hold the parties, including Mr. Fisher, to the deadlines established for recovery from the Cash Settlement Fund. Therefore, based on the totality of the circumstances, Mr. Fisher is not entitled to Rule 60(b) relief. Accordingly, his petition will be denied.

An appropriate order follows.

March 18, 2013  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge