**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:09-cv-286 |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

******************************************************************************

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

******************************************************************************

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, JR., et al., | |
| Defendants. | |

******************************************************************************

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMANTHA HUMANIK, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-0630 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAUL CLARK, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAYNE DAWN, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-2535 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA RIMMER BELANGER, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-cv-1405 |
| v. | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court are the Motion for Rule 60 Relief to Confirm Timely Filing of Proof of Claim on Behalf of Plaintiff and Class Member Brian Gyle (Doc. 1325) and the Motion for Reconsideration of the Court's March 18, 2013 Order denying the Petition for Rule 60 Relief to Confirm Timely Filing of Proof of Claim on Behalf of Represented Plaintiff and Class Member Dennis Fisher. (Doc. 1365.) For the reasons that follow, the motions will be granted.

## **I. Background**

On February 28, 2012, the Court issued an Order Conditionally Certifying Settlement Class and Preliminarily Approving Proposed Settlement between Plaintiffs and Mericle Defendants (the "Mericle Settlement"). (Doc. 1084). Pursuant to the terms of the Master Settlement Agreement (the "MSA"), a plaintiff who intended to participate in the Mericle Settlement had to complete a Proof of Claim form and submit it to the Claims Committee on or before May 13, 2012. Ultimately, on December 14, 2012, the Court granted final approval of the Mericle Settlement. (Docs. 1267; 1268.) Both Mr. Gyle and Mr. Fisher

3

assert that they timely submitted Proof of Claims forms in order to participate in the Mericle Settlement. Yet, for some unknown reason, the Claims Committee never received their forms.

With respect to Mr. Gyle, he received a copy of the Proof of Claim form from his then-counsel, the Juvenile Law Center. Specifically, the Juvenile Law Center mailed a packet to Mr. Gyle, which included a Proof of Claim Form, Legal Notice of Class Action Settlement, and a pre-paid envelope addressed to the Claims Committee. Maria Gyle, Mr. Gyle's mother, assisted Mr. Gyle and his brother Wayne in the completion and submission of their Proof of Claim forms. Maria Gyle also recalls driving to the United States Post Office in Pittston, Pennsylvania on a Sunday prior to May 13, 2012 and sending both Mr. Gyle and Wayne Gyle's envelopes to the Claims Committee. The Claims Committee received Wayne Gyle's Proof of Claim form but not Mr. Gyle's form. Mr. Gyle was unaware that the Claims Committee did not receive his Proof of Claim form until his brother received his settlement check. Mr. Gyle notes that in the past, his documents have been misfiled with those of his brother, and Mr. Gyle believes that could have happened with regard to his Proof of Claim form. As a result, Mr. Gyle seeks a Court Order to permit re-submission of his Proof of Claim form for consideration by the Claims Committee.

As to Mr. Fisher, he received a copy of the Proof of Claim form from his counsel. Thereafter, and prior to May 13, 2012, Mr. Fisher sent the completed Proof of Claim form to the Claims Committee. According to Mr. Fisher's counsel, before the May 13, 2012 deadline, he sent an email and list of Proof of Claims forms his clients submitted to the Claims Committee, and the list indicated that Mr. Fisher had already sent his Proof of Claim

4

form. However, the Claims Committee did not receive Mr. Fisher's Proof of Claim form. The Claims Committee, though, never informed Mr. Fisher or his counsel that it had not received his Proof of Claim form. Mr. Fisher only become aware that his Proof of Claim form had not been received by the Claims Committee when he did not receive a distribution following the final approval of the Mericle Settlement. Subsequently, Mr. Fisher submitted a new Proof of Claim form to the Claims Committee. And, on February 15, 2013, Mr. Fisher submitted a petition seeking a Court Order that the Claims Committee accept his Proof of Claim form so that his claim could be evaluated and he could be awarded settlement proceeds consistent with the Mericle Settlement.

