IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE WALLACE, ET AL. | : | CONSOLIDATED TO: |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 3:09-cv-0286 |
| | : | |
| v. | : | |
| | : | (JUDGE CAPUTO) |
| ROBERT J. POWELL, ET AL. | : | |
| | : | |
| Defendants. | : | |

............................................................................

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CONWAY, ET AL. | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 3:09-cv-0291 |
| | : | |
| v. | : | |
| | : | (JUDGE CAPUTO) |
| MICHAEL T. CONAHAN, ET AL. | : | |
| | : | |
| Defendants. | : | |

............................................................................

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| H.T., ET AL. | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 3:09-cv-0357 |
| | : | |
| v. | : | |
| | : | (JUDGE CAPUTO) |
| MARK A. CIAVARELLA, ET AL. | : | |
| | : | |
| Defendants. | : | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMANTHA HUMANIK,                :
                                 :
        Plaintiffs,              :    CIVIL ACTION NO. 3:09-cv-0630
                                 :
        v.                       :
                                 :    (JUDGE CAPUTO)
MARK A. CIAVARELLA, JR.,         :
ET AL.                           :
                                 :
        Defendants.              :
.................................................................

**PLAINTIFFS' MOTION TO STRIKE POWELL DEFENDANTS' MOTION TO DENY PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN PLAINTIFFS AND PROVIDER PARTIES**

Plaintiffs[1] hereby move this Honorable Court to strike Defendants Robert Powell and Visions Holdings, LLC's (hereinafter "Powell Defendants") Motion to Deny Preliminary Approval of Class Action Settlement between Plaintiffs and Provider Parties:

1.     On October 16, 2013 Plaintiffs and Defendants Pa Child Care, LLC, Western Pa Child Care, LLC and Mid-Atlantic Youth Services, Inc., (hereinafter "Provider Defendants") filed a Joint Motion for Settlement (Doc. 1448).

---

[1] "Plaintiffs" refers to the plaintiffs in *H.T., et al. v. Ciavarella, et al.*, Case No. 09-cv-357, *Conway, et al. v. Conahan, et al.*, Case No. 09-cv-291, *Wallace, et al. v. Powell, et al.*, Case No. 09-cv-286, and *Humanik v. Ciavarella, et al.*, Case No. 09-cv-630.

2. On October 28, 2013, this Court entered a Scheduling Order setting forth a preliminary hearing on the Joint Motion for Preliminary Approval of Class Action Settlement between Plaintiffs and Provider Defendants for November 20, 2013 (Doc. 1450).

3. On October 30, 2013, Plaintiffs filed a Brief in Support of Joint Motion for Settlement between Plaintiffs and Provider Defendants (Doc. 1452).

4. Pursuant to Local Rule 7.6 any party opposing a motion shall file a brief in opposition within fourteen (14) days after service of the movant's brief.

5. Additionally, Local Rule 7.6 states "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion."

6. Pursuant to Local Rule 7.6, any opposition to Plaintiffs and Provider Defendants' Joint Motion for Settlement was due on or before November 13, 2013.

7. As of November 13, 2013, fourteen days after Plaintiffs' brief was served, no party had filed an opposition to Plaintiffs' and Provider Defendants' Joint Motion for Settlement.

8. The Powell Defendants filed their Motion to Deny the Settlement outside the fourteen-day period provided for by the Local Rules.

9. As a result, and pursuant to Local Rule 7.6, the Powell Defendants have not validly opposed Plaintiffs' and Provider Defendants' Joint Motion for Settlement.

10. According to the Local Rules, the Powell Defendants had the opportunity to oppose the Joint Motion for Settlement, but failed to do so by not filing a brief in opposition within the allocated time period.

11. The Powell Defendants' untimely Motion to Deny the Settlement demonstrates the Powell Defendants' disregard of the procedure set forth in the Local Rules for opposing a motion.

12. Pursuant to Local Rule 7.6, the Powell Defendants' Motion to Deny the Settlement should be thus stricken.

13. Additionally, this Court has already ruled on the issues presented in the Powell Defendants' Motion to Deny the Settlement, specifically the question of standing based on potential indemnity and contribution claims.

