**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:09-cv-286 |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

*******************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMANTHA HUMANIK, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-0630 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

**ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND
PRELIMINARILY APPROVING PROPOSED SETTLEMENT**

**NOW**, this 27th day of November, 2013, upon consideration of the Motion for Preliminary Approval (the "Motion") (Doc. 1448), brief in support thereof (Doc. 1452), and the attached Master Settlement Agreement ("MSA") dated September 25, 2013 and the exhibits attached thereto (Doc. 1448, Ex. 1), **IT IS HEREBY ORDERED** as follows:

**Preliminary Approval of the Master Settlement Agreement and Conditional
Certification of Settlement Classes**

1. This Order incorporates by reference the definitions in the MSA attached to the Motion, and all capitalized terms used herein that also appear in the MSA are intended to have the meanings set forth in the MSA.

2. The Court has jurisdiction over the Actions, each of the Parties, and all members of the proposed Settlement Classes.

3. The terms of the MSA, including its exhibits, are preliminarily approved, subject to the modification of the Mailed Notice set forth below in Paragraph 8.a.i. and further consideration at the Settlement Hearing provided for below. The Court preliminarily finds that the settlement terms set forth in the MSA are sufficiently within the range of reasonableness, such that notice of the Settlement in the forms presented to this Court as Exhibit A.1 and A.2 to the MSA should be disseminated

        to all members of the proposed Settlement Classes.

4. The Court preliminarily finds for the purposes of this Settlement, and subject to final determination at the Settlement Hearing provided for below, that the proposed Settlement Classes meet the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Therefore, for purposes of Settlement, and pending Final Judicial Approval, the Court conditionally certifies the Settlement Classes, specifically:

    a. All juveniles who appeared before former Luzerne County Court of Common Pleas Judge Mark A. Ciavarella between January 1, 2003 and May 28, 2008 who were adjudicated or placed by Ciavarella ("Juvenile Settlement Class"); and

    b. All parents and/or guardians of juveniles who appeared before former Luzerne County Court of Common Pleas Judge Mark A. Ciavarella between January 1, 2003 and May 28, 2008 and who, in connection with their child's appearance: (i) made payments in their own names or had wages, social security, or other entitlements in their own names garnished or withdrawn; (ii) paid costs, fees, interest and/or penalties in their own names; (iii) suffered any loss of companionship and/or familial integrity ("Parent Settlement Class"), and who were not fully reimbursed as a result of claims made in connection with the Mericle Settlement, defined in the MSA.

5. The Court finds on a preliminary basis that the Representative Plaintiffs are proper class representatives for the Settlement Classes because their claims are typical of those of all other members of the proposed Settlement Classes and involve common questions of law and fact.  Further, Representative Plaintiffs appear to have no conflicts of interest with other members of the proposed Settlement Classes.

6. The Court finds on a preliminary basis that the law firms of Hangley Aronchick Segal Pudlin & Schiller; Caroselli, Beachler, McTiernan & Conboy, LLC; Anapol Schwartz; and Juvenile Law Center, acting as Class Counsel, are competent and experienced counsel and will adequately represent the interests of all the members of the

      proposed Settlement Classes.

7. If the MSA is terminated, the foregoing conditional certification of the Settlement Classes, appointment of Representative Plaintiffs as settlement class representatives, and approval of Class Counsel for purposes of this Settlement shall be void and of no effect and the Parties to the MSA shall be returned to the status each occupied before entry of this Order.

8. Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, Class Counsel and Individual Plaintiffs' Counsel shall cause the Notice to be given to all the members of the proposed Settlement Classes:

   a. The Court finds that the Mailed Notice, subject to the following modification, and the Settlement Hearing provide appropriate notice to the conditionally certified Settlement Classes.

      i. The first **NOTE** under section 2, "Opt Out of the Settlement," on Page 9 of the Mailed Notice shall be amended to provide: "**NOTE ➜** If you Opt-Out and you wish to pursue your claims against the Provider Parties, on your own or with your own attorney, you will be required to participate in confidential non-binding mediation with the Provider Defendants. **You will be responsible for paying the cost of the confidential non-binding mediation**."

   b. Class Counsel and Individual Plaintiffs' Counsel shall disseminate the Mailed Notice to the last known addresses of all individuals known to members of the Settlement Classes. The mailing list shall be comprised of (a) the last known addresses of all individuals in the Settlement Classes provided to Settlement Class Counsel by the Luzerne County Juvenile Probation and the Domestic Relations branch of the Luzerne County Court of Common Pleas pursuant to this Court's Order dated February 28, 2012 (Doc. 1084), and (b) any new addresses that Class Counsel and/or Individual Plaintiffs' Counsel received from potential Settlement Class Members through the date of filing this Motion.

    c.    Class Counsel and Individual Plaintiffs' Counsel shall disseminate the Published Notice via publication in *The Times Leader* (Wilkes-Barre, Pennsylvania) and *The Citizens Voice* (Wilkes-Barre, Pennsylvania) on the same date that the Mailed Notice is sent to the Settlement Class Members. The Proof of Claim deadline, assigned by the Court in this Order, shall be inserted into the Published Notice before publication.

    d.    The dissemination of notice described above shall occur within fourteen (14) days of the date of entry of this Order.

    e.    Class counsel and Individual Plaintiffs' Counsel shall bear the costs of notice.

