**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE WALLACE, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:09-cv-286 |
| ROBERT J. POWELL, et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM CONWAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0291 |
| v. | |
| MICHAEL T. CONAHAN, et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H.T., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0357 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMANTHA HUMANIK, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-0630 |
| v. | |
| MARK A. CIAVARELLA, JR., et al., | (JUDGE CAPUTO) |
| Defendants. | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE**

**NOW**, this 10th day of August, 2015, upon consideration of the Motion for Preliminary Approval (the "Motion") (Doc. 1676), brief in support thereof (Doc. 1677), and the Master Stipulation and Agreement of Settlement ("the Agreement") dated March 10, 2015 and the exhibits attached thereto (Doc. 1676, Ex. 1) which sets forth the terms and conditions for a proposed Settlement and dismissal of the Actions with prejudice as against the Powell Defendants upon the terms and conditions set forth therein, **IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined in this Order, all capitalized terms used herein shall have the meanings ascribed to them in the Agreement.

2. The Court has jurisdiction over the Actions, each of the Parties, and the members of the Settlement Classes.

3. The Court hereby preliminarily approves the Agreement and the proposed Settlement set forth therein, including the releases contained therein, as being fair, reasonable and adequate to Plaintiffs and the Settlement Classes, subject to further consideration at the Final Approval Hearing described below.

4. The Final Approval Hearing shall be held before this Court on **December 16, 2015**

> **at 10:00 a.m.**, Courtroom #3, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania, to determine, among other things, whether the proposed Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable and adequate as to Plaintiffs and the Settlement Classes and should be approved by the Court; whether an Order and Final Judgment, substantially in the form of Exhibit B to the Agreement, should be entered herein; whether the proposed Plan of Allocation should be approved; and the amount of fees and expenses that should be awarded to Class Counsel and Individual Plaintiffs' Counsel.  The Court may adjourn the Final Approval Hearing without further notice to the members of the Settlement Classes.

5. The Court's order dated May 14, 2013 (Docket No. 1410 in the *Wallace* Action) is vacated as to the Powell Defendants.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Agreement and effectuating the Settlement, Settlement Classes consisting of (a) all juveniles who appeared before former Luzerne County Court of Common Pleas judge Mark Ciavarella ("Ciavarella") between January 1, 2003 and May 28, 2008 who were adjudicated delinquent or placed by Ciavarella; and (b) all parents and/or guardians of juveniles who appeared before Ciavarella between January 1, 2003 and May 28, 2008, and who, in connection with their juvenile's appearance: (i) made payments or had wages, social security or other entitlements garnished or withdrawn; (ii) had costs, fees, interest and/or penalties assessed against them or their juvenile, or (iii) suffered any loss of companionship and/or family integrity.  Excluded from the Settlement Classes are any putative members of the Settlement Classes who timely and validly exclude themselves from the Settlement Classes in accordance with the requirements set forth in the Mailed Notice and Proof of Claim to be sent to members of the Settlement Classes pursuant to this Order.

7. Solely for purposes of the Agreement and the Settlement, the Court preliminarily

finds that: (a) the members of the Settlement Classes are so numerous that joinder of all members of the Settlement Classes in the Actions is impracticable; (b) there are questions of law and fact common to the Settlement Classes which predominate over any individual questions; (c) the claims of the Juvenile Representative Plaintiffs are typical of the claims of the Juvenile Settlement Class; (d) the claims of the Parent Representative Plaintiff are typical of the claims of the Parent Settlement Class; (e) Juvenile Representative Plaintiffs, the Parent Representative Plaintiff, Class Counsel and Individual Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the members of the Settlement Classes; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Classes in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Classes, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

8. The Court approves, as to form and content, the Mailed Notice, the Proof of Claim, and the Published Notice attached as Exhibits A-1, A-2, and A-3 to the Agreement and finds that the mailing and distribution of the Mailed Notice and publishing of the Published Notice substantially in the manner and form set forth in paragraph 10 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9. The date and time of the Final Approval Hearing, and the Objection Deadline, the Opt-Out Deadline and the Proof of Claim Deadline, shall be added to the Mailed Notice and Published Notice before they are mailed and published, respectively, in

accordance with paragraph 10 of this Order.

10. The Court directs the formation of the Claims Committee, and further directs the Claims Committee to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

   a. Not later than **August 24, 2015** (the "Notice Date"), the Claims Committee shall cause a copy of the Mailed Note and the Proof of Claim, substantially in the forms attached as Exhibits A-2 and A-3 to the Agreement, to be mailed by first class mail to the last known addresses of all Plaintiffs and members of the Settlement Classes, and posted on the website identified in the Mailed Notice and the Published Notice.  The mailing list shall be comprised of (i) the last known addresses of all Plaintiffs and members of the Settlement Classes provided to Settlement Class Counsel by the Luzerne County Juvenile Probation Department and the Domestic Relations branch of the Luzerne County Court of Common Pleas pursuant to this Court's order dated February 28, 2012 (Docket No. 1084 in the *Wallace* Action), and (ii) any new address that Class Counsel and/or Individual Plaintiffs' Counsel received from potential members of the Settlement Classes through the date of entry of this Order;

   b. Not later than the Notice Date, the Claims Committee shall cause the Published Notice to be published in *The Time Leader* (Wilkes-Barre, Pennsylvania) and *The Citizens Voice* (Wilkes-Barre, Pennsylvania); and

   c. Not later than ten (10) calendar days prior to the Final Approval Hearing, Class Counsel and Individual Plaintiffs' Counsel shall serve on the Powell Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11. Any person falling within the definition of the Settlement Classes who desires to request exclusion from the Settlement Classes shall do so in the manner described in the Mailed Notice and the Proof of Claim, on or before **October 5,**

**2015** (the "Opt-Out Deadline").  Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made on or before the Opt-Out Deadline and in the manner described in the Mailed Notice and the Proof of Claim.

12. All Plaintiffs and members of the Settlement Classes shall be bound by the provisions of the Agreement and all determinations and judgments in the Actions concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to Plaintiffs and the Settlement Classes, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Cash Settlement Fund or the Net Settlement Fund.

13. Each Plaintiff and member of the Settlement Classes who wishes to seek a distribution from the Net Settlement Fund shall complete and submit a Proof of Claim form in accordance with the instructions contained therein, on or before **October 5, 2015** (the "Proof of Claim Deadline").  Any Plaintiff or member of the Settlement Classes who does not do so shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

14. Any member of the Settlement Classes may enter an appearance in the Actions, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Settlement Class Counsel.

15. Pending final determination of whether the Settlement should be approved, neither the Plaintiffs nor any member of the Settlement Classes, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Releasees, any action or proceeding in any court or tribunal asserting any of the Released Claims, regardless of whether or not any such Plaintiff or member of the Settlement Classes has appeared in the Actions.

16. Any member of the Settlement Classes who timely and validly excludes himself or

herself from the Settlement Classes, and intends to pursue a separate claim against the Releasees, shall be required to participate in confidential, non-binding mediation with the Powell Defendants.

17. Any member of the Settlement Classes may appear and show cause, if he or she has any, why the proposed Settlement should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon substantially in the form attached as Exhibit B to the Agreement, why the Plan of Allocation should or should not be approved as fair, reasonable and adequate, or why attorney fees and expenses should or should not be awarded to Class Counsel and Individual Plaintiffs' Counsel; provided, however, that no member of the Settlement Classes or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorney fees and expenses to be awarded to Class Counsel and Individual Plaintiffs' Counsel, unless he or she delivers written objections and copies of any papers and briefs in support of said objections, accompanied by his or her Proof of Claim, to the Claims Committee, c/o Caroselli Beachler, 15 Stanwix Street, 7th Floor, Pittsburgh, Pennsylvania 15222, on or before **October 5, 2015** (the "Objection Deadline").  Any member of the Settlement Classes who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Agreement, to the Plan of Allocation, and to the award of attorneys fees and expenses to Class Counsel and Individual Plaintiffs' Counsel, unless otherwise ordered by the Court.

18. Judge Marina Corodemus (Ret.) is approved as Special Master for Allocation Appeals, to resolve the claims of Plaintiffs and members of the Settlement Classes who dispute the awards made to them by the Claims Committee.

19. Upon the Effective Date, Plaintiffs and every member of the Settlement Classes, on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, regardless of whether any such Plaintiff or member of the Settlement Classes ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Cash Settlement Fund or the Net Settlement Fund, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees, and shall forever be enjoined from prosecution any Released Claim against any of the Releasees.

20. No Person that is not a Plaintiff, a member of the Settlement Classes, Class Counsel, or Individual Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Cash Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Agreement.

21. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

22. All motions and papers in support of the Settlement, the Plan of Allocation, and any application by Class Counsel and Individual Plaintiffs' Counsel for attorney fees and expenses and interest thereon shall be filed and served no later than twenty-one (21) calendar days prior to the Final Approval Hearing. If any objections to the Settlement, Plan of Allocation or application for attorneys fees and expenses and interest thereon are timely filed, a response to the objection(s) shall be filed no later than five (5) calendar days prior to the Final Approval Hearing.

23. All reasonable costs incurred in notifying Plaintiffs and members of the Settlement Classes, as well as administering the Cash Settlement Fund, shall be paid as set

forth in the Agreement.

24. The Parties shall utilize any necessary procedures to ensure that the Settlement complies with Pennsylvania law regarding settlements by minors.

25. Nothing in this Order shall be construed as, or deemed to be, evidence of an admission or concession by the Releasees as to the validity of any claim that was or could have been asserted in the Actions or as to any liability to any Plaintiff or member of the Settlement Classes.  Neither this Order nor the Agreement nor any other Settlement-related document shall constitute any evidence of any admission of liability by the Releasees, nor shall the Agreement, this Order or any other Settlement-related document be offered in evidence or used for any purpose in this or any other proceeding, except as may be necessary to consummate or enforce the Agreement or the terms of this Order, or if offered by the Releasees in, *inter alia*, responding to any action asserting or purporting to assert any Released Claims; provided, however, that the Releasees may use such documents insofar as it may be necessary or appropriate to establish the terms thereof.

26. If for any reason the Settlement does not become effective in accordance with the terms of the Agreement, this Order shall be vacated *nunc pro tunc*, and the provisions of paragraphs 70, 71, and 72 of the Agreement shall apply.

27. Without further order of the Court, the Parties may agree to a reasonable extension of time to carry out any provisions of this Order or the Agreement.

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the members of the Settlement Classes.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge