## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE WALLACE, et al., | ) | CIVIL ACTION |
| | ) | |
| | ) | No. 3:09-cv-0286 |
| Plaintiffs, | ) | |
| v. | ) | The Honorable A. Richard Caputo |
| | ) | |
| ROBERT J. POWELL, et al, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WILLIAM CONWAY, et al., | ) | CIVIL ACTION |
| | ) | |
| | ) | No. 3:09-cv-0286 |
| Plaintiffs, | ) | |
| v. | ) | The Honorable A. Richard Caputo |
| | ) | |
| MICHAEL T. CONAHAN, et al, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| H.T., et al., | ) | CIVIL ACTION |
| | ) | |
| | ) | No. 3:09-cv-0286 |
| Plaintiffs, | ) | |
| v. | ) | The Honorable A. Richard Caputo |
| | ) | |
| MARK A. CIAVARELLA, et al, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SAMANTHA HUMANIK, et al., | ) | CIVIL ACTION |
| | ) | |
| | ) | No. 3:09-cv-0286 |
| Plaintiffs, | ) | |
| v. | ) | The Honorable A. Richard Caputo |
| | ) | |
| MARK A. CIAVARELLA, JR., et al, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT ROBERT J. POWELL'S
### MOTION TO REQUIRE PAYMENT OF THE NET WORTH PROFESSIONAL'S FEES

The Master Settlement Agreement ("MSA") provides for the resolution of this class action through a payment of $4.75 million into the "Cash Settlement Fund." In 2015, Mr. Powell paid the full $4.75 million into the Cash Settlement Fund as required by the MSA.   Paragraphs 6 and 40 of the MSA provide that all administrative costs of the settlement, ***including all of the fees and costs incurred by the "Net Worth Professional"*** (pre-designated as Thomas Pratt), are to be paid from the Cash Settlement Fund. Plaintiffs' counsel are ***solely*** responsible for paying such administrative costs, including Mr. Pratt's fees, from the Cash Settlement Fund.

This motion is necessary because Plaintiffs' counsel breached their obligation to pay Mr. Pratt's fees as required by paragraphs 6 and 40 of the MSA, leaving Mr. Pratt owed tens of thousands of dollars.  This breach is particularly troubling since it was Plaintiffs' counsel who triggered Mr. Pratt's work by challenging Mr. Powell's statement of Net Worth. This Court will, of course, recall Mr. Pratt engaged in significant professional effort to conclude that Mr. Powell had a negative Net Worth, and certainly did not have a Net Worth anywhere close to the $4.75 million necessary to trigger a second payment obligation. Plaintiffs' counsel were solely responsible for Mr. Pratt and his firm performing this work, and then when they did not obtain the results they had hoped for, they essentially stiffed him; refusing to pay his fees and costs as required by the MSA.

2

As a result, this motion seeks to require plaintiffs' counsel to pay Mr. Pratt on the following grounds:

1.      On December 21, 2015, this Court approved the MSA between plaintiffs and Mr. Powell. The MSA is filed at Doc. No. 1676-1.

2.      Paragraphs 5(a) and 5(b) of the MSA provide for two mandatory payments totaling $4.75 million, both of which were fully paid by Mr. Powell by in 2015. Doc. No. 1676-1 at 12-13.

3.      Paragraph 5(c) of the MSA provides for the possibility of an additional payment by Mr. Powell, but **only** if his net worth is greater than $4.75 million. *Id.* at 13. The potential additional payment is due, if at all, on the "Second Payment Date," defined in the MSA as the date thirty (30) days after the Net Worth Professional issues a final report pursuant to paragraph 9(d) of the MSA. *Id.* at 9.

4.      The MSA designates that the Net Worth Professional shall be Thomas Pratt of the firm of Schneider Downs & Co., so long as Mr. Pratt is willing and able to so serve. *Id.* at 6. Thus, the parties **jointly** selected Mr. Pratt as the Net Worth Professional.

5.      On January 20, 2017, on the date and in the manner required by the MSA, undersigned counsel provided plaintiffs' counsel with Mr. Powell's estimate of net worth pursuant to Paragraph 7 of the MSA. Plaintiffs' counsel did not accept the estimate, triggering the provisions of Paragraph 9 of the MSA and the retention

of Mr. Pratt to perform a Net Worth analysis pursuant to Paragraph 9. Thus, plaintiffs' counsel are responsible for Mr. Pratt performing professional services in this matter.

6.      On February 7, 2017, undersigned counsel transmitted to Mr. Pratt an executed engagement letter; plaintiffs' counsel separately signed and transmitted the letter to Mr. Pratt. The engagement letter required a $10,000 retainer to be paid by plaintiffs' counsel from the Cash Settlement Fund as set forth in Paragraph 40 of the MSA; the $10,000 retainer was ultimately paid.

7.      In February and March of 2017, the parties and Mr. Pratt held several discussions via telephone and email regarding the procedure, logistics, and costs associated with Mr. Pratt's analysis. During the course of those discussions undersigned counsel reminded plaintiffs' counsel that payment of Mr. Pratt's fees was the sole responsibility of plaintiffs' counsel.

8.      Also in February and March of 2017, plaintiffs' counsel asked Mr. Pratt to make numerous, voluminous, and often irrelevant requests for information, documents, and materials from Powell, in contravention of the limitations in the MSA. Undersigned counsel pointed out to plaintiffs' counsel in writing on March 2, 2017, that the MSA did not permit plaintiffs' counsel to make such requests.

9.      On March 15, 2017, Mr. Pratt sent his request for information to undersigned counsel. As a result of plaintiffs' counsel requests, Mr. Pratt's request

was extensive and required significant efforts to review and appropriately respond. In response to Mr. Pratt's requests, Mr. Powell, through counsel, has provided extensive materials and follow-up information to Mr. Pratt, including multiple deliveries of materials in hard and electronic form on numerous dates.

10.    In addition, undersigned counsel has conducted several in-person meetings with Mr. Pratt and Mr. Powell to convey requested information, including meetings at Mr. Pratt's office on numerous occasions.

11.    On February 5, 2018, Mr. Pratt issued his Net Worth Report, concluding that Mr. Powell's "Net Worth" as of the "Net Worth Determination date" was *negative*, meaning the amount of liabilities exceeded the value of assets.  Mr. Powell's New Worth was thus less than the $4,750,000 minimum threshold established for computing the amount of any Second Payment due under the MSA.[1]

12.    Nevertheless, Plaintiffs' counsel continued to force additional work by Mr. Pratt and additional unnecessary collateral litigation by filing a sealed motion on March 9, 2018. Mr. Pratt and the parties engaged in the additional (and unnecessary) work sought by Plaintiffs' counsel in the sealed motion.

13.    In total, Mr. Pratt invoiced Plaintiffs' counsel for $97,776.79 in incurred fees, but has only received payment of $38,547.00, leaving an unpaid

---

[1] It is worth noting that Mr. Pratt would have had to be wrong to the tune of *over $4.75 million* for *any* additional amounts to be payable under the MSA

balance as of today of $57,229.70, plus whatever fees may be incurred from the date of the last invoice going forward.

14.     On September 6, 2018, Plaintiffs' counsel advised Mr. Pratt that they would not pay the balance owed on his invoices, purportedly because the Cash Settlement Fund was exhausted; plaintiffs' counsel claimed (wrongly) that the MSA did not require them to make any further payments. Plaintiffs' counsel refusal to abide by the MSA's requirements to pay Mr. Pratt's fees has required the filing of this motion.

15.     Undersigned counsel certifies that he conferred with plaintiffs' counsel in an effort to obtain the relief sought by this motion but plaintiffs' counsel refused to comply with the MSA's requirements to pay Mr. Pratt.

WHEREFORE, we request entry of the attached proposed order requiring Plaintiffs' counsel to pay Mr. Pratt's outstanding invoice and any additional fees incurred until the conclusion of this matter.

Respectfully submitted,

By:     */s/ Stephen S. Stallings*
Stephen S. Stallings, Esquire
PA ID No. 205131
attorney@stevestallingslaw.com
310 Grant Street, Suite 3600
Pittsburgh, PA 15219
t: 412-322-7777
f: 412-322-7773

*Attorney for Robert J. Powell*

6