On March 18, 2013, Mr. Fisher's petition for relief was denied. In denying his petition, it was noted that it was readily foreseeable that a mailed Proof of Claim form would not be received by the Claims Committee, that all the funds available under the Mericle Settlement were either distributed or already allocated, and it was equitable to hold the settlement class members to the deadlines established for recovery from the Cash Settlement Fund. (Doc. 1358.) Now, Mr. Fisher seeks reconsideration of the denial of his Rule 60 petition. Specifically, Mr. Fisher argues that reconsideration is warranted to prevent manifest injustice, to clarify a misunderstanding by the Court, and because of the availability of new evidence. With respect to his claim of new evidence, Mr. Fisher notes that on March 18, 2013, Class Counsel filed a motion seeking this Court to pay a claimant from the Holdback Fund "who properly made a claim and from whom the Claims Committee has in its files a timely received Proof of Claim form which was inadvertently not processed due

5

to administrative error." (Doc. 1356.)[1]  This, Mr. Fisher argues, is new evidence that his Proof of Claim may not be in the files of the Claims Committee as a result of administrative error.  Additionally, in view of Class Counsel's motion, Mr. Fisher insists that the settlement proceeds have not all been distributed and/or allocated, and it would amount to manifest injustice for his claim to be denied.

### III. Discussion

Rule 60(b) provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Both Mr. Gyle and Mr. Fisher argue that they are entitled to relief for "excusable neglect."[2]

The test for "excusable neglect" is equitable, and requires a court to weigh the

---

[1]  The motion was granted on March 20, 2013. (Doc. 1364.)

[2]  Additionally, Mr. Fisher's motion for reconsideration may be granted only if he establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

6

"totality of the circumstances." *Welch & Forbes, Inc. v. Cendant Corp.*, 234 F.3d 166, 171 (3d Cir. 2000) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. LP*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). Whether a party's neglect is excusable so as to warrant Rule 60(b) relief requires consideration of "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay-and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Welch*, 234 F.3d at 171). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Secretary of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).

Mr. Gyle's motion for Rule 60 relief will be granted. First, the danger of prejudice I previously cited in denying Mr. Fisher's petition, the lack of available funds to pay these claims, does not appear to exist in light of Settlement Class Counsel's request to pay a claim that was inadvertently not processed. Second, as to the length of delay, Mr. Gyle sought relief within a reasonable period of time. Moreover, granting his motion will not impact the proceedings as Class Counsel must accept updated addresses to re-send Settlement Letters until July 19, 2013. (Doc. 1413.) Third, as to the reason for the delay, while I previously found that this factor weighed against granting relief to Mr. Fisher because it was foreseeable that the Claims Committee would not receive a mailed Proof of Claim form, neglect "is not strictly limited to omissions by circumstances beyond the control of the movant." *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 197 (3d Cir. 2000). "Excusable neglect," in proper cases, may include "the failure of claimants to receive notice, illness, misrouted mail, intervening company name changes, or short internal mail system delays." *Id*. Although requiring a claimant to adhere to class

deadlines is eminently reasonable, Mr. Gyle has provided compelling circumstances- the fact that his brother's form was received and his was not despite being sent at the same time- that the reason for delay weighs in favor of granting Rule 60 relief. Finally, there is no reason to doubt that Mr. Gyle acted in good faith in seeking relief.

Consistent with this analysis, it is also necessary to grant Mr. Fisher's motion for reconsideration in order to prevent manifest injustice. Upon reconsideration of my prior decision, I find that the applicable Rule 60(b) "excusable neglect" factors weigh in favor of affording Mr. Fisher relief. As noted, the danger of prejudice factor no longer weighs against Mr. Fisher in light of the request by Class Counsel to pay claims that were inadvertently not processed. Moreover, in denying Mr. Fisher's Rule 60 petition, I failed to afford adequate weight to Mr. Fisher's counsel's efforts to ensure that his claims were timely received by the Claims Committee. Thus, as with Mr. Gyle, Mr. Fisher's explanation for delay presents a compelling reason to find "excusable neglect" in his case. Accordingly, reconsideration of the denial of Mr. Fisher's petition is necessary to prevent manifest injustice.

### III. Conclusion

Mr. Fisher's motion for reconsideration and Mr. Gyle's motion for Rule 60 relief will be granted. The Claims Committee will be directed to accept and evaluate their Proof of Claim forms.

An appropriate order follows.

June 24, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

8