14. On December 16, 2011, Plaintiffs and Defendants Robert Mericle and Mericle Construction Company (hereinafter "Mericle Defendants") filed a Joint Motion for Settlement between Plaintiffs and Mericle Defendants (Doc. 1005).

15. On December 23, 2011, Plaintiffs and Mericle Defendants filed a Brief in Support of the Joint Motion for Settlement between Plaintiffs and Mericle Defendants (Doc. 1012).

16. On January 4, 2012, the Provider Defendants, who were not parties to the proposed Settlement between Plaintiffs and Mericle Defendants, filed a Brief in Opposition to the Joint Motion for Settlement between Plaintiffs and Mericle

Defendants (Doc. 1023). *See* Provider Defendants' Brief in Opposition to Joint Motion for Settlement Between Plaintiffs and Mericle Defendants, a true and correct copy which is attached hereto, made a part hereof and marked Exhibit "A."

17. In Provider Defendants' Opposition Brief, they argued that the proposed settlement between Plaintiffs and Mericle Defendants would prejudice Provider Defendants because their claims for contribution and indemnity would be barred. *See* Exhibit "A" at pp 40-45.

18. Further, the Provider Defendants, although not parties to the proposed settlement, argued that they had standing to object to the settlement because the proposed settlement would "change the dynamics of any negotiations between the class and Provider Defendants..." *See* Exhibit "A" at 45.

19. On January 6, 2012, the Court held a hearing on Plaintiffs' and Mericle Defendants' Joint Motion for Settlement.

20. At the January 6, 2012 hearing, the Court allowed the Provider Defendants time to address the Court on the issues raised in their Brief in Opposition to Joint Motion for Settlement.

21. On January 13, 2012, Plaintiffs filed a Reply to Provider Defendants' Response in Opposition to Motion for Preliminary Approval of Settlement Agreement (Doc. 1032). *See* Plaintiffs' Reply to Provider Defendants' Response in Opposition to Motion for Preliminary Approval of Settlement Agreement, a true

and correct copy which is attached hereto, made a part hereof and marked Exhibit "B."

22. The sole argument made in Plaintiffs' Reply was that the Provider Defendants lacked standing to object to the proposed settlement between the Mericle Defendants and Plaintiffs. *See* Exhibit "B."

23. On December 14, 2012, this Court denied Provider Defendants' objections to the Motion for Final Approval of Settlement and Class Certification (Doc. 1269).

24. The Court issued an accompanying opinion (Doc. 1267) in which it stated that the Provider Defendants lacked standing to object to the settlement. *See* Opinion dated December 14, 2012, a true and correct copy which is attached hereto, made a part hereof and marked Exhibit "C."

25. The Court recognized an exception to the general rule that non-settling defendants do not have standing to object to a partial settlement. Specifically, "a non-settling defendant has standing to object to a partial settlement which purports to strip it of a legal claim or cause of action, an action for indemnity or contribution for example, or to invalidate its contract rights." *See* Exhibit "C" at 36-37, *citing Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995).

26. However, the Court continued: "[b]ut, when a 'settlement agreement ... specifically recognizes the existence of indemnification and contribution rights of non-settling defendants and the Order approving the settlement contains no ruling purporting to limit any claims non-settling defendants may have,' non-settling defendants lack standing to challenge the settlement." *See* Exhibit "C" at 37 (citing *In re Sch. Asbestos Litig.*, 921 F.2d 1330, 1333 (3d Cir. 1990)). Accordingly, this Court found that the Provider Defendants lacked standing to object to the Mericle Settlement due to the protections provided in that Settlement Agreement.

27. The Provider Defendants appealed the December 14, 2013 Order. The Third Circuit denied the appeal and stated: "Petitioners (provider defendants) are not parties to the settlement complained of and would have the opportunity to object to any class certification that directly affects them." *See* January 25, 2013 Order, a true and correct copy which is attached hereto, made a part hereof and marked as Exhibit "D."

28. In the proposed settlement between the Provider Defendants and Plaintiffs, the identical language that was in the approved settlement agreement between the Mericle Defendants and Plaintiffs, specifically recognizing the existence of indemnification and contribution rights of non-settling defendants such as the Powell Defendants, is present.

29. Since the language is identical in both settlement agreements, the Powell Defendants lack standing to object to the proposed settlement between the Plaintiffs and Provider Defendants.

30. The joint tortfeasor release in the proposed Settlement Agreement protects non-settling defendants such as the Powell Defendants in that it provides for an allocation of liability after trial among all parties – released and non-released – in connection with the claims at issue in these actions, and provides for a potential diminution of the judgment to take into account the allocation.

31. The Operating Agreement that is attached as an exhibit to the Powell Defendants' Motion to Deny the Settlement is dated September 1, 2001. The Operating Agreement is dated prior to the initiation of this lawsuit, February, 2009.

32. The proposed Settlement between the Provider Defendants and Plaintiffs does not preclude the Powell Defendants from initiating a separate, independent lawsuit against Provider Defendants for claims of contractual indemnity and contractual contribution, pursuant to the Operating Agreement, should they choose to do so. (Neither the Powell Defendants' Answer to the Individual Plaintiffs' Master Complaint nor their Answer to the Master Class Action Complaint asserts affirmative defenses of contractual contribution or contractual indemnity.)

33.     The Powell Defendants thus are not legally prejudiced as a result of the proposed Settlement between the Provider Defendants and Plaintiffs.

34.     Finally, at this stage of the proceedings, and in order to proceed to the notice stage, the Court need only (1) make a preliminary determination that the proposed settlement class satisfies Rule 23, and (2) make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement's terms.  Arguments challenging the substantive aspects of the settlement are not proper at this stage.

WHEREFORE, for each and every one of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion to Strike Powell Defendants' Motion to Deny Preliminary Approval of Settlement between Plaintiffs and Provider Defendants.

                                      Caroselli, Beachler, McTiernan & Conboy

By:     /s/ David Senoff
       William R. Caroselli, Esquire
       David Senoff, Esquire
       Lauren Fantini, Esquire
       20 Stanwix Street, 7th Floor
       Pittsburgh, PA  19522
       (412) 391-9860


                                      Anapol, Schwartz, Weiss, Cohan, Feldman and Smalley, P.C.

By:     /s/ Sol H. Weiss

        Sol H Weiss, Esquire
        Adrianne E. Walvoord, Esquire
        1710 Spruce Street
        Philadelphia, PA 19103
        (215) 735-1130

        Juvenile Law Center

By:  /s/ Lourdes Rosado
        Marsha L. Levick, Esquire
        Lourdes Rosado, Esquire
        1315 Walnut Street, Suite 400
        Philadelphia, PA 19107
        (215) 625-0551

        Hangley Aronchick Segal Pudlin & Schiller

By:  /s/ Daniel Segal
        Daniel Segal, Esquire
        Rebecca Santoro Melley, Esquire
        One Logan Square, 27th Floor
        Philadelphia, PA 19103
        (215) 568-6200

        Metzger & Kleiner

By:  /s/ Daniel E. Kleiner
        Daniel E. Kleiner, Esquire
        Two Penn Center, Suite 1204
        Philadelphia, PA 19102
        (215) 567-6616

Date: November 19, 2013        *Attorneys for Plaintiffs*

## CERTIFICATE OF CONCURRENCE OR NON-CONCURRENCE

I, David S. Senoff, hereby certify, pursuant to Local Rule 7.1, that counsel for all represented parties was contacted for purposes of seeking concurrence in the foregoing Motion.

The Provider Defendants concurred in this Motion. The Powell Defendants do not concur in this Motion.

/s/ David S. Senoff
David S. Senoff

**CERTIFICATION OF SERVICE**

I, David S. Senoff, hereby certify that, on this 19th day of November, 2013, the foregoing Motion to Strike Defendants Robert Powell and Vision Holdings, LLC's Motion to Deny Preliminary Approval of Class Action Settlement between Plaintiffs and Provider Defendants was filed and made available via CM/ECF to all counsel of record. Additionally, the foregoing was served by first-class mail upon the parties proceeding *pro se*:

> Mark A. Ciavarella, 15008-067
> Federal Correction Institution
> P.O. Box 5000
> Pekin, IL 61555-5000
>
> Michael T. Conahan, 15009-067
> Federal Correction Institution Coleman Low
> P.O. Box 1031
> Coleman, FL 33521

/s/ David S. Senoff
David S. Senoff