9. Settlement Class Members of the conditionally approved Settlement Class will have until the **Opt-Out Deadline**, <u>**January 21, 2014**</u>, to exclude themselves from the Juvenile Settlement Class or Parent Settlement Class. To do so, Settlement Class Members shall adhere to the provisions set forth in the MSA, the Mailed Notice and the Published Notice (attached as Exhibit A to the MSA), and the Proof of Claim Form (attached as Exhibit C to the MSA).

10. Any Settlement Class Member who does not properly and timely Opt-Out pursuant to the provisions set forth in the MSA, the Mailed Notice, the Published Notice, and the Proof of Claim Form shall be included in the Juvenile Settlement Class or Parent Settlement Class and shall be bound by the MSA, regardless of whether such person participates in the Cash Settlement Fund.

11. Any Settlement Class Member who (a) properly and timely Opts-Out pursuant to the provisions set forth in the MSA, the Mailed Notice, the Published Notice, and the Proof of Claim Form, and (b) intends to pursue a separate claim against the Released Parties, shall be required to participate in confidential non-binding mediation with the Provider Parties, at the Opt-Out Plaintiff's expense.

12. On or before the **Proof of Claim Deadline**, <u>**January 21, 2014**</u> (which is the same as the **Opt-Out Deadline** set forth in Paragraph 9), each Settlement Class Member who wishes to make a claim against the Cash Settlement Fund shall submit a Proof of

Claim, with the required documentation, as directed in the MSA and in the form attached at Exhibit C to the MSA.

13. Any Settlement Class Member who fails to submit a complete and timely Proof of Claim pursuant to the instructions on the form and in the Notice shall forever be barred from receiving any distribution from the Cash Settlement Fund but will in all other respects be bound by the MSA if it is finally approved. Each Settlement Class Member who submits a complete and timely Proof of Claim pursuant to the instructions on the form and in the Notice shall be bound by the MSA if it is finally approved.

## Settlement Hearing

14. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, a hearing on final settlement ("Settlement Hearing") will be held before this Court on **June 10, 2014 at 10:00 a.m.**, Courtroom #3, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania. At the Settlement Hearing, the Court will consider the following issues: (a) the fairness, reasonableness, and adequacy of the MSA; (b) whether the Settlement Class should remain certified for the purpose of this Settlement; (c) whether the Court should approve awards of costs and attorneys' fees as described in fee applications that will be submitted by Class Counsel; (d) whether entry of a Final Approval Order terminating the Actions as to the Released Parties should be entered; and (e) such other matters as the Court may deem necessary or appropriate

15. All briefs and materials of any party in support of Final Judicial Approval, as well as the fee petition and supporting papers of Class Counsel, shall be served on the Court and all Parties at least ten calendar days prior to the Settlement Hearing.

16. Any Settlement Class Member wishing to object to the MSA shall submit to the Claims Committee a written letter stating that he or she objects to the MSA, together with his or her Proof of Claim Form. In order to be accepted, written objections must be (1) physically received by the Claims Committee by the **Objection Deadline**,

**January 21, 2014** (which is the same as the **Proof of Claim Deadline** in Paragraph 12 and the **Opt-Out Deadline** in Paragraph 9); or (2) clearly postmarked by the United States Postal Service or a commercial mail carrier no later than the **Objection Deadline**.  Any Settlement Class Member who does not submit an objection as described in the MSA, the Notice, and this Order shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

17. Judge Marina Corodemus (Ret.) is approved as the Special Master for Allocation Appeals, to resolve the claims of any Settlement Class Members who dispute the award made to them by the Claims Committee.

18. The Parties shall utilize any necessary procedures to ensure that the Settlement complies with Pennsylvania law regarding settlements by minors.

19. Nothing in this Order shall be construed as, or deemed to be, evidence of an admission or concession by the Released Parties as to the validity of any claim that was or could have been asserted or as to any liability by tem as to any matter set forth in this Order.  Neither this Order nor any other Settlement-related document shall constitute any evidence of admission of liability by the Released Parties, nor shall the MSA, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the MSA or the terms of this Order, or if offered by the Released Parties in, *inter alia*, responding to any action purporting to assert Released Claims; provided, however, the Released Parties may use such documents insofar as it may be necessary or appropriate to establish the terms thereof.

                                          